12/22/2016 2:37:26 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14430413
By: Bonisha Evans
Filed: 12/22/2016 2:37:26 PM

Cause No._____

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION FOR DECLARATORY JUDGMENT, <u>INJUNCTIVE RELIEF AND DAMAGES</u>

NOW COMES PLAINTIFF, HASSELL CONSTRUCTION COMPANY INC. ("HCCI"), and complaining against Defendants, Royce and Silvia Hassell, would show as follows:

### I.  RULE 47 STATEMENT

1.     Pursuant to Rule 47 of the TRCP, Plaintiff states as follows:

(a)     the damages sought are within the jurisdictional limits of the court;

(b)     Plaintiff seeks monetary relief over $200,000 but no more than $1,000,000; and

(c)     the Plaintiff seeks all the relief to which it deems itself entitled.

### II.  DISCOVERY LEVEL

2.     Discovery in this matter is requested to be governed by Level 2 of Rule 190.3 of the TRCP.

### III.  PARTIES

(a)     HCCI is a Texas corporation, with its principal place of business in Harris County, Texas.

(b)     Royce Hassell and his spouse, Silvia Hassell, are individuals residing and doing business in Harris County, Texas.  They may be served with process at 5302 Maple Street, Bellaire, Texas 77401.

## IV.  JURISDICTION AND VENUE

3.      This court has jurisdiction over the parties because they are all residents of Texas and Harris County.  The Court has jurisdiction over the subject matter because the Plaintiff is seeking a declaration of the rights of the parties regarding a matter which is ripe for adjudication. Venue is proper in this county as all actions have occurred in this county.

## V.  FACTS

4.      Royce Hassell was at one time a shareholder of HCCI.  His spouse, Silvia Hassell, was a shareholder by virtue of her community property interest.

5.      Royce Hassell executed a BuySell agreement which provided, inter alia, that upon the termination of his employment with HCCI he would sell his shares back to HCCI for a predetermined price.

6.      At the time Royce Hassell executed the BuySell agreement he owned 101 shares of stock.

7.      His spouse, Silvia Hassell, also executed the BuySell agreement and agreed to be bound by its provisions.

8.      In September 2013, Royce Hassell's employment with HCCI terminated.  HCCI invoked the provisions of the BuySell agreement and tendered to Royce Hassell a check for $808, representing the agreed upon purchase price for his shares.  Internally, HCCI cancelled the share certificates issued to Royce Hassell and removed him as an officer and director.

9.      On December 12, 2016, Royce Hassell, derivatively on behalf of HCCI, filed an action in the 125th District Court of Harris County under Cause No. 201685276.  HCCI did not approve this action and contests his right to file and maintain same since he is no longer a shareholder of HCCI.

10.      Recently, Royce Hassell also demanded, as an alleged shareholder of HCCI, that he be provided access to HCCI's books and records.  HCCI obviously disputes his rights to such information since he is no longer a shareholder of HCCI.

11.     HCCI has demanded, in writing, that Royce Hassell cease and desist from claiming that he is a shareholder of HCCI and from taking any actions as a shareholder.  To date, that demand has been ignored.

12.     Royce Hassell's actions and claims of ownership, have made this action necessary.

## VI.  CAUSES OF ACTION

**Declaratory Judgment**

13.     HCCI incorporates all previous paragraphs.

14.     HCCI seeks a declaration that Royce Hassell is not a shareholder of HCCI and has not been a shareholder since September 2013.

15.     HCCI seeks a declaration that Silvia Hassell has no community property rights in the shares previously owned by Royce Hassell.

## VII.  INJUNCTIVE RELIEF

16.     HCCI incorporates all previous paragraphs.

17.     HCCI seeks an injunction, after notice and hearing, pursuant to Rule 680 et seq, of the TRCP, to enjoin Royce Hassell and Silvia Hassell, from taking any action as shareholders of HCCI, whether direct or derivatively.

18.     It may be hard, if not impossible, to ascertain what monetary damages such actions have caused and will continue to cause HCCI, and only injunctive relief will ensure that this improper, illegal and confusing activity ceases.

## VIII.  DAMAGES

19.     To the extent that Royce Hassell's improper, illegal and confusing actions in claiming to be a shareholder of HCCI have caused damages to HCCI, same are sought herein.

## IX.  ATTORNEY FEES

20.     HCCI hereby seeks its reasonable and necessary attorney fees incurred in prosecuting this action.

## X.  PRAYER

Wherefore, HCCI prays that the defendants be cited to appear and answer and that, plaintiff be granted all the relief sought herein and such other and further relief to which it may be entitled in law and/or equity.

Respectfully Submitted,

**RENTEA & ASSOCIATES**
700 Lavaca, Suite 1400-2678
Austin, Texas  78701
(512) 472-6291
(512) 472-6278 Facsimile
brentea@rentealaw.com


By: */s/ Bogdan Rentea*_____
     Bogdan Rentea
     State Bar No. 16781000
ATTORNEY FOR PLAINTIFF

12/22/2016 2:37:26 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 14430413
By: EVANS, BONISHA E
Filed: 12/22/2016 2:37:26 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED **HASSELL CONSTRUCTION COMPANY, INC. V. ROYCE AND SILVIA HASSELL**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Bogdan Rentea | **Plaintiff(s)/Petitioner(s):** | ☒ Attorney for Plaintiff/Petitioner |
| **Email:** brentea@rentealaw.com | Hassell Construction Company, Inc. | ☐ Pro Se Plaintiff/Petitioner |
| **Address:** 700 Lavaca, Suite 1400-2678 | _____ | ☐ Title IV-D Agency |
| **Telephone:** 512/472-6291 | _____ | ☐ Other: _____ |
| **City/State/Zip:** Austin, TX 78701 | **Defendant(s)/Respondent(s):** | Additional Parties in Child Support Case: |
| **Fax:** 512/472-6278 | Royce Hassell and Silvia Hassell | Custodial Parent: _____ |
| **Signature:** | _____ | Non-Custodial Parent: _____ |
| **State Bar No:** 16781000 | _____ | Presumed Father: _____ |
| | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| *Foreclosure* | ☐ Legal | _____ | | ☐ Paternity |
| ☐ Home Equity—Expedited | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Other Foreclosure | ☐ Other Professional Liability: | **Related to Criminal Matters** | | ☐ Support Order |
| ☐ Franchise | ☐ Motor Vehicle Accident | ☐ Expunction | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Insurance | ☐ Premises | ☐ Judgment Nisi | ☐ Enforce Foreign Judgment | ☐ Adoption/Adoption with Termination |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Non-Disclosure | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Seizure/Forfeiture | ☐ Name Change | ☐ Child Support |
| ☐ Partnership | ☐ Other Product Liability List Product: | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Other Contract: | | ☐ Other: _____ | ☐ Removal of Disabilities of Minority | ☐ Gestational Parenting |
| | ☐ Other Injury or Damage: _____ | | ☐ Other: _____ | ☐ Grandparent Access |
| | | | | ☐ Paternity/Parentage |
| | | | | ☐ Termination of Parental Rights |
| **Employment** | **Other Civil** | | | ☐ Other Parent-Child: |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | |
| ☐ Termination | ☐ Code Violations | ☒ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☒ Other Employment: BuySellAgreement | ☐ Intellectual Property | ☐ Other: _____ | | |

| Tax | | Probate & Mental Health | |
|---|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult | |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor | |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health | |
| | ☐ Other Estate Proceedings | ☐ Other: _____ | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☒ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☒ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

12/29/2016 10:18:38 AM
Chris Daniel - District Clerk Harris County
Envelope No. 14485490
By: Ruth McDugle
Filed: 12/29/2016 10:18:38 AM

# CIVIL PROCESS REQUEST FORM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** 2016-87708                    **CURRENT COURT:** 113th District Court of Harris County, Texas

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Original Petition

**FILE DATE OF PETITION:**    12/22/16
                                Month/     Day/     Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME:   Royce Hassell

    ADDRESS:  5302 Maple Street, Bellaire, Texas 77401

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____ Citation

    **SERVICE BY** (check one):
    ☐ **ATTORNEY PICK-UP**       ☐ **CONSTABLE**
    ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
    ☐ **MAIL**              ☐ **CERTIFIED MAIL**
    ☐ **PUBLICATION:**
        Type of Publication: ☐ **COURTHOUSE DOOR, or**
                        ☐ **NEWSPAPER OF YOUR CHOICE:** _____
    **X** **OTHER,** *explain* _Mail citation to requesting attorney_

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

*******************************************************************************************

2.  NAME:   Silvia Hassel l

    ADDRESS:   5302 Maple Street, Bellaire, Texas 77401

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _ Citation _____

    **SERVICE BY** (check one):
    ☐ **ATTORNEY PICK-UP**       ☐ **CONSTABLE**
    ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
    ☐ **MAIL**              ☐ **CERTIFIED MAIL**
    ☐ **PUBLICATION:**
        Type of Publication: ☐ **COURTHOUSE DOOR, or**
                        ☐ **NEWSPAPER OF YOUR CHOICE:** _____
    **X** **OTHER,** *explain* **Mail citation to requesting attorney**

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  Bogdan Rentea                    TEXAS BAR NO./ID NO.  16781000

MAILING ADDRESS:   700 Lavaca, Suite 1400-2678, Austin, Texas 78701

PHONE NUMBER:    512 ____    472-6291 _____    FAX NUMBER:  ____   _____
                       area code      phone  number                         area code      fax  number

EMAIL ADDRESS: _____

F I L E D
Chris Daniel
District Clerk

DEC 2 9 2016

Time:_____
Harris County, Texas
By_____
Deputy

Cause No. 201687708

HASSELL CONSTRUCTION COMPANY INC          IN THE DISTRICT COURTS OF

V.                                        HARRIS COUNTY, TEXAS

HASSELL, ROYCE                            113 JUDICIAL DISTRICT

TRANSFER ORDER

    It is ORDERED that the Harris County District Clerk transfer the above
Styled and numbered cause from the 113 District Court to the 125 District Court.

                                          DEC 2 9 2016

SIGNED

                                          HON. SYLVIA A. MATTHEWS
                                          ADMINISTRATIVE JUDGE
                                          CIVIL TRIAL DIVISION

                    Attraction Cause Number 201436326

                         HASSELL, ROYCE J

                              v.

                         HASSELL, JAMES C

                         File Court 125

JUDGMENT DATE:                          JUDGMENT TYPE:
                    CASE TYPE: DECLARATORY JUDGMENT

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

2/14/2017 4:08:02 PM
Chris Daniel - District Clerk Harris County
Envelope No. 15318857
By: DELTON ARNIC
Filed: 2/14/2017 4:08:02 PM

Cause No.  2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § |  113TH  JUDICIAL DISTRICT |

## MOTION FOR SUBSTITUTED SERVICE
## UNDER RULE 106, TEX. RULES CIV. PRO.

NOW COMES, Plaintiff, Hassell Construction Company, Inc. ("HCCI"), and in support of this motion shows as follows:

1.      On December 22, 2016 HCCI filed its Original petition in this matter.

2.      As evidenced by **Exhibit A**, this lawsuit was referenced on January 18, 2017 by Royce and Silvia Hassell's attorney of record, Leonard Simon, in an American Arbitration Association proceeding to which Royce and Silvia Hassell are parties, and via a communication in which Royce and Silvia Hassell are copied, via their respective email addresses.

3.      As evidenced by **Exhibit B** attached hereto, HCCI forwarded the petition to Defendants on February 2, 2017 and asked them whether they would accept service.

4.      As reflected by the Affidavits of Due Diligence, attached hereto as **Exhibit C**, HCCI has attempted, without success, to serve the Defendants, Royce and Silvia Hassell, since January 27, 2017.

5.      After ten (10) separate formal attempts, and one informal request, this court's intervention is unfortunately necessary.

6.      Therefore, pursuant to the provisions of Rule 106(b)(2) of the TRCP, HCCI seeks an order that allows service of the citation and petition upon the Defendants by emailing a copy of same to the Defendants at the following email addresses, to wit: Silvia Hassell sehassell@aol.com;

Royce Hassell conrcrete@gmail.com.

      7.      Further, pursuant to Rule 106(b)(2) of the TRCP, HCCI seeks an order that allows service of the citation and petition by attaching same, securely, to the front door of the Defendants' residence at 502 Maple Street, Bellaire, Texas, 77401.

      WHEREFORE, PREMISES CONSIDERED, HCCI seeks the relief set forth herein and such other and further relief to which it may show itself justly entitled.

              Respectfully Submitted,

              **RENTEA & ASSOCIATES**
              700 Lavaca, Suite 1400-2678
              Austin, Texas  78701
              (512) 472-6291
              (512) 472-6278 Facsimile
              brentea@rentealaw.com

              By: */s/ Bogdan Rentea*
                Bogdan Rentea
                State Bar No. 16781000
              ATTORNEY FOR PLAINTIFF

## Bogdan Rentea

| | |
|---|---|
| **From:** | Leonard Simon <LSimon@pendergraftsimon.com> |
| **Sent:** | Wednesday, January 18, 2017 5:52 PM |
| **To:** | AAA Erika Kleinschmidt, Esq. |
| **Cc:** | Patrick Gaas; Bogdan Rentea; sehassell; Royce Hassell |
| **Subject:** | RE: AAA Arbitration Case No. 01- l4-0000-3178 |
| **Attachments:** | 2017-01-17 Reconsideration and Clarification Motion - Ex 3.pdf |

Dear Erika:  I erroneously attached the wrong document as Exhibit "3" to the Motion filed early this morning.  I am supplying you now with the correct Exhibit "3".



## PENDERGRAFT SIMON LLP

Leonard H. Simon
*Partner*
Pendergraft & Simon, L.L.P.
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, TX 77019

Telephone:   (713) 528-8555 Ext. 207
Direct Line: (713) 737-8207
Cell Phone:  (713) 253-2810
Main Fax:    (713) 868-1267
Direct Fax:  (832) 202-2810
E-mail: lsimon@pendergraftsimon.com
Web site: www.pendergraftsimon.com

THIS ELECTRONIC MAIL TRANSMISSION AND ANY ATTACHMENTS MAY CONTAIN PRIVILEGED, CONFIDENTIAL, OR PROPRIETARY INFORMATION INTENDED ONLY FOR THE PERSON(S) NAMED.  IF THE READER OF THIS MESSAGE IS  NOT THE INTENDED RECIPIENT OR THE AUTHORIZED REPRESENTATIVE OF THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION, COPYING, OR DISCLOSURE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

**From:** Leonard Simon
**Sent:** Wednesday, January 18, 2017 2:08 AM
**To:** AAA Erika Kleinschmidt, Esq.
**Cc:** Patrick Gaas; Bogdan Rentea (BRentea@rentealaw.com); sehassell; Royce Hassell
**Subject:** AAA Arbitration Case No. 01- l4-0000-3178

Please see attached filed by Respondents:

1. Motion for Leave to File Motion for Reconsideration; and
2. Motion for Reconsideration with three exhibits.

EXHIBIT A



# PENDERGRAFT SIMON LLP

Leonard H. Simon
*Partner*
Pendergraft & Simon, L.L.P.
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, TX 77019

Telephone:  (713) 528-8555 Ext. 207
Direct Line: (713) 737-8207
Cell Phone:  (713) 253-2810
Main Fax:    (713) 868-1267
Direct Fax:  (832) 202-2810
E-mail: lsimon@pendergraftsimon.com
Web site: www.pendergraftsimon.com

THIS ELECTRONIC MAIL TRANSMISSION AND ANY ATTACHMENTS MAY CONTAIN PRIVILEGED, CONFIDENTIAL, OR PROPRIETARY INFORMATION INTENDED ONLY FOR THE PERSON(S) NAMED.  IF THE READER OF THIS MESSAGE IS  NOT THE INTENDED RECIPIENT OR THE AUTHORIZED REPRESENTATIVE OF THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION, COPYING, OR DISCLOSURE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

12/22/2016 2:37:26 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14430413
By: Bonisha Evans
Filed: 12/22/2016 2:37:26 PM

Cause No._____

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES

NOW COMES PLAINTIFF, HASSELL CONSTRUCTION COMPANY INC. ("HCCI"), and complaining against Defendants, Royce and Silvia Hassell, would show as follows:

### I.  RULE 47 STATEMENT

1.      Pursuant to Rule 47 of the TRCP, Plaintiff states as follows:

(a)      the damages sought are within the jurisdictional limits of the court;

(b)      Plaintiff seeks monetary relief over $200,000 but no more than $1,000,000; and

(c)      the Plaintiff seeks all the relief to which it deems itself entitled.

### II.  DISCOVERY LEVEL

2.      Discovery in this matter is requested to be governed by Level 2 of Rule 190.3 of the TRCP.

### III.  PARTIES

(a)      HCCI is a Texas corporation, with its principal place of business in Harris County, Texas.

(b)      Royce Hassell and his spouse, Silvia Hassell, are individuals residing and doing business in Harris County, Texas.  They may be served with process at 5302 Maple Street, Bellaire, Texas 77401.

## IV.  JURISDICTION AND VENUE

3.      This court has jurisdiction over the parties because they are all residents of Texas and Harris County.  The Court has jurisdiction over the subject matter because the Plaintiff is seeking a declaration of the rights of the parties regarding a matter which is ripe for adjudication. Venue is proper in this county as all actions have occurred in this county.

## V.  FACTS

4.      Royce Hassell was at one time a shareholder of HCCI.  His spouse, Silvia Hassell, was a shareholder by virtue of her community property interest.

5.      Royce Hassell executed a BuySell agreement which provided, inter alia, that upon the termination of his employment with HCCI he would sell his shares back to HCCI for a predetermined price.

6.      At the time Royce Hassell executed the BuySell agreement he owned 101 shares of stock.

7.      His spouse, Silvia Hassell, also executed the BuySell agreement and agreed to be bound by its provisions.

8.      In September 2013, Royce Hassell's employment with HCCI terminated.  HCCI invoked the provisions of the BuySell agreement and tendered to Royce Hassell a check for $808, representing the agreed upon purchase price for his shares.  Internally, HCCI cancelled the share certificates issued to Royce Hassell and removed him as an officer and director.

9.      On December 12, 2016, Royce Hassell, derivatively on behalf of HCCI, filed an action in the 125th District Court of Harris County under Cause No. 201685276.  HCCI did not approve this action and contests his right to file and maintain same since he is no longer a shareholder of HCCI.

10.      Recently, Royce Hassell also demanded, as an alleged shareholder of HCCI, that he be provided access to HCCI's books and records.  HCCI obviously disputes his rights to such information since he is no longer a shareholder of HCCI.

11.     HCCI has demanded, in writing, that Royce Hassell cease and desist from claiming that he is a shareholder of HCCI and from taking any actions as a shareholder.  To date, that demand has been ignored.

12.     Royce Hassell's actions and claims of ownership, have made this action necessary.

## VI.  CAUSES OF ACTION

**Declaratory Judgment**

13.     HCCI incorporates all previous paragraphs.

14.     HCCI seeks a declaration that Royce Hassell is not a shareholder of HCCI and has not been a shareholder since September 2013.

15.     HCCI seeks a declaration that Silvia Hassell has no community property rights in the shares previously owned by Royce Hassell.

## VII.  INJUNCTIVE RELIEF

16.     HCCI incorporates all previous paragraphs.

17.     HCCI seeks an injunction, after notice and hearing, pursuant to Rule 680 et seq, of the TRCP, to enjoin Royce Hassell and Silvia Hassell, from taking any action as shareholders of HCCI, whether direct or derivatively.

18.     It may be hard, if not impossible, to ascertain what monetary damages such actions have caused and will continue to cause HCCI, and only injunctive relief will ensure that this improper, illegal and confusing activity ceases.

## VIII.  DAMAGES

19.     To the extent that Royce Hassell's improper, illegal and confusing actions in claiming to be a shareholder of HCCI have caused damages to HCCI, same are sought herein.

## IX.  ATTORNEY FEES

20.     HCCI hereby seeks its reasonable and necessary attorney fees incurred in prosecuting this action.

## X.  PRAYER

Wherefore, HCCI prays that the defendants be cited to appear and answer and that, plaintiff be granted all the relief sought herein and such other and further relief to which it may be entitled in law and/or equity.

Respectfully Submitted,

**RENTEA & ASSOCIATES**
700 Lavaca, Suite 1400-2678
Austin, Texas  78701
(512) 472-6291
(512) 472-6278 Facsimile
brentea@rentealaw.com


By: */s/ Bogdan Rentea*
      Bogdan Rentea
      State Bar No. 16781000
      ATTORNEY FOR PLAINTIFF

**Bogdan Rentea**

| | |
|---|---|
| **From:** | Bogdan Rentea |
| **Sent:** | Wednesday, December 28, 2016 8:43 PM |
| **To:** | Royce Hassell; sehassell |
| **Subject:** | FW: your clients, Royce and Silvia Hassell |
| **Attachments:** | Hassell Original PetitionRHSH.pdf |

Enclosed, is an email sent a week ago to whom I thought were your attorneys.

To date, I have not hear from them. I must conclude that they are not being rude, and that they are not your attorneys for this lawsuit.

Therefore , I need to ask whether you will accept tserive, or whether it will be necessary to engage a process server to serve you personally.

Thank you for your anticipated response.


Bogdan Rentea
Rentea & Associates
512.472.6291
www.rentealaw.com

Board Certified Administrative Law
Texas Board of Legal Specialization



**From:** Bogdan Rentea
**Sent:** Thursday, December 22, 2016 4:15 PM
**To:** 'Leonard Simon' <LSimon@pendergraftsimon.com>; 'Felicia Harris' <fharris@barrycongeharris.com>
**Subject:** RE: your clients, Royce and Silvia Hassell

I have not heard back from either of you.
Royce Hassell continues to send communications asserting that he is a shareholder of HCCI.

Therefore, enclosed please find an original petition filed today.

1

EXHIBIT B

Please let me know if your clients will accept service, otherwise, we will proceed with formal service.

Thank you,


Bogdan Rentea
Rentea & Associates
512.472.6291
www.rentealaw.com

Board Certified Administrative Law
Texas Board of Legal Specialization

---

**From:** Bogdan Rentea
**Sent:** Tuesday, December 20, 2016 5:37 PM
**To:** Leonard Simon <LSimon@pendergraftsimon.com>; 'Felicia Harris' <fharris@barrycongeharris.com>
**Subject:** your client, Royce Hassell
**Importance:** High


Leonard and Felicia,

Your client, Royce Hassell, has recently taken the position, that as a shareholder in HCCI, he has the right to bring derivative actions on behalf of HCCI.
To date, he has filed such an action in a state district court against Springwoods, et al. He has also tried to assert derivative claims in the AAA proceeding. Additionally, he has made a demand, as a shareholder of HCCI, to see corporate documents.

Based on my review of certain HCCI corporate documents, specifically, a Buy-Sell Agreement executed, inter alia, by Royce Hassell, he lost his shareholder status in September of 2013.

Therefore, this is a demand that your client, Royce Hassell, immediately cease and desist from filing any derivative actions, from continue any derivative actions already filed, and from making any demands on HCCI as a shareholder.

Time is of the essence.

Thank you for your anticipated prompt response.


Bogdan Rentea
Rentea & Associates
512.472.6291
www.rentealaw.com

Board Certified Administrative Law
Texas Board of Legal Specialization

CAUSE NO. 201687708

| | |
|---|---|
| Plaintiff: Hassell Construction Company Inc. | In The 113th Judicial District court of Harris  County, |
| Vs | Texas, 113th District Court Houston, TX |
| | |
| Defendant: Hassell, Royce | |

### AFFIDAVIT OF DUE DILIGENCE

Came to hand on the January 27, 2017 at 10 a.m. A Citation with a copy of Plaintiff's Original Petition For Declaratory Judgment And Application For Injunctive Relief. To be served to Hassell, Royce 5302 Maple Street Bellaire, TX. 77401 these are the times I Attempted service to Hassell, Royce at 5302 Maple Street Bellaire, TX. 77401.

1. On January 27, 2017 at 11:00 a.m. I rang the doorbell a middle aged female answered the door I explained why I was there and was told Hassell Royce was not at home. There was a vehicle in driveway with license plate HVM-1874.
2. On January 28, 2017 at 3:25 p.m. I attempted to serve, there was no answer.
3. January 30, 2017 at 10:30 a.m. there was no answer.
4. January 30, 2017 at 6:15 p.m. there was no answer.
5. January 31, 2017 at 11:30 a.m. I rang the doorbell, one male and one female walks past the door but would not answer the doorbell. You can see into the front part of house while standing at doorbell.
6. February 2, 2017 at 5:58 p.m. I rang the doorbell  and one  male walks past the door but would not answer the doorbell.
7. February 3, 2017 I attempted to serve Hassell, Royce at 201 Caroline Houston TX. 77002 in the 333rd courtroom. He didn't show up.
8. February 4, 2017 at 10:25 a.m. I rang the doorbell there was no answer there was a car parked in driveway with license plate HLB-3863. Which is registered to Royce James Hassell  5302 Maple street Bellaire, TX. 77401. According to Public Data.
9. February 6, 2017 at 10:23 a.m. I attempted service, there was some men installing appliances, I ask for Hassell, Royce, the men says Hassell, Royce was not at home. The only person in was the maid.
10. February 7, 2017 at 6:04 p.m. I rang the doorbell no one would respond to doorbell, as I was driving away I notice a male looking at me out of one of the windows in back driveway.

*ml Bey #4154*

Michael McGee SCH#4154

Page 1of 2

EXHIBIT C

Notary Verification

State of Texas

County of Harris

Before me, *Chad Woodard*, a notary public, on this day personally appeared the above named person, *Michael McGee*, known to me to be the person whose name is subscribed on this foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this *13th* day of *February* 2017

CHAD WOODARD
My Commission Expires
December 3, 2017

Notary Public-State of Texas

Page 2 of 2

CAUSE NO. 201687708

Plaintiff: Hassell Construction Company Inc.      In The 113th Judicial District court of Harris  County,
Vs                                                                           Texas, 113th District Court Houston, TX

Defendant: Hassell, Royce

AFFIDAVIT OF DUE DILIGENCE

Came to hand on the January 27, 2017 at 10 a.m. A Citation with a copy of Plaintiff's Original Petition For
Declaratory Judgment And Application For Injunctive Relief. To be served to Hassell, Silvia 5302 Maple Street
Bellaire, TX. 77401 these are the times I Attempted service to Hassell, Silvia   at 5302 Maple Street Bellaire, TX.
77401.

1. On January 27, 2017 at 11:00 a.m. I rang the doorbell a middle aged female answered the door I
   explained why I was there and was told Hassell Silvia was not at home. There was a vehicle in
   driveway with license plate HVM-1874.
2. On January 28, 2017 at 3:25 p.m. I attempted to serve, there was no answer.
3. January 30, 2017 at 10:30 a.m. there was no answer.
4. January 30, 2017 at 6:15 p.m. there was no answer.
5. January 31, 2017 at 11:30 a.m. I rang the doorbell, one male and one female walks past the door but
   would not answer the doorbell. You can see into the front part of house while standing at doorbell.
6. February 2, 2017 at 5:58 p.m. I rang the doorbell  and one  male walks past the door but would not
   answer the doorbell.
7. February 3, 2017 I attempted to serve Hassell, Silvia at 201 Caroline Houston TX. 77002 in the 333rd
   courtroom. He didn't show up.
8. February 4, 2017 at 10:25 a.m. I rang the doorbell there was no answer there was a car parked in
   driveway with license plate HLB-3863. Which is registered to Royce James Hassell  5302 Maple street
   Bellaire, TX. 77401. According to Public Data.
9. February 6, 2017 at 10:23 a.m. I attempted service, there was some men installing appliances, I ask
   for Hassell, Silviae, the men says Hassell, Silviae was not at home. The only person in was the maid.
10. February 7, 2017 at 6:04 p.m. I rang the doorbell no one would respond to doorbell, as I was driving
    away I notice a male looking at me out of one of the windows in back driveway.

Michael McGee SCH#4154

Page 1of 2

Notary Verification

State of Texas

County of Harris

Before me, _Chad Woodard_____, a notary public, on this day personally appeared the above named person, _Michael McGee_____, known to me to be the person whose name is subscribed on this foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _13th_ day of _February_ 2017

CHAD WOODARD
My Commission Expires
December 3, 2017

Notary Public-State of Texas

Page 2 of 2

2/14/2017 4:08:02 PM
Chris Daniel / District Clerk
Harris County
Envelope No: 15318857
By: ARNIC, DELTON
Filed: 2/14/2017 4:08:02 PM

Cause No. _2016-87708_

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § | _113TH_ JUDICIAL DISTRICT |

## ORDER ON MOTION FOR SUBSTITUTED SERVICE
## UNDER RULE 106, TEX. RULES CIV. PRO.

On this day came on for consideration Plaintiff's motion for substituted service, and the Court, after considering the motion, the affidavits, the other evidence, and the file, finds that the motion is meritorious, and should be GRANTED.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1.     Pursuant to the provisions of Rule 106(b)(2) of the TRCP, the Plaintiff shall be allowed service of the citation and petition upon the Defendants by emailing a copy of same to the Defendants at the following email addresses, to wit: Silvia Hassell sehassell@aol.com; Royce Hassell conrcrete@gmail.com. The emails may be sent by any independent process server in the State of Texas.

2.     Further, pursuant to Rule 106(b)(2) of the TRCP, the Plaintiff is allowed service of the citation and petition, by attaching same, securely, to the front door of the Defendants' residence at 502 Maple Street, Bellaire, Texas, 77401. Service by this means is allowed to be done by any independent process server in the State of Texas.

3.     A copy of this Order shall be served upon the defendants in the manner specified in items 1 and 2, supra.

SIGNED on _____, 2017.

_____
JUDGE PRESIDING

Filed 17 February 16 A10:37
Chris Daniel - District Clerk
Harris County

CAUSE NO.  2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION | § | IN THE DISTRICT COURT OF |
| COMPANY INC, | § | |
| *Plaintiff(s)*, | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HASSELL, ROYCE, | § | |
| *Defendant(s)*. | § | 113th JUDICIAL DISTRICT |

### ORDER GRANTING MOTION FOR SUBSTITUTE SERVICE

ON THIS DAY, the Court considered Plaintiff's Motion for Substitute Service Under Texas Rule of Civil Procedure 106.  It appears to the Court that Plaintiff has attempted but failed to personally serve defendant **SILVIA HASSELL** at the said defendant's last known usual place of abode or business.  It further appears to the Court that the manner of service ordered herein will be reasonably effective to give said defendant notice of the lawsuit.  It is therefore,

**ORDERED,** that the Motion for Substitute Service is **GRANTED.**  It is further,

**ORDERED,** that service of process may be made upon the defendant**,** either: (1) by leaving a true copy of the citation, with a copy of the Petition and this Order authorizing substituted service attached, with anyone over sixteen (16) years of age at **5302 MAPLE STREET, BELLAIRE, HARRIS COUNTY, TEXAS 77401;** or (2) by firmly affixing a true copy of the citation, with a copy of the Petition and this Order authorizing substitute service attached, to the front door of Defendant's last known usual place of abode or business at the above address.

It is further **ORDERED,** that the service made by the above method shall not be deemed perfected unless it also complies with the following provisions:

(a) a copy of the citation, Petition, and this Order shall be mailed by BOTH certified mail, return receipt requested, AND by regular mail to the defendant at the same address at which service is authorized above;

(b) the return of service shall not be made until 30 days after mailing or until the process server receives back the green card from the post office, whichever date is earlier;

(c) the return of service shall include a statement setting out the date of mailing and the result of the mailing by certified mail, and the date of mailing and result of same by regular mail (*i.e.,* whether the envelope was returned by the post office, the green card came back signed, etc.); and

(d) a copy of any envelope or green card returned by the post office shall be attached to the return of service.

It is further **ORDERED** that the return of service of the person executing service pursuant to this Order shall otherwise be made in accordance with Rule 107, Texas Rules of Civil Procedure.  It is further

**ORDERED** that service of process will be deemed complete upon compliance with this Order, regardless of whether defendant signs the certified mail receipt.

Signed February 15, 2017

Hon. MICHAEL LANDRUM
Judge, 113th District Court

CAUSE NO.  2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY INC, | § | IN THE DISTRICT COURT OF |
| *Plaintiff(s),* | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HASSELL, ROYCE, | § | 113th JUDICIAL DISTRICT |
| *Defendant(s).* | § | |

## ORDER GRANTING MOTION FOR SUBSTITUTE SERVICE

ON THIS DAY, the Court considered Plaintiff's Motion for Substitute Service Under Texas Rule of Civil Procedure 106.  It appears to the Court that Plaintiff has attempted but failed to personally serve defendant **ROYCE HASSELL** at the said defendant's last known usual place of abode or business.  It further appears to the Court that the manner of service ordered herein will be reasonably effective to give said defendant notice of the lawsuit.  It is therefore,

**ORDERED,** that the Motion for Substitute Service is **GRANTED.**  It is further,

**ORDERED,** that service of process may be made upon the defendant**,** either: (1) by leaving a true copy of the citation, with a copy of the Petition and this Order authorizing substituted service attached, with anyone over sixteen (16) years of age at **5302 MAPLE STREET, BELLAIRE, HARRIS COUNTY, TEXAS 77401;** or (2) by firmly affixing a true copy of the citation, with a copy of the Petition and this Order authorizing substitute service attached, to the front door of Defendant's last known usual place of abode or business at the above address.

It is further **ORDERED,** that the service made by the above method shall not be deemed perfected unless it also complies with the following provisions:

(a) a copy of the citation, Petition, and this Order shall be mailed by BOTH certified mail, return receipt requested, AND by regular mail to the defendant at the same address at which service is authorized above;

(b) the return of service shall not be made until 30 days after mailing or until the process server receives back the green card from the post office, whichever date is earlier;

(c) the return of service shall include a statement setting out the date of mailing and the result of the mailing by certified mail, and the date of mailing and result of same by regular mail (*i.e.,* whether the envelope was returned by the post office, the green card came back signed, etc.); and

(d) a copy of any envelope or green card returned by the post office shall be attached to the return of service.

It is further **ORDERED** that the return of service of the person executing service pursuant to this Order shall otherwise be made in accordance with Rule 107, Texas Rules of Civil Procedure.  It is further

**ORDERED** that service of process will be deemed complete upon compliance with this Order, regardless of whether defendant signs the certified mail receipt.

Signed February 15, 2017

Hon. MICHAEL LANDRUM
Judge, 113th District Court

2/22/2017 4:38:24 PM
Chris Daniel - District Clerk Harris County
Envelope No. 15473405
By: Paulette Davis
Filed: 2/22/2017 4:38:24 PM

# RENTEA & ASSOCIATES

**Attorneys At Law**

700 Lavaca, Suite 1400-2678
Austin, Texas  78701

**Bogdan Rentea***

Tel. (512) 472-6291
Fax  (512) 472-6278
Email: brentea@rentealaw.com

*\*Board Certified Administrative Law*
*Texas Board of Legal Specialization*

February 22, 2017

<u>Via Electronic-Filing</u>
Chris Daniel, District Clerk
Harris County Courthouse
P.O. Box 4651
Houston, Texas 77210

Re:   Cause No. 2016-87708; Hassell Construction Company, Inc. v.
      Royce Hassell and Silvia Hassell;
      113th Judicial District Court of Harris County, Texas

Dear Clerk:

Please be advised that the following is my vacation schedule for 2017:

July 3-14. 2017
October 2-13, 2017

I respectfully request that no hearings, trials, pre-trials, arbitrations, mediations, or the like be scheduled in any cases pending in your courts, and that counsel not set any matters for deposition, inspections, and like matters requiring my presence.

Please file this document in the Court's file for the above-referenced cause. This vacation letter has been copied to all counsel of record via *e-file*.

Sincerely,

Bogdan Rentea

BR/ch

cc:   All Counsel of Record via e-file

3/27/2017 4:17:01 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 16098210
By: ARNIC, DELTON
Filed: 3/27/2017 4:17:01 PM

CAUSE NO. 201687708

Plaintiff: Hassell Construction Company Inc.

Vs

Defendant: Hassell, Royce

In The 113th Judicial District court of Harris County, Texas, 113th District Court Houston, TX

AFFIDAVIT OF SUBSTITUTE SERVICE

CITATION TO

HASSELL, SILVIA

Substituted Service to Hassell, Silvia  5302 Maple Street Bellaire, Texas 77401  was done by leaving a copy of the Citation with a copy of the Plaintiff's Original Petition for Declaratory Judgment and Application for Injunctive Relief, taped the front door security gate on February 21, 2017 at 11:15 a.m.

Substitute service to Hassell, Silvia 5302 Maple Street Bellaire, Texas 77401 was done by mailing through USPS, via certified mail return receipt and first class mail a copy of the Citation with a copy of the Plaintiff's Original Petition for Declaratory Judgment and Application for Injunctive Relief, certified mail receipt #7016 2140 0000 1471 5854, USPS return receipt # 9590 9402 2407 6249 9631 83 on February 21, 2017 at 9:07 a.m. USPS tracking information shows an attempt to deliver the Certified Mail with Return Receipt  to Hassell, Silvia 5302 Maple Street Bellaire, Texas 77401 was done on February 23,2017 at 1:55 p.m. A Notice was left (No Authorize Recipient  Available).

Michael McGee SCH#4154

Notary Verification

State of Texas

County of Harris

Before me, _Chad Woodard_, a notary public, on this day personally appeared the above named person, _Michael McGee_ known to me to be the person whose name is subscribed on this foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _27_ day of _March_ 2017

Notary Public-State of Texas

*3000 Weslayan St ♦ Suite 235 ♦ Houston, TX 77027*



**WORLDWIDE**

*Systems Technology for the Litigation World*

Court Reporting♦Video Production♦Videoconferencing♦Litigation Group

Silvia Hassell
5302 Maple Street
Bellaire, Texas 77401

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X      ☐ Agent<br>     ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Silvia Hassell<br>5302 Maple Street<br>Bellaire, Texas 77401 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>52435 citation |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 2407 6249 9631 83 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ ...ail<br>...ail Restricted Delivery    ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7016 2140 0000 1471 5854 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee |
|---|
| $ |
| Extra Services & Fees *(check box, add fee as appropriate)*<br>☐ Return Receipt (hardcopy)   $ _____<br>☐ Return Receipt (electronic)   $ _____<br>☐ Certified Mail Restricted Delivery   $ _____<br>☐ Adult Signature Required   $ _____<br>☐ Adult Signature Restricted Delivery $ _____    Postmark Here |
| Postage |
| $ |
| Total Postage and Fees |
| $ |
| Sent to   Silvia Hassell |
| Street and Apt. No., or PO Box No.   5235 citation |
| City, State, ZIP+4   Bellair TX |

7016 2140 0000 1471 5854

CERTIFIED MAIL

3/27/2017 4:18:42 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 16098358
By: ARNIC, DELTON
Filed: 3/27/2017 4:18:42 PM

CAUSE NO. 201687708

Plaintiff: Hassell Construction Company Inc.       In The 113th Judicial District court of Harris  County,

Vs                                                                       Texas, 113th District Court Houston, TX

Defendant: Hassell, Royce

### AFFIDAVIT OF SUBSTITUTE SERVICE

### CITATION TO

### HASSELL, Royce

Substituted Service to Hassell, Royce  5302 Maple Street Bellaire, Texas 77401  was done by leaving a copy of the
Citation with a copy of the Plaintiff's Original Petition for Declaratory Judgment and Application for Injunctive Relief,
taped the front door security gate on February 21, 2017 at 11:15 a.m.

Substitute service to Hassell, Royce 5302 Maple Street Bellaire, Texas 77401 was done by mailing through USPS, via
certified mail return receipt and first class mail a copy of the Citation with a copy of the Plaintiff's Original Petition for
Declaratory Judgment and Application for Injunctive Relief, certified mail receipt #7016 2140 0000 1471 5847, USPS
return receipt # 9590 9402 2407 6249 9632 06 on February 21, 2017 at 9:07 a.m. USPS tracking information shows an
attempt to deliver the Certified Mail with Return Receipt  to Hassell, Royce 5302 Maple Street Bellaire, Texas 77401
was done on February 23,2017 at 1:55 p.m. A Notice was left (No Authorize Recipient Available).

Michael McGee SCH#4154

Notary Verification

State of Texas

County of Harris

Before me, _Chad Woodard_, a notary public, on this day personally appeared the above named person,
_Michael McGee_, known to me to be the person whose name is subscribed on this foregoing instrument and
acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 27th day of March, 2017

Notary Public-State of Texas

*3000 Weslayan St ♦ Suite 235 ♦ Houston, TX 77027*



**WORLDWIDE**

*Systems Technology for the Litigation World*

Court Reporting♦Video Production♦Videoconferencing♦Litigation Group

Royce Hassell
5302 Maple Street
Bellaire, Texas 77401

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X      □ Agent<br>      □ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Royce Hassell<br>5302 Maple Street<br>Bellaire, Texas 77401 | D. Is delivery address different from Item 1? □ Yes<br>    If YES, enter delivery address below: □ No<br><br>*52435 cate* |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 2407 6249 9632 06 | 3. Service Type<br>□ Adult Signature<br>□ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>□ Certified Mail Restricted Delivery<br>□ Collect on Delivery<br>□ Collect on Delivery Restricted Delivery    ▸ Mail<br>    ‡ Mail Restricted Delivery<br>    500) | □ Priority Mail Express®<br>□ Registered Mail™<br>□ Registered Mail Restricted Delivery<br>□ Return Receipt for Merchandise<br>□ Signature Confirmation™<br>□ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7016 2140 0000 1471 5847 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

| Certified Mail Fee | |
|---|---|
| $ | |
| Extra Services & Fees *(check box, add fee as appropriate)*<br>☑ Return Receipt (hardcopy)   $ _____<br>□ Return Receipt (electronic)   $ _____<br>□ Certified Mail Restricted Delivery   $ _____<br>□ Adult Signature Required   $ _____<br>□ Adult Signature Restricted Delivery $ _____ | Postmark<br>Here |
| Postage | |
| $ | |
| Total Postage and Fees | |
| $ | |

Sent To *Royce Hassell*

Street and Apt. No., or PO Box No. *52435 citizen*

City, State, ZIP+4 *Bellair ?*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

*(vertical text left of receipt)* PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

*(vertical text)* CERTIFIED MAIL®

*(vertical barcode numbers)* 7016 2140 0000 1471 5847   7016 2140 0000 1471 5847

4/19/2017 12:28:37 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16538874
By: DELTON ARNIC
Filed: 4/19/2017 12:28:37 PM

CAUSE NO. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION CO., INC., | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants.* | § | 113th JUDICIAL DISTRICT |

## DEFENDANTS ROYCE AND SILVIA HASSELL'S ORIGINAL ANSWER & SPECIAL EXCEPTIONS

Defendants Royce and Silvia Hassell, individually and as shareholders of Hassell Construction Co., Inc. ("HCCI"), hereinafter collectively, "Defendants" file this Original Answer to Plaintiff HCCI's ("Plaintiff") Original Petition for Declaratory Judgment, Injunctive Relief and Damages, and, in support thereof, respectfully show the Court as follows:

### GENERAL DENIAL

1.    In accordance with Texas Rule of Civil Procedure 92, Defendants generally deny each and every allegation in Plaintiff's Original Petition for Declaratory Judgment, Injunctive Relief and Damages, and demand strict proof of each and every allegation in accordance with the Texas Rules of Civil Procedure.

2.    Defendants expressly reserve the right to amend this Answer in accordance with the Texas Rules of Civil Procedure.

## SPECIAL EXCEPTIONS

3.      In accordance with Rule 91 of the Texas Rules of Civil Procedure, Defendants specially except to Plaintiff's unverified petition for injunction because a declaratory judgment is not available when there is no justiciable conflict.

4.      Defendants specially except to the petition of HCCI because it creates no justiciable controversy.   Even if HCCI's allegations that Royce Hassell no longer owns 101 shares of HCCI individually, which Royce Hassell denies, that fact alone would be insufficient to prevent Royce Hassell from asserting he is a shareholder of HCCI because since 1986 Royce Hassell has also beneficially owned stock in HCCI as an equal 20% beneficiary of the James C. Hassell Intervivos Trust ("JCH Trust").   Moreover, as the Trustee of the JCH Trust from 1986 to 1999, and one its five beneficiaries, Royce Hassell relies on the fact that the JCH Trust is the majority shareholder of HCCI.[1]   Since HCCI does not dispute Royce Hassell's ownership of HCCI through the JCH Trust, the unverified facts as asserted in HCCI's petition do not raise a justiciable controversy.

5.      Defendants specially except to references by incorporation of 1984 agreement which Plaintiff has failed to attach as an exhibit and has refused to provide to Defendants.

---

[1] Royce and Silvia Hassell have been married since 1978.  Silvia Hassell is a shareholder of HCCI by virtue of her community property interest in the shares owned by Royce Hassell.

6.     Defendants specially except to any injunctive relief sought by HCCI as the petition in not verified.

<u>AFFIRMATIVE DEFENSES</u>

7. Subject to their general denial and special exceptions, and in accordance with Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the following affirmative defenses cumulatively and/or alternatively:

a.  Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff fails to state a claim against Defendants upon which relief can be granted.  Regardless of whether the facts as asserted in HCCI's petition are true, by virtue of his current status as a beneficiary of the JCH Trust Royce Hassell has standing to bring derivative claims on behalf of HCCI.  Royce Hassell specifically denies any allegations that he is no longer a shareholder of HCCI.

b.  Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrines of estoppel and quasi-estoppel.  In other cases HCCI, has benefitted from asserting that "HCCI objects to exclud[ing] from the definition of HCCI, Royce Hassell, as an agent, employee, representative or person acting on behalf of HCCI, for the reason that Royce Hassell was, at the time of the Springwoods Project, a shareholder of HCCI, and

otherwise a representative of HCCI, as is evidenced by . . . "  (Exhibit "A," page 4 of 22).

c.   Plaintiff's claims against Defendants are barred, in whole or in party, by failure of consideration, fraud, and/or waiver.

d.  Plaintiff's claims against Defendants are barred, in whole or in part, by laches and/or limitations.

e.  Plaintiff's claims against Defendants are barred, in whole or in part, by ratification.

f.  Plaintiff's claims against Defendants are barred, in whole or in part, by a novation.

g.  Plaintiff's claims are barred, in whole or in part, by breach of fiduciary duty by those controlling HCCI.

h.  The injunction sought is legally vague and overly broad, plaintiff has an adequate remedy at law, and the granting of injunctive relief would accomplish the whole object of the suit.

i.  Plaintiff is not entitled to the requested injunctive relief because the petition is legally insufficient and is not verified.

j.  All conditions precedent to Plaintiff bringing this action have not been performed, occurred, or waived, and Defendants demand strict proof thereof.

k.  Plaintiff is not entitled to equity as agents of HCCI those in control of HCCI are guilty of inequitable conduct.

l.  There is no agreement between Plaintiff and Defendants to sell Royce's Hassell's shares in HCCI under the terms proposed and Royce Hassell has not sold his shares in HCCI.

## JURY DEMAND

8.  Defendants demand a jury trial and tender the appropriate fee with this answer.

## PRAYER

Defendants respectfully pray that the Court render judgment:

1.  that Plaintiff take nothing by reason of this suit;

2.  that Plaintiff be denied all relief as prayed for against Defendants;

3.  that Plaintiff's request for injunctive relief be denied in its entirety;

4.  that Defendants recover their attorney's fees and costs; and

5.  for all such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

**LOCKE LORD LLP**


By:  /S/ Derrick Carson_____
        DERRICK CARSON
        State Bar No. 24001847
        2800 JPMorgan Chase Tower
        600 Travis St.
        Houston, Texas  77002
        dcarson@lockelord.com
        (713) 226-1197 - Telephone
        (713) 223-2622 – Facsimile

        CHRISTIAN PEREZ
        State Bar No. 24098243
        2800 JPMorgan Chase Tower
        600 Travis St.
        Houston, Texas  77002
        cperez@lockelord.com
        (713) 226-1610 - Telephone
        ATTORNEYS FOR DEFENDANTS
        ROYCE AND SILVIA HASSELL

## CERTIFICATE OF SERVICE

I certify that on April 19, 2017, a true and correct copy of this Defendants Royce and Silvia Hassell's Original Answer was served on the following counsel of record:

Bogdan Rentea
Rentea & Associates
700 Lavaca, Suite 1400-2678
Austin, Texas 78701
(512) 472-6291
(512) 472-6278 (facsimile)
brentea@rentealaw.com


/S/ Derrick Carson_____
**DERRICK CARSON**

Filename:              Shareholder Suit Original Answer and Counterclaims.docx
Directory:             C:\Users\jmharris\Documents
Template:              C:\Users\Silvia\Documents\Custom Office Templates\2016.dotx
Title:
Subject:
Author:                H
Keywords:
Comments:
Creation Date:         4/2/2017 1:08:00 PM
Change Number:         5
Last Saved On:         4/19/2017 12:07:00 PM
Last Saved By:         Locke Lord LLP
Total Editing Time:    90 Minutes
Last Printed On:       4/19/2017 12:07:00 PM
As of Last Complete Printing
    Number of Pages:   7
    Number of Words:   1,020 (approx.)
    Number of Characters:      5,819 (approx.)

5/19/2017 6:13:45 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17153209
By: Justina Lemon
Filed: 5/19/2017 6:13:45 PM

CAUSE NO. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION CO., INC., | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants.* | § | 113th JUDICIAL DISTRICT |

## ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION OF ROYCE HASSELL

COMES NOW Defendant/Counter-Plaintiff/Third-Party Plaintiff Royce Hassell ("Royce") and files this Original Counterclaim and Original Third-Party Petition against Plaintiff/Counter-Defendant Hassell Construction Co., Inc. ("HCCI"), Third-party defendant Michael Hassell ("Michael"), Third-party defendant Phillip Hassell ("Phillip"), Third-party defendant Shawn Hassell Potts ("Shawn"), and the Trustee of the James C. Hassell Intervivos Trust ("Trustee") and, in support thereof, respectfully shows the Court as follows:

## PARTIES

1.       Counter-plaintiff Royce Hassell is an individual residing in Harris County, Texas. Counter-plaintiff Royce Hassell is an interested person as defined in the Property Code under § 111.004.

2.       Counter-defendant, Hassell Construction Company, Inc., is a Counter-Defendant. HCCI has appeared in this case and may be served through its counsel of record.

3.       Third-party defendant Michael Hassell ("Michael") is employed by Hassell Management Services, LLC ("HMS") and resides in Harris County, Texas.  He may be served

with this suit at his usual place of employment, Hassell Management Services, 12211 Duncan Road, Houston, TX 77066 or wherever he may be found.

4.      Third-party defendant Trustee of James C. Hassell Intervivos Trust ("Trustee") is currently Michael Hassell.  The Trustee may be served by serving Michael Hassell, at his usual place of employment, Hassell Management Services, 12211 Duncan Road, Houston, TX 77066 or wherever he may be found.

5.      Third-party defendant Phillip Hassell ("Phillip") is employed by HMS and resides in Harris County, Texas.  He may be served with this suit at his usual place of employment, Hassell Management Services, 12211 Duncan Road, Houston, TX 77066, or wherever he may be found.

6.      Third-party defendant Shawn Hassell Potts ("Shawn") is employed by HMS and resides in Harris County, Texas.  She may be served with this suit at his usual place of employment, Hassell Management Services, 12211 Duncan Road, Houston, TX 77066, or wherever she may be found.

## JURISDICTION & VENUE

7.      The Court has jurisdiction over the parties because all parties are residents of Harris County, Texas, and HCCI's principal place of business is in Harris County, Texas.  Venue is proper in this county because the actions made the subject of this suit have occurred primarily in Harris County, Texas.

8.      The Court has subject matter jurisdiction over this proceeding because the amount in controversy exceeds this Court's minimum jurisdiction requirement.  Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Counter-plaintiff seeks monetary relief in excess of

$1,000,000 as well as declaratory relief pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.

## DISCOVERY CONTROL PLAN

9.      Discovery in this case should be conducted under Level 3 of the Texas Rules of Civil Procedure §190.4.

## FACTUAL BACKGROUND

10.     Royce Hassell ("Royce") has been a shareholder in HCCI since 1979.  In 1986, Royce and his four siblings (the children of Royce's father, James C. Hassell) became equal beneficiaries in the James C. Hassell Intervivos Trust ("JCH Trust").[1]  The purpose of forming the JCH Trust was to convey equal beneficial ownership interest in HCCI to each of James Hassell's children.  Upon information and belief, the JCH Trust is the majority shareholder of HCCI.  Consequently, in addition to his individually owned shares, Royce also holds beneficial ownership of HCCI shares.[2]

11.     Royce was appointed and served as the original Trustee of the JCH Trust from 1986 until October of 1999 when Royce stepped down in order to take care of his ailing wife. Third-party Defendant Michael Hassell, Royce's brother and also a beneficiary of the JCH Trust, has served as Trustee since 1999.  Unfortunately, Michael has failed to fulfill his obligations and responsibilities as Trustee and has not complied with his fiduciary duties in good faith.

12.     Upon information and belief, Michael is believed to have allowed a life insurance policy of James C. Hassell, which provides funds to the JCH Trust, to lapse.  Michael required

---

[1] The beneficiaries of the JCH Trust are the five children of James C. Hassell ("JCH").  Royce Hassell is JCH's only child from his first marriage; Michael Hassell, Phillip Hassell, and Shawn Hassell Potts are JCH's children from his second marriage; and Jason Hassell is JCH's only child from JCH's third marriage.  The children of JCH, all adults, are each equal, per stirpes, undivided beneficiaries of the JCH Trust.  Among the assets of the JCH Trust is the majority of HCCI's shares.

[2] Defendants Royce and Silvia Hassell have been married since 1978.  Silvia Hassell is a shareholder of HCCI by virtue of her community property interest in the shares owned by Royce Hassell.

Royce's assistance to reinstate the life insurance policy.  In addition to Michael's negligent oversight of the life insurance policy, Michael has greatly reduced the value of the JCH Trust by losing and/or transferring valuable trust assets out of the JCH Trust.  In fact, the JCH Trust is a spendthrift trust which by its terms does not permit the alienation of ownership by its beneficiaries.

13.     Royce has been a continuous shareholder of HCCI since acquiring shares of HCCI in 1979, as well as his ownership in HCCI by virtue of his status as a beneficiary of the JCH Trust beginning in 1986.  Royce has not transferred or sold his shares in HCCI to any party.

14.     In 2012, Royce was appointed to act as HCCI's Chief Operating Officer. But he was not employed by HCCI.  Rather he was employed as COO by HMS and leased as employee by HCCI.

15.     HMS is owned and managed by Royce's family members, including but not limited to Michael and Phillip.  Royce has no ownership or management role in HMS.

16.     Nevertheless, in 2013, Royce was purportedly terminated from his role in HCCI by HMS, Phillip, and Michael, which allegedly included a loss of his ownership in HCCI. Royce maintains that this termination was wrongful and that he still is an owner of HCCI, through his direct ownership in HCCI as well as his status of beneficiary in the JCH Trust.

17.     Despite his continuous status as a shareholder of HCCI, Royce has been denied access to the corporate records of HCCI and the Trust records of the JCH Trust by Michael and the other beneficiaries of the JCH Trust.  As a shareholder and a beneficiary, Royce has a right to inspect these records, and denial by Michael, Phillip, and HCCI constitute breaches of fiduciary duty, violations of the Texas Trust Code, and violations of the Texas Business Organizations Code.

18.     Further, Michael has pledged the JCH's Trust assets to secure bonding, insurance and banking accommodations to personally benefit only selected beneficiaries of the JCH Trust and to perpetuate frauds.  According to the Texas Secretary of State Office public records, in approximately 2005-2006 and without Royce Hassell's knowledge, Michael Hassell voted the JCH Trust shares in favor of HCCI merging with another corporation in which Royce Hassell owns no interest, Hassell Contractors, Inc.  However, because Royce Hassell has been denied access to the corporate records of HCCI and the records of the JCH Trust, and these transactions have not been disclosed to Royce Hassell, Royce Hassell has been unable to discover all the events which have transpired within HCCI to affect his direct stock ownership in HCCI and his beneficial ownership interest through the JCH Trust.

19.     Additionally, Michael Hassell has pledged the trust assets of the JCH Trust to co-indemnify Liberty Mutual and now perhaps other sureties, as surety and a beneficiary of a General Agreement of Indemnity for projects performed by HCCI to the exclusion of Royce Hassell.  Thus, it now appears that on all projects being performed by HCCI, the JCH Trust assets including Royce Hassell's undivided interest, are at risk.

## CAUSES OF ACTION

### *Count I:  Breaches of Fiduciary Duties by Michael Hassell and Trustee*

20.     Counter-Plaintiff Royce restates paragraphs 1 – 19 as if fully restated herein.

21.     Michael owes fiduciary duties to Royce and his heirs as Trustee of the JCH Trust of which Royce is a beneficiary.  Michael also owes fiduciary duties to Royce as an officer, director, and beneficial shareholder of HCCI.

22.     Michael has breached his fiduciary duties to Royce.

23.     Michael's breaches of fiduciary duties resulted in injury to Royce and benefit to Michael and HCCI.

### *Count II:  Violation of the Texas Trust Code by Trustee*

24.     Counter-Plaintiff Royce restates paragraphs 1 – 19 as if fully restated herein.

25.     Michael owes fiduciary duties to Royce and his heirs as Trustee of the JCH Trust, of which Royce is a beneficiary.

26.     Under the Texas Trust Code, Trustee was responsible to Royce for the trust property pursuant to the requirements of Section 114.001 of the Trust Code, including the trust property's management, supervision, and safeguarding.

27.     Trustee has breached his fiduciary duties to Royce by actions, including but not limited to its duty of trust, in failing to appropriately manage, supervise, and safeguard the trust property.

28.     In addition, not only has Trustee failed to comply with his duty of disclosure to beneficiaries under the Texas Trust Code, Trustee has repeatedly denied Royce access to records regarding the JCH Trust, for almost four years despite continuous requests for access to such information.

29.     Royce suffered damages as a result of Michael's violation of his duties under the Texas Trust Code.

### *Count III:  Knowing Participation in Breaches of Fiduciary Duties*

30.     Counter-Plaintiff Royce restates paragraphs 1 – 19 as if fully restated herein.

31.     Michael owes a fiduciary duty to Royce as Trustee of the JCH Trust of which Royce is a beneficiary.

32.     Phillip and Shawn are aware of the fiduciary relationship.

33.     By participating in the termination of Royce's ownership in HCCI and preventing Royce from viewing the books of HCCI and the JCH Trust, Phillip and Shawn participated in the breach of the fiduciary relationship.

34.     Phillip and Shawn participated in the breach of fiduciary duties that caused damage to Royce.

### *Count IV:  Breaches of Fiduciary Duties by Phillip Hassell*

35.     Counter-Plaintiff Royce restates paragraphs 1 – 19 as if fully restated herein.

36.     Phillip owes fiduciary duties to HCCI as an officer of HCCI.

37.     Phillip Hassell is President of Hassell Management Services, LLC and Hassell Construction Company, Inc.   As President, Phillip owes a fiduciary duty to HCCI.   Further, based on the relationship between Phillip and Royce and Royce's longtime confidence placed in Phillip in his role in the family businesses, Phillip owes Royce a fiduciary duty.

38.     Phillip Hassell owes HCCI and Royce a duty of loyalty, duty to disclose material information, the duty not to engage in self-dealing, and the duty not to harm the company for personal gain.   Phillip breached his duties by, among other things, refusing to make distributions to Royce and engaging in transactions as an interested director.

39.     Phillip Hassell has violated his fiduciary obligations to HCCI and HCCI's shareholders by using HCCI's corporate name to perpetuate frauds for his personal benefit. Phillip Hassell's use of the JCH Trust's assets to obtain benefits for himself and Hassell Management Services, LLC to the detriment of HCCI is a continuing breach of his fiduciary duties as an officer and director of HCCI to HCCI and its shareholders.

### *Count V:  Violations of the Texas Business Organizations Code*

40.     Counter-Plaintiff Royce restates paragraphs 1 – 19 as if fully restated herein.

41.     Royce is a shareholder in and owner of HCCI.

42.     Under Section 3.153 of the Texas Business Organizations Code, among others, Royce is entitled to examine the books and records of HCCI.

43.     HCCI, Phillip, and Michael have refused to allow Royce to inspect the corporate records of HCCI, causing Royce damages.

### *Count VI: Aider and Abetter / Conspiracy Liability*

44.     Counter-Plaintiff Royce restates paragraphs 1 – 19 as if fully restated herein.

45.     Michael and Phillip have each conspired in and aided and abetted the respective violations of fiduciary duties alleged above.   Further, Shawn also aided and abetted in the violations.   They have all conspired in a deliberate attempt to deprive Royce of the benefits of his interests in HCCI and the JCH Trust.

### *Count VII:  Fraud, Use of the Corporate Form as a Sham to Perpetuate a Fraud, and Fraudulent Concealment*

46.     Counter-Plaintiff Royce restates paragraphs 1 – 19 as if fully restated herein.

47.     As a beneficiary of the JCH Trust and as a shareholder of HCCI, Royce is entitled to disclosure of pertinent information regarding the business.   However, facts have been concealed from Royce Hassell.  The doctrine of fraudulent concealment applies in this case and defers the accrual of claims for breach of fiduciary duty.  Such breaches may include acts in violation of the Trust Code and other statutes.

48.     Michael and Phillip Hassell, as Trustee of the JCH Trust and as President of HCCI respectively, are continuing to use HCCI's corporate form as a sham and to perpetuate a fraud on Royce Hassell and his heirs, among others.   Currently, Michael and Royce are inconsistently using the JCH Trust's assets which include the majority ownership of HCCI stock to obtain surety, insurance and banking accommodations to benefit themselves personally and

others to the detriment of the non-participating JCH Trust beneficiaries, namely Royce Hassell and his heirs.

49.     Additionally, they have also used HCCI's name to bring a serious of meritless lawsuits to benefit Hassell Management and selected beneficiaries of the JCH Trust, while failing to pursue and, in fact, non-suiting valuable and meritorious causes of actions against third parties who have injured HCCI's interests.

50.     Additionally, even the public records evidence that after ousting Royce Hassell as the Chief Operating Officer of HCCI, HCCI has been mismanaged by the owners of Hassell Management Services, LLC.  For instance, due to apparent mismanagement HCCI was recently cited by the U.S. Department of Labor's Occupational Safety and Health Administration for 16 safety violations, including six egregious *willful* violations and nine serious violations for failing to protect workers inside an excavation and was subject to penalties of $423,900.

51.     Despite having his ownership interests in HCCI at risk, Royce Hassell has been denied access to both the corporate records of HCCI and the records of the JCH Trust. The records being sought will undoubtedly disclose additional frauds which have been and are being committed.

52.     Unless immediate access to such records is permitted, Royce Hassell reserves the right to seek an injunction pursuant to Tex. Bus. & Com. Code Ann.  §24.008(a)(3) and  to seek the imposition of a receivership on certain assets of HCCI, as well as the removal of Michael Hassell as Trustee of the JCH Trust.  Specifically, the continuous refusal to grant Royce Hassell access to the corporate records of HCCI and the trust records of the JCH Trust has obstructed HCCI and the JCH Trust claims against third parties who have harmed and are harming HCCI as

a family owned corporation and the JCH Trust for the benefit of all five of JCH's children and their descendants.

### *Count VIII: Declaratory Judgment on Royce Hassell's Ownership of HCCI*

53.     Counter-Plaintiff Royce restates paragraphs 1 – 19 as if fully restated herein.

54.     This Court has the power to  "declare rights, status, and other legal relations whether or not further relief is or could be claimed."  TEX. CIV. PRAC. & REM. CODE § 37.003.  A person "whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.  Id. § 37.004.

55.     Specifically, based on the controversies described above, Counter-plaintiff seeks the following declarations from the Court:

> a.     the identity of and current ownership interest of HCCI's shareholders;
>
> b.     Royce Hassell's right to access HCCI's books and records;
>
> c.     Royce Hassell's right to an accounting of HCCI;
>
> d.     Royce Hassell's right to access the JCH Trust's books and records; and
>
> e.     Royce Hassell's right to an accounting of the JCH Trust.

### *Count IX:  Attorneys' Fees*

56.     Counter-plaintiff hereby incorporates all of the preceding paragraphs by reference.

57.     Counter-plaintiff has retained the law firm of Locke Lord LLP to prosecute its claims in this matter.  Accordingly, Counter-plaintiff is entitled to recover its attorneys' fees and

costs pursuant to Chapter 37 and Chapter 38 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 37.009 and 38.001, *et seq.*

58.    Counter-plaintiff also reserves the right to seek mandatory indemnification under Texas Business Organizations Code 8.051, and/or Court-Ordered Indemnification under Texas Business Organizations Code 8.052.

**PRAYER**

Counter-plaintiff Royce Hassell prays that Counter-defendant HCCI and Third-party Defendants Michael Hassell, Shawn Hassell Potts, Phillip Hassell, and Trustee of the JCH Trust be cited to appear and answer in this Court and that, upon final determination of the merits, Counter-plaintiff be awarded his damages, attorneys' fees, pre- and post-judgment interest at the highest rates allowed by law, costs of court, an accounting of HCCI, and all further relief, whether by law or in equity, to which he may be justly entitled.

Respectfully submitted,

**LOCKE LORD LLP**

By: _____
DERRICK CARSON
State Bar No. 24001847
DEANNA WILLSON
State Bar No. 24092759
CHRISTIAN PEREZ
State Bar No. 24098243
2800 JPMorgan Chase Tower
600 Travis St.
Houston, Texas  77002
dcarson@lockelord.com
Deanna.willson@lockelord.com
cperez@lockelord.com
(713) 226-1197 - Telephone
(713) 223-2622 - Facsimile

ATTORNEYS FOR DEFENDANTS
ROYCE AND SILVIA HASSELL AND
COUNTER-PLAINTIFF ROYCE HASSELL

## CERTIFICATE OF SERVICE

I certify that on May 19, 2017, a true and correct copy of this Original Claims of Counter-Plaintiff Royce Hassell was served on the following counsel of record:

Bogdan Rentea
Rentea & Associates
700 Lavaca, Suite 1400-2678
Austin, Texas 78701
(512) 472-6291
(512) 472-6278 (facsimile)
brentea@rentealaw.com


_____
**Deanna M. Willson**

5/19/2017 6:13:45 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 17153209
By: LEMON, JUSTINA V
Filed: 5/19/2017 6:13:45 PM

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____   **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** _____
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br><br>Address:<br><br>City/State/Zip:<br><br>Signature: | Email:<br><br>Telephone:<br><br>Fax:<br><br>State Bar No: | Plaintiff(s)/Petitioner(s):<br><br>Defendant(s)/Respondent(s):<br><br>[Attach additional page as necessary to list all parties] | ☐Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>___<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br>___<br>☐Other Injury or Damage:<br>___ | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>___ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: ___ | ☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: | ☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| **Employment** | **Other Civil** | | **Parent-Child Relationship** | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | ☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: ___ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:
☐Appeal from Municipal or Justice Court ☐Declaratory Judgment ☐Prejudgment Remedy
☐Arbitration-related ☐Garnishment ☐Protective Order
☐Attachment ☐Interpleader ☐Receiver
☐Bill of Review ☐License ☐Sequestration
☐Certiorari ☐Mandamus ☐Temporary Restraining Order/Injunction
☐Class Action ☐Post-judgment ☐Turnover

**4. Indicate damages sought** *(do not select if it is a family law case)*:
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

Case No.  201687708

DCORX

HASSELL CONSTRUCTION COMPANY I

vs.

HASSELL, ROYCE

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

113th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **02/02/18**   **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
   (a) **03/05/18**   Experts for parties seeking affirmative relief.
   (b) **04/04/18**   All other experts.

3.   **STATUS CONFERENCE**.   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
   Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
   (a)   Total hours per side for oral depositions.
   (b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
   (a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
   (b)   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **06/01/18**   **DISCOVERY PERIOD ENDS**.    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
   (a)   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
   (b) **06/01/18**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
   (c) **05/03/18**   Rule 166a(i) motions may not be heard before this date.

8. **05/18/18**   **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **06/01/18**   **PLEADINGS**.   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
    Parties shall be prepared to discuss all aspects of trial with the court on this date.
    TIME:              Failure to appear will be grounds for dismissal for want of prosecution.

11. **07/02/18**   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

BOGDAN RENTEA
700 LAVACA ST SUITE 1400-2678
AUSTIN TX 78701-3101

5    16781000

MICHAEL LANDRUM
Judge, 113TH DISTRICT COURT
Date Generated 05/23/2017

JCVO02
rev.11202006

Case No.  201687708

**DCORX**

HASSELL CONSTRUCTION COMPANY I          *          IN THE DISTRICT COURT OF

vs.                                                                    *

                                                                        *          HARRIS COUNTY, TEXAS

HASSELL, ROYCE                                          *

                                                                        *          113th      JUDICIAL DISTRICT

# DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **02/02/18**    **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.    **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
(a) **03/05/18**    Experts for parties seeking affirmative relief.
(b) **04/04/18**    All other experts.

3.    **STATUS CONFERENCE**.   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.    **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)    Total hours per side for oral depositions.
(b)    Number of interrogatories that may be served by each party on any other party.

5.    **ALTERNATIVE DISPUTE RESOLUTION.**
(a)    By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b)    ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.  **06/01/18**    **DISCOVERY PERIOD ENDS**.    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.    **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
(a)    If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **06/01/18**    Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c) **05/03/18**    Rule 166a(i) motions may not be heard before this date.

8. **05/18/18**    **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **06/01/18**    **PLEADINGS**.   All amendments and supplements must be filed by this date.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:                    Failure to appear will be grounds for dismissal for want of prosecution.

11. **07/02/18**    **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

DERRICK BRYAN CARSON
600 TRAVIS ST STE 2800
HOUSTON TX 77002-2914

1          24001847

MICHAEL LANDRUM
Judge, 113TH DISTRICT COURT
Date Generated 05/23/2017

JCVO02
rev.11202006