7016 0600 0001 0813 7299

CAUSE NO.   201687708

RECEIPT NO.

ρ-2

********** 75.00   CTM

TR # 73465513

PLAINTIFF: HASSELL CONSTRUCTION COMPANY INC
vs.
DEFENDANT: HASSELL, ROYCE

In The   113th
Judicial District Court
of Harris County, Texas
113TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: HASSELL, MICHAEL
C/O HASSELL MANAGEMENT SERVICES
OR WHEREVER HE MAY BE FOUND

12211  DUNCAN ROAD   HOUSTON TX 77066

Attached is a copy of ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION

This instrument was filed on the 19th day of May, 2017, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 21st day of February, 2018, under my hand and seal of said Court.

Issued at request of:
WILLSON, DEANNA MARKOWITZ
600  TRAVIS SUITE 2800
HOUSTON, TX  77002
Tel: (713) 226-1467
Bar No.: 24092759

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: ALEXANDER, RAYSHANA D  FEJ//10886971

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION to the following addressee at address:

_____

_____

(a) ADDRESSEE

_____

ADDRESS

Service was executed in accordance with Rule 106
(2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

CHRIS DANIEL, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P

*73465513*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

7016 0600 0001 0813 7299

CAUSE NO.   201687708

RECEIPT NO.                                    75.00      CTM

********                                  TR # 73465513

| PLAINTIFF: HASSELL CONSTRUCTION COMPANY INC | In The      113th |
| vs. | Judicial District Court |
| DEFENDANT: HASSELL, ROYCE | of Harris County, Texas |
| | 113TH DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: HASSELL, MICHAEL
    C/O HASSELL MANAGEMENT SERVICES
    OR WHEREVER HE MAY BE FOUND

    12211  DUNCAN ROAD   HOUSTON TX 77066

    Attached is a copy of <u>ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION</u>

This instrument was filed on the <u>19th day of May, 2017</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 21st day of February, 2018, under my hand and
seal of said Court.



<u>Issued at request of</u>:                            CHRIS DANIEL, District Clerk
WILLSON, DEANNA MARKOWITZ                      Harris County, Texas
600  TRAVIS SUITE 2800                         201 Caroline, Houston, Texas 77002
HOUSTON, TX  77002                             (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 226-1467
<u>Bar No.</u>:  24092759                          Generated By: ALEXANDER, RAYSHANA D  FEJ//10886971

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION
to the following addressee at address:

_____      ADDRESS

_____      Service was executed in accordance with Rule 106
(a) ADDRESSEE                                   (2) TRCP, upon the Defendant as evidenced by the
_____           return receipt incorporated herein and attached
                                                hereto at
_____

                                            on _____ day of _____, _____
                                            by U.S. Postal delivery to _____

                                            This citation was not executed for the following
                                            reason: _____
                                            _____

                                            CHRIS DANIEL, District Clerk
                                            Harris County, TEXAS

                                            By _____, Deputy

N.INT.CITM.P                        *73465513*

7016 0600 0001 0813 7305

CAUSE NO.  201687708

RECEIPT NO.                                    75.00       CTM
          **********                 TR # 73465517



PLAINTIFF: HASSELL CONSTRUCTION COMPANY INC          In The    113th
        vs.                                          Judicial District Court
DEFENDANT: HASSELL, ROYCE                            of Harris County, Texas
                                                     113TH DISTRICT COURT
                                                     Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: TRUSTEE OF JAMES C HASSELL INTERVIVOS TRUST (CURRENTLY MICHAEL
    HASSELL) MAY BE SERVED BY SERVING MICHAEL HASSELL C/O
    HASSELL MANAGEMENT SERVICES
    OR WHEREVER HE MAY BE FOUND

    12211  DUNCAN ROAD   HOUSTON TX 77066

    Attached is a copy of ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION

This instrument was filed on the 19th day of May, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 21st day of February, 2018, under my hand and
seal of said Court.

Issued at request of:                                CHRIS DANIEL, District Clerk
WILLSON, DEANNA MARKOWITZ                             Harris County, Texas
600  TRAVIS SUITE 2800                                201 Caroline, Houston, Texas 77002
HOUSTON, TX  77002                                   (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 226-1467
Bar No.: 24092759                                    Generated By: ALEXANDER, RAYSHANA D  FEJ//10886971

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION
to the following addressee at address:

_____          ADDRESS
_____          Service was executed in accordance with Rule 106
(a)ADDRESSEE                        (2) TRCP, upon the Defendant as evidenced by the
                                        return receipt incorporated herein and attached
                                        hereto at

                                 on _____ day of _____, _____
                                 by U.S. Postal delivery to _____

                                 This citation was not executed for the following
                                 reason: _____

                                 CHRIS DANIEL, District Clerk
                                 Harris County, TEXAS

                                 By _____, Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

N.INT.CITM.P                    *73465517*

7016 0600 0001 0813 7305

CAUSE NO.   201687708

RECEIPT NO.                          '75.00      CTM
**********                           TR # 73465517

| | |
|---|---|
| PLAINTIFF: HASSELL CONSTRUCTION COMPANY INC<br>vs.<br>DEFENDANT: HASSELL, ROYCE | In The     113th<br>Judicial District Court<br>of Harris County, Texas<br>113TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: TRUSTEE OF JAMES C HASSELL INTERVIVOS TRUST (CURRENTLY MICHAEL
    HASSELL) MAY BE SERVED BY SERVING MICHAEL HASSELL C/O
    HASSELL MANAGEMENT SERVICES
    OR WHEREVER HE MAY BE FOUND

    12211  DUNCAN ROAD   HOUSTON TX 77066

    Attached is a copy of ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION

This instrument was filed on the 19th day of May, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 21st day of February, 2018, under my hand and
seal of said Court.



                                              *Chris Daniel*

Issued at request of:                         CHRIS DANIEL, District Clerk
WILLSON, DEANNA MARKOWITZ                      Harris County, Texas
600  TRAVIS SUITE 2800                         201 Caroline, Houston, Texas 77002
HOUSTON, TX  77002                            (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 226-1467
Bar No.: 24092759                             Generated By: ALEXANDER, RAYSHANA D  FEJ//10886971

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION
to the following addressee at address:

_____          _____
                                            ADDRESS

_____          Service was executed in accordance with Rule 106
(a) ADDRESSEE                                   (2) TRCP, upon the Defendant as evidenced by the
                                                return receipt incorporated herein and attached
_____               hereto at

                                            _____
                                            on _____ day of _____, _____
                                            by U.S. Postal delivery to _____
                                            _____

                                            This citation was not executed for the following
                                            reason: _____
                                            _____

                                            CHRIS DANIEL, District Clerk
                                            Harris County, TEXAS

                                            By _____, Deputy

N.INT.CITM.P                        *73465517*

7016 0600 0001 0813 7312

CAUSE NO.  201687708

P-2

RECEIPT NO.                                        75.00    CTM
**********                              TR # 73465519

| | |
|---|---|
| PLAINTIFF: HASSELL CONSTRUCTION COMPANY INC<br>              vs.<br>DEFENDANT: HASSELL, ROYCE | In The      113th<br>Judicial District Court<br>of Harris County, Texas<br>113TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: HASSELL, PHILLIP
    C/O HASSELL MANAGEMENT SERVICES
    OR WHEREVER HE MAY BE FOUND

    12211  DUNCAN ROAD   HOUSTON TX  77066

    Attached is a copy of ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION

This instrument was filed on the 19th day of May, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 21st day of February, 2018, under my hand and
seal of said Court.

Issued at request of:                              CHRIS DANIEL, District Clerk
WILLSON, DEANNA MARKOWITZ                           Harris County, Texas
600  TRAVIS SUITE 2800                              201 Caroline, Houston, Texas 77002
HOUSTON, TX  77002                                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 226-1467
Bar No.: 24092759                                  Generated By: ALEXANDER, RAYSHANA D  FEJ//10886971

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION
to the following addressee at address:

_____            ADDRESS

_____            Service was executed in accordance with Rule 106
(a) ADDRESSEE                                     (2) TRCP, upon the Defendant as evidenced by the
                                                  return receipt incorporated herein and attached
_____                 hereto at

                                              on _____  day of _____, _____
                                              by U.S. Postal delivery to _____
                                              _____

                                              This citation was not executed for the following
                                              reason: _____
                                              _____

                                              CHRIS DANIEL, District Clerk
                                              Harris County, TEXAS

                                              By _____, Deputy

N.INT.CITM.P                    *73465519*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

7016 0600 0001 0813 7312

CAUSE NO.  201687708

RECEIPT NO.                                          75.00       CTM
        **********                                  TR # 73465519

PLAINTIFF: HASSELL CONSTRUCTION COMPANY INC       | In The    113th
        vs.                                       | Judicial District Court
DEFENDANT: HASSELL, ROYCE                          | of Harris County, Texas
                                                   | 113TH DISTRICT COURT
                                                   | Houston, TX

                          CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris


TO: HASSELL, PHILLIP
    C/O HASSELL MANAGEMENT SERVICES
    OR WHEREVER HE MAY BE FOUND

    12211  DUNCAN ROAD   HOUSTON TX 77066
    Attached is a copy of ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION


This instrument was filed on the 19th day of May, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 21st day of February, 2018, under my hand and
seal of said Court.


Issued at request of:                              CHRIS DANIEL, District Clerk
WILLSON, DEANNA MARKOWITZ                           Harris County, Texas
600  TRAVIS SUITE 2800                              201 Caroline, Houston, Texas 77002
HOUSTON, TX  77002                                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 226-1467
Bar No.: 24092759                                  Generated By: ALEXANDER, RAYSHANA D  FEJ//10886971

---

                     CLERK'S RETURN BY MAILING
Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
ORIGINAL COUNTERCLAIM AND THIRD PARTY PETITION
to the following addressee at address:

_____        _____
                                                ADDRESS

_____        Service was executed in accordance with Rule 106
(a)ADDRESSEE                                       (2) TRCP, upon the Defendant as evidenced by the
                                                       return receipt incorporated herein and attached
                                                       hereto at
_____
                                                _____ day of _____, _____
                                                by U.S. Postal delivery to _____

                                                _____

                                                This citation was not executed for the following
                                                reason: _____

                                                _____

                                                CHRIS DANIEL, District Clerk
                                                Harris County, TEXAS

                                                By _____, Deputy


N.INT.CITM.P                          *73465519*

2/28/2018 3:37 PM
Chris Daniel - District Clerk Harris County
Envelope No. 22845039
By: DELTON ARNIC
Filed: 2/28/2018 3:37 PM

Cause No. __2016-87708__

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § | __113TH__ JUDICIAL DISTRICT |

## <u>ORDER ON MOTION TO STRIKE</u>

On this _____ day of March, 2018, the Court considered the Plaintiff's *Motion to Strike Untimely Attempt to Join Parties,* the response, and finds that the motion is meritorious and should be GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that Plaintiff's Motion to Strike Untimely Attempt to Join Parties is GRANTED and Defendants are not entitled to join any parties to this litigation, whether by amendment or third party practice.

SIGNED on _____, 2018.


_____
JUDGE PRESIDING

2/28/2018 3:32 PM
Chris Daniel - District Clerk Harris County
Envelope No. 22844695
By: DELTON ARNIC
Filed: 2/28/2018 3:32 PM

Cause No.  2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § |  113TH  JUDICIAL DISTRICT |

## MOTION TO STRIKE UNTIMELY ATTEMPT TO JOIN PARTIES

NOW COMES Plaintiff, Hassell Construction Company, Inc., and files this, its motion to strike the Defendant's[1] untimely attempts to add additional parties and, in support, would show as follows:

1.     The current Docket Control Order ("DCO") set February 2, 2018, as the deadline for joinder of parties.  It specifically provides that "all parties must be added **and served**, whether by amendment or third-party practice, by this date." (emphasis added).[2]

2.     On May 19, 2017, the Defendant filed his third-party petition against third-party Defendants, Michael Hassell, Phillip Hassell, Shawn Hassell and the Trustee of the James C. Hassell Intervivos Trust, but made no attempt to serve it.

3.     On May 23, 2017, this Court issued its DCO.  It remains unchanged and the Defendant has not filed a motion to amend same.

4.     On February 2, 2018, the Defendant requested that the clerk issue citations to be served on the Third-Party Defendants.[3]

---

[1] The Defendant who is the subject of this motion is Royce Hassell.

[2] See DCO attached as **Exhibit A**.

[3] See **Exhibit B**.

5.      Because the Defendant had failed to pay the fee associated with the filing of a third-party petition, the clerk refused to act on the request until the fee was paid.[4]

6.      After the fee was finally paid, the clerk issued citations for service of the third-party petition, on February 21, 2018.

7.      The Defendant did not confer with the Plaintiff, did not seek to have the DCO amended or modified, and simply proceeded, well after the deadline imposed by the DCO, to attempt to add parties to this case.

8.      The Plaintiff objects to these untimely attempts to add parties after the deadline imposed by the DCO and requests that the citations be quashed, and that the Defendant not be allowed to join any parties, by amendment or otherwise.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests that it be granted the relief sought herein, and for such other and further relief to which it may show itself justly entitled.

Respectfully Submitted,

**RENTEA & ASSOCIATES**
700 Lavaca, Suite 1400-2678
Austin, Texas  78701
(512) 472-6291
(512) 472-6278 Facsimile
brentea@rentealaw.com


By: */s/ Bogdan Rentea*
     Bogdan Rentea
     State Bar No. 16781000
ATTORNEY FOR PLAINTIFF

<u>**NOTICE OF SUBMISSION**</u>

Please take notice that this motion has been set for submission, without an oral hearing, on March 12, 2018 at 8:00 o'clock am in the 113th Judicial District Court, Harris County, Texas.

---

[4]  See **Exhibit C**.

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 3.3.6 and the Policies and Procedures of the 113th Judicial District

Court, no conference was conducted between the attorneys, since this motion concerns service of

citations.


*/s/ Bogdan Rentea*
Bogdan Rentea


## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2018, a true and correct copy of the
foregoing Motion to Strike Untimely Attempt to Join Parties and Notice of Submission was served
on the parties through their counsel of record as follows:

| | |
|---|---|
| Derrick Carson | Via Email: dcarson@lockelord.com |
| Christian Perez | Via Email: cperez@lockelord.com |
| Locke Lord LLP | |
| 2800 JPMorgan Chase Tower | |
| 600 Travis Street | |
| Houston, Texas 77002 | |


*/s/ Bogdan Rentea*
Bogdan Rentea

Case No. 201687708

**DCORX**

HASSELL CONSTRUCTION COMPANY I

vs.

HASSELL, ROYCE

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

113th   JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **02/02/18**   **JOINDER**. All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION**. Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
(a) **03/05/18**   Experts for parties seeking affirmative relief.
(b) **04/04/18**   All other experts.

3.   **STATUS CONFERENCE**. Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS**. The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
(a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b)   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **06/01/18**   **DISCOVERY PERIOD ENDS**.   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS**. Must be heard by oral hearing or submission.
(a)   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **06/01/18**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c) **05/03/18**   Rule 166a(i) motions may not be heard before this date.

8. **05/18/18**   **CHALLENGES TO EXPERT TESTIMONY**. All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **06/01/18**   **PLEADINGS**.   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.   Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:            Failure to appear will be grounds for dismissal for want of prosecution.

11. **07/02/18**   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED            **EXHIBIT A**

BOGDAN RENTEA
700 LAVACA ST SUITE 1400-2678
AUSTIN TX 78701-3101

5      16781000

MICHAEL LANDRUM
Judge, 113TH DISTRICT COURT
Date Generated 05/23/2017

JCVO02
rev.11202006

| | Type | Status Description | Instrument Served | Person Served | Requested Date | Issued Date | Served Date | Returned Date | Receive By Cler |
|---|---|---|---|---|---|---|---|---|---|
| | CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | HASSELL, ROYCE | 12/29/2016 | 12/30/2016 | 2/21/2017 | | |
| | CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | HASSELL, SILVIA | 12/29/2016 | 12/30/2016 | 2/21/2017 | | |
| | CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | | HASSELL, MICHAEL | 2/2/2018 | 2/21/2018 | | | |
| | CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | | TRUSTEE OF JAMES C HASSELL INTERVIVOS TRUST (CURRENTLY MICHAEL | 2/2/2018 | 2/21/2018 | | | |
| | CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | | HASSELL, PHILLIP | 2/2/2018 | 2/21/2018 | | | |
| | CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | | POTTS, SHAWN HASSELL | 2/2/2018 | 2/21/2018 | | | |

**EXHIBIT B**

2/20/2018 12:52 PM
Chris Daniel - District Clerk Harris County
Envelope No. 22636983
By: Jacob Blessing
Filed: 2/20/2018 12:52 PM



2800 JPMorgan Chase Tower, 600 Travis
Houston, TX 77002
Telephone: 713-226-1200
Fax: 713-223-3717
www.lockelord.com

Deanna Markowitz Willson
Direct Telephone: 713-226-1467
Direct Fax: 713-229-2582
deanna.willson@lockelord.com

February 20, 2018

Harris County District Clerk
Civil Intake
3012 Fannin St.
Houston, TX 77004

Re:  Cause No. 2016-87708; *Hassell Construction Co., Inc. v. Royce Hassell and Silvia Hassell*;
In the 113th District Court of Harris County, Texas

Dear Sir/Madam:

Per my assistant Santa Garcia's conversation with Regina of your office, we are making payment of $81.00 to cover the filing fee for the Third Party Petition filed on May 19, 2017. This should allow your office to proceed with processing of the service requests filed on February 2, 2018 under Reference No. 22261184.

Thank you for your assistance.  If you have any questions, please call me at (713) 226-1467.

Regards,

*Deanna Marie Willson*

Deanna Willson
For the Firm

Enclosure

**EXHIBIT C**

3/8/2018 5:33 PM
Chris Daniel - District Clerk Harris County
Envelope No. 23053115
By: DELTON ARNIC
Filed: 3/8/2018 5:33 PM

CAUSE NO. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION CO., INC., | § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ROYCE HASSELL and SILVIA HASSELL, | § § § | |
| *Defendants.* | § | 113th JUDICIAL DISTRICT |

## DEFENDANTS AND COUNTER-PLAINTIFF/THIRD-PARTY PLAINTIFF'S RESPONSE TO HCCI'S MOTION TO STRIKE

Hassell Construction Company, Inc.'s ("HCCI") Motion to Strike is wholly lacking in candor. HCCI's Motion fails to inform the Court that the parties agreed to stand down in pursuing this case because of a related arbitration proceeding and that there was an intervening bankruptcy that further delayed these proceedings. Instead, HCCI deliberately conveys the false impression that it is unaware of the related proceedings and the reasons that Defendant waited to serve the third-parties. For the reasons more fully addressed below, Defendant requests that this Court deny HCCI's Motion to Strike and grant the Motion for Continuance and Entry of a New Docket Control Order filed concurrently with this Response.

## Procedural Background

Defendant filed his Original Counterclaim and Third-Party Petition on May 19, 2017 and promptly requested service for the Third-Party Defendants in this lawsuit ("the Litigation"). Due to some administrative difficulties, the original request for service was unsuccessful. But shortly thereafter, the parties agreed to pause this litigation to allow a related arbitration proceeding to run its course. The hope was that the arbitration hearing, which occurred in June 2017, would resolve enough issues between the parties that they would be able to settle this case.

## The Related Cases

Shortly after Defendant filed the Third-Party Petition and unsuccessfully attempted to serve Third-Party Defendants, the parties, with the same counsel, engaged in a two-week arbitration hearing on matters tangentially related to the claims alleged in the Litigation.[1]  The day after the post-hearing briefs were due in the arbitration proceeding, an appellate court remanded a bankruptcy dispute between the same parties.  On July 25, 2017, counsel for HCCI informed Defendant's counsel that "we believe that the stay is back in effect."[2]  The arbitration panel instituted a stay of the arbitration proceeding pending the resolution of the bankruptcy matter.[3]

## The Agreement to Stand Down

On July 31, 2017, the Parties conducted a discovery conference regarding discovery in the Litigation.[4]  During this conference, the parties discussed the effect of the bankruptcy stay and the arbitrator's award on the Litigation.  Because of the potential implications of these matters on the claims alleged in this Litigation, the parties agreed that they would "stand down" on this Litigation until the bankruptcy matter and the arbitration were resolved.  Accordingly, HCCI did not persist with its threatened discovery motion, which was the original purpose for the discovery conference, and Defendant did not pursue serving the Third-Party Defendants. The Parties' agreed to "stand down" on this Litigation until two other, related disputes are resolved and both sides acted accordingly.

---

[1] The arbitration hearing in Case No. 01-14-0000-3178 in front of the American Arbitration Association occurred from June 19 – June 30, 2017 in Houston, Texas.

[2] Email from B. Rentea to D. Carson, July 25, 2017, attached hereto as Exhibit A.

[3] Email from E. Kleinschmidt, August 3, 2017, attached hereto as Exhibit B.

[4] *See* Email from B. Rentea to D. Willson, July 19, 2017, attached hereto as Exhibit C.

## The Related Matters are Not Yet Resolved

The remanded bankruptcy case was dismissed on September 21, 2017.[5]  After a two month stay, the arbitration was reinstated and progressed on with post-hearing briefing.  The arbitration panel issued its award on December 7, 2017.[6]   Both sides sought to modify the award, which the arbitration panel did, issuing its final award on January 22, 2018.[7]  Unfortunately, the arbitration award has not helped to resolve this matter because HCCI refuses to accept the outcome of the award and has filed a series of patently frivolous challenges to the award.  So Litigation will apparently be required to continue, but it should do so recognizing the need for a continuance and new docket control order.

Alternatively, if the Court determines that a continuance is improper, Defendant seeks leave to serve the Third-Party Defendants.  The parties entered into an agreement in furtherance of judicial economy and justice.  Justice will not be served by permitting HCCI to renege on its agreement with Defendant.

## Conclusion and Prayer

The lack of candor in HCCI's Motion to Strike is striking.  From its Motion, one could reasonably conclude that Defendant sat idly by for months for no good reason.  In truth, this case was arguably stayed for two months due to the remand of a related bankruptcy dispute.  More importantly, the Parties had jointly agreed to stand down on this matter during the pendency of a related arbitration in the hope that the outcome of the arbitration would allow the parties to resolve this case.  That hope appears to have been misplaced.  After being paused for several months, a Continuance, with a new Docket Control Order, is proper to allow the Parties to

---

[5] Email from B. Rentea to Erika Kleinschmidt, September 26, 2017, attached hereto as Exhibit E.
[6] Arbitration Award, issued December 7, 2017, in Case No. 01-14-0000-3178 in front of the American Arbitration Association, attached hereto as Exhibit F.
[7] Order Granting Respondents' Motion to Modify the Arbitration Award and Granting in Part and Denying in Part Claimants' Request to Modify the Award, issued January 22, 2018, in Case No. 01-14-0000-3178 in front of the American Arbitration Association, attached hereto as Exhibit G.

proceed with this dispute and so that justice can be done.  According, Defendant respectfully requests that the Court deny HCCI's Motion, grant the Motion for Continuance and Entry of Amended Docket Control Order, filed concurrently with this Response, and all further relief, whether by law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**LOCKE LORD LLP**

By: _____

DERRICK CARSON
State Bar No. 24001847
DEANNA WILLSON
State Bar No. 24092759
CHRISTIAN PEREZ
State Bar No. 24098243
2800 JPMorgan Chase Tower
600 Travis St.
Houston, Texas  77002
dcarson@lockelord.com
Deanna.willson@lockelord.com
cperez@lockelord.com
(713) 226-1197 - Telephone
(713) 223-2622 - Facsimile

ATTORNEYS FOR DEFENDANTS
ROYCE AND SILVIA HASSELL AND
COUNTER-PLAINTIFF ROYCE HASSELL

## CERTIFICATE OF SERVICE

I certify that on March 8, 2018, a true and correct copy of the foregoing document was served on the following counsel of record:

Bogdan Rentea
Rentea & Associates
700 Lavaca, Suite 1400-2678
Austin, Texas 78701
(512) 472-6291
(512) 472-6278 (facsimile)
brentea@rentealaw.com

_____
**Derrick Carson**

CAUSE NO. 2016-87708

| HASSELL CONSTRUCTION CO., INC., | § | IN THE DISTRICT COURT |
|---|---|---|
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants.* | § | 113th JUDICIAL DISTRICT |

**ORDER DENYING HCCI'S MOTION TO STRIKE**

The Court has considered Hassell Construction Co., Inc.'s ("HCCI") Motion to Strike, Defendant's Response thereto, and the oral arguments made by counsel, if any. The Court is of the view that HCCI's Motion to Strike has no merit and should be denied. IT IS HEREBY

ORDERED that HCCI's Motion is DENIED and that Defendant shall have ninety days from the date of this Order to serve the Third-Party Defendants identified in the Third-Party Plaintiff's Third-Party Petition.

SIGNED this _____ day of _____, 2018.

_____
JUDGE PRESIDING

3/9/2018 8:53 AM
Chris Daniel - District Clerk Harris County
Envelope No. 23057499
By: janel gutierrez
Filed: 3/9/2018 8:53 AM

CAUSE NO. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION CO., INC., | § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants.* | § | 113th JUDICIAL DISTRICT |

## VERIFIED MOTION FOR CONTINUANCE
## (UNOPPOSED IN PART, OPPOSED IN PART)

Defendants Royce Hassell and Silvia Hassell ("Defendants") hereby file this Verified Motion for Continuance and Entry of an Amended Docket Control Order (the "Motion").

Plaintiffs filed this lawsuit on December 22, 2016. Defendants answered on April 19, 2017 and Defendant Royce Hassell filed a Counterclaim and Third-Party Petition on May 19, 2017. Pursuant to the Court's May 23, 2016 Docket Control Order, this case is currently set for trial on July 2, 2018. Defendants respectfully request that this Court continue the current trial setting to a new two-week trial docket beginning on April 15, 2019 and enter the proposed Amended Docket Control Order that is attached as Exhibit A to this Motion for Continuance. Plaintiff does not oppose the granting of the continuance for the trial date proposed by Defendants, but does oppose the docket control order to the extent that some deadlines may have lapsed.

The Parties voluntarily decided to temporarily abate the prosecution of this lawsuit due to potential implications of ongoing related disputes. The temporary abatement lasted approximately nine months due to a bankruptcy stay, an arbitration proceeding, and an agreement between the

Parties.  Accordingly, very minimal fact discovery has occurred and no depositions have been noticed or taken.

Defendants request a continuance in order to have the opportunity to conduct discovery and properly prepare for trial.  This is Defendants' first request for continuance.  This continuance is not sought merely for delay, but so that justice and judicial economy may be properly served.

Defendants' respectfully request that this matter be removed from this Court's July 2, 2018 trial docket, be reset for the April 15, 2019 trial docket and that pretrial deadlines be continued as set forth in the Amended Docket Control Order attached as Exhibit A.

Respectfully submitted,

LOCKE LORD LLP

By: _____
DERRICK CARSON
State Bar No. 24001847
DEANNA WILLSON
State Bar No. 24092759
CHRISTIAN PEREZ
State Bar No. 24098243
2800 JPMorgan Chase Tower
600 Travis St.
Houston, Texas  77002
dcarson@lockelord.com
Deanna.willson@lockelord.com
cperez@lockelord.com
(713) 226-1197 - Telephone
(713) 223-2622 - Facsimile

ATTORNEYS FOR DEFENDANTS
ROYCE AND SILVIA HASSELL AND
COUNTER-PLAINTIFF ROYCE HASSELL

**CERTIFICATE OF CONFERENCE**

I certify that on March 8, 2018, counsel for Defendants conferred with counsel for Plaintiff.  There is no opposition to the requested continuance and trial setting.  But Plaintiff will submit its own proposed Docket Control Order.


_____
**Derrick Carson**


**CERTIFICATE OF SERVICE**

I certify that on March 8, 2018, a true and correct copy of the foregoing document was served on the following counsel of record:

Bogdan Rentea
Rentea & Associates
700 Lavaca, Suite 1400-2678
Austin, Texas 78701
(512) 472-6291
(512) 472-6278 (facsimile)
brentea@rentealaw.com


_____
**Derrick Carson**

CAUSE NO. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION CO., INC., | § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ROYCE HASSELL and SILVIA HASSELL, | § § § | |
| *Defendants.* | § | 113th JUDICIAL DISTRICT |

## **VERIFICATION**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned notary public, on this day personally appeared Derrick Carson, known to me, who after being duly sworn, upon his oath stated:

1. My name is Derrick Carson. I am over the age of twenty-one (21), have never been convicted of a felony or crime of moral turpitude, and have personal knowledge of each fact stated herein. Each fact stated in this affidavit is true and correct.

2. I am one of the attorneys of record for Defendants Royce Hassell and Silvia Hassell ("Defendants") in this matter. I have personal knowledge of all facts contained in Defendant's First Motion for Continuance. I have read the foregoing document, and every statement contained therein is true and correct within my personal knowledge.

3. My date of birth is June 9, 1971. My business address is 600 Travis, Suite 2800, Houston, Texas 77002. Pursuant to § 132.001 of the Civil Practice & Remedies Code, I swear under penalty of perjury that the factual statements in the foregoing motion are true and correct.

_____
**Derrick Carson**

Page 4

# **<u>EXHIBIT A</u>**

CAUSE NO. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION CO., INC., | § | IN THE DISTRICT COURT |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
|     *Defendants.* | § | 113th JUDICIAL DISTRICT |

**FIRST AMENDED DOCKET CONTROL ORDER**

1. **11/12/18**     **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date.

2.     **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.

(a) **12/10/18**     Experts for parties seeking affirmative relief.

(b) 0**1/14/19**     All other experts.

3.     **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case including ADR with the court on this date.
TIME:     Failure to appear will be grounds for dismissal for want of prosecution.

4.     **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:

(a)     Total hours per side for oral depositions.

(b)     Number of interrogatories that may be served by each party on any other party.

5.     **ALTERNATIVE DISPUTE RESOLUTION.**

(a)     By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or object is filed the court may sign an ADR order.

(b)     ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **03/11/19**     **DISCOVERY PERIOD ENDS.** All discovery must be conducted

before the end of the discovery period.  Parties seeking discovery must serve request sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period.   Counsel may conduct discovery beyond this deadline by agreement  Incomplete discovery will not delay the trial.

7.　　　　　　　**DISPOSITIVE MOTIONS AND PLEAS.**  Must be heard by oral hearing or submission.

(a)　　　　　　If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.

(b) **03/11/19**　　Summary judgment motions not subject to an interlocutory appeal must be heard by this date.

(c) **02/11/19**　　Rule 166a(i) motions may not be heard before this date.

8. **02/25/19**　　　**CHALLENGES TO EXPERT TESTIMONY.**  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **03/04/19**　　　**PLEADINGS.**  All amendments and supplements must be filed by this date.  This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.　　　　　　　**DOCKET CALL**
　　　　　　　　Parties shall be prepared to discuss all aspects of trial with the court on this date.
　　　　　　　　TIME:  Failure to appear will be grounds for dismissal for want of prosecution.

11. **04/15/19**　　　**TRIAL.**  If not assigned by the second Friday following this date, the case will be reset.

3/9/2018 8:53:10 AM
Chris Daniel District Clerk
Harris County
Envelope No: 23057499
By: GUTIERREZ, JANEL E
Filed: 3/9/2018 8:53:10 AM

CAUSE NO. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION CO., INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants.* | § | 113th JUDICIAL DISTRICT |

## ORDER GRANTING MOTION FOR CONTINUANCE

After considering Defendants' Motion for Continuance, the Court finds that said Motion should be **GRANTED**.

It is therefore **ORDERED** that the trial of this case is hereby removed from the two-week trial docket beginning on July 2, 2018.

It is further **ORDERED** that the trial of this case is assigned to the two-week trial docket beginning on April 15, 2019.

It is further **ORDERED** that the pre-trial deadlines will be governed by the deadlines in **Exhibit A** to this Order.

Signed this _____ day of _____ 2018.

_____
HONORABLE JUDGE LANDRUM

3/9/2018 4:45 PM
Chris Daniel - District Clerk Harris County
Envelope No. 23085734
By: janel gutierrez
Filed: 3/9/2018 4:45 PM

CAUSE NO. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION CO., INC., | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants.* | § | 113th JUDICIAL DISTRICT |

## DEMAND AND AMENDED NOTICE OF ORAL HEARING BY DEANNA WILLSON

PLEASE TAKE NOTICE that Defendants Royce Hassell and Silvia Hassell's Verified

Motion for Continuance and Entry of an Amended Docket Control Order, filed with the Court on

March 8, 2018, has been set for oral hearing before the 113th Judicial District Court of Harris

County, Texas on Thursday, March 29, 2018 at 9:00 AM.

Respectfully submitted,

**LOCKE LORD LLP**

By: _____

DERRICK CARSON
State Bar No. 24001847
DEANNA WILLSON
State Bar No. 24092759
CHRISTIAN PEREZ
State Bar No. 24098243
2800 JPMorgan Chase Tower
600 Travis St.
Houston, Texas  77002
dcarson@lockelord.com
Deanna.willson@lockelord.com
cperez@lockelord.com
(713) 226-1197 - Telephone
(713) 223-2622 - Facsimile

**ATTORNEYS FOR DEFENDANTS
ROYCE AND SILVIA HASSELL AND
COUNTER-PLAINTIFF ROYCE HASSELL**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 9, 2018, a true and correct copy of the foregoing document was served on the following counsel of record:

Bogdan Rentea
Rentea & Associates
700 Lavaca, Suite 1400-2678
Austin, Texas 78701
(512) 472-6291
(512) 472-6278 (facsimile)
brentea@rentealaw.com


_____
**Derrick Carson**

3/13/2018 6:10 PM
Chris Daniel - District Clerk Harris County
Envelope No. 23152109
By: janel gutierrez
Filed: 3/13/2018 6:10 PM

CAUSE NO. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION CO., INC., | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants.* | § | 113th JUDICIAL DISTRICT |

**DEFENDANTS AND COUNTER-PLAINTIFF/THIRD-PARTY PLAINTIFF'S
AMENDED RESPONSE TO HCCI'S MOTION TO STRIKE**

Hassell Construction Company, Inc.'s ("HCCI") Motion to Strike is wholly lacking in candor. HCCI's Motion fails to inform the Court that the parties agreed to stand down in pursuing this case because of a related arbitration proceeding and that there was an intervening bankruptcy that further delayed these proceedings. Instead, HCCI deliberately conveys the false impression that it is unaware of the related proceedings and the reasons that Defendant waited to serve the third-parties. For the reasons more fully addressed below, Defendant requests that this Court deny HCCI's Motion to Strike and grant the Motion for Continuance and Entry of a New Docket Control Order filed concurrently with the Response.

**Procedural Background**

Defendant filed his Original Counterclaim and Third-Party Petition on May 19, 2017 and promptly requested service for the Third-Party Defendants in this lawsuit ("the Litigation"). Due to some administrative difficulties, the original request for service was unsuccessful. But shortly thereafter, the parties agreed to pause this litigation to allow a related arbitration proceeding to run its course. The hope was that the arbitration hearing, which occurred in June 2017, would resolve enough issues between the parties that they would be able to settle this case.

### The Related Cases

Shortly after Defendant filed the Third-Party Petition and unsuccessfully attempted to serve Third-Party Defendants, the parties, with the same counsel, engaged in a two-week arbitration hearing on matters tangentially related to the claims alleged in the Litigation.[1]  The day after the post-hearing briefs were due in the arbitration proceeding, an appellate court remanded a bankruptcy dispute between the same parties.  On July 25, 2017, counsel for HCCI informed Defendant's counsel that "we believe that the stay is back in effect."[2]  The arbitration panel instituted a stay of the arbitration proceeding pending the resolution of the bankruptcy matter.[3]

### The Agreement to Stand Down

On July 31, 2017, the Parties conducted a discovery conference regarding discovery in the Litigation.[4]  During this conference, the parties discussed the effect of the bankruptcy stay and the arbitrator's award on the Litigation.  Because of the potential implications of these matters on the claims alleged in this Litigation, the parties agreed that they would "stand down" on this Litigation until the bankruptcy matter and the arbitration were resolved.  Accordingly, HCCI did not persist with its threatened discovery motion, which was the original purpose for the discovery conference, and Defendant did not pursue serving the Third-Party Defendants. The Parties' agreed to "stand down" on this Litigation until two other, related disputes are resolved and both sides acted accordingly.

---

[1] The arbitration hearing in Case No. 01-14-0000-3178 in front of the American Arbitration Association occurred from June 19 – June 30, 2017 in Houston, Texas.
[2] Email from B. Rentea to D. Carson, July 25, 2017, attached hereto as Exhibit A.
[3] Email from E. Kleinschmidt, August 3, 2017, attached hereto as Exhibit B.
[4] *See* Email from B. Rentea to D. Willson, July 19, 2017, attached hereto as Exhibit C.

## The Related Matters are Not Yet Resolved

The remanded bankruptcy case was dismissed on September 21, 2017.[5]  After a two month stay, the arbitration was reinstated and progressed on with post-hearing briefing.  The arbitration panel issued its award on December 7, 2017.[6]   Both sides sought to modify the award, which the arbitration panel did, issuing its final award on January 22, 2018.[7]  Unfortunately, the arbitration award has not helped to resolve this matter because HCCI refuses to accept the outcome of the award and has filed a series of patently frivolous challenges to the award.  So the Litigation will apparently be required to continue, but it should do so recognizing the need for a continuance and new docket control order.

Alternatively, if the Court determines that a continuance is improper, Defendant seeks leave to serve the Third-Party Defendants.  The parties entered into an agreement in furtherance of judicial economy and justice.  Justice will not be served by permitting HCCI to renege on its agreement with Defendant.

## Request for Oral Hearing

Pursuant to an oral hearing for Defendants' Motion for Continuance, the Court has moved HCCI's Motion to Strike, Defendant's Response, and Defendants' Motion for Continuance to an oral argument setting on April 6, 2018.  A notice of hearing will be filed concurrently with this Amended Response.

---

[5] Email from B. Rentea to Erika Kleinschmidt, September 26, 2017, attached hereto as Exhibit D.
[6] Arbitration Award, issued December 7, 2017, in Case No. 01-14-0000-3178 in front of the American Arbitration Association, attached hereto as Exhibit E.
[7] Order Granting Respondents' Motion to Modify the Arbitration Award and Granting in Part and Denying in Part Claimants' Request to Modify the Award, issued January 22, 2018, in Case No. 01-14-0000-3178 in front of the American Arbitration Association, attached hereto as Exhibit F.

### Conclusion and Prayer

The lack of candor in HCCI's Motion to Strike is striking. From its Motion, one could reasonably conclude that Defendant sat idly by for months for no good reason. In truth, this case was arguably stayed for two months due to the remand of a related bankruptcy dispute. More importantly, the Parties had jointly agreed to stand down on this matter during the pendency of a related arbitration in the hope that the outcome of the arbitration would allow the parties to resolve this case. That hope appears to have been misplaced. After being paused for several months, a Continuance, with a new Docket Control Order, is proper to allow the Parties to proceed with this dispute and so that justice can be done. According, Defendant respectfully requests that the Court deny HCCI's Motion, grant the Motion for Continuance and Entry of Amended Docket Control Order, filed concurrently with this Response, and all further relief, whether by law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**LOCKE LORD LLP**

By: _____
DERRICK CARSON
State Bar No. 24001847
DEANNA WILLSON
State Bar No. 24092759
CHRISTIAN PEREZ
State Bar No. 24098243
2800 JPMorgan Chase Tower
600 Travis St.
Houston, Texas 77002
dcarson@lockelord.com
Deanna.willson@lockelord.com
cperez@lockelord.com
(713) 226-1197 - Telephone
(713) 223-2622 - Facsimile

ATTORNEYS FOR DEFENDANTS
ROYCE AND SILVIA HASSELL AND
COUNTER-PLAINTIFF ROYCE HASSELL

## CERTIFICATE OF SERVICE

I certify that on March 13, 2018, a true and correct copy of the foregoing document was served on the following counsel of record:

Bogdan Rentea
Rentea & Associates
700 Lavaca, Suite 1400-2678
Austin, Texas 78701
(512) 472-6291
(512) 472-6278 (facsimile)
brentea@rentealaw.com

_____
**Derrick Carson**

# EXHIBIT C

**Willson, Deanna Markowitz**

| | |
|---|---|
| **From:** | Bogdan Rentea <brentea@rentealaw.com> |
| **Sent:** | Wednesday, July 19, 2017 2:27 PM |
| **To:** | Willson, Deanna Markowitz |
| **Cc:** | Carson, Derrick |
| **Subject:** | RE: Hassell - Discovery Responses |

Oops, our emails just crossed.

July 31st is good for me in the morning only. Let's plan on 10am, ok?

Bogdan Rentea
Rentea & Associates
**700 Lavaca, suite 1400**
**Austin, Tx, 78701**
512.472.6291
www.rentealaw.com

Board Certified Administrative Law
Texas Board of Legal Specialization

---

**From:** Willson, Deanna Markowitz [mailto:Deanna.Willson@lockelord.com]
**Sent:** Wednesday, July 19, 2017 2:24 PM
**To:** Bogdan Rentea <brentea@rentealaw.com>
**Cc:** Carson, Derrick <dcarson@lockelord.com>
**Subject:** RE: Hassell - Discovery Responses

Hi Bodgan,

Derrick and I are both busy through this week and out next week.  When are you available Monday, July 31st?

Best,

Deanna

**Deanna Markowitz Willson**
Associate
**Locke Lord LLP**
T: 713-226-1467
deanna.willson@lockelord.com

**From:** Bogdan Rentea [mailto:brentea@rentealaw.com]
**Sent:** Tuesday, July 18, 2017 3:48 PM
**To:** Willson, Deanna Markowitz
**Cc:** Carson, Derrick
**Subject:** RE: Hassell - Discovery Responses

When would be a good time to discuss these?
I obviously don't want to set your objections for a hearing until we have our discovery conference.

Thanks,


Bogdan Rentea
Rentea & Associates
**700 Lavaca, suite 1400**
**Austin, Tx, 78701**
512.472.6291
www.rentealaw.com


Board Certified Administrative Law
Texas Board of Legal Specialization



**From:** Willson, Deanna Markowitz [mailto:Deanna.Willson@lockelord.com]
**Sent:** Tuesday, May 23, 2017 10:39 AM
**To:** Bogdan Rentea <brentea@rentealaw.com>
**Cc:** Carson, Derrick <dcarson@lockelord.com>
**Subject:** RE: Hassell - Discovery Responses

Bogdan,

Thank you for pointing out the issue with our response to RFP No. 2 which arose when formatting the responses for service.  A corrected version, acknowledging and identifying the correction, is attached.

When you review, you'll discover that there were different numbers used for the different discovery requests.  As such, there are no pages missing.

Best,

Deanna

**Deanna Markowitz Willson**
Associate
**Locke Lord LLP**

T: 713-226-1467
deanna.willson@lockelord.com

**From:** Bogdan Rentea [mailto:brentea@rentealaw.com]
**Sent:** Tuesday, May 23, 2017 9:16 AM
**To:** Willson, Deanna Markowitz
**Cc:** Carson, Derrick
**Subject:** FW: Hassell - Discovery Responses

Deanna,
Please look at the attached.
There are a bunch of pages missing.
Also, page 7 has an incomplete sentence.

Thanks,

Bogdan Rentea
Rentea & Associates
**700 Lavaca, suite 1400**
**Austin, Tx, 78701**
512.472.6291
www.rentealaw.com

Board Certified Administrative Law
Texas Board of Legal Specialization

**From:** Willson, Deanna Markowitz [mailto:Deanna.Willson@lockelord.com]
**Sent:** Monday, May 22, 2017 7:42 PM
**To:** Bogdan Rentea <brentea@rentealaw.com>
**Subject:** Hassell - Discovery Responses

Bogdan,

Attached please find Defendants responses to Plaintiff's 1st Requests for Production, Interrogatories and Request for Disclosure.

Best,

Deanna

**Deanna Markowitz Willson**
Associate Attorney
**Locke Lord LLP**
2800 JPMorgan Chase Tower

600 Travis
Houston, TX 77002
T: 713-226-1467
F: 713-229-2582
deanna.willson@lockelord.com
www.lockelord.com



Atlanta | Austin | Boston | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles | Miami | Morristown | New Orleans | New York | Providence | Sacramento | San Francisco | Stamford | Washington DC | West Palm Beach

For more information visit www.lockelord.com

CONFIDENTIALITY NOTICE:
This e-mail and any attached files from Locke Lord LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.



Atlanta | Austin | Boston | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles | Miami | Morristown | New Orleans | New York | Providence | Sacramento | San Francisco | Stamford | Washington DC | West Palm Beach

For more information visit www.lockelord.com

CONFIDENTIALITY NOTICE:
This e-mail and any attached files from Locke Lord LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.



Atlanta | Austin | Boston | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles | Miami | Morristown | New Orleans | New York | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

For more information visit www.lockelord.com

CONFIDENTIALITY NOTICE:
This e-mail and any attached files from Locke Lord LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

# EXHIBIT D

# REDACTED

**From:** Bogdan Rentea [mailto:brentea@rentealaw.com]
**Sent:** Tuesday, September 26, 2017 11:19 AM
**To:** AAA Erika Kleinschmidt, Esq.
**Cc:** Carson, Derrick; Patrick Gaas
**Subject:** notice of unavailability

Dear Erika,

Please be advised that I will be out of the country from 9/27 until 10/9, with limited access to email and ability to deal with any matters in this arbitration.

I would appreciate it if no deadlines were set during this time frame, and for at least 10 days after my return.

We have not heard yet from the bankruptcy judge on the issue of the stay, however, on September 21, 2017 he dismissed the bankruptcy again. Yesterday, however, the RHHC parties filed a motion for relief from that order.

We will keep you advised.


Thank you,


Bogdan Rentea
Rentea & Associates
**700 Lavaca, suite 1400**
**Austin, Tx, 78701**
512.472.6291
www.rentealaw.com


Board Certified Administrative Law
Texas Board of Legal Specialization

# EXHIBIT E

**AMERICAN ARBITRATION ASSOCIATION**
**Construction Industry Arbitration Tribunal**

| | | |
|---|---|---|
| JAMES C. HASSELL and HASSELL CONSTRUCTION COMPANY, INC. | § § § | |
| *Claimants,* | § § | |
| vs. | § § | No.   01-14-0000-3178 |
| R. HASSELL HOLDING CO., INC., R. HASSELL & COMPANY, INC., R. HASSELL BUILDERS, INC., G.R. GROUP RESOURCES LLP, ROYCE J. HASSELL and SILVIA T. HASSELL, | § § § § § § | |
| *Respondents.* | § § | |

---

**Arbitration Award**

**WE, THE UNDERSIGNED ARBITRATORS,** having been designated in accordance with the Parties' agreement to arbitrate, effective the 1st day of July 2012, and the orders of the District Court of Harris County, Texas, 125th Judicial District, dated March 3, 2014 and November 17, 2014 after having been duly sworn, and after having heard the evidence presented, the arguments of counsel, and the written submissions, Find and Award as follows:

Jurisdiction Over the Individual Parties:

Neither Silvia Hassell nor Royce J. Hassell are signatories to the 2012 Joint Venture ("Joint Venture") agreement, which contains a broad arbitration clause that provides for the arbitration of all disputes related to the Joint Venture.  Hassell Construction Company, Inc. ("HCCI") advanced money to R. Hassell & Companies, R. Hassell Builders, Inc. (collectively the "R. Hassell Companies") by means of draws against a line of credit ("LOC") that HCCI had taken out with Vista Bank.  Royce Hassell and Silvia Hassell executed Deeds of Trust to secure the debt.  The arbitration panel has the task of determining the balance due under the LOC and the division of Joint Venture profits between HCCI and the R. Hassell Companies.  In order to resolve all of the issues surrounding the LOC and the Joint Venture, it is necessary to examine the obligations of Royce and Silvia Hassell individually.  The Joint Venture and Royce and Silvia's individual obligations are inextricably intertwined.  In addition, Royce Hassell and Silvia Hassell requested the 125th Judicial District Court of Harris County, Texas to determine the issue of arbitrability, which it did.  The Court ordered Royce and Silvia Hassell to arbitration and they are estopped from raising the issue of arbitrability of claims against them in their individual capacities. Therefore, although Arbitrator Ricketts dissents from this determination (see his separate dissent), a majority of the panel finds that it has jurisdiction over Royce and Silvia Hassell in their individual capacities.  James C. Hassell consented to jurisdiction by filing the arbitration demand.

1

Background:

HCCI and the R. Hassell Companies did business with one another from December of 2008 until July 17, 2013. All of the parties agree that the business relationship was unorthodox. In some cases, written subcontracts governed the parties' dealings. However, most of the time, the parties' actions were governed by verbal agreements, or, as in the case of the 2012 Joint Venture Agreement, written documents that were incomplete and ambiguous. In the good times, this was a family business based on mutual trust. When the relationship soured, the lack of written agreements complicated the task of determining the parties' rights and liabilities concerning the LOC and Joint Venture Profits.

Letter of Credit Balance:

In 2008, when the business relationship between HCCI and R. Hassell Companies began, the structure of the relationship was that HCCI was paid a fee for allowing its excess bonding capacity to be used for obtaining bonds for work performed by the R. Hassell Companies. In March of 2011, the relationship changed. HCCI continued to lend its excess bonding capacity to the R. Hassell Companies but the transactions between the companies were recorded as draws against the LOC. All agree that this change complicated the relationship between the parties and left unsophisticated bookkeepers performing demanding accounting tasks. On July 1, 2012, the relationship of the parties changed again. Effective July 1, 2012, HCCI and the R. Hassell Companies entered into the Joint Venture. Rather than paying the R. Hassell Companies from payments received from the Joint Venture Projects, R. Hassell payments were recorded as advances and payments on the LOC.

The audited financial statement of HCCI, dated June 30, 2012, exhibit R-24, reflected that the R. Hassell Companies, pursuant to the LOC, owed HCCI the sum of $1,691,259.21. The arbitration panel believes that the audited financial statement is the most reliable information to determine the LOC balance on June 30, 2012, the day before the effective date of the Joint Venture. HCCI is entitled to interest on this amount for 1,979 days at five percent simple interest. (1,979 x $231.68 = $458,494.72) Thus, on the LOC R. Hassell Companies owes HCCI a total $2,149,753.93.

Division of Joint Venture Profits:

There is a dispute between the parties as to the number of projects that should be considered Joint Venture Projects. The Joint Venture Agreement provided for the parties to submit a list of joint venture projects. A list was never prepared. The parties conducted themselves as a joint venture in spite of the fact that a list was never agreed to. If it was not important for the parties, at the time, to identify which projects were to be considered joint venture projects, it is logical to conclude that they intended all ongoing projects to be part of the Joint Venture. Claimants argue that Royce Hassell only listed 26 projects on Schedule G-1of schedules filed in the bankruptcy court. The bankruptcy filing only applied to executory contracts and is not evidence of the totality of projects subject to the joint venture. The arbitrators conclude that there are 31 projects in the Joint Venture.

2

Pursuant to the Joint Venture Agreement, HCCI was to receive 75% of the profits and Hassell Companies were to receive 25% of the profits.   Losses were to be allocated in the same manner.   Of the 31 projects, all but one, Transtar, was profitable.   R. Hassell Companies argued that the Transtar losses were the fault of HCCI.   However, the Joint Venture Agreement provides that losses are split according to a 75% percent 25% formula and they will not be reallocated between the parties based on fault.   Therefore, R. Hassell Companies was responsible for only 25% of the loss on the Transtar project.

R. Hassell Companies was not paid or credited with all of its portion of the profits pursuant to the Joint Venture Agreement.   Based on the job cost reports for the 31 projects, R. Hassell Companies is owed the sum of $4,819,539.00.   Accurate equipment records were not kept on the Joint Venture Projects.   The evidence established that most of the equipment used was owned by HCCI.   Based on the equitable powers of the arbitration panel, the profit owed to the R. Hassell companies is reduced by $1,000,000.00 to compensate HCCI for the equipment disparity leaving a balance of $3,819,539.00 due and owing to the R. Hassell Companies.   When the relationship between the parties fell apart, rather than filing a straight forward request for an accounting, the R. Hassell Companies set out on a journey through a multiple state court proceedings and an involuntary bankruptcy proceeding, part of which were dismissed by the Court and the remainder dismissed after the Judge threatened sanctions.   Accordingly, the panel declines to award prejudgment interest on the profits due R. Hassell Companies under the Joint Venture.

<u>Joint Venture Profits Offset by LOC Balance:</u>

When the Joint Venture Profits owed to the R. Hassell Companies are offset by the balance owed to HCCI under the LOC, HCCI owes the R. Hassell Companies the sum of $1,669,785.07. Pursuant to the R. Hassell Companies request for an accounting, the Joint Venture Profit is offset further by the $465,740.00 balance due on the promissory note executed by Royce Hassell, leaving a net balance due from HCCI to the R. Hassell Companies in the amount of $1,204,045.07.

### Award

In light of the foregoing, the panel awards as follows:

R Hassell Companies shall recover from HCCI, and HCCI shall pay to the R. Hassell Companies, the sum of $1,204,045.07.

The amounts due HCCI from R. Hassell Companies and Royce Hassell and Silvia Hassell under the LOC having been offset by amounts HCCI owes R. Hassell Companies, HCCI and James C. Hassell are and shall remain responsible for all sums   due on the LOC with the Vista Bank.   HCCI and James C. Hassell shall defend, indemnify, and hold harmless R. Hassell Companies, Royce Hassell and Silvia Hassell for all claims made by Vista Bank against R. Hassell Companies, Royce Hassell and Silvia Hassell pursuant to the LOC or the two Deeds of Trust where Vista Bank is the beneficiary.   The two Deeds of Trust executed by Royce Hassell and Silvia Hassell to secure the LOC, where James C. Hassell is the beneficiary, are declared void and of no further force and effect, and are ordered to be released.

3

The administrative fees and expenses of the American Arbitration Association totaling $34,750.00 are to be borne by the party incurring the same. The arbitrator fees and expenses totaling $201,356.31 are to be evenly divided between the parties. Therefore, in addition to the other sums awarded herein, Respondents shall reimburse Claimants the sum of $34,641.68 representing that portion of fees, compensation, and expenses in excess of the apportioned costs previously incurred by Claimants.

The above sums are to be paid on or before 30 days from the date of this Award. If the Award is not paid within 30 days, it shall draw post-judgment interest from the date of this award until paid at the rate of 5% per annum.

The Award is in full settlement of all claims related to the Joint Venture Agreement and the business relationship between the parties. All claims not expressly granted herein, including, without limitation, (i) R. Hassell Companies claims for damages related to the Springwoods Project, (ii) Respondents' derivative claims against HCCI, James C. Hassell, Phillip J. Hassell, Shawn Hassell Potts, and Michael Hassell for fraud, conspiracy to defraud, fraud by non-disclosure, promissory estoppel, tortious interference, constructive discharge of Royce Hassell, libel, slander, business disparagement, fraud in the inducement, assumpsit, quantum meruit, unjust enrichment, and punitive damages, (iii) HCCI's breach of contract claims against R. Hassell Companies and Royce Hassell and Silvia Hassell, and (iv) all claims by all parties for attorneys' fees) are hereby, DENIED.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

Signed this 7th day of December, 2017

_____
James Chrisman Phillips, Panel Chair

_____
Steve Yungblut, Arbitrator

_____
Ronald N. Ricketts, Arbitrator,
Concurring in part and dissenting in part

4

# EXHIBIT F

AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| James C. Hassell, Hassell Construction Company, Inc., and Hassell Management Services, LLC. | § § | |
| Claimant, | § § | |
| v. | § § | Case Number: 01-14-0000-3178 |
| R. Hassell Holding Co., Inc., R. Hassell & Company, Inc., R. Hassell Builders, Inc. and G. R. Group Resources LLP, Royce J. Hassell and Silvia T. Hassell | § § § § | |
| Respondent. | § | |

## ORDER GRANTING RESPONDENTS' MOTION TO MODIFY THE ARBITRATION AWARD AND GRANTING IN PART AND DENYING IN PART CLAIMANTS' REQUEST TO MODIFY AWARD

After consideration of the Respondents' Motion to Modify the Arbitration Award and the Claimants' Request to Modify Award and the responses filed, the Respondents' Motion is GRANTED, and the Claimants' Request is GRANTED IN PART AND DENIED IN PART, as follows:

1.  It is ORDERED that the following language shall replace the second-to-last full paragraph found on page 4 of the Award:

    *"The Award is full settlement of all claims related to the Joint Venture Agreement and the business relationship between the parties. All claims not expressly granted herein, including, without limitation, (i) R. Hassell Companies claims for damages related to the Springwoods Project, (ii) HCCI's breach of contract claims against R. Hassell Companies and Royce Hassell and Silvia Hassell, and (iii) all claims by all parties for attorneys' fees are hereby DENIED."*

2.  It is also ORDERED that the Award is corrected to indicate that all three Deeds of Trust executed by Royce Hassell and Silvia Hassell with James C. Hassell as beneficiary[1] are declared void.

---

[1] R-321, R-324, and R-330. R-330 was admitted as C-88.

3.  Claimants' Request to Modify Award with respect to correcting the amount of interest due HCCI on the LOC is GRANTED, and the Award is corrected as follows:

    a.  The second and final paragraph under the "Letter of Credit Balance" section, on page 2 of the Award, is corrected to read as follows:

> *"The audited financial statement of HCCI, dated June 30, 2012, exhibit R-24, reflected that the R. Hassell Companies, pursuant to the LOC, owed HCCI the sum of $1,691,259.21. The arbitration panel believes that the audited financial is the most reliable information to determine the LOC balance on June 30, 2012, the day before the effective date of the Joint Venture. HCCI is entitled to interest on this amount for 1,987 days at five percent simple interest. (1,987 x $231.68 = $460,348.16) Thus, on the LOC R. Hassell Companies owes HCCI a total $2,151,607.37."*

    b.  Further, the paragraph under "Joint Venture Profits Offset by LOC Balance" on page three of the Award, is corrected to read as follows:

> *"When the Joint Venture Profits owed to the R. Hassell Companies are offset by the balance owed to HCCI under the LOC, HCCI owes the R. Hassell Companies the sum of $1,667,931.63. Pursuant to the R. Hassell Companies request for an accounting, the Joint Venture Profit is offset further by the $465,740.00 balance due on the promissory note executed by Royce Hassell, leaving a net balance due from HCCI to the R. Hassell Companies in the amount of $1,202,191.63."*

    c.  And finally, the initial paragraph of the Award, being the second from last paragraph on page three of the Award, is corrected to read as follows:

> *R. Hassell Companies shall recover from HCCI, and HCCI shall pay to the R. Hassell Companies, the sum on $1,202,191.63.*

4.  All relief requested in the above-referenced motions not hereinabove expressly granted is DENIED.

Signed this 22 day of January, 2018.

_James Chrisman Phillips_

James Chrisman Phillips, Panel Chair

_Steph K Yungblut_

Stephen K. Yungblut, Arbitrator

Ronald N. Ricketts, Arbitrator

# EXHIBIT A



**From:** Bogdan Rentea [mailto:brentea@rentealaw.com]
**Sent:** Tuesday, July 25, 2017 4:19 PM
**To:** Carson, Derrick; Pelayo, Jonathan
**Cc:** Wayne Kitchens; Simon R. Mayer; pgaas@coatsrose.com
**Subject:** 2012 JV

Derrick, here is an opinion that just came down.

We believe that the stay is back in effect.

What is your position?

Bogdan Rentea
Rentea & Associates
**700 Lavaca, suite 1400**
**Austin, Tx, 78701**
512.472.6291
www.rentealaw.com

Board Certified Administrative Law
Texas Board of Legal Specialization

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HASSELL 2012 JOINT VENTURE, | § | CIVIL ACTION H-16-3220 |
| | § | |
| *Debtor.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are (1) an appeal filed by appellant R. Hassell Holding Co., Inc. ("RHHC") (Dkt. 8 (appellant brief)); and (2) a motion to strike materials RHHC attached to its appellant's brief that were not part of the record on appeal filed by appellees James C. Hassell, Hassell Construction Company, Inc., and Hassell Management Services, L.L.C. (collectively, "HCCI") (Dkt. 11). After considering the motion to strike and applicable law, the court is of the opinion the motion (Dkt. 11) should be GRANTED. After considering the appellate briefs and record evidence, the court is of the opinion that the Bankruptcy Court's order granting summary judgment should be AFFIRMED IN PART and otherwise REMANDED FOR ADDITIONAL FINDINGS OF FACT.

### I. BACKGROUND

On February 5, 2016, RHHC filed an involuntary petition under Chapter 7 of the Bankruptcy Code against Hassell 2012 Joint Venture (the "Joint Venture" or the "Alleged Debtor"). Dkt. 5-2 at 322. On June 2, 2016, HCCI moved for summary judgment on the involuntary bankruptcy petition, asserting that RHHC lacked evidence to support an essential element of the petition. *See* Dkt. 10 ; *see also* Dkt. 2-2 at 385 (motion for summary judgment); Dkt. 2-2 at 835 (memorandum opinion relating to order granting summary judgment); Dkt. 2-2 at 854 (order granting summary

judgment).   On September 23, 2016, the Bankruptcy Court granted the motion for summary judgment, holding that RHHC failed to present sufficient evidence that the Alleged Debtor was failing to pay undisputed debts as they came due. Dkt. 10; *see also* Dkt. 2-2 at 835.   RHHC moved for reconsideration, and the Bankruptcy Court denied the motion.   Dkt. 10; *see also* Dkt. 2-2 at 880 (motion to reconsider); Dkt. 2-2 at 911 (order denying motion to reconsider).   RHHC timely filed a notice of appeal.   Dkt. 1.   RHHC filed its appellant's brief on January 26, 2017.   Dkt. 8.   HCCI filed its appellee's brief on February 24, 2017, and RHHC filed a reply on March 10, 2017.   Dkts. 10, 12.   The appeal in now ripe for consideration.

## II.  MOTION TO STRIKE

HCCI filed a motion to strike on February 24, 2017.   Dkt. 11.   In this motion, HCCI asserts that the appendix filed with RHHC's appellant brief contained a document that is not part of the record on appeal.   *Id.* (citing Dkt. 9).   HCCI specifically takes issue with Appendix Item 6, which is a request for abstract of judgment.   *See id.*; *see also* Dkt. 9-6 (the contested document).   RHHC did not file a response to the motion to strike.   Under Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition."   S.D. Tex. L.R. 7.4.   The court therefore deems the motion to strike unopposed.   HCCI's motion to strike (Dkt. 11) is GRANTED.   The court will not consider Appendix Item 6 when considering RHHC's appeal.

## III.  APPEAL

This is an involuntary bankruptcy case.   Under 11 U.S.C. § 303(b), an "involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of [the Bankruptcy Code], . . . [i]f such person is a partnership[,] . . . by fewer than all of the general partners in such partnership; or . . . if relief has been ordered under [the Bankruptcy Code] with respect to all of the general partners in such partnership, by a general partner in such

2

partnership, the trustee of such a general partner, or a holder of a claim against such partnership." 11 U.S.C. § 303(b).  Under 11 U.S.C. § 303(h), a Bankruptcy Court may order relief in an involuntary case only if "the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount; or . . . within 120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession." 11 U.S.C. § 303(h).  The determination of whether a debtor is "generally not paying" its debts as they become due is made as of the date the original petition is filed.  *In re Sims*, 994 F.2d 210, 222 (5th Cir. 1993).  Courts consider various factors in determining whether a debtor is generally not paying its debts, including (1) "the number and amount of the unpaid debts in relation to the size of the debtor's operation"; (2) "the age and number of unpaid debts"; (3) "the total amount of indebtedness"; and (4) "the number of unpaid creditors."  *In re Arriola Energy Corp.*, 74 B.R. 784, 790 (S.D. Tex. 1987) (Bue, J.).  Another court sums up the factors as follows: "(1) the number of unpaid claims; (2) the amount of such claims; (3) the materiality of the non-payments; and (4) the debtor's overall conduct in her financial affairs."  *In re Moss*, 249 B.R. 411, 422 (N.D. Tex. Bankr. 2000).

By the time HCCI moved for summary judgment, the Bankruptcy Court had held that the Joint Venture was a general partnership and that RHHC was eligible to file an involuntary bankruptcy petition under § 303(b)(3) of the Bankruptcy Code.  Dkt. 8.  The issue on summary judgment was whether, under § 303(h)(1), the Joint Venture was "generally not paying such debtor's debts as such debts [became] due unless such debts are the subject of a bona fide dispute as to liability or amount."  *Id.* (quoting § 303(h)(1)).  The Bankruptcy Court determined that "the ratio of

3

delinquent to current debts is not supportive of a pattern of the [Joint Venture] generally not paying its debts as they become due.  Furthermore, the totality of the circumstances reflects that the few debts remaining as of the petition date reflect a pattern of payment of debts by the [Joint Venture]." Dkt. 2-2 at 852.  The Bankruptcy Court ultimately held that RHHC had "not demonstrated that the [Joint Venture] was not paying its undisputed debts as they became due" and accordingly granted summary judgment in HCCI's favor.  *Id.* at 852–54.

RHHC presents the following issues for appellate review: (1) whether the Bankruptcy Court erred in finding that the summary judgment burden shifted to RHHC; (2) the Bankruptcy Court incorrectly determined that RHHC had the burden to amend the bankruptcy schedules; (3) whether the Bankruptcy Court erred in concluding that the amended schedules had any probative value in light of the disclaimers contained within the amended schedules; (4) whether the Bankruptcy Court erred in its conclusion that debts that were the subject of litigation and arbitration were subject to a bona fide dispute; (5) whether the Bankruptcy Court's findings of fact and conclusions of law relating to current and delinquent debts remaining as of the petition date are clearly erroneous; (6) whether the Bankruptcy Court's finding that there was no evidence that the McCain debt was due as of the petition date is incorrect; (7) whether the Bankruptcy Court should have taken into consideration an outstanding claim by the U.S. Department of Labor; (8) whether the Bankruptcy Court's finding that the ratio of debts due as of the petition date to debts that were not due as of the petition date was 47% to 53% is incorrect; (9) whether the Bankruptcy Court inappropriately allowed HCCI to submit new evidence with their reply brief without giving RHHC an opportunity to examine and respond to the new evidence; and (10) whether the Bankruptcy Court incorrectly failed to find and conclude the RHHC satisfied its burden of showing there is a genuine issue of fact for trial.  Dkt. 8 at 3–4.

4

HCCI argues that the Bankruptcy Court properly granted its motion for summary judgment for the following reasons: (1) HCCI satisfied its burden by identifying a portion of the record that suggests RHHC could not satisfy its burden of proof; (2) the Bankruptcy Court correctly excluded debts subject to a bona fide dispute and debts that were not outstanding as of the petition date; (3) the Bankruptcy Court correctly concluded that there was insufficient evidence that the Joint Venture was generally not paying its undisputed debts as they came due as of the petition date; and (4) the Bankruptcy Court properly considered the summary judgment evidence attached to the reply, as RHHC had ample to time to respond to the rebuttal evidence and did not do so.  Dkt. 10.

The court will first set forth the legal standard for reviewing a Bankruptcy Court's order, and then it will analyze each of the alleged points of error.

## A.      Standard of Review

In reviewing a decision of the Bankruptcy Court, this court functions as an appellate court, applying the standards of review generally applied in federal appeals courts.  *Webb v. Reserve Life Ins. Co.* (*In re Webb*), 954 F.2d 1102, 1103–04 (5th Cir. 1992); *see also Coston v. Bank of Mavren* (*In re Coston*), 991 F.2d 257, 261 n.3 (5th Cir. 1993) (en banc) (citing *Griffith v. Oles* (*In re Hipp, Inc.*), 895 F.2d 1503, 1517 (5th Cir. 1990)).  This court generally reviews orders granting summary judgment *de novo*, "guided by the same standard as the Bankruptcy Court: Federal Rule of Civil Procedure 56."  *In re Camey*, 258 F.3d 415, 418 (5th Cir. 2001) (citing *Stults v. Conoco. Inc.*, 76 F.3d 651, 654 (5th Cir. 1996)); *see also In re Oparaji*, 698 F. 3d 231, 235 (5th Cir. 2012).  However, the court reviews findings of fact made by the Bankruptcy Court under the clearly erroneous standard.  *In re Crowell*, 138 F.3d 1031, 1033 (5th Cir. 1998); *In re Beaubouef*, 966 F.2d 174, 177 (5th Cir. 1992).

B.      **Analysis**

The court will analyze each of the issues raised by RHHC *in seriatim*.

1.      **Meeting the Initial Burden**

The court reviews the first issue presented by RHHC's *de novo* because it concerns a question of law.

RHHC argues that Bankruptcy Court improperly applied *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), because it found that the burden shifted to RHHC to come forward with an issue of material fact even though HCCI's motion only contended that RHHC had no evidence to prove its case. Dkt. 8. RHHC contends that, under *Celotex*, the movant must identify portions of the record that demonstrate the absence of a material fact and cannot merely state that the non-movant has no evidence to support its case. *Id.*

HCCI argues that their motion correctly identified the portion of the record demonstrating the absence of a genuine issue of material fact that the Joint Venture was not paying its debts as they became due. Dkt. 10 (citing Dkt. 2-2 at 385–93 (motion for summary judgment)). The motion contains the following heading: "No Evidence of Not Paying Debts As they Come Due." Dkt. 2-2 at 391. The motion then notes that the Bankruptcy Court cannot order relief in an involuntary bankruptcy case unless the debtor is generally not paying debts as they are due, and the financial documents and job cost reports produced by RHHC provided "no evidence that there are any unpaid debts" of the Joint Venture. Dkt. 2-2 at 392.

RHHC argues, in reply, that "[s]ome reference to documents that were produced has to state a specific reason why [HCCI] believed that the voluminous documents ultimately presented no genuine issue of material fact whether the Debtor was paying its debts as they became due." Dkt. 12.

The court disagrees with RHHC.  In *Celotex*, the U.S. Supreme Court noted that the "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  477 U.S. at 323.  However, it determined that there was "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."  *Id.* Here, HCCI pointed to the evidence offered and stated that it did not present an issue of material fact that the Joint Venture was not paying its debts.  *See* Dkt. 2-2 at 392.  It was then up to the non-movant at that point to demonstrate that there was an issue of material fact.  The court, after conducting a *de novo* review, finds that Bankruptcy Court did not err in determining that the burden shifted to RHHC.  The objection presented in RHHC's first issue is OVERRULED.  The Bankruptcy Court's finding on this issue is AFFIRMED.

### 2.       Burden to Amend the Bankruptcy Schedules

The court reviews the second issue presented by RHHC *de novo* because it concerns a question of law.

The Bankruptcy Court stated:

> Despite the extensive discovery that has taken place, and the amount of time RHHC has had to review the documents, RHHC has not amended the schedules and statement of financial affairs to identify any debts.  If the discovery resulted in evidence that there were debts owed by the Partnership, RHHC had an affirmative duty to amend its schedule and statement of financial affairs to reflect them.
> . . . .

Dkt. 2-2 at 841.

7

RHHC contends that this finding was in error because it did not have a burden to amend the Bankruptcy Schedules. Dkt. 8. RHHC notes that it is a general partner of the Joint Venture, and it argues that only the *debtor* (the Joint Venture) has an obligation to file and amend the schedules and statements, citing Bankruptcy Rule 1007(a)(2). Dkt. 8.

HCCI, citing Bankruptcy Rule 1007(g), asserts that general partners have a duty to prepare and file schedules of assets and liabilities and, as such, have a corresponding duty to amend those schedules if they are incorrect. Dkt. 10. HCCI additionally contends that, regardless, RHHC waived this argument for purposes of appeal because it did not raise this argument in the Bankruptcy Court until it filed its motion to reconsider. *Id.* (citing *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1359 n.1 (Fed. Cir. 2005)).

In reply, RHHC asserts that HCCI' argument "completely mistate[s] what is required of a petitioner in an involuntary bankruptcy case prior to the entry of an order for relief." Dkt. 12. RHHC contends that Rule 1007(g) only applies *after* the order for relief. *Id.* RHHC points out that it was never ordered to file schedules on behalf of the Joint Venture. *Id.* RHHC does not address the waiver argument. *See id.*

Under Bankruptcy Rule 1007(a)(2), in an involuntary bankruptcy case, "the *debtor* shall file, within seven days *after entry of the order for relief*, a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(2). Bankruptcy Rule 1007(b)(1) requires "the debtor, unless the court orders otherwise" to file various "schedules, statements, and other documents . . . ." Fed. R. Bankr. P. 1007 (b)(1) (emphasis added). Under Bankruptcy Rule 1007(c), in an involuntary case, "the schedules, statements, and other documents required by subdivision (b)(1) shall be filed by the debtor within 14 days *after the entry of the order for relief*." Fed. R. Bankr. P. 1007(c) (emphasis

8

added). Under Bankruptcy Rule 1007(g), the "general partners of a debtor partnership shall prepare and file the schedules of the assets and liabilities, schedule of current income and expenditures, schedule of executory contracts and unexpired leases, and statement of financial affairs of the partnership." Fed. R. Bankr. P. 1007(g). Thus, RHHC, as a general partner of the Joint Venture (the Alleged Debtor), had a duty to "prepare and file the schedules" under Rule 1007(g), but the schedules required by Rule 1007(b)(1) were not *due* until fourteen days after the entry of the order for relief.

However, notwithstanding the absence of an order for relief, RHHC filed schedules and amended schedules. At the very least, counsel for the filing party had a duty as an officer of the court to file amended schedules if discovery revealed that the schedules on file were incorrect. RHHC's argument that is had no such obligation is nonsensical.[1]

Moreover, the Bankruptcy Court's finding that RHHC had a duty to amend the schedule was made in the context of its finding that HCCI had satisfied its burden and the burden thus shifted to RHHC to come forward with evidence. The Bankruptcy Court found that because the amended schedules on file did not show debts owed by the Joint Venture and RHHC had not amended these schedules to provide evidence of unpaid debts, HCCI met the burden of establishing that "the record presented to the Court is sufficient under *Celotex* to require the party with the burden of proof to present evidence in support of that burden." Dkt. 2-2 at 841. Thus, even if RHHC did not have a burden to amend the schedules and failed to do so, it still had the opportunity to present evidence for trial with its response to the motion for summary judgment.

---

[1] Furthermore, RHHC indicated in its notice of filing of amended schedules that it would amend the amended schedules and SOFAs "once the books and records of the Debtor can be accessed." Dkt. 2-2 at 69.

The court, after conducting a *de novo* review, finds no error in the Bankruptcy Court's statement that RHHC has an obligation to amend the schedules. The objection in RHHC's second issue presented is OVERRULED. The Bankruptcy Court's order is AFFIRMED with regard to this issue.

### 3. Disclaimers in Amended Schedules

The court reviews the third issue presented by RHHC under a clearly erroneous standard because this issue relates to the Bankruptcy Court's factual findings.

RHHC contends that the Bankruptcy Court committed a fundamental error in relying on the amended schedules when shifting the burden to RHHC because the amended schedules contain a specific disclaimer that they were unreliable. Dkt. 8 at 18. The disclaimer RHHC included when if filed the amended schedules reads as follows:

> [RHHC] has filed the attached Amended Schedules and SOFAs in good faith, providing the information available. However, [RHHC] cannot warrant or represent that these Amended Schedules and SOFAs are accurate and reliable as they have been filed without the benefit of reviewing the books and records of the Debtor. Thus the information provided should not be relied upon for accuracy, and the Amended Schedules and SOFAs are subject to amendment once the books and records of the Debtor can be accessed.

Dkt. 2-2 at 69 (notice of filing amended schedules and SOFAs).

RHHC supports its argument that the Bankruptcy Court's reliance on this admittedly unreliable evidence to shift the burden was clearly erroneous with Justice White's statement in his *Celotex* concurrence that "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." 477 U.S. at 328 (White, J., concurring). The argument appears to be that because the record

10

contained a disclaimer, it was as if HCCI, in pointing to the schedules, was merely relying on a

conclusory assertion that there was no evidence.

The court prefers to rely on the U.S. Supreme Court's discussion of the movant's burden in

the *Celotex* majority opinion:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of the 'pleadings, depositions,
> answers to interrogatories, and admissions on file, together with the
> affidavits, if any,' which it believes demonstrate the absence of a
> genuine issue of material fact.

*Id.* at 323.  The Court specifically stated that it found "no express or implied requirement in Rule 56

that the moving party support its motion with affidavits or other similar materials *negating* the

opponent's claim."  *Id.* (emphasis in original).  The Court summed up by noting, "[o]ne of the

principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported

claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this

purpose."  *Id.* at 323–24.

Here, when HCCI moved for summary judgment, it pointed to portions of the record on file

with the court and noted that the amended schedules were insufficient evidence that the Joint

Venture was generally not paying its debts at the time the petition was filed.  The fact that RHHC

admitted when filing the amended schedules that they were unreliable does not change the fact that

the record did not contain sufficient evidence to support an essential element of RHHC's claim.  It

was appropriate to shift the burden to the party bearing the burden at trial when there was no

evidence in the record of an essential element and HCCI specifically identified the portion of the

record that did not support RHHC's claim—the allegedly unreliable schedules.  The Bankruptcy

11

Court appropriately considered the record before it and determined that the next step was for RHHC to come forth with evidence that there indeed was a triable issue.

The court finds no error in the Bankruptcy Court's reliance on the absence of proof in the amended schedules to shift the burden to RHHC to prove there was an issue of material fact. The objection contained in RHHC's third issue presented in OVERRULED. The Bankruptcy Court's order is AFFIRMED with regard to this issue.

### 4.      Debts Subject to Litigation at the Time Petition Filed

The court reviews the portion of the fourth issue presented that relates to debts subject to litigation *de novo* because the alleged error is an issue of law.

The Bankruptcy Court found that two of the debts presented by RHHC in its response were subject to bona fide dispute because the debts were subject to pending lawsuits that were "'answered and disputed.'" Dkt. 8 at 25 (quoting the Bankruptcy Court's order). RHHC argues that caselaw does not support this conclusion and that the "mere existence of pending litigation or the filing of an answer is insufficient to establish the existence of a bona fide dispute." *Id.* (citing various non-binding authority).[2]

The main case relied upon by RHHC is *In re Vortex Fishing Systems, Inc.*, 277 F.3d 1057 (9th Cir. 2001). In *Vortex Fishing*, the Ninth Circuit held first that a Bankruptcy Court's determination whether a debt is subject to a bona fide dispute is "essentially a factual inquiry" and thus subject to review under the clearly erroneous standard. 277 F.3d at 1064 (agreeing with the Fifth Circuit and the Eighth Circuit with regard to the appropriate standard of review) (citing *In re*

---

[2]  RHHC additionally contends that in one of the disputes, the party alleging that the Joint Venture owed it money obtained a judgment in its favor after the Memorandum Opinion was filed. *Id.* The court, however, cannot consider this judgment as it is outside of the Record considered by the Bankruptcy Court. *See* Part II, *supra*.

*Sims*, 994 F.2d 210, 221 (5th Cir. 1993), and *In re Rimell*, 946 F.2d 1363, 1365 (8th Cir. 1991)).  The

court then noted that it must "'determine whether there is an objective basis for either a factual or

a legal dispute as to the validity of the debt.'"  *Id.* (quoting *In re Busick*, 831 F.2d 745, 750

(7th Cir. 1987)).  As to whether one of the debts at issue was subject to a bona fide dispute, the court

noted that the "mere existence of pending litigation or the filing of an answer is insufficient to

establish the existence of a bona fide dispute," and the "'existence of a counterclaim against a

creditor does not automatically render the creditor's claim the subject of a "bona fide dispute."'"

*Id.* at 1066 (quoting *In re Seiko Inv., Inc.*, 156 F.3d 1005, 1007 (9th Cir. 1998)).  It found, however,

that the "existence of affirmative defenses may suggest that a bona fide dispute exists."  *Id.* at 1067.

The court then considered the substance of the litigation over the alleged debt and determined that

the Bankruptcy Court did not clearly err in finding that the debt at issue was subject to a bona fide

dispute.  *Id.*

　　　　The Fifth Circuit, like the Ninth Circuit, uses clearly erroneous review and the objective test

discussed by the Ninth Circuit in *In re Vortex Fishing Systems*.  *In re Sims*, 994 F.2d at 221.  "Under

that objective standard, the bankruptcy court must 'determine whether there is an objective basis for

either a factual or legal dispute as to the validity of the debt.'"  *Id.* (quoting *In re Rimell*, 946 F.2d

1363, 1365 (8th Cir. 1991)).  Under this test,

> [t]he petitioning creditor must establish a prima facie case that no
> bona fide dispute exists.  Once this is done, the burden shifts to the
> debtor to present evidence demonstrating that a bona fide dispute
> does exist. . . . Because the standard is objective, neither the debtor's
> subjective intent nor his subjective belief is sufficient to meet this
> burden. . . . The court's objective is to ascertain whether a dispute that
> is bona fide exists; the court is not to actually resolve the dispute.

*In re Rimmell*, 946 F.2d at 1365; *see also In re Sims*, 994 F.2d at 221 (quoting the standard from *In
re Rimmell*).  While the Fifth Circuit has noted that bankruptcy courts "routinely consider the

13

existence and character of pending but unresolved litigation as evidence of a bona fide dispute," it also has indicated that the mere existence of pending litigation is not dispositive. *In re Green Hills Dev. Co.*, 741 F.3d 651, 659 (5th Cir. 2014) (noting that the bankruptcy court had conducted a "thorough, independent review of the evidence" from the litigation related to the alleged debt).

Here, the Bankruptcy Court noted that the lawsuits were *answered and disputed* by Hassell Construction Company, Inc. *See* Dkt. 2-2 at 848. However, the Bankruptcy Court cited to HCCI's reply to its motion for summary judgment to support this finding, and the reply contains only a conclusory statement asserting that the lawsuits were answered and disputed. *See* Dkt. 2-2 at 848 (memorandum opinion quoting ECF No. 122 at 6, which is the reply); Dkt. 2-2 at 780–81 (reply) ("The very fact that these are lawsuits, answered and disputed by HCCI, make the claims for payment asserted therein contested, and therefore they do not qualify to be included or counted as debts of the alleged debtor which are not being paid."). There does not appear to be an answer or any documents in the record relating to these lawsuits other than the petitions and a motion for summary judgment filed by the plaintiff, Texan Floor Services, Ltd. *See* Dkt. 2-2 at 593 (original petition in *Applied Finish Systems v. Hassell Construction Company, Inc., et al.*); Dkt. 2-2 at 601 (original petition in *Texas Floor Service, Ltd. v. R. Hassell Builders, Inc.*); Dkt. 2-2 at 611 (Texan Floor's motion for summary judgment). Thus, the court is unable to make an independent review using the objective test to determine if there appeared to be a bona fide dispute as to the Joint Venture owing the debt or if instead it was just not paying the debt and got sued. The court, of course, cannot rely solely on HCCI's conclusory allegation that the debt was disputed, as it does not meet the Rule 56 standard.

14

Therefore, the court REMANDS this case to the Bankruptcy Court so that it may make a determination under the objective standard set forth in *In re Sims* as to whether the debts that were subject to litigation were, indeed, the subject of a bona fide dispute.

### 5.     Debts Subject to Arbitration at the Time of the Petition

The court reviews the portion of the fourth issue presented that relates to debts subject to arbitration *de novo* because the alleged error is an issue of law.

The Bankruptcy Court additionally found that the debt the Joint Venture allegedly owed to RHHC was subject to a bona fide dispute because it was subject to arbitration before the American Arbitration Association.  Dkt. 2-2 at 849.  RHHC contends that this conclusion, like the conclusion regarding the debts that were subject to litigation, is not supported by caselaw.  Dkt. 8.  HCCI argues that RHHC misconstrues the Bankruptcy Court's holding, pointing out that the Bankruptcy Court discussed the "'alleged bad faith conduct of HCCI, alleged disloyal conduct in breach of the partnership agreement, alleged misappropriation and misapplication of partnership revenues'" when determining that "these debts are subject to a bona fide dispute as to liability or amount."  Dkt. 10 at 30 (quoting the Bankruptcy Court's order on the motion for summary judgment).

The court has reviewed the record and concludes that the Bankruptcy Court's finding that the debt that was subject to arbitration was subject to a bona fide dispute is not clearly erroneous.  The Bankruptcy Court considered more than the fact that the arbitration was pending and instead looked at the substance of the arbitration as evidence by documents attached to HCCI's reply to RHHC's response to HCCI's motion for summary judgment.  *See* Dkt. 2-2 at 849.  The court finds that the evidence the Bankruptcy Court considered was sufficient to satisfy the *In re Sims* objective standard.  The objection contained in RHHC's fourth issue presented relating to debts subject to arbitration is OVERRULED.  The Bankruptcy Court's finding on this issue is AFFIRMED.

15

6.      **Findings Regarding Current and Delinquent Debts Remaining**

The court reviews the fifth issue presented by RHHC under a clearly erroneous standard because this issue relates to the Bankruptcy Court's factual findings.

The Bankruptcy Court considered the following debts as "unpaid and not subject to a bona fide dispute" as of the date of the petition: (1) Traffic Systems Construction, Inc. (McCain), $49,070.77; (2) Joslin Construction, $3,131.34; (3) Kone, Inc., $44,650.00; (4) Railroad Commission of Texas, $1,000.00; and (5) One Way Striping & Signs LLC, $1,400.00. Dkt. 2-2 at 850. The Bankruptcy Court ultimately concluded, however, that RHHC had not produced sufficient evidence that the debts to Traffic Systems Construction, Inc. (McCain) and to Joslin Construction were due as of the February 5, 2015 petition date. *Id.* at 851. The court noted that the invoices resulted from work completed in November and December 2014. *Id.* The court found that the evidence in the record relating to the other three debts indicated that they were old enough to justify an inference that they were due as of the petition date. *Id.*

RHHC argues that the Bankruptcy Court erred in its determination that the debt to Traffic Systems Construction, Inc. (McCain) was not due on the petition date. Dkt. 8 at 21–23. To support this argument, RHHC points to an exhibit it attached to its response to HCCI's motion for summary judgment. Dkt. 8 at 22. This exhibit is dated February 13, 2015, and it states that McCain, Inc., has a "claim" for labor and materials provided to Traffic Systems Construction Inc. in November 2014. Dkt. 2-2 at 642–43. According to this document, the amount of the claim is $49,070.77. *Id.* RHHC had argued in its motion to strike the evidence HCCI submitted with its reply to RHHC's response to HCCI's motion for summary judgment that this exhibit "'clearly proves that a debt of $49,070.77 was due as of February 13, 2015, for work performed in November 2014.'" Dkt. 10 at 22 (quoting the motion to strike). February 13, 2015, however, is eight days *after* the petition date of February

16

5, 2015. Thus, the exhibit does not "clearly prove" that the a debt owed by the Alleged Debtor was due on February 5, 2015 (the petition date).

RHHC additionally supports its argument by pointing to a spreadsheet provided to the Bankruptcy Court by Phillip Hassell that sets forth the status of various debts outlined in RHHC's response to HCCI's motion for summary judgment.[3]  Dkt. 8 at 23 (citing Dkt. 2-2 at 797 (a spreadsheet attached to Phillip Hassell's declaration)).  In the declaration, Hassell states that the spreadsheet was prepared at his direction from the records of Hassell Construction Company, Inc. Dkt. 2-2 at 794.  The spreadsheet indicates that a debt to Traffic Systems (McCain) for $447,669.49 was paid by check on January 6, 2015.  Dkt. 2-2 at 797.  The spot in which one would fill in the date on which the check cleared is empty.  *See id.*  RHHC argues that this is an admission that the debt to Traffic Systems (McCain) was due and owing as of the petition date.  Dkt. 8 at 23.

What is curious is that the debt to Traffic Systems (McCain) that is noted in RHHC's exhibits is a debt for $49,070.77, not $447,669.49.  *See* Dkt. 2-2 at 642.  The spreadsheet that was attached to Phillip Hassell's declaration (provided with HCCI's reply) refers to RHHC's exhibit R-7, but it shows that a check was written to cover a debt for $447,669.47, not a debt for $49,070.77.  Dkt. 2-2 at 797.  Regardless, even if it is the same debt or part of the debt for the same job, the fact that the spreadsheet does not have a date on which the check cleared is hardly sufficient evidence to create an issue of material fact that the Joint Venture was not paying a debt that was due the date of the petition.  The only evidence in the record establishes that the debt for $49,070.77 was for work completed in November 2014 and that it was due at least by February 13, 2015.  *See* Dkt. 2-2 at 642 (Feb. 13, 2015 claim by Traffic Systems (McCain)).  There is no evidence in the record it was due

---

[3]  Phillip J. Hassell is the president of Hassell Construction Company, Inc. (one of the appellees).  Dkt. 2-2 at 794.

on the date of the petition, February 5, 2015.  Even if the payment noted on the spreadsheet relates

to this debt, the fact that a check was written prior to the petition date also does not necessarily mean

the debt was due.  The court finds no clear error in the Bankruptcy Court's finding that the debt was

not old enough to be considered as evidence that the Joint Venture was generally not paying its debts

as of the petition date.  The objection contained in RHHC's fifth issue presented is OVERRULED.

The Bankruptcy Court's finding on this issue is AFFIRMED.

### 7.    Alleged Inconsistency in Bankruptcy Court's Opinion

The court reviews the sixth issue presented by RHHC under a clearly erroneous standard

because this issue relates to the Bankruptcy Court's factual findings.

RHHC argues that there is an inconsistency in the Bankruptcy Court's findings regarding

which debts were due and undisputed as of the petition date.  *See* Dkt. 8 at 25.  It points out that on

page 11 of the memorandum opinion, the Bankruptcy Court noted that three debts were undisputed

and outstanding as of the petition date, and then on the table on page 17 of the order, the Bankruptcy

Court did not include two of these debts as being due as of the petition date.  *Id.*  RHHC argues that

these "two findings are hopelessly inconsistent and render as confusing the penultimate finding of

the ratio of undisputed debts that were due as of the Petition Date as compared to the undisputed

debts that had not yet come due as of the Petition Date."  *Id.* at 26.

On page 11 of the order, the Bankruptcy Court found, after considering evidence relating to

debts that remained unpaid as of the petition date, that three debts were "undisputed and outstanding

as of the petition date": (1) Traffic Systems Construction Inc. ($49,070.77), (2) Joslin Construction

($3,131.34), and (3) Kone, Inc. ($44,650.00).  Dkt. 2-2 at 845.  Then, on page 16 of the order, the

Bankruptcy Court again notes that these and two other debts were "unpaid and not subject to a bona

fide dispute as of the petition date."  *See id.* at 850.  It noted that it "must now determine whether

18

RHHC has produced sufficient evidence to allow a factfinder to reasonably conclude that these debts were *due* as of the petition date." *Id.* (emphasis added). The Bankruptcy Court noted that an invoice that was unpaid as of the petition date is insufficient, standing alone, to allow the factfinder to conclude that the invoice was due. *Id.* The court concluded that debts to Traffic Systems Construction and Joslin Construction, which were incurred in November 2014 and December 2014, respectively, "were not old as of the petition date"—February 5, 2015. *Id.* at 851. It found that the age of the debts to Kone, Inc. and the two other debts it considered as due (which were due on October 7, 2014, June 11, 2014, and November 2013, respectively) was sufficient to allow it to draw an inference that the debts were due as of the petition date.[4] *Id.* The Bankruptcy Court provided a table that set forth the debts that were due and not due as of the petition date. *Id.* It is this chart that RHHC contends is inconsistent with the court's finding on page 11 that the debts to Kone, Inc., Traffic Systems (McCain), and Joslin were undisputed and outstanding. However, the Bankruptcy Court was clear that there is a distinction between *outstanding* and *due*. The court finds no inconsistency and no clear error. The objection contained in RHHC's sixth issue presented is OVERRULED. The Bankruptcy Court's findings with respect to this issue are AFFIRMED.

### 8.    Outstanding Claim by the U.S. Department of Labor

The court reviews the seventh issue presented by RHHC *de novo* because it concerns a question of law.

The Bankruptcy Court set forth all of the alleged debts in a table on page 5 of its order. Dkt. 2-2 at 838–39. In this table, it listed a debt to the U.S. Department of Labor for $420,300.00 as outstanding as of February 6, 2015, and it stated that it was unknown whether the debt was

---

[4] There was no invoice in the record from Kone, Inc., but there were emails indicating that the debt was outstanding in September and October of 2014. *See* Dkt. 2-2 at 850–51.

19

disputed by HCCI.  *Id.* at 839.  The Bankruptcy Court did not, however, include this debt in its table

of debts that were due and undisputed as of the petition date.  *Id.* at 851.  RHHC contends that this

fact "proves the point that, under *Celotex*, there was a genuine issue for trial that was established by

[RHHC's] evidence submitted in support of its [summary judgment] Response."  Dkt. 8 at 24.

HCCI points out that RHHC failed to cite any evidence supporting its contention that the debt

to the U.S. Department of Labor was outstanding as of the petition date.  Dkt. 10 at 32.  In the

memorandum opinion, the Bankruptcy Court noted that the "alleged debt to the United States Dept.

of Labor was first asserted post-petition."  Dkt. 2-2 at 845 n.5.  The court thus held that it would not

consider the debt in its § 303(h)(1) analysis.  *Id.*

The court has reviewed, *de novo*, the briefing and the documents submitted by RHHC to

support this debt, and it appears that the U.S. Department of Labor issued various citations to Hassell

Construction Company pertaining to Hassell 2012 Joint Venture Contracts for acts occurring on

February 6 and February 7, 2015.  *See* Dkt. 2-2 at 508 (Royce Hassell declaration); Dkt. 2-2 at

524–48 (citations and invoices).  The citations were not issued until July 2015.  Dkt. 2-2 at 524,

529–48.  Thus, they are not evidence that the Alleged Debtor was generally not paying its debts as

of the petition date—February 5, 2015.  The objection contained in RHHC's seventh issue presented

is OVERRULED.  The Bankruptcy Court's finding that the debt to the U.S. Department of Labor

should not be considered in its analysis is AFFIRMED.

### 9.     Acme Architectural Hardware

The court reviews the issue presented relating the Acme Architectural Hardware *de novo*

because it concerns a question of law.

Like the alleged debt to the U.S. Department of Labor, RHHC contend that the Bankruptcy

Court listed a debt for $13,433.55 to Acme Architectural Hardware ("Acme") on its table on page

5 of the order but did not consider it in its table of debts that were due and undisputed as of the petition date.  Dkt. 8 at 24–25.  In the chart on page 5 of the Bankruptcy Court's memorandum opinion, the Bankruptcy Court listed a debt to Acme as being outstanding on February 6, 2015 (the day after the petition) and being paid (allegedly) on this same date.  Dkt. 2-2 at 839.

The court has conducted a *de novo* review of the arguments and evidence.  The evidence attached to RHHC's response to the motion for summary judgment includes an email from a person at Acme to Hassell Construction on February 6, 2016—one day *after* the petition.  Dkt. 2-2 at 651 (exhibit R-9 to the Royce Hassell declaration).  The email states that an order Acme needed "to get payment on" was attached.  Dkt. 2-2 at 651.  The email states that Hassell Construction was supposed to provide a credit card for payment.  *Id.*  Then, an email string that appears to be internal amongst the Hassell group of companies indicates that they had not seen the invoice before.  *Id.* at 650.  There is no evidence in the record that the Joint Venture had an invoice that was due on the date of the petition—the day before this email.  Thus, it was proper for the Bankruptcy Court to determine that this debt should not be included in the debts that were demonstrative of the Joint Venture generally not paying its debts as of the petition date.  RHHC's objection to the Bankruptcy Court's findings regarding the Acme debt is OVERRULED.  The Bankruptcy Court's determination on this issue is AFFIRMED.

### 10.    Incorrect Ratio of Debts

The court reviews the eighth issue presented by RHHC under a clearly erroneous standard because it relates to the Bankruptcy Court's findings of fact.

The Bankruptcy Court found that the "record at this stage reflects that $47,050.00 [in debt] was undisputed and due as of the petition date," which represents "approximately 47% of all outstanding and undisputed debts of the Partnership as of the petition date."  Dkt. 2-2 at 852.  The

court held that the "ratio of delinquent to current debts is not supportive of a pattern of the Partnership generally not paying its debts as they become due." *Id.* It further found that "the totality of the circumstances reflects that the few debts remaining as of the petition date reflect a pattern of payment of debts by the partnership [and] . . . failure to pay two relatively small obligations is a far cry from a general failure to pay debts as they come due." *Id.*

RHHC argues that the Bankruptcy Court erred in finding that the ratio of debts due as of the petition date versus debts that were not due as of the petition date was 47 percent to 53 percent. Dkt. 8 at 4. RHHC does not take issue with the Bankruptcy Court's math; rather, it asserts that the ratio is incorrect because the Bankruptcy Court's determinations about which debts were due on the petition date were incorrect, thus throwing off the ratio. *Id.* at 21–26. HCCI argues that RHHC failed to carry its burden and that affirming the Bankruptcy Court is therefore proper. Dkt. 10 at 36.

The court makes no determination regarding this issue. If the Bankruptcy Court determines on remand that the debts that were subject to pending litigation were indeed subject to bona fide dispute, then there is no error. If, however, the Bankruptcy Court determines that the debts were not subject to a bona fide dispute, then the Bankruptcy Court is instructed to recalculate these percentages and determine if the new calculations impact its conclusion.

### 11.     New Evidence with Reply

The court reviews the ninth issue presented by RHHC *de novo* because it concerns a question of law.

RHHC contends that the Bankruptcy Court inappropriately considered new evidence that the HCCI submitted in its reply to RHHC's response to HCCI's motion for summary judgment. Dkt. 8 at 26–27. RHHC argues that it is procedurally inappropriate to submit evidence for the first time in a reply brief. *Id.* at 27 (citing *Tovar v. United States*, No. CIV. A 3:98-CV-1682, 2000 WL 425170,

22

at *4 n.8 (N.D. Tex. Apr. 18, 2000) (Fitzwater, J.), *aff'd*, 244 F.3d 135 (5th Cir. 2000)). It also contends that if a court permits a party to submit evidence in a reply, the non-moving party should be given an opportunity to respond to the evidence. *Id.*

HCCI notes that its reply brief, to which it attached rebuttal evidence, was filed on August 24, 2016, and the Bankruptcy Court did not issue its order until approximately thirty days later. Dkt. 10 at 37. RHHC, however, did not file a response to the rebuttal evidence or even seek leave to file a response. *Id.* Instead, it filed a motion to strike. *Id.* HCCI asserts that the Bankruptcy Court correctly considered the rebuttal reply brief evidence, subject to RHHC's objections in its motion to strike. *Id.*

In its memorandum opinion, the Bankruptcy Court noted that RHHC objected to HCCI's introduction of evidence with its reply. Dkt. 2-2 at 842. It agreed that a reply is "'not the appropriate vehicle for presenting new arguments or legal theories,'" but found that the materials submitted were "directly responsive and related to the evidence and arguments raised by RHHC in its response." *Id.* (quoting *AAR, Inc. v. Nunuz*, 408 F. App'x 828, 830 (5th Cir. 2011)). Specifically, in RHHC's response, it identified several alleged debts of the Joint Venture. Dkt. 2-2 at 476. HCCI attached evidence to its reply to controvert these allegations. Dkt. 775. The Bankruptcy Court specifically stated that it would consider the evidence and also would consider the objections to the admissibility of the evidence contained in RHHC's motion to strike. Dkt. 2-2 at 843.

The court agrees with the Bankruptcy Court that it was within the court's discretion to consider the evidence that was submitted in reply because it was directly responsive to new evidence submitted by RHHC in its response. *See Lynch v. Union Pacific RR Co.*, No. 3:13-CV-2701-L, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) (Lindsay, J.) ("Because Defendant's reply and related evidence are responsive to arguments raised and evidence relied on by Plaintiff in his summary

23

judgment response, this is not a situation in which a new issue was raised for the first time in a reply that would require the court to give him an opportunity to respond to Defendant's reply."). The court additionally notes that RHHC could have moved to file a sur-reply to address these issues, and it had adequate time to do so. *See, e.g.*, *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 WL 1092311, at *5 (S.D. Tex. Mar. 23, 2017) (Harmon, J.) ("While the [Rules] . . . do not expressly permit the filing of a sur-reply by a non-movant to a movant's rebuttal brief, '[a] sur-reply is appropriate by the non-movant . . . when the movant raises new legal theories or attempts to present new evidence at the reply stage.'" (quoting *Murray v. TXU Corp.*, No. Civ. A 3:03CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005))). Moreover, it is clear that the Bankruptcy Court considered the arguments contained in the motion to strike, which actually respond to the evidence in the reply.[5] *See, e.g.*, Dkt. 2-2 at 810 (motion to strike) ("Of the nine new exhibits, Exhibits A-D and Exhibits 1, 3,4 and 5 attached to the Phillip Hassell Declaration are completely irrelevant. The only marginally relevant exhibit is Exhibit 2 to the Phillip Hassell Declaration."). This objection is OVERRULED, and the portion of the Bankruptcy Court's memorandum opinion relying on the evidence attached to the reply is AFFIRMED.

---

[5] In the motion to strike, RHHC contends that it would need to depose the "unidentified person who prepared [Exhibit 2] to the Phillip Hassell Declaration" in order to respond to it. Dkt. 2-2 at 810. The court notes, however, that RHHC actually relies on Exhibit 2 to the Phillip Hassell Declaration to support its argument that the debt to Traffic Systems (McCain) was due on the date of the petition. RHHC has thus effectively waived any objection to the exhibit by relying on it to support its arguments. Since this is the only exhibit RHHC felt was relevant, any arguments now presented that RHHC should have been given more of an opportunity to rebut the evidence is completely disingenuous. Additionally, RHHC provided significant argument regarding why it believed the other exhibits were irrelevant in the motion to strike, and the Bankruptcy Court expressly states that it considered these arguments.

24

12.     **Failure to Conclude RHHC Produced a Genuine Issue of Material Fact**

The court reviews the tenth issue presented by RHHC *de novo* because it concerns a mixed question of law and fact.

RHHC's final point of error is a general contention that the Bankruptcy Court erred in failing to find that there was a genuine issue of material fact for trial.  Dkt. 8 at 29.  RHHC states that "[s]pecific facts were addressed in the declaration of Royce Hassell and the 22 exhibits attached to [RHHC's] SJ Response that clearly establish that there existed a genuine issue for trial."  *Id.*  The court makes no determination on this issue at this time.  If the Bankruptcy Court determines on remand that the debts that were subject to pending litigation were indeed subject to bona fide dispute, then there is no error.  If, however, the Bankruptcy Court determines that those debts were not subject to a bona fide dispute, then the Bankruptcy Court is instructed to determine if the new calculations of the debt ratio indicate there is a genuine issue of material fact for trial.

Case 19-90452   Document 145   Filed in TXSB on 05/23/19   Page 26 of 28

## V. CONCLUSION

HCCI's motion to strike (Dkt. 11) is GRANTED.

With regard to RHHC's appeal, the Bankruptcy Court's memorandum opinion and order granting summary judgment is AFFIRMED IN PART. The case is otherwise REMANDED to the Bankruptcy Court for additional findings of fact regarding whether the debts that were subject to litigation on the petition date were the subjects of bona fide disputes on that date. If the Bankruptcy Court finds that they were, it may dismiss this case in its entirety. If, however, the Bankruptcy Court finds that either or both of the debts were not subject to a bona fide dispute on the date of the petition, then it is instructed to reconsider its overall calculation to determine if summary judgment is appropriate when one includes that debt or those debts in the undisputed and due part of the overall analysis.

Signed at Houston, Texas on July 24, 2017.

_____
Gray H. Miller
United States District Judge

# EXHIBIT B

**Willson, Deanna Markowitz**

| | |
|---|---|
| **From:** | AAA Erika Kleinschmidt, Esq. <erikakleinschmidt@adr.org> |
| **Sent:** | Thursday, August 03, 2017 4:09 PM |
| **To:** | Bogdan Rentea; Carson, Derrick; 'James Chrisman Phillips'; Steve Yungblut; rricketts@gablelaw.com; AAA Erika Kleinschmidt, Esq. |
| **Cc:** | Patrick Gaas; Wayne Kitchens; lsimon@pendergraftsimon.com; 'Royce Hassell'; Silvia; Pelayo, Jonathan; Willson, Deanna Markowitz; Perez, Christian |
| **Subject:** | Stay of Case due to Bankruptcy - Hassell v. Hassell - 01 14 0000 3178 |

Counsel,

The Panel has conferred after review of the parties' emails on the stay issue and is ordering the stay of the case until such time as the bankruptcy court lifts the stay. Should the parties wish to file their briefs per the schedule, the briefs will be confirmed but there will be no award issued until a lift of the stay.

Given the Panel's determination, the AAA has stayed this matter under Bankruptcy and will follow up in the 3 weeks for an update. Should anything occur in the interim, please notify me.

Finally, please note, once the case becomes active, the deadline for award will be re-set.

Regards,
Erika



**Erika Kleinschmidt**
**Director of ADR Services**

American Arbitration Association
13727 Noel Road, Suite 700, Dallas, TX 75240
T: 800 804 9793  F: 855 267 4082  E: ErikaKleinschmidt@adr.org
www.adr.org

Rod Toben, Vice President
Dallas Regional Office

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.