# EXHIBIT
# 1

**AMERICAN ARBITRATION ASSOCIATION**
**Construction Industry Arbitration Tribunal**

| | | | |
|---|---|---|---|
| JAMES C. HASSELL and HASSELL CONSTRUCTION COMPANY, INC. | § § § | | |
| *Claimants,* | § § | | |
| vs. | § § | No.  01-14-0000-3178 | |
| R. HASSELL HOLDING CO., INC., R. HASSELL & COMPANY, INC., R. HASSELL BUILDERS, INC., G.R. GROUP RESOURCES LLP, ROYCE J. HASSELL and SILVIA T. HASSELL, | § § § § § § | | |
| *Respondents.* | § | | |

---

### Arbitration Award

**WE, THE UNDERSIGNED ARBITRATORS,** having been designated in accordance with the Parties' agreement to arbitrate, effective the 1st day of July 2012, and the orders of the District Court of Harris County, Texas, 125th Judicial District, dated March 3, 2014 and November 17, 2014 after having been duly sworn, and after having heard the evidence presented, the arguments of counsel, and the written submissions, Find and Award as follows:

<u>Jurisdiction Over the Individual Parties</u>:

Neither Silvia Hassell nor Royce J. Hassell are signatories to the 2012 Joint Venture ("Joint Venture") agreement, which contains a broad arbitration clause that provides for the arbitration of all disputes related to the Joint Venture.  Hassell Construction Company, Inc. ("HCCI") advanced money to R. Hassell & Companies, R. Hassell Builders, Inc. (collectively the "R. Hassell Companies") by means of draws against a line of credit ("LOC") that HCCI had taken out with Vista Bank.  Royce Hassell and Silvia Hassell executed Deeds of Trust to secure the debt.  The arbitration panel has the task of determining the balance due under the LOC and the division of Joint Venture profits between HCCI and the R. Hassell Companies.  In order to resolve all of the issues surrounding the LOC and the Joint Venture, it is necessary to examine the obligations of Royce and Silvia Hassell individually.  The Joint Venture and Royce and Silvia's individual obligations are inextricably intertwined.  In addition, Royce Hassell and Silvia Hassell requested the 125th Judicial District Court of Harris County, Texas to determine the issue of arbitrability, which it did.  The Court ordered Royce and Silvia Hassell to arbitration and they are estopped from raising the issue of arbitrability of claims against them in their individual capacities.  Therefore, although Arbitrator Ricketts dissents from this determination (see his separate dissent), a majority of the panel finds that it has jurisdiction over Royce and Silvia Hassell in their individual capacities.  James C. Hassell consented to jurisdiction by filing the arbitration demand.

1

Background:

      HCCI and the R. Hassell Companies did business with one another from December of 2008 until July 17, 2013.   All of the parties agree that the business relationship was unorthodox.   In some cases, written subcontracts governed the parties' dealings.   However, most of the time, the parties' actions were governed by verbal agreements, or, as in the case of the 2012 Joint Venture Agreement, written documents that were incomplete and ambiguous.   In the good times, this was a family business based on mutual trust.   When the relationship soured, the lack of written agreements complicated the task of determining the parties' rights and liabilities concerning the LOC and Joint Venture Profits.

Letter of Credit Balance:

      In 2008, when the business relationship between HCCI and R. Hassell Companies began, the structure of the relationship was that HCCI was paid a fee for allowing its excess bonding capacity to be used for obtaining bonds for work performed by the R. Hassell Companies.   In March of 2011, the relationship changed.   HCCI continued to lend its excess bonding capacity to the R. Hassell Companies but the transactions between the companies were recorded as draws against   the LOC.   All agree that this change complicated the relationship between the parties and left unsophisticated bookkeepers performing demanding accounting tasks.   On July 1, 2012, the relationship of the parties changed again.   Effective July 1, 2012, HCCI and the R. Hassell Companies entered into the Joint Venture.   Rather than paying the R. Hassell Companies from payments received from the Joint Venture Projects, R. Hassell payments were recorded as advances and payments on the LOC.

      The audited financial statement of HCCI, dated June 30, 2012, exhibit R-24, reflected that the R. Hassell Companies, pursuant to the LOC, owed HCCI the sum of $1,691,259.21.   The arbitration panel believes that the audited financial statement is the most reliable information to determine the LOC balance on June 30, 2012, the day before the effective date of the Joint Venture.   HCCI is entitled to interest on this amount for 1,979 days at five percent simple interest.   (1,979 x $231.68 = $458,494.72) Thus, on the LOC R. Hassell Companies owes HCCI a total $2,149,753.93.

Division of Joint Venture Profits:

      There is a dispute between the parties as to the number of projects that should be considered Joint Venture Projects.   The Joint Venture Agreement provided for the parties to submit a list of joint venture projects.   A list was never prepared.   The parties conducted themselves as a joint venture in spite of the fact that a list was never agreed to.   If it was not important for the parties, at the time, to identify which projects were to be considered joint venture projects, it is logical to conclude that they intended all ongoing projects to be part of the Joint Venture.   Claimants argue that Royce Hassell only listed 26 projects on Schedule G-1of schedules filed in the bankruptcy court. The bankruptcy filing only applied to executory contracts and is not evidence of the totality of projects subject to the joint venture. The arbitrators conclude that there are 31 projects in the Joint Venture.

2

Pursuant to the Joint Venture Agreement, HCCI was to receive 75% of the profits and Hassell Companies were to receive 25% of the profits.   Losses were to be allocated in the same manner.   Of the 31 projects, all but one, Transtar, was profitable.   R. Hassell Companies argued that the Transtar losses were the fault of HCCI.   However, the Joint Venture Agreement provides that losses are split according to a 75% percent 25% formula and they will not be reallocated between the parties based on fault.   Therefore, R. Hassell Companies was responsible for only 25% of the loss on the Transtar project.

R. Hassell Companies was not paid or credited with all of its portion of the profits pursuant to the Joint Venture Agreement.   Based on the job cost reports for the 31 projects, R. Hassell Companies is owed the sum of $4,819,539.00.   Accurate equipment records were not kept on the Joint Venture Projects.   The evidence established that most of the equipment used was owned by HCCI.   Based on the equitable powers of the arbitration panel, the profit owed to the R. Hassell companies is reduced by $1,000,000.00 to compensate HCCI for the equipment disparity leaving a balance of $3,819,539.00 due and owing to the R. Hassell Companies.   When the relationship between the parties fell apart, rather than filing a straight forward request for an accounting, the R. Hassell Companies set out on a journey through a multiple state court proceedings and an involuntary bankruptcy proceeding, part of which were dismissed by the Court and the remainder dismissed after the Judge threatened sanctions.   Accordingly, the panel declines to award prejudgment interest on the profits due R. Hassell Companies under the Joint Venture.

<u>Joint Venture Profits Offset by LOC Balance:</u>

When the Joint Venture Profits owed to the R. Hassell Companies are offset by the balance owed to HCCI under the LOC, HCCI owes the R. Hassell Companies the sum of $1,669,785.07. Pursuant to the R. Hassell Companies request for an accounting, the Joint Venture Profit is offset further by the $465,740.00 balance due on the promissory note executed by Royce Hassell, leaving a net balance due from HCCI to the R. Hassell Companies in the amount of $1,204,045.07.

## Award

In light of the foregoing, the panel awards as follows:

R Hassell Companies shall recover from HCCI, and HCCI shall pay to the R. Hassell Companies, the sum of $1,204,045.07.

The amounts due HCCI from R. Hassell Companies and Royce Hassell and Silvia Hassell under the LOC having been offset by amounts HCCI owes R. Hassell Companies, HCCI and James C. Hassell are and shall remain responsible for all sums   due on the LOC with the Vista Bank.   HCCI and James C. Hassell shall defend, indemnify, and hold harmless R. Hassell Companies, Royce Hassell and Silvia Hassell for all claims made by Vista Bank against R. Hassell Companies, Royce Hassell and Silvia Hassell pursuant to the LOC or the two Deeds of Trust where Vista Bank is the beneficiary.   The two Deeds of Trust executed by Royce Hassell and Silvia Hassell to secure the LOC, where James C. Hassell is the beneficiary, are declared void and of no further force and effect, and are ordered to be released.

3

The administrative fees and expenses of the American Arbitration Association totaling $34,750.00 are to be borne by the party incurring the same. The arbitrator fees and expenses totaling $201,356.31 are to be evenly divided between the parties. Therefore, in addition to the other sums awarded herein, Respondents shall reimburse Claimants the sum of $34,641.68 representing that portion of fees, compensation, and expenses in excess of the apportioned costs previously incurred by Claimants.

The above sums are to be paid on or before 30 days from the date of this Award. If the Award is not paid within 30 days, it shall draw post-judgment interest from the date of this award until paid at the rate of 5% per annum.

The Award is in full settlement of all claims related to the Joint Venture Agreement and the business relationship between the parties. All claims not expressly granted herein, including, without limitation, (i) R. Hassell Companies claims for damages related to the Springwoods Project, (ii) Respondents' derivative claims against HCCI, James C. Hassell, Phillip J. Hassell, Shawn Hassell Potts, and Michael Hassell for fraud, conspiracy to defraud, fraud by non-disclosure, promissory estoppel, tortious interference, constructive discharge of Royce Hassell, libel, slander, business disparagement, fraud in the inducement, assumpsit, quantum meruit, unjust enrichment, and punitive damages, (iii) HCCI's breach of contract claims against R. Hassell Companies and Royce Hassell and Silvia Hassell, and (iv) all claims by all parties for attorneys' fees) are hereby, DENIED.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

Signed this 7th day of December, 2017

_____
James Chrisman Phillips, Panel Chair

_____
Steve Yungblut, Arbitrator

_____
Ronald N. Ricketts, Arbitrator,
Concurring in part and dissenting in part

4

**AMERICAN ARBITRATION ASSOCIATION**
**Construction Industry Arbitration Tribunal**

| | | |
|---|---|---|
| JAMES C. HASSELL and HASSELL<br>CONSTRUCTIONS COMPANY, INC., | ) ) ) | |
| *Claimants,* | ) ) ) | |
| v. | ) ) ) | |
| R. HASSELL HOLDING CO., INC., R.<br>HASSELL & COMPANY, INC., R. HASSELL<br>BUILDERS, INC., G.R. GROUP RESOURCES<br>LLP, ROYCE J. HASSELL and SILVIA T.<br>HASSELL, | ) ) ) ) ) ) | No. 01-14-0000-3178 |
| *Respondents.* | ) | |

## CONCURRENCE IN PART, DISSENT IN PART TO ARBITRATION AWARD

I dissent from the Majority Award to the extent it exercises jurisdiction over Royce and Silvia Hassell individually. In my view $1,669,785.07 is the proper net balance due from HCCI to the R. Hassell Companies. The Panel does not have jurisdiction to order an offset of Royce Hassell's personal note to HCCI against the amount HCCI owes the R. Hassell Companies.

The "intertwined claims" doctrine does not apply in this case. The doctrine allows a nonsignatory to enforce an arbitration agreement against a signatory party if the claims are intertwined with, or arise out of and relate directly to the agreement contained the arbitration clause. The doctrine does not work in reverse. A signatory (HCCI) may not force nonsignatories (Royce and Silvia) to arbitration. Additionally, because the promissory note was made nearly two years before the Joint Venture Agreement, it does not arise out of, or relate to, the Joint Venture Agreement as required by the doctrine.

The Panel alone, and not the district court, has jurisdiction to determine whether any legal theory exists to force Royce and Silvia as nonsignatories to arbitration. The arbitration clause in the Joint Venture Agreement provides that disputes are to be governed by the AAA Rules. AAA Rule 9 provides the arbitrator decides jurisdiction. The incorporation of AAA Rules into an arbitration agreement is sufficient to require that arbitrability issues be decided by the Panel. The district court could only, and did only, decide who - the court or the Panel - should determine arbitrability. The district court properly referred the decision of jurisdiction over Royce and Silvia to the Panel.

The Majority misapplied the intertwined claims doctrine. In doing so, it acted in excess of its authority in exercising jurisdiction over Royce and Silvia, and in offsetting the note from the amount due to the R. Hassell Companies.

_12/07/2017_
Date

_____
Ronald N. Ricketts, Arbitrator

AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| James C. Hassell, Hassell Construction Company, Inc., and Hassell Management Services, LLC. | § § | |
| Claimant, | § § | |
| v. | § § | Case Number: 01-14-0000-3178 |
| R. Hassell Holding Co., Inc., R. Hassell & Company, Inc., R. Hassell Builders, Inc. and G. R. Group Resources LLP, Royce J. Hassell and Silvia T. Hassell | § § § § | |
| Respondent. | § | |

## ORDER GRANTING RESPONDENTS' MOTION TO MODIFY THE ARBITRATION AWARD AND GRANTING IN PART AND DENYING IN PART CLAIMANTS' REQUEST TO MODIFY AWARD

After consideration of the Respondents' Motion to Modify the Arbitration Award and the Claimants' Request to Modify Award and the responses filed, the Respondents' Motion is GRANTED, and the Claimants' Request is GRANTED IN PART AND DENIED IN PART, as follows:

1. It is ORDERED that the following language shall replace the second-to-last full paragraph found on page 4 of the Award:

    *"The Award is full settlement of all claims related to the Joint Venture Agreement and the business relationship between the parties. All claims not expressly granted herein, including, without limitation, (i) R. Hassell Companies claims for damages related to the Springwoods Project, (ii) HCCI's breach of contract claims against R. Hassell Companies and Royce Hassell and Silvia Hassell, and (iii) all claims by all parties for attorneys' fees are hereby DENIED."*

2. It is also ORDERED that the Award is corrected to indicate that all three Deeds of Trust executed by Royce Hassell and Silvia Hassell with James C. Hassell as beneficiary[1] are declared void.

---

[1] R-321, R-324, and R-330. R-330 was admitted as C-88.

3. Claimants' Request to Modify Award with respect to correcting the amount of interest due HCCI on the LOC is GRANTED, and the Award is corrected as follows:

    a. The second and final paragraph under the "Letter of Credit Balance" section, on page 2 of the Award, is corrected to read as follows:

> *"The audited financial statement of HCCI, dated June 30, 2012, exhibit R-24, reflected that the R. Hassell Companies, pursuant to the LOC, owed HCCI the sum of $1,691,259.21. The arbitration panel believes that the audited financial is the most reliable information to determine the LOC balance on June 30, 2012, the day before the effective date of the Joint Venture. HCCI is entitled to interest on this amount for 1,987 days at five percent simple interest. (1,987 x $231.68 = $460,348.16) Thus, on the LOC R. Hassell Companies owes HCCI a total $2,151,607.37."*

    b. Further, the paragraph under "Joint Venture Profits Offset by LOC Balance" on page three of the Award, is corrected to read as follows:

> *"When the Joint Venture Profits owed to the R. Hassell Companies are offset by the balance owed to HCCI under the LOC, HCCI owes the R. Hassell Companies the sum of $1,667,931.63. Pursuant to the R. Hassell Companies request for an accounting, the Joint Venture Profit is offset further by the $465,740.00 balance due on the promissory note executed by Royce Hassell, leaving a net balance due from HCCI to the R. Hassell Companies in the amount of $1,202,191.63."*

    c. And finally, the initial paragraph of the Award, being the second from last paragraph on page three of the Award, is corrected to read as follows:

> *R. Hassell Companies shall recover from HCCI, and HCCI shall pay to the R. Hassell Companies, the sum on $1,202,191.63.*

4. All relief requested in the above-referenced motions not hereinabove expressly granted is DENIED.

Signed this 22 day of January, 2018.

_James Chrisman Phillips_

James Chrisman Phillips, Panel Chair

_Steph K Yungblut_

Stephen K. Yungblut, Arbitrator

Ronald N. Ricketts, Arbitrator

# EXHIBIT
# 2

3/15/2018 6:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 23212797
By: TERESA KIRBY
Filed: 3/15/2018 6:29 PM

Pgs-34

8A

**Cause No. 2013-61995**

| | | |
|---|---|---|
| **R. HASSELL & CO., INC.,** | § | **IN THE DISTRICT COURT** |
| **R. HASSELL BUILDERS, INC.,** | § | |
| **R. HASSELL HOLDING CO., INC., and** | § | |
| **G.R. GROUP RESOURCES, LLP** | § | |
| *Plaintiffs,* | § | |
| | § | **OF HARRIS COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **HASSELL CONSTRUCTION CO., INC.,** | § | |
| **and HASSELL MANAGEMENT** | § | |
| **SERVICES, LLC** | § | |
| *Defendants.* | § | **61st    JUDICIAL DISTRICT** |

**FINAL JUDGMENT CONFIRMING ARBITRATION AWARD**

On this day came to be heard the Application to Confirm Arbitration Award (the

"Application") filed by Applicants R. Hassell Holding Co., Inc., R. Hassell & Company, Inc., R.

Hassell Builders, Inc., G.R. Group Resources LLP, Royce J. Hassell, and Silvia T. Hassell (the

"Applicants"). After considering the Application, any response, exhibits, arguments of counsel,

and any other evidence before it, the Court finds that the Arbitration Award, dated December 7,

2017, which is attached as "Exhibit A" as modified by the Order Granting Respondents' Motion

to Modify the Arbitration Award and Granting in Part and Denying in Part Claimants' Request to

Modify Award, dated January 22, 2017, which is attached as "Exhibit B", should be

**CONFIRMED** and that judgment should be entered in favor of Applicants R. Hassell Holding

Co., Inc., R. Hassell & Company, Inc., R. Hassell Builders, Inc., G.R. Group Resources LLP,

Royce J. Hassell, and Silvia T. Hassell.

It is, therefore, **ORDERED**, **ADJUDGED**, and **DECREED** that R. Hassell Holding Co.,

Inc., R. Hassell & Company, Inc., R. Hassell Builders, Inc., G.R. Group Resources LLP, Royce

J. Hassell, and Silvia T. Hassell have and recover from Defendants Hassell Construction

Company, Inc., ("HCCI"), and James C. Hassell, as follows:

1

1.      R. Hassell & Company, Inc. and  R. Hassell Builders, Inc. shall recover damages in the amount of one million one hundred sixty-seven thousand five hundred forty-nine dollars and ninety-five cents ($1,167,549.95) from HCCI;

2.      HCCI and James C. Hassell shall defend, indemnify, and hold harmless R. Hassell & Company, Inc., R. Hassell Builders, Inc., Royce Hassell, and Silvia Hassell from and against all claims made by Vista Bank against R. Hassell & Company, Inc., R. Hassell Builders, Inc., Royce Hassell, and Silvia Hassell pursuant to the letter of credit or the two deeds of trust executed by Royce Hassell and Silvia Hassell naming Vista Bank as a beneficiary;

3.      The deeds of trust executed by Royce Hassell and Silvia Hassell naming James C. Hassell as beneficiary (identified in and by "Exhibit C" attached hereto) are hereby declared released, void and of no further force or effect;

4.      The Court further finds that HCCI, James C. Hassell, and Hassell Management Services, L.L.C.'s challenge to the Arbitration Award was without merit and its refusal to abide by the Arbitration Award was without justification.   Accordingly, the Court awards Applicants their reasonable and necessary attorneys' fees associated with confirming the Arbitration Award and orders that Applicants recover from HCCI, James C. Hassell, and Hassell Management Services, L.L.C., jointly and severally, $_____ in addition to the amount awarded above;

5.      R. Hassell & Company, Inc. and R. Hassell Builders, Inc. shall recover post-award and post-judgment interest on the total amount of the award accruing at the rate of five percent per annum, compounded annually, from December 7, 2017 until this judgment is paid in full.   Applicants shall recover post judgment interest on the amount awarded in Paragraph 4 at

2

~~the rate of five percent per annum, compounded annually, from the date of this judgment until it~~

~~is paid in full;~~

6.     This is a final judgment disposing of all claims and parties at issue in the arbitration, as specified in the Arbitration Award (as modified); and

7.     Applicants shall have all writs of execution and other process necessary to enforce this judgment.

Signed:
3/26/2018

Honorable Judge Phillips

3

# EXHIBIT A



**AMERICAN ARBITRATION ASSOCIATION**
**Construction Industry Arbitration Tribunal**



JAMES C. HASSELL and HASSELL
CONSTRUCTION COMPANY, INC.
§
§
*Claimants,*
§
§
vs.                                                        No.    01-14-0000-3178
§
R. HASSELL HOLDING CO., INC.,§
R. HASSELL & COMPANY, INC.,                 §
R. HASSELL BUILDERS, INC.,                   §
G.R. GROUP RESOURCES LLP, ROYCE  §
J. HASSELL and SILVIA T. HASSELL,       §
§
*Respondents.*                                          §

## Arbitration Award

**WE, THE UNDERSIGNED ARBITRATORS,** having been designated in accordance with the Parties' agreement to arbitrate, effective the 1st day of July 2012, and the orders of the District Court of Harris County, Texas, 125th Judicial District, dated March 3, 2014 and November 17, 2014 after having been duly sworn, and after having heard the evidence presented, the arguments of counsel, and the written submissions, Find and Award as follows:

Jurisdiction Over the Individual Parties

Neither Silvia Hassell nor Royce J. Hassell are signatories to the 2012 Joint Venture ("Joint Venture") agreement, which contains a broad arbitration clause that provides for the arbitration of all disputes related to the Joint Venture. Hassell Construction Company, Inc. ("HCCI") advanced money to R. Hassell & Companies, R. Hassell Builders, Inc. (collectively the "R. Hassell Companies") by means of draws against a line of credit ("LOC") that HCCI had taken out with Vista Bank. Royce Hassell and Silvia Hassell executed Deeds of Trust to secure the debt. The arbitration panel has the task of determining the balance due under the LOC and the division of Joint Venture profits between HCCI and the R. Hassell Companies. In order to resolve all of the issues surrounding the LOC and the Joint Venture, it is necessary to examine the obligations of Royce and Silvia Hassell individually. The Joint Venture and Royce and Silvia's individual obligations are inextricably intertwined. In addition, Royce Hassell and Silvia Hassell requested the 125th Judicial District Court of Harris County, Texas to determine the issue of arbitrability, which it did. The Court ordered Royce and Silvia Hassell to arbitration and they are estopped from raising the issue of arbitrability of claims against them in their individual capacities. Therefore, although Arbitrator Ricketts dissents from this determination (see his separate dissent), a majority of the panel finds that it has jurisdiction over Royce and Silvia Hassell in their individual capacities. James C. Hassell consented to jurisdiction by filing the arbitration demand.

1

Background:

HCCI and the R. Hassell Companies did business with one another from December of 2008 until July 17, 2013. All of the parties agree that the business relationship was unorthodox. In some cases, written subcontracts governed the parties' dealings. However, most of the time, the parties' actions were governed by verbal agreements, or, as in the case of the 2012 Joint Venture Agreement, written documents that were incomplete and ambiguous. In the good times, this was a family business based on mutual trust. When the relationship soured, the lack of written agreements complicated the task of determining the parties' rights and liabilities concerning the LOC and Joint Venture Profits.

Letter of Credit Balance:

In 2008, when the business relationship between HCCI and R. Hassell Companies began, the structure of the relationship was that HCCI was paid a fee for allowing its excess bonding capacity to be used for obtaining bonds for work performed by the R. Hassell Companies. In March of 2011, the relationship changed. HCCI continued to lend its excess bonding capacity to the R. Hassell Companies but the transactions between the companies were recorded as draws against the LOC. All agree that this change complicated the relationship between the parties and left unsophisticated bookkeepers performing demanding accounting tasks. On July 1, 2012, the relationship of the parties changed again. Effective July 1, 2012, HCCI and the R. Hassell Companies entered into the Joint Venture. Rather than paying the R. Hassell Companies from payments received from the Joint Venture Projects, R. Hassell payments were recorded as advances and payments on the LOC.

The audited financial statement of HCCI, dated June 30, 2012, exhibit R-24, reflected that the R. Hassell Companies, pursuant to the LOC, owed HCCI the sum of $1,691,259.21. The arbitration panel believes that the audited financial statement is the most reliable information to determine the LOC balance on June 30, 2012, the day before the effective date of the Joint Venture. HCCI is entitled to interest on this amount for 1,979 days at five percent simple interest. (1,979 x $231.68 = $458,494.72) Thus, on the LOC R. Hassell Companies owes HCCI a total $2,149,753.93.

Division of Joint Venture Profits:

There is a dispute between the parties as to the number of projects that should be considered Joint Venture Projects. The Joint Venture Agreement provided for the parties to submit a list of joint venture projects. A list was never prepared. The parties conducted themselves as a joint venture in spite of the fact that a list was never agreed to. If it was not important for the parties, at the time, to identify which projects were to be considered joint venture projects, it is logical to conclude that they intended all ongoing projects to be part of the Joint Venture. Claimants argue that Royce Hassell only listed 26 projects on Schedule G-1of schedules filed in the bankruptcy court. The bankruptcy filing only applied to executory contracts and is not evidence of the totality of projects subject to the joint venture. The arbitrators conclude that there are 31 projects in the Joint Venture.

2

Pursuant to the Joint Venture Agreement, HCCI was to receive 75% of the profits and Hassell Companies were to receive 25% of the profits. Losses were to be allocated in the same manner. Of the 31 projects, all but one, Transtar, was profitable. R. Hassell Companies argued that the Transtar losses were the fault of HCCI. However, the Joint Venture Agreement provides that losses are split according to a 75% percent 25% formula and they will not be reallocated between the parties based on fault. Therefore, R. Hassell Companies was responsible for only 25% of the loss on the Transtar project.

R. Hassell Companies was not paid or credited with all of its portion of the profits pursuant to the Joint Venture Agreement. Based on the job cost reports for the 31 projects, R. Hassell Companies is owed the sum of $4,819,539.00. Accurate equipment records were not kept on the Joint Venture Projects. The evidence established that most of the equipment used was owned by HCCI. Based on the equitable powers of the arbitration panel, the profit owed to the R. Hassell companies is reduced by $1,000,000.00 to compensate HCCI for the equipment disparity leaving a balance of $3,819,539.00 due and owing to the R. Hassell Companies. When the relationship between the parties fell apart, rather than filing a straight forward request for an accounting, the R. Hassell Companies set out on a journey through a multiple state court proceedings and an involuntary bankruptcy proceeding, part of which were dismissed by the Court and the remainder dismissed after the Judge threatened sanctions. Accordingly, the panel declines to award prejudgment interest on the profits due R. Hassell Companies under the Joint Venture.

Joint Venture Profits Offset by LOC Balance:

When the Joint Venture Profits owed to the R. Hassell Companies are offset by the balance owed to HCCI under the LOC, HCCI owes the R. Hassell Companies the sum of $1,669,785.07. Pursuant to the R. Hassell Companies request for an accounting, the Joint Venture Profit is offset further by the $465,740.00 balance due on the promissory note executed by Royce Hassell, leaving a net balance due from HCCI to the R. Hassell Companies in the amount of $1,204,045.07.

### Award

In light of the foregoing, the panel awards as follows:

R Hassell Companies shall recover from HCCI, and HCCI shall pay to the R. Hassell Companies, the sum of $1,204,045.07.

The amounts due HCCI from R. Hassell Companies and Royce Hassell and Silvia Hassell under the LOC having been offset by amounts HCCI owes R. Hassell Companies, HCCI and James C. Hassell are and shall remain responsible for all sums due on the LOC with the Vista Bank. HCCI and James C. Hassell shall defend, indemnify, and hold harmless R. Hassell Companies, Royce Hassell and Silvia Hassell for all claims made by Vista Bank against R. Hassell Companies, Royce Hassell and Silvia Hassell pursuant to the LOC or the two Deeds of Trust where Vista Bank is the beneficiary. The two Deeds of Trust executed by Royce Hassell and Silvia Hassell to secure the LOC, where James C. Hassell is the beneficiary, are declared void and of no further force and effect, and are ordered to be released.

The administrative fees and expenses of the American Arbitration Association totaling $34,750.00 are to be borne by the party incurring the same. The arbitrator fees and expenses totaling $201,356.31 are to be evenly divided between the parties. Therefore, in addition to the other sums awarded herein, Respondents shall reimburse Claimants the sum of $34,641.68 representing that portion of fees, compensation, and expenses in excess of the apportioned costs previously incurred by Claimants.

The above sums are to be paid on or before 30 days from the date of this Award. If the Award is not paid within 30 days, it shall draw post-judgment interest from the date of this award until paid at the rate of 5% per annum.

The Award is in full settlement of all claims related to the Joint Venture Agreement and the business relationship between the parties. All claims not expressly granted herein, including, without limitation, (i) R. Hassell Companies claims for damages related to the Springwoods Project, (ii) Respondents' derivative claims against HCCI, James C. Hassell, Phillip J. Hassell, Shawn Hassell Potts, and Michael Hassell for fraud, conspiracy to defraud, fraud by non-disclosure, promissory estoppel, tortious interference, constructive discharge of Royce Hassell, libel, slander, business disparagement, fraud in the inducement, assumpsit, quantum meruit, unjust enrichment, and punitive damages, (iii) HCCI's breach of contract claims against R. Hassell Companies and Royce Hassell and Silvia Hassell, and (iv) all claims by all parties for attorneys' fees) are hereby, DENIED.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

Signed this 7th day of December, 2017

James Chrisman Phillips, Panel Chair

Steve Yungblut, Arbitrator

Ronald N. Ricketts, Arbitrator,
Concurring in part and dissenting in part

4

**AMERICAN ARBITRATION ASSOCIATION**
**Construction Industry Arbitration Tribunal**

JAMES C. HASSELL and HASSELL )
CONSTRUCTIONS COMPANY, INC., )
)
*Claimants*, )
)
v. )
)
R. HASSELL HOLDING CO., INC., R. )   No. 01-14-0000-3178
HASSELL & COMPANY, INC., R. HASSELL )
BUILDERS, INC., G.R. GROUP RESOURCES )
LLP, ROYCE J. HASSELL and SILVIA T. )
HASSELL, )
)
*Respondents*. )

## CONCURRENCE IN PART, DISSENT IN PART TO ARBITRATION AWARD

I dissent from the Majority Award to the extent it exercises jurisdiction over Royce and Silvia Hassell individually. In my view $1,669,785.07 is the proper net balance due from HCCI to the R. Hassell Companies. The Panel does not have jurisdiction to order an offset of Royce Hassell's personal note to HCCI against the amount HCCI owes the R. Hassell Companies.

The "intertwined claims" doctrine does not apply in this case. The doctrine allows a nonsignatory to enforce an arbitration agreement against a signatory party if the claims are intertwined with, or arise out of and relate directly to the agreement contained the arbitration clause. The doctrine does not work in reverse. A signatory (HCCI) may not force nonsignatories (Royce and Silvia) to arbitration. Additionally, because the promissory note was made nearly two years before the Joint Venture Agreement, it does not arise out of, or relate to, the Joint Venture Agreement as required by the doctrine.

The Panel alone, and not the district court, has jurisdiction to determine whether any legal theory exists to force Royce and Silvia as nonsignatories to arbitration. The arbitration clause in the Joint Venture Agreement provides that disputes are to be governed by the AAA Rules. AAA Rule 9 provides the arbitrator decides jurisdiction. The incorporation of AAA Rules into an arbitration agreement is sufficient to require that arbitrability issues be decided by the Panel. The district court could only, and did only, decide who - the court or the Panel - should determine arbitrability. The district court properly referred the decision of jurisdiction over Royce and Silvia to the Panel.

The Majority misapplied the intertwined claims doctrine. In doing so, it acted in excess of its authority in exercising jurisdiction over Royce and Silvia, and in offsetting the note from the amount due to the R. Hassell Companies.

12/07/2017
Date

_____
Ronald N. Ricketts, Arbitrator



# EXHIBIT B

AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| James C. Hassell, Hassell Construction Company, Inc., and Hassell Management Services, LLC. | § § | |
| Claimant, | § § | |
| v. | § § | Case Number: 01-14-0000-3178 |
| R. Hassell Holding Co., Inc., R. Hassell & Company, Inc., R. Hassell Builders, Inc. and G. R. Group Resources LLP, Royce J. Hassell and Silvia T. Hassell | § § § § | |
| Respondent. | § | |

## ORDER GRANTING RESPONDENTS' MOTION TO MODIFY THE ARBITRATION AWARD AND GRANTING IN PART AND DENYING IN PART CLAIMANTS' REQUEST TO MODIFY AWARD

After consideration of the Respondents' Motion to Modify the Arbitration Award and the Claimants' Request to Modify Award and the responses filed, the Respondents' Motion is GRANTED, and the Claimants' Request is GRANTED IN PART AND DENIED IN PART, as follows:

1. It is ORDERED that the following language shall replace the second-to-last full paragraph found on page 4 of the Award:

    *"The Award is full settlement of all claims related to the Joint Venture Agreement and the business relationship between the parties. All claims not expressly granted herein, including, without limitation, (i) R. Hassell Companies claims for damages related to the Springwoods Project, (ii) HCCI's breach of contract claims against R. Hassell Companies and Royce Hassell and Silvia Hassell, and (iii) all claims by all parties for attorneys' fees are hereby DENIED."*

2. It is also ORDERED that the Award is corrected to indicate that all three Deeds of Trust executed by Royce Hassell and Silvia Hassell with James C. Hassell as beneficiary[1] are declared void.

---

[1] R-321, R-324, and R-330. R-330 was admitted as C-88.

3. Claimants' Request to Modify Award with respect to correcting the amount of interest due HCCI on the LOC is GRANTED, and the Award is corrected as follows:

    a. The second and final paragraph under the "Letter of Credit Balance" section, on page 2 of the Award, is corrected to read as follows:

> *"The audited financial statement of HCCI, dated June 30, 2012, exhibit R-24, reflected that the R. Hassell Companies, pursuant to the LOC, owed HCCI the sum of $1,691,259.21. The arbitration panel believes that the audited financial is the most reliable information to determine the LOC balance on June 30, 2012, the day before the effective date of the Joint Venture. HCCI is entitled to interest on this amount for 1,987 days at five percent simple interest. (1,987 x $231.68 ≈ $460,348.16) Thus, on the LOC R. Hassell Companies owes HCCI a total $2,151,607.37."*

    b. Further, the paragraph under "Joint Venture Profits Offset by LOC Balance" on page three of the Award, is corrected to read as follows:

> *"When the Joint Venture Profits owed to the R. Hassell Companies are offset by the balance owed to HCCI under the LOC, HCCI owes the R. Hassell Companies the sum of $1,667,931.63. Pursuant to the R. Hassell Companies request for an accounting, the Joint Venture Profit is offset further by the $465,740.00 balance due on the promissory note executed by Royce Hassell, leaving a net balance due from HCCI to the R. Hassell Companies in the amount of $1,202,191.63."*

    c. And finally, the initial paragraph of the Award, being the second from last paragraph on page three of the Award, is corrected to read as follows:

> *R. Hassell Companies shall recover from HCCI, and HCCI shall pay to the R. Hassell Companies, the sum on $1,202,191.63.*

4. All relief requested in the above-referenced motions not hereinabove expressly granted is DENIED.

Signed this 12 day of January, 2018.

_James Chrisman Phillips_
James Chrisman Phillips, Panel Chair

_Stephen K. Yungblut_
Stephen K. Yungblut, Arbitrator

Ronald N. Ricketts, Arbitrator

Unofficial Copy Office of Chris Daniel District Clerk

# EXHIBIT C

Unofficial Copy Office of Chris Daniel District Clerk

# EXHIBIT "F"

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER

## DEED OF TRUST

**DATE:**   June 13, 2011

**GRANTOR:**   Royce J. Hassell and Silvia T. Hassell

**GRANTOR'S MAILING ADDRESS (INCLUDING COUNTY):**

P. O. Box 20487, Houston, Harris County, Texas 77225-0487

**TRUSTEE:**   Shaw Potts, Trustee

**TRUSTEE'S MAILING ADDRESS (INCLUDING COUNTY):**

25034 Huffsmith Cemetery Road, Tomball, Texas 77375

**BENEFICIARY:**   James C. Hassell

**BENEFICIARY'S MAILING ADDRESS (INCLUDING COUNTY):**

12211 Duncan Road, Houston, Harris County, Texas 77056

**INSTRUMENT SECURED:**

James C. Hassell's obligation as a guarantor to pay any principal, interest or other amount based upon any funds received by R. Hassell under that certain Line of Credit between Jim Hassell, as Borrower, and Vista Bank, as Lender (and any amendments, extensions, renewals, substitutions, modifications, and supplements) in an amount never to exceed the principal amount of $2,500,000 plus any accrued interest thereon (the "Obligation").

**PROPERTY (INCLUDING ANY IMPROVEMENTS):**

This is a deed of trust lien against that certain real property more particularly described as 5302 Maple Street, Bellaire, Harris County, Texas and more particularly described as Lot Twenty-three (23), of BRAEBURN COUNTRY CLUB ESTATES, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 22, Page 72 of the Official Real Property Records of Harris County, Texas. (the "Property").

1 | P a g e



This deed of trust lien is subordinate to that certain Deed of Trust, dated June 6, 2007, between Royce J. Hassell and Silvia T. Hassell, as Grantor, James W. Goolsby, Jr., as Trustee, and Sterling Bank, as Beneficiary, recorded at File No. 2007-0423777 of the Official Real Property Records of Harris County, Texas as modified.

## OTHER EXCEPTIONS TO CONVEYANCE AND WARRANTY:

Subject to any and all valid and subsisting restrictions, easements, rights of way, mineral and royalty reservations, maintenance charges, zoning laws, ordinances of municipal and/or other governmental authorities, conditions and covenants, if any, applicable to and enforceable against the Property and property of record respectively in the office of the County Clerk of the county in which the Property is located in whole or in part.

For value received and to secure payment of the Note, Grantor conveys all right, title and interest in, to and under the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and there is no Event of Default under this Deed of Trust, this Deed of Trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

## GRANTOR'S OBLIGATIONS AND EVENTS OF DEFAULT:

Grantor agrees to:

1.    keep the property in good repair and condition;

2.    pay all taxes and assessments on the property when due;

3.    preserve the respective Lien's priority as it is established in this Deed of Trust; and

4.    maintain the current insurance on the real property for the full replacement value of all improvements with Grantor as beneficiaries; and

The failure of Grantor to comply with any of the foregoing four (4) obligations after thirty (30) days written notice to comply shall constitute an Event of Default.

If (a) Beneficiary has paid any amount under the Obligation and (b) Grantor does not reimburse Beneficiary all such amounts paid by Beneficiary in full after sixty (60) days written notice, then, upon the condition that all of these two events have occurred, there is an Event of Default.

## BENEFICIARY'S RIGHTS:

1.     Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.

2.     If there is an Event of Default, Beneficiary may:

    a.     request Trustee to foreclose this Lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and

    b.     purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited to the Note.

**TRUSTEE'S DUTIES:**

If requested by Beneficiary to foreclose this Lien, Trustee shall:

1.     either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

2.     sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

3.     from the proceeds of the sale, pay, in this order:

    a.     expenses of foreclosure, including a commission to Trustee of 5% of the bid;
    b.     to Beneficiary, the full amount paid by Beneficiary under the Obligation;
    c.     any amounts required by law to be paid before payment to Grantor; and
    d.     to Grantor, any balance.

**GENERAL PROVISIONS:**

1.     If any of the Property is sold under this Deed of Trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.     Recitals in any Trustee's deed conveying the property will be presumed to be true.

3.     Proceeding under this Deed of Trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.     This lien shall remain superior to liens later created even if the time of payment of all or part of the Note is extended or part of the property is released.

5.      If there is a casualty loss which can be restored to the pre-loss condition of the Property with the proceeds from the insurance, then Grantor shall so restore the Property to the its pre-loss condition. If there is any other casualty loss or a whole or partial condemnation of the Property, then Grantor shall receive the proceeds from the insurance or the condemning authority and deposit those proceeds in a certificate of deposit with a market interest rate. Grantor grants a security interest to Beneficiary in the right to receive those proceeds, in the proceeds, and in the certificate of deposit. Grantor agrees to sign any documents necessary to perfect this security interest and agreement. Grantor also grants a limited power of attorney to Beneficiary to sign any document necessary to perfect this security interest and agreement. The rights in this paragraph are subordinate to any respective prior deed of trust lien or vendor's lien.

6.      When context requires, singular nouns and pronouns include the plural.

7.      This Deed of Trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

8.      If Grantor and Maker are not the same person, the "Grantor" shall include Maker.

9.      As evidence of the discharge of Grantor's responsibility to pay all taxes and assessments and to keep said premises insured, Grantor shall deliver to any holder of the indebtedness the official receipts for said taxes and assessments before the same shall become delinquent and shall deliver to any holder of the indebtedness receipts showing said insurance premiums as having been paid in advance for each succeeding year for any and all parcels of secured property named herein.

10.      Beneficiary may remedy any Event of Default without waiving it and may waive any Event of Default without waiving any prior or subsequent Even of Default.

ROYCE J. HASSELL                              SILVIA T. HASSELL

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

This instrument was acknowledged before me on this _18th_ day of _July_ , 2011, by Royce J. Hassell.

CYNTHIA L. GROOMS
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
06-18-2012

Notary Public -- State of Texas

Unofficial Copy Office of Daniel Distict Clerk

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

    This instrument was acknowledged before me on this _j 8 ʳʰ_ day of _July_, 2011, by
Silvia T. Hassell.

                                    _____
                                    Notary Public -- State of Texas

AFTER RECORDING PLEASE RETURN TO:

Shawn Potts
25034 Huffsmith Cemetery Road
Tomball, Texas 77375

CYNTHIA L. GROOMS
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
09-16-2012

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW
THE STATE OF TEXAS
COUNTY OF HARRIS
    I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time
stamped hereon by me, and was duly RECORDED, in the Official Public Records of Real Property of Harris
County, Texas

JUL 19 2011

                _____
                COUNTY CLERK
                HARRIS COUNTY, TEXAS

FILED
2011 JUL 19 PM 2: 59
COUNTY CLERK
HARRIS COUNTY, TEXAS

NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER

## DEED OF TRUST

**DATE**:      June 13, 2011

**GRANTOR**:   Royce J. Hassell and Silvia T. Hassell

**GRANTOR'S MAILING ADDRESS (INCLUDING COUNTY)**:

P. O. Box 20487, Houston, Harris County, Texas 77225-0487

**TRUSTEE**:   Shaw Potts, Trustee

**TRUSTEE'S MAILING ADDRESS (INCLUDING COUNTY)**:

25034 Huffsmith Cemetery Road, Tomball, Texas 77375

**BENEFICIARY**:      James C. Hassell

**BENEFICIARY'S MAILING ADDRESS (INCLUDING COUNTY)**:

12211 Duncan Road, Houston, Harris County, Texas 77056

**INSTRUMENT SECURED**:

James  C. Hassell's obligation as a guarantor to pay any principal, interest or other amount based upon any funds received by R. Hassell under that certain Line of Credit between Jim Hassell , as Borrower, and Vista Bank, as Lender (and any amendments, extensions, renewals, substitutions, modifications, and supplements) in an amount never to exceed the principal amount of $2,500,000 plus any accrued interest thereon (the "Obligation").

**PROPERTY (INCLUDING ANY IMPROVEMENTS)**:

This is a deed of trust lien against that real property more particularly described in that certain "General Warranty Deed with Vendor's Lien," dated May 20, 2002 between Mike Mitchell and spouse, Debbie Mitchell, as Grantors, and Royce J. Hassell and spouse, Silvia T. Hassell, as Grantees, as recorded at Film Code 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 of the Official Real Property Records of Montgomery County, Texas (the "Property").



**HCCI Ex. 86**

HCCI Ex. 86

**RHHC Parties Ex. 324**

This lien is subordinate to that certain Deed of Trust, dated January 30, 2003, between Royce J. Hassell and Silvia T. Hassell, as Barrower, PRLAP, Inc., as Trustee and Bank of America, NA, as Beneficiary, recorded at Film Code 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 of the Official Real Property Records of Montgomery County, Texas.

OTHER EXCEPTIONS TO CONVEYANCE AND WARRANTY:

Subject to any and all valid and subsisting restrictions, easements, rights of way, mineral and royalty reservations, maintenance charges, zoning laws, ordinances of municipal and/or other governmental authorities, conditions and covenants, if any, applicable to and enforceable against the Property and property of record respectively in the office of the County Clerk of the county in which the Property is located in whole or in part.

For value received and to secure payment of the Note, Grantor conveys all right, title and interest in, to and under the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and there is no Event of Default under this Deed of Trust, this Deed of Trust shall have no further effect and Beneficiary shall release it at Grantor's expense.

GRANTOR'S OBLIGATIONS AND EVENTS OF DEFAULT:

Grantor agrees to:

1.     keep the property in good repair and condition;

2.     pay all taxes and assessments on the property when due;

3.     preserve the respective Lien's priority as it is established in this Deed of Trust; and

4.     maintain the current insurance on the real property for the full replacement value of all improvements with Grantor as beneficiaries; and

The failure of Grantor to comply with any of the foregoing four (4) obligations after thirty (30) days written notice to comply shall constitute an Event of Default.

If (a) Beneficiary has paid any amount under the Obligation and (b) Grantor does not reimburse Beneficiary all such amounts paid by Beneficiary in full after sixty (60) days written notice, then, upon the condition that all of these two events have occurred, there is an Event of Default.

BENEFICIARY'S RIGHTS:

1.     Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.

2.      If there is an Event of Default, Beneficiary may:

      a.      request Trustee to foreclose this Lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and

      b.      purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited to the Note.

**TRUSTEE'S DUTIES:**

If requested by Beneficiary to foreclose this Lien, Trustee shall:

1.      either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

2.      sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

3.      from the proceeds of the sale, pay in this order:

      a.      expenses of foreclosure, including a commission to Trustee of 5% of the bid;
      b.      to Beneficiary, the full amount paid by Beneficiary under the Obligation;
      c.      any amounts required by law to be paid before payment to Grantor; and
      d.      to Grantor, any balance.

**GENERAL PROVISIONS:**

1.      If any of the Property is sold under this Deed of Trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.      Recitals in any Trustee's deed conveying the property will be presumed to be true.

3.      Proceeding under this Deed of Trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.      This lien shall remain superior to liens later created even if the time of payment of all or part of the Note is extended or part of the property is released.

5.      If there is a casualty loss which can be restored to the pre-loss condition of the Property with the proceeds from the insurance, then Grantor shall so restore the Property to the its

Unofficial Copy Office of Clerk Chris Daniel District Clerk

pre-loss condition. If there is any other casualty loss or a whole or partial condemnation of the Property, then Grantor shall receive the proceeds from the insurance or the condemning authority and deposit those proceeds in a certificate of deposit with a market interest rate. Grantor grants a security interest to Beneficiary in the right to receive those proceeds, in the proceeds, and in the certificate of deposit. Grantor agrees to sign any documents necessary to perfect this security interest and agreement. Grantor also grants a limited power of attorney to Beneficiary to sign any document necessary to perfect this security interest and agreement. The rights in this paragraph are subordinate to any respective prior deed of trust lien or vendor's lien.

6.      When context requires, singular nouns and pronouns include the plural.

7.      This Deed of Trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

8.      If Grantor and Maker are not the same person, the "Grantor" shall include Maker.

9.      As evidence of the discharge of Grantor's responsibility to pay all taxes and assessments and to keep said premises insured, Grantor shall deliver to any holder of the indebtedness the official receipts for said taxes and assessments before the same shall become delinquent and shall deliver to any holder of the indebtedness receipts showing said insurance premiums as having been paid in advance for each succeeding year for any and all parcels of secured property named herein.

10.      Beneficiary may remedy any Event of Default without waiving it and may waive any Event of Default without waiving any prior or subsequent Even of Default.


_____              _____
ROYCE J. HASSELL                                    SILVIA T. HASSELL


STATE OF TEXAS            §
                                       §
COUNTY OF HARRIS       §

This instrument was acknowledged before me on this 18 th day of July, 2011, by Royce J. Hassell.


CYNTHIA L. GROOMS
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
08-15-2012

_____
Notary Public -- State of Texas

STATE OF TEXAS        §
                      §
COUNTY OF HARRIS      §

This instrument was acknowledged before me on this _18_ᵗʰ_ day of _July_, 2011, by Silvia T. Hassell.

_____
Notary Public -- State of Texas

AFTER RECORDING PLEASE RETURN TO:

Shawn Potts
25034 Huffsmith Cemetery Road
Tomball, Texas 77375

CYNTHIA L. GROOMS
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
08-18-2012

Unofficial Copy Office of Chris Daniel District Clerk

Doc# 2011062057

**FILED FOR RECORD**
07/18/2011   3:27PM

*Mark Turnbull*

COUNTY CLERK
MONTGOMERY COUNTY, TEXAS

STATE OF TEXAS
COUNTY OF MONTGOMERY
I hereby certify this instrument was filed in file number
sequence on the date and at the time stamped herein
by me and was duly RECORDED in the Official Public
Records of Montgomery County, Texas.

07/18/2011

*Mark Turnbull*

County Clerk
Montgomery County, Texas

Unofficial Copy Official of Chris Daniel District Clerk

20120229236
05/24/2012  RP2  $32.00

**NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER**

## DEED OF TRUST

**DATE**:        May 1, 2012

**GRANTOR**:   Royce J. Hassell and Silvia T. Hassell

**GRANTOR'S MAILING ADDRESS (INCLUDING COUNTY):**

P. O. Box 20487, Houston, Harris County, Texas 77225-0487

**TRUSTEE**:   Shaw Potts, Trustee

**TRUSTEE'S MAILING ADDRESS (INCLUDING COUNTY):**

25034 Huffsmith Cemetery Road, Tomball, Texas 77375

**BENEFICIARY**:     James C. Hassell

**BENEFICIARY'S MAILING ADDRESS (INCLUDING COUNTY):**

12211 Duncan Road, Houston, Harris County, Texas 77056

**INSTRUMENT SECURED:**

James  C. Hassell's obligation as a guarantor to pay any principal, interest or other amount based upon any funds received by R. Hassell & Co., Inc. (or its affiliated companies) under that certain Line of Credit between Hassell Construction Company., Inc., as Borrower, and Vista Bank, as Lender (and any amendments, extensions, renewals, substitutions, modifications, and supplements) in an amount never to exceed the principal amount of R. Hassell's current obligation on the Line of Credit plus any accrued interest thereon (the "Obligation").

**PROPERTY (INCLUDING ANY IMPROVEMENTS):**

This is a deed of trust lien against that certain real property located 6417 Buffalo Speedway, Houston, Harris County, Texas and more particularly described as the North Fifty Feet (N. 50') of Block Nine (9), in Block Twelve (12), of WEST UNIVERSITY PLACE, an addition in Harris County, Texas, according to the map or plat thereof, recorded in Volume 444, Page 563 of the Official Real Property Records of Harris County, Texas. (the "Property").

Exhibit
C-88

1 | Page

HCCI Ex. 96

This deed of trust lien is subordinate to that certain Deed of Trust, dated July 6, 2007, between Royce J. Hassell and Silvia T. Hassell, as Grantor, James W. Goolsby, Jr., as Trustee, and Sterling Bank, as Beneficiary, recorded at File Code 2007-0423777.

**OTHER EXCEPTIONS TO CONVEYANCE AND WARRANTY**:

Subject to any and all valid and subsisting restrictions, easements, rights of way, mineral and royalty reservations, maintenance charges, zoning laws, ordinances of municipal and/or other governmental authorities, conditions and covenants, if any, applicable to and enforceable against the Property and property of record respectively in the office of the County Clerk of the county in which the Property is located in whole or in part.

For value received and to secure payment of the Note, Grantor conveys all right, title and interest in, to and under the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and there is no Event of Default under this Deed of Trust, this Deed of Trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**GRANTOR'S OBLIGATIONS AND EVENTS OF DEFAULT**:

Grantor agrees to:

1.    keep the property in good repair and condition;

2.    pay all taxes and assessments on the property when due;

3.    preserve the respective Lien's priority as it is established in this Deed of Trust; and

4.    maintain the current insurance on the real property for the full replacement value of all improvements with Grantor as beneficiaries; and

The failure of Grantor to comply with any of the foregoing four (4) obligations after thirty (30) days written notice to comply shall constitute an Event of Default.

If (a) Beneficiary has paid any amount under the Obligation, and (c) Grantor does not reimburse Beneficiary all such amounts paid by Beneficiary in full after sixty (60) days written notice, then, upon the condition that all of these two events have occurred, there is an Event of Default.

**BENEFICIARY'S RIGHTS**:

1.      Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.

2.      If there is an Event of Default, Beneficiary may:

    a.      request Trustee to foreclose this Lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and

    b.      purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited to the Note.

**TRUSTEE'S DUTIES**:

If requested by Beneficiary to foreclose this Lien, Trustee shall:

1.      either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

2.      sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

3.      from the proceeds of the sale, pay, in this order:

    a.      expenses of foreclosure, including a commission to Trustee of 5% of the bid;
    b.      to Beneficiary, the full amount paid by Beneficiary under the Obligation;
    c.      any amounts required by law to be paid before payment to Grantor; and
    d.      to Grantor, any balance.

**GENERAL PROVISIONS**:

1.      If any of the Property is sold under this Deed of Trust, Grantor shall immediately surrender possession to the purchaser.  If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.      Recitals in any Trustee's deed conveying the property will be presumed to be true.

3.      Proceeding under this Deed of Trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.      This lien shall remain superior to liens later created even if the time of payment of all or part of the Note is extended or part of the property is released.

5.      If there is a casualty loss which can be restored to the pre-loss condition of the Property with the proceeds from the insurance, then Grantor shall so restore the Property to the its pre-loss condition. If there is any other casualty loss or a whole or partial condemnation of the Property, then Grantor shall receive the proceeds from the insurance or the condemning authority and deposit those proceeds in a certificate of deposit with a market interest rate.  Grantor grants a security interest to Beneficiary in the right to receive those proceeds, in the proceeds, and in the certificate of deposit.  Grantor agrees to sign any documents necessary to perfect this security interest and agreement. Grantor also grants a limited power of attorney to Beneficiary to sign any document necessary to perfect this security interest and agreement.  The rights in this paragraph are subordinate to any respective prior deed of trust lien or vendor's lien.

6.   When context requires, singular nouns and pronouns include the plural.

7.      This Deed of Trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

8.      If Grantor and Maker are not the same person, the "Grantor" shall include Maker.

9.      As evidence of the discharge of Grantor's responsibility to pay all taxes and assessments and to keep said premises insured, Grantor shall deliver to any holder of the indebtedness the official receipts for said taxes and assessments before the same shall become delinquent and shall deliver to any holder of the indebtedness receipts showing said insurance premiums as having been paid in advance for each succeeding year for any and all parcels of secured property named herein.

10.     Beneficiary may remedy any Event of Default without waiving it and may waive any Event of Default without waiving any prior or subsequent Even of Default.

ROYCE J. HASSELL

SILVIA T. HASSELL

STATE OF TEXAS            §
                         §
COUNTY OF HARRIS          §

This instrument was acknowledged before me on this 23rd day of May, 2012, by Royce J. Hassell.

ISABEL REPKA
NOTARY PUBLIC
STATE OF TEXAS
COMM. EXPIRES 04-21-2014

_Isabel Repka_
Notary Public -- State of Texas

STATE OF TEXAS            §
                         §
COUNTY OF HARRIS          §

This instrument was acknowledged before me on this 23rd day of May, 2012, by Silvia T. Hassell.

ISABEL REPKA
NOTARY PUBLIC
STATE OF TEXAS
COMM. EXPIRES 04-21-2014

_Isabel Repka_
Notary Public -- State of Texas

**AFTER RECORDING PLEASE RETURN TO:**

Shawn Potts
25034 Huffsmith Cemetery Road
Tomball, Texas 77375

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me, and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas

MAY 24 2012

_Stan Stanart_
COUNTY CLERK
HARRIS COUNTY, TEXAS

2012 MAY 24 PM 2: 37
COUNTY CLERK
HARRIS COUNTY, TEXAS
FILED

Unofficial Copy Office of Chris Daniel District Clerk

20120229237
05/24/2012  RP2  $32.00

**NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER**

## DEED OF TRUST

**DATE**:        May 1, 2012

**GRANTOR**:    Royce J. Hassell and Silvia T. Hassell

**GRANTOR'S MAILING ADDRESS (INCLUDING COUNTY)**:

P. O. Box 20487, Houston, Harris County, Texas 77225-0487

**TRUSTEE**:    Shaw Potts, Trustee

**TRUSTEE'S MAILING ADDRESS (INCLUDING COUNTY)**:

25034 Huffsmith Cemetery Road, Tomball, Texas 77375

**BENEFICIARY**:     James C. Hassell

**BENEFICIARY'S MAILING ADDRESS (INCLUDING COUNTY)**:

12211 Duncan Road, Houston, Harris County, Texas 77056

**INSTRUMENT SECURED:**

James  C. Hassell's obligation as a guarantor to pay any principal, interest or other amount based upon any funds received by R. Hassell & Co., Inc. (or its affiliated companies) under that certain Line of Credit between Hassell Construction Company., Inc., as Borrower, and Vista Bank, as Lender (and any amendments, extensions, renewals, substitutions, modifications, and supplements) in an amount never to exceed the principal amount of R. Hassell's current obligation on the Line of Credit plus any accrued interest thereon (the "Obligation").

**PROPERTY (INCLUDING ANY IMPROVEMENTS):**

This is a deed of trust lien against that certain real property located respectively at 6421 Buffalo Speedway, Houston, Harris County, Texas and more particularly described as the South Fifty Feet (S. 50') of Lots Nine (9), in Block Twelve (12), of WEST UNIVERSITY PLACE, an addition in Harris County, Texas, according to the map or plat thereof, recorded in Volume 444, Page 563 of the Official Real Property Records of Harris County, Texas. (the "Property").

**BENEFICIARY'S RIGHTS**:

      1.      Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.

      2.      If there is an Event of Default, Beneficiary may:

           a.      request Trustee to foreclose this Lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and

           b.      purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited to the Note.

**TRUSTEE'S DUTIES**:

      If requested by Beneficiary to foreclose this Lien, Trustee shall:

      1.      either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

      2.      sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

      3.      from the proceeds of the sale, pay, in this order:

           a.      expenses of foreclosure, including a commission to Trustee of 5% of the bid;

           b.      to Beneficiary, the full amount paid by Beneficiary under the Obligation;

           c.      any amounts required by law to be paid before payment to Grantor; and

           d.      to Grantor, any balance.

**GENERAL PROVISIONS**:

      1.      If any of the Property is sold under this Deed of Trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

      2.      Recitals in any Trustee's deed conveying the property will be presumed to be true.

      3.      Proceeding under this Deed of Trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.      This lien shall remain superior to liens later created even if the time of payment of all or part of the Note is extended or part of the property is released.

5.      If there is a casualty loss which can be restored to the pre-loss condition of the Property with the proceeds from the insurance, then Grantor shall so restore the Property to the its pre-loss condition. If there is any other casualty loss or a whole or partial condemnation of the Property, then Grantor shall receive the proceeds from the insurance or the condemning authority and deposit those proceeds in a certificate of deposit with a market interest rate.  Grantor grants a security interest to Beneficiary in the right to receive those proceeds, in the proceeds, and in the certificate of deposit.  Grantor agrees to sign any documents necessary to perfect this security interest and agreement. Grantor also grants a limited power of attorney to Beneficiary to sign any document necessary to perfect this security interest and agreement.  The rights in this paragraph are subordinate to any respective prior deed of trust lien or vendor's lien.

6.   When context requires, singular nouns and pronouns include the plural.

7.      This Deed of Trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

8.      If Grantor and Maker are not the same person, the "Grantor" shall include Maker.

9.      As evidence of the discharge of Grantor's responsibility to pay all taxes and assessments and to keep said premises insured, Grantor shall deliver to any holder of the indebtedness the official receipts for said taxes and assessments before the same shall become delinquent and shall deliver to any holder of the indebtedness receipts showing said insurance premiums as having been paid in advance for each succeeding year for any and all parcels of secured property named herein.

10.      Beneficiary may remedy any Event of Default without waiving it and may waive any Event of Default without waiving any prior or subsequent Even of Default.

ROYCE J. HASSELL

SILVIA T. HASSELL

Unofficial Copy Office of Chris Daniel District Clerk

STATE OF TEXAS     §
                      §

COUNTY OF HARRIS   §

This instrument was acknowledged before me on this 23ʳᵈ day of May, 2012, by Royce J. Hassell.



_Isabel Repka_
Notary Public -- State of Texas

STATE OF TEXAS     §
                      §

COUNTY OF HARRIS   §

This instrument was acknowledged before me on this 23ʳᵈ day of May, 2012, by Silvia T. Hassell.



_Isabel Repka_
Notary Public -- State of Texas

**AFTER RECORDING PLEASE RETURN TO:**

Shawn Potts
25034 Huffsmith Cemetery Road
Tomball, Texas 77375

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me, and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas.

MAY 24 2012

_Stan Stanart_
COUNTY CLERK
HARRIS COUNTY, TEXAS

Unofficial Copy Office of of Chris Daniel District Clerk