# EXHIBIT 3

Case 19-03452   Document 1-7   Filed in TXSB on 05/03/19   Page 2 of 9

2/27/2018 4:03 PM
Chris Daniel - District Clerk Harris County
Envelope No. 22813026
By: JIMMY RODRIGUEZ
Filed: 2/27/2018 4:03 PM

CAUSE NO. 2013-61995

| | | |
|---|---|---|
| R. HASSELL & CO., INC., <br> R. HASSELL BUILDERS, INC., <br> R. HASSELL HOLDING CO., INC., and <br> G.R. GROUP RESOURCES, LLP, <br><br> *Plaintiffs,* <br><br> v. <br><br> HASSELL CONSTRUCTION CO., INC., <br> and HASSELL MANAGEMENT <br> SERVICES, LLC, <br><br> *Defendants*. | § § § § § § § § § § § § § § § | IN THE DISTRICT COURT <br><br><br><br><br> OF HARRIS COUNTY, TEXAS <br><br><br><br><br> 125th    JUDICIAL DISTRICT |

## PLAINTIFFS' MOTION TO STRIKE PLEA IN INTERVENTION

Plaintiffs initiated this lawsuit nearly four and a half years ago, on October 15, 2013. Soon thereafter, the Court compelled the lawsuit to arbitration. After an eight-day hearing involving the testimony of seven witness and hundreds of exhibits, a final Arbitration Award was issued. The Arbitration Award addressed a multitude of claims, and awarded roughly 1.2 million dollars to Plaintiffs, who, along with Royce and Silvia Hassell, were Respondents in the Arbitration.[1] Respondents promptly sought to confirm the Arbitration Award in this Court by filing an Application to Confirm on January 31, 2018, and set the same for oral hearing. Only then—**four and a half years after** this lawsuit began, **six months after** the arbitration hearing concluded, **after** the issuance of the Arbitration Award, **after** the filing of the Application to Confirm, and **less than a week** before the confirmation hearing was set—did Intervenors file their Plea in Intervention.

---

[1] Other relief was awarded in addition to the monetary relief. This will be discussed *infra*.

1

The Plea in Intervention must be struck.  It is a frivolous filing and a thinly-veiled collateral attack on the Arbitration Award.  There are no legitimate grounds to vacate the Arbitration Award.  There are no legitimate reasons why it should not be confirmed.  But rather than accept this reality, the Plea in Intervention is the latest salvo in Defendants' concerted effort to delay, by any means possible, the confirmation of the award.  The Court must strike the Plea in Intervention for the following reasons:

1. The Intervenors do not have standing to intervene because they do not possess a justiciable interest by virtue of being shareholders of HCCI and beneficiaries of the shareholder Trust;

2. The claims Intervenors wish to bring have been adjudicated in arbitration and are barred by res judicata;

3. The Plea in Intervention is untimely and improper because Shawn Potts is already a party and the remaining intervenors were virtually represented in the arbitration; and

4. The Plea in Intervention is an impermissible collateral attack on the Arbitration Award.

## I. BACKGROUND FACTS

On October 15, 2013, Plaintiffs R. Hassell & Co, Inc., R. Hassell Builders, Inc., R. Hassell Holding Co., Inc., and G.R. Group Resources, LLP (collectively, the "Plaintiffs") filed Plaintiffs' Original Petition for Declaratory Judgment (the "Lawsuit").  Hassell Construction Co., Inc. and Hassell Management Services, LLC ("HCCI" and "HMS", respectively, and, collectively, "Defendants") were named as defendants.  Within months, Defendants sought to compel the case to arbitration.  Plaintiffs vigorously opposed, but on March 3, 2014, the Court entered an Order granting Defendants' motion to compel (the "Arbitration Order").[2]  In late

---

[2] A true and correct copy of the Arbitration Order is attached hereto as **Exhibit A**.

2014, three other lawsuits were consolidated into this Lawsuit, and ordered to arbitration[3] based on Defendants' arguments that "this court has dominant jurisdiction of the Hassell family dispute (including related and intertwined matters), and it has ordered that dispute to arbitration."[4]

Pursuant to the Court's Arbitration Order, the Parties submitted their disputes to binding arbitration. Over their objections, Royce and Silvia Hassell were made parties to the Arbitration, and along with the Plaintiffs, Royce and Silvia Hassell became Respondents. HCCI, HMS, Shawn Potts and James C. Hassell were Claimants and/or Counter-Respondents. The arbitration hearing began on June 19, 2017 in Houston, Texas, and concluded after an eight-day hearing. Seven witnesses testified and hundreds of exhibits were admitted. On December 7, 2017, the arbitral tribunal issued the Arbitration Award.[5] The Arbitration Award was then modified pursuant to the applicable American Arbitration Association rules and provisions of the Texas Civil Practice & Remedies Code to correct a handful of computational and typographical errors.[6]

---

[3] On November 17, 2014, the Court entered an Order Granting Defendants'/Third-Party Defendants' Motion to Consolidate. This consolidation order consolidated three civil cases with the Lawsuit: (1) Cause No. 2014-27280, *Royce Hassell and Silvia Hassell v. James C. Hassell and Shawn Hassell Potts*, in the 157th Judicial District Court of Harris County, Texas; (2) Cause No. 2014-36326, *Royce J. Hassell and Silvia T. Hassell v. James C. Hassell and Hassell Construction Company, Inc.*, in the 125th Judicial District Court of Harris County, Texas; and (3) Cause No. 2014-00928, with regard to the claims filed by the Third-Party Plaintiffs Royce James Hassell and Sylvia Todeschini Hassell against Third-Party Defendants Shawn Hassell Potts, individually and as trustee, and James C. Hassell, individually in *Ali Reza Moizmedi v. Royce James Hassell, et al.*, in the 125th Judicial District Court of Harris County, Texas.

[4] *See* Defendants/Third-Party Defendants' Supplemental Motion and Brief in Support of Their Motion to Consolidate and Response to Plaintiffs Royce J. Hassell and Silvia T. Hassell's Motion for Protection and to Disregard Motion To Consolidate and Reply to Plaintiffs R. Hassell & Co., Inc., R. Hassell Builders, Inc., R. Hassell Holding Co., Inc., G.R. Group Resources, LLC, Royce J. Hassell and Sylvia Hassell's Opposition to Defendants' Motion to Consolidate", at ¶ 7 (filed Sept. 26, 2014).

[5] A true and correct copy of the Arbitration Award is attached hereto as **Exhibit B**.

[6] A true and correct copy of the Tribunal's Order Granting Respondents' Motion to Modify the Arbitration Award and Granting in Part and Denying in Part Claimants' Request to Modify Award (the "Modification Order") is attached hereto as **Exhibit C**.

3

As modified by the Modification Order, the Arbitration Award provides that (1) R. Hassell & Company, Inc. and R. Hassell Builders, Inc. are entitled to recover damages in the amount of $1,202,191.63 from HCCI; (2) HCCI and James C. Hassell are obligated to "defend, indemnify, and hold harmless R. Hassell Companies, Royce Hassell and Silvia Hassell for all claims made by Vista Bank" relating to a letter of credit on which the Tribunal found Respondents had extinguished their liability; (3) various Deeds of Trust executed by Royce and Silvia Hassell naming James C. Hassell as beneficiary are declared void and are to be released; and (4) Respondents shall reimburse Claimants the sum of $34,641.68, representing administration fees relating to the arbitration proceeding.[7]  The Arbitration Award, as modified by the Modification Order, is the final decision in the Arbitration, and provides that it is a "full settlement of all claims related to the Joint Venture Agreement and the business relationship between the parties."[8]

With the Arbitration concluded, on January 31, 2018, Plaintiffs, along with Royce and Silvia Hassell (again, the Respondents) filed their Application to Confirm the Arbitration Award (as modified) against Claimants James C. Hassell, HCCI, and HMS.  Following that filing, the James C. Hassell Inter-vivos Trust (the "Trust"), Phillip Hassell, Jason Hassell, Shawn Potts, and Michael Hassell (collectively, with the Trust, the "Intervenors"), filed their Plea in Intervention (the "Intervention"), which is the subject of this Motion to Strike.

---

[7] **Ex. B**, Arbitration Award; **Ex. C**, Modification Order.

[8] **Ex. B**, Arbitration Award.

4

## II. LEGAL ARGUMENTS AND AUTHORITIES

**A. The Intervenors do not have standing to intervene because they do not possess a justiciable interest by virtue of being shareholders of HCCI and beneficiaries of the shareholder Trust.**

As mere shareholders of HCCI and beneficiaries of a shareholder trust, Intervenors do not have a justiciable interest in the Lawsuit, and therefore cannot intervene. In order to intervene, a person or entity must demonstrate that it has a "justiciable interest" in the lawsuit. *Zeifman v. Sheryl Diane Michels*, 229 S.W.3d 460, 464 (Tex. App.—Austin 2007, no pet.). This interest can be legal or equitable in nature, "but must be present and not merely remote or contingent." *Id.* The combined effect of these principles is that a party seeking affirmative relief may only intervene if it could have brought all or part of the same suit in its own name. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). As discussed below, Intervenors fall short of this standard.

> 1. <u>As shareholders and beneficiaries, Intervenors lack standing to bring suit relating to harm suffered by HCCI.</u>

Intervenors lack standing to bring the suit in their own name because their interests in the Lawsuit exist only by virtue of their status as shareholders of defendant HCCI. Intervenors must establish that they could have, on their own, brought the claims they now wish to assert as stated in their Plea in Intervention. However, as shareholders of HCCI, they could not have brought any of these claims against Plaintiffs.

It is a basic and universal legal principle that "**shareholders have no individual or direct claims for injuries to the corporation.**" *Sneed v. Webre*, 465 S.W.3d 169, 188 (Tex. 2015) (emphasis added). As the Houston 1st District Appellate Court has stated, "a corporate shareholder has no individual cause of action for personal damages caused solely by a wrong

5

done to the corporation." *Webre v. Sneed*, 358 S.W.3d 322, 329 (Tex. App.—Houston [1st Dist.] 2011), aff'd, 465 S.W.3d 169 (Tex. 2015).  It follows that "individual stockholders generally 'have no separate and independent right of action for injuries suffered by the corporation **which merely result in the depreciation of the value of their stock.**'" *Id.* (citing *Perry v. Cohen*, 285 S.W.3d 137, 144 (Tex. App.—Austin 2009, pet. denied) (emphasis added); *see also Commonwealth of Massachusetts v. Davis*, 168 S.W.2d 216, 221 (Tex. 1942) ("It is apparent from the foregoing that Davis sought and recovered damages for injuries that were suffered primarily by the corporation, and only secondarily by him, by reason of his ownership of stock therein. . . . Generally, the individual stockholders have no separate and independent right of action for injuries suffered by the corporation which merely result in the depreciation of the value of their stock.").  An action for such an injury "must be brought by the corporation, not individual shareholders." *Perry*, 285 S.W.3d at 144.

The Intervenors lack standing because they cannot assert claims for injuries allegedly suffered by the corporation.  The Intervention is clear that the Intervenors are attempting to intervene on the exact bases that the aforementioned cases have explicitly stated they cannot.  For example, the Intervention states: "Should the result reached by the AAA Panel stand, . . . HCCI's stock value will be significantly diminished, if not complete destroyed." (Plea in Intervention, ¶ 14).  Furthermore, under the section entitled "Intervenors' Interests", the Intervenors state that "The intervenor Trust has an interest, right and, most importantly, obligation to file this plea, to insure that the Trust's assets are preserved and not diminished . . . ." (Plea in Intervention, ¶ 18).  The Intervenors' alleged "interest" is in preserving the value of HCCI stock.  This is not a valid basis for intervention.

HCCI had the right to pursue the claims Intervenors wish to pursue. **HCCI did in fact pursue those claims,** albeit unsuccessfully, in the Arbitration. The Trust—a shareholder—does not have the right to pursue these claims and could not have brought suit on these claims on its own accord. Since the Trust, which as a mere shareholder of HCCI, cannot intervene, it follows that the individual beneficiaries, who are another step removed and remote, cannot intervene.

2. Intervenors have not suffered a "personal" injury.

Though not a true exception to bar on shareholder suits discussed above, there is one caveat that under certain circumstances allows shareholders to recover damages for "wrongs done to the stockholder individually." *Linegar v. DLA Piper LLP (US)*, 495 S.W.3d 276, 279 (Tex. 2016). Under this caveat, the stockholder must "prove a personal cause of action and personal injury" that arises out of a violation of a duty "owing directly by [the wrongdoer] to the stockholder." *Linegar*, 495 S.W.3d at 279 (citations omitted) (alteration in original).

This alternative avenue provides no relief for the Intervenors, as they have not and cannot establish that they suffered a "personal injury" giving rise to a "personal cause of action." Intervenors' declaratory judgment cause of action alleges that "the plaintiffs are indebted to **HCCI**." (Plea in Intervention, ¶ 24) (emphasis added). The Intervention goes on to allege that "plaintiffs may not recover under the CJVA . . . ." (Plea in Intervention, ¶ 24). As Intervenors themselves admit, the CJVA (Construction Joint Venture Agreement) is an agreement between R. Hassell & Co., Inc., R. Hassell Builders, Inc., R. Hassell Holding Co., Inc., and G.R. Group Resources, LLP, on one hand, and HCCI, on the other. (Plea in Intervention, 2, n.3). Regarding the deeds of trust, the Intervention alleges that the deeds were "executed by Royce and Silvia and offered to **HCCI and JCH** for security for debts owed to **HCCI** . . ." (Plea in Intervention,

7

¶ 24) (emphasis added).  Intervenors' equally ridiculous cause of action for "Fraud and Fraudulent Misrepresentation and Breach of Informal Fiduciary Relationship arising from a Confidential Relationship" alleges that it was **HCCI and JCH** that acted "in reliance" and it was **HCCI and JCH** that extended credit to Plaintiffs.  (Plea in Intervention, ¶¶ 26–27) (emphasis added).  Both the "promissory note" mentioned and the "LOC" were agreements involving HCCI—not any of the Intervenors.  Even by Intervenors' own pleadings, they admit that the claims they wish to bring are not related to personal injuries suffered by the Intervenors.  They are not personal causes of action.

The Intervention must be struck because the Intervenors do not possess a "justiciable interest" in this Lawsuit.  The Trust is merely a shareholder of defendant HCCI and does not have standing to bring claims for injuries suffered by the corporation.  The individual intervenors—Phillip, Jason, and Michael Hassell, and Shawn Potts—are even further removed as their interest is wholly derived from their status as a beneficiary of the Trust.  Finally, none of the Intervenors suffered the requisite "personal" injury.

> **B. The claims Intervenors wish to bring have been adjudicated in arbitration and are barred by res judicata.**

The Intervention must also be struck because the claims therein have already been adjudicated, and are barred by the principles of res judicata.  Res judicata, or claims preclusion, "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Premium Plastics Supply, Inc. v. Howell*, 01-16-00481-CV, 2017 WL 4288074, at *2 (Tex. App.—Houston [1st Dist.] Sept. 28, 2017, no pet.) (citing *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).  For the res judicata defense to apply, the party relying on the

8