# EXHIBIT 24

8/14/2014 4:46:31 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2166502
By: MELISSA TORRES

CAUSE NO. 2013-61995

| | | |
|---|---|---|
| R. HASSELL & CO., INC., R. HASSELL BUILDERS, INC., R. HASSELL HOLDING CO., INC. AND G.R. GROUP RESOURCES LLP, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| VS. | § § | HARRIS COUNTY, T E X A S |
| HASSELL CONSTRUCTION CO., INC. AND HASSELL MANAGEMENT SERVICES, LLC, | § § § § | |
| Defendants. | § § | 125TH JUDICIAL DISTRICT |

**DEFENDANTS'/THIRD-PARTY DEFENDANTS' MOTION TO CONSOLIDATE**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Harris County Local Rule 3.2.3(a) and Texas Rule of Civil Procedure 174, Defendants/Third-Party Defendants Hassell Construction Co., Inc. ("HCCI"), Hassell Management Services, LLC, James C. Hassell, and Shawn Hassell Potts ("Defendants") file this Motion to Consolidate under the above-styled matter (the "Original Lawsuit"), the following additional lawsuits filed by Royce and Silvia Hassell (hereafter the "Subsequent Lawsuits"):

a.  Plaintiff's Original Petition filed by Royce Hassell and Silvia Hassell against James C. Hassell, individually, and Shawn Hassell Potts, individually and as trustee, in *Royce Hassell and Silvia Hassell v. James C. Hassell and Shawn Hassell Potts*, Cause No. 2014-27280, in the 157th Judicial District of Harris County;

b.  Plaintiff's Original Petition and Application to Stay Arbitration Proceeding, filed by Royce J. Hassell and Silvia T. Hassell against James C. Hassell, individually, and Hassell Construction Company, Inc., in *Royce J. Hassell and Silvia T. Hassell v. James C. Hassell and Hassell Construction Company, Inc.*, Cause No. 2014-36326, in the 125th Judicial District Court of Harris County, Texas; and

c.   The Original Third-Party Petition and Request for Disclosures filed by Royce James Hassell and Silvia Todeschini Hassell as third-party plaintiffs against Shawn Hassell Potts, individually and as trustee, and James C. Hassell individually, both as third-party defendants, in the case styled *Ali Reza Motamedi v. Royce James Hassell, et al.*, Cause No. 2014-00928, in the 125th Judicial District Court of Harris County, Texas;

## SUMMARY OF ARGUMENT

1.      Where there was once a single lawsuit (which this Court referred to arbitration), now there are four.  Since, March 3, 2014, when this Court signed its Order (**Exhibit "A"**) in the Original Lawsuit granting the defendants' Motion to Compel Arbitration, Royce and Silvia Hassell have filed petitions under not less than *three* additional separate cause numbers in Harris County, against Defendant HCCI, its CEO James Hassell, and/ or Shawn Hassell Potts, its Secretary/ Treasurer.   Copies of the petitions in the Subsequent Lawsuits and the Original Lawsuit are attached as **Exhibits "B-1," "B-2," "B-3," and "B-4"**.   Each of the Subsequent Lawsuits concern questions of law and fact that are common to the Original Lawsuit.  Steadfast in their refusal to accept this Court's March 3 arbitration Order, Royce and Silvia Hassell have moved for reconsideration, petitioned for a writ of mandamus and even filed a motion to stay with the American Arbitration Association, after being ordered to arbitrate.   Now, through multiple instances of vexatious and oppressive litigation, Royce and Silvia Hassell have attempted to make an "end run" around that Order.  The proliferation of this family feud must stop, and it is incumbent on the Court to apply the single-action rule and so the parties can avoid adjudicating what is fundamentally a single action in piecemeal fashion.

## FACTS

2.      Hassell Construction Company Inc. ("HCCI") is a concrete paving company based in Harris County, Texas, and was founded by James C. ("Jim") Hassell (sometimes referred to herein as "Mr. Hassell").  Mrs. Shawn Hassel Potts, the half-sister of Royce Hassell,

serves as Secretary/ Treasurer of HCCI. Royce Hassell is Jim Hassell's first son. Royce Hassell and his wife Silvia Hassell own R. Hassell Holding Co., Inc, R. Hassell & Company, Inc., R. Hassell Builders, Inc. and G.R. Group Resources LLP, each a Texas company with its principal place of business in Harris County.

3.     Several years after forming HCCI, Mr. Hassell helped Royce Hassell start his own company. Since that time, Mr. Hassell and HCCI (and the rest of the Hassell family – most of whom work for HCCI) have continuously undertaken extraordinary efforts to help extricate Royce Hassell and his companies from the adverse effects of Royce and Silvia Hassell's lavish lifestyle and financial mismanagement, resulting in, among other things, substantial debts owed to Mr. Hassell and HCCI totaling approximately $4 million. The demand for arbitration filed by Jim Hassell and HCCI (attached as **Exhibit "C")** contains an extensive discussion of the facts forming the basis of this dispute.

4.     On October 5, 2010, Royce Hassell signed a promissory note, a true and correct of copy of which is attached as **Exhibit "D,"** in the principal amount of $350,000. This amount was procured from HCCI's line of credit with Vista Bank of Texas. Royce Hassell agreed to make payments under the note until the note became due on October 15, 2011. Royce and Silvia Hassell eventually failed to pay back any portion of this loan. In fact, by June 2011, Royce and Silvia Hassell had drawn down HCCI's line of credit to $1,509,884.69. To assuage the family's concerns about this rising debt (and to convince the family to allow further advances), Royce and Silvia Hassell prepared and filed liens on various parcels of real estate to secure the repayment of this debt. True and correct copies of the deeds of trust for their lake house, their country club estate, and two homes in West University Place are attached as **Exhibits "E," "F," "G," and "H,"** respectively.

5.      When the insurance for Royce and Silvia Hassell's companies was set to renew in November 2012, Royce and Silvia Hassell were either unwilling or unable pay for it.  So, Royce Hassell concocted the idea of entering into a joint venture agreement to allow his company to be insured through HCCI's insurance carrier.  This would thus allow Royce and Silvia to continue working projects through their companies to earn funds to pay off the debt.  Therefore, effective July 1, 2012, HCCI, and R. Hassell Holding Company, Inc., R. Hassell & Company, Inc., R. Hassell Builders, Inc., and G.R. Group Resources LLP (the "R. Hassell Entities") formed a joint venture and executed a Construction Joint Venture Agreement (the "JVA") a copy of which is attached as **Exhibit "I."**

6.      For reasons set forth in the demand for arbitration (**Exhibit "C"),** the plan did not work, and Royce and Silvia Hassell never made any payments against the debt, which continued to grow and grow.  Because of the bind that this created with respect to HCCI's banking and surety relationships, not to mention the drain on its available working capital, Mr. Hassell and HCCI could no longer serve as the financial backstop to Royce and Silvia Hassell and their companies.  **NEEDLESS TO SAY, THIS DID NOT GO OVER WELL.**  Soon after, on or about October 15, 2013, the R. Hassell entities filed the Original Lawsuit in this Court against HCCI and Hassell Management Services, LLC.  Pursuant to this Court's Order compelling that lawsuit to arbitration, both sides file a demand for arbitration.  The demand filed by the R. Hassell Entities is attached as **Exhibit "J."**

## ARGUMENT AND AUTHORITIES

7.      It is well established that "Texas law forbids splitting one claim into several suits when a single suit will suffice." *Schneider Nat. Carriers, Inc. v. Bates*, 147 S.W.3d 264, 278 (Tex. 2004) (Texas has adopted the transactional approach to *res judicata*, because it advances

the interest of the litigants (who must pay for each suit), the courts (who must try each suit), and the public (who must provide jurors and administration for each suit)). As such, the "single action rule" has developed as a well-established limitation on the trial court's discretion regarding the severance of cases. *In re Stonebridge Life Ins. Co.*, 279 S.W.3d 360, 363 (Tex. App.--Austin 2008, no writ) (held, single-action rule was violated by insured's filing of 11 separate lawsuits against insurer). The "[p]urposes served by this rule include 'preventing vexatious and oppressive litigation ... where a single suit would suffice.'" *Id*. All of Royce and Silvia Hassell's claims in the three subsequent lawsuits arise from the same factual nexus, and they should be resolved in one forum.

8.    For instance, the first of the Subsequent Lawsuits (Cause No. 2014-00928 in the 125th District Court, (**Exhibit "B-1"**)) was filed by Ali Reza Motamedi, the purportedly jilted purchaser of Royce and Silvia Hassell's property at 6421 Buffalo Speedway. Mr. Motamedi filed his lawsuit on January 9, 2014, because Royce and Silvia Hassell agreed to sell the property, notwithstanding that they had pledged the property against the debt owed to HCCI and Mr. Hassell, and created the encumbrance with the deed of trust marked **Exhibit "H."** On May 16, 2014, more than two months after the Court's March 3, 2014 order compelling arbitration, Royce and Silvia Hassell filed their third-party petition asserting claims against Shawn Hassell Potts and Jim Hassell for breach of contract, promissory estoppel, tortious interference with existing and prospect contacts, common law fraud, statutory fraud, breach of fiduciary duty, civil conspiracy, specific performance and a permanent injunction "ordering the Third-Party plaintiffs from refusing to execute the release of lien." The third-party petition attempts to carefully carve out any acknowledgement or recognition of the debt owed to HCCI and third-party defendants. Instead, third-party plaintiffs only make vague references to taking out a "business loan" from

Allegiance Bank. *See* **Exhibit "B-4"**, Original Petition, ¶¶ 7-8. Royce and Silvia Hassell also state that the "[t]hird party defendants' actions demonstrate that they had no intention of living up to their agreements regarding the Property. Third-Party Defendants' actions were taken to induce the various parties to the transaction in question all with the intent to financially coerce Third-Party Plaintiffs to settle disputes in unrelated matters." The Third-Party Defendants obviously deny these claims. But, to the point, Royce and Silvia Hassell have by virtue of this claim attempted to separate the adjudication of the security from the adjudication of the debt, even though the two are obviously interrelated. Because the third-party petition takes issue with the reason for the debt, the reason for the lien, and essentially seeks to invalidate the lien provided as security for the debt owed by the Royce and Silvia Hassell, which is the subject of the Original Lawsuit and the pending Arbitration, this claim must be consolidated with the Original Lawsuit.

9.     Similarly, on May 13, 2014, Royce and Silvia Hassell filed their original petition in cause no. 2014-27280 in the 157th District Court (**Exhibit "B-2"**), again against Shawn Potts and Mr. Hassell, seeking to declare invalid a lien against the Royce and Silvia Hassell's property at 5302 Maple Street, which they caused to be encumbered by the lien in the deed of trust marked **Exhibit "F."** As grounds for this relief, Royce and Silvia Hassell claim the property has been their homestead since 2009 (before the 2011 deed of trust). However, in October 2009, Royce and Silvia Hassell claimed that their 12,000 square foot lake house in Montgomery County was also their homestead. *See* **Exhibit "K."** Regardless of which of these properties is actually the homestead, both were pledged as security for the debt owed by Royce and Silvia Hassell, which is the subject of the Original Lawsuit and current arbitration between the parties, pending before the AAA (the "Arbitration"). As such, the issue of the declaratory judgment

action regarding validity and enforceability of the Maple street deed of trust should be consolidated into the Original Lawsuit.

10.     Finally, the third of the Subsequent Lawsuits (Cause No. 2014-36326 in the 125th District Court) essentially seeks a judicial declaration that Royce and Silvia Hassell, individually, are not proper parties to the Arbitration, along with a declaration regarding "whether the real property interests of Royce and Silvia Hassell are arbitrable" **Exhibit B-3**, Pl.'s Orig. Pet. (Cause No. 2014-36326) ¶ 14.  Again, those liens and the role of the Royce and Silvia Hassell in the accrual of the debt are the subject of the Original Lawsuit as well as the Arbitration.  Royce and Silvia Hassell, individually, benefitted directly from certain financial arrangements made on their behalf, which allowed their companies to stay afloat for several years.  The deeds of trust allowed the Royce Hassell entities to operate and draw down on HCCI's line of credit, which gave rise to the substantial debt that will be liquidated and assessed in the Arbitration.  Royce and Silvia Hassell are thus again improperly attempting to separate the collateral (the deeds of trust) from the debt that is the subject matter of the Original Lawsuit – that is, attempting to separately adjudicate the validity of such collateral – as well as attempting to separate the roles that Royce and Silvia Hassell clearly played in the inducement and accrual of this debt.

11.     Apart from Royce and Silvia Hassell being flat wrong about whether they and the deeds of trust are subject to arbitration  (a matter not presently before the Court), the subject matter of Cause No. 2014-36326 clearly arises from the same common questions of law and fact as the Original Lawsuit and the Arbitration.  Moreover, "judicial foreclosure is a remedy, not a separate cause of action."  *Rutledge v. Leonard*, No. 10–07–00376–CV, 2009 WL 1412859 (Tex. App.—Waco May 20, 2009, no pet.) (mem. op.).  As such, this remedy belongs with the cause of action giving rise to it.  In a remarkably similar case dealing with a similar encumbrance in the

context of arbitration, a former business partner and his related entities filed a motion to confirm a partial arbitration award which determined that a notice of *lis pendens* filed by the other former business partner and his related entities on a mall property was null and void. *Collins v. Tex Mall, L.P.*, 297 S.W.3d 409 (Tex. App.—Fort Worth 2009, no writ). Assuming the Texas Arbitration Act permitted judicial review of partial arbitration awards that definitely and finally disposed of separate independent claims submitted to arbitration, the court ruled the *lis pendens* claim decided by the arbitration panel was not a separate independent claim subject to judicial review. This is because "the *lis pendens* claim [was] not a separate claim that would be the proper subject of a lawsuit if independently asserted. The *lis pendens* claim [was], therefore, not properly severable from the remaining action." *Id.*, at 419.

12.    Texas Rule of Civil Procedure 174(a), regarding consolidation, provides:

(a) Consolidation. ***When actions involving a common question of law or fact are pending before the court***, it may order a joint hearing or trial of any or all the matters in issue in the actions; ***it may order all the actions consolidated***; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

TEX. R. CIV. P. 174(a) (emphasis added).

13.    Further, Harris County Local Rule 3.2.3 provides:

(a) Consolidation of Cases. Subject to subpart c, ***a motion to consolidate cases must be heard in the court where the first filed case is pending. If the motion is granted, the consolidated case will be given the number of the first filed case and assigned to that court***.

(b) Consolidation of Discovery. Subject to subpart c, a motion to consolidate discovery in separate cases must be heard in the court where the first filed case is pending. If the motion to consolidate discovery is granted, the case will not transfer, but the case management will be conducted by the consolidating court.

(c) Consolidation to Special Dockets. Special dockets for the management of multi-court cases may be created by order of the Administrative Judge of the Civil Trial Division according to policies approved by the judges of the Civil Trial Division.

HARRIS (TEX.) CIV. DIST. CT. LOC. R. 3.2.3 (emphasis added).

14.     The purpose of these rules is clear: they are meant to avoid multiplicity of suits, to minimize the expense of litigation, and speed the efficient disposition of actions. *E.g.*, *Parker v. Potts*, 342 S.W.2d 634, 636 (Tex. Civ. App.—Fort Worth 1961, writ ref'd n.r.e.).

15.     Under Local Rule 3.2.3(a) and Texas Rule 174, once the court of the first-filed case acquires jurisdiction over a case, "that jurisdiction [is] dominant." *Hardy v. McCorkle*, 765 S.W.2d 910, 912 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding) (construing Harris County Local Rule 3.2.3 and Texas Rule of Civil Procedure 174) (citing *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1974)). Unless the first-filed court is later "properly relieved of its jurisdiction, either by mandamus or by an order of a judge authorized to do so under the local rules," no other district court has "authority to issue conflicting orders in the [subsequent] case or cases." *Hardy*, 765 S.W.2d at 912-913. Per Local Rule 3.2.3(a) and Texas Rule 174, the first-filed court is "required to hear" a motion to consolidate. *Id.* Importantly, in deciding the motion to consolidate, the trial court in the first-filed case is granted "broad discretion." *Santa Fe Drilling Co. of South Am. v. O'Neill*, 774 S.W.2d 423, 424 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (construing Harris County Local Rule 3.2.3 and Texas Rule of Civil Procedure 174).

16.     Because the Subsequent Lawsuits and the Original Lawsuit involve common questions of law or fact, the Subsequent Lawsuits should be consolidated with the Original Lawsuit, given the cause number of the Original Lawsuit, and assigned to this Court. HARRIS (TEX.) CIV. DIST. CT. LOC. R. 3.2.3; TEX. R. CIV. P. 174(a); *Hardy*, 765 S.W.2d at 912-913; *Santa Fe Drilling*, 774 S.W.2d at 424.

17.     To be clear, Defendants' position is that the Original Lawsuit and the Subsequent Lawsuits are all subject to the arbitration agreement between the Plaintiffs and Defendants and

9

Defendants expressly reserve, and do not waive, any rights to such arbitration by the filing of this Motion. Defendants had hoped that, after this Court's execution of the March 3 Order, the only other relief needed from this Court would be affirmation of the arbitration award. However, Plaintiffs' improper filing of the Subsequent Lawsuits necessitated this Motion (as well as eventual motions and hearings to compel arbitration related to such Subsequent Lawsuits that likely will also be necessary in light of Plaintiffs' conduct). Whether the Subsequent Lawsuits are subject to arbitration will be determined separately from this Motion; but allowing multiple courts to decide those issues would only countenance Plaintiffs' improper attempt to avert this Court's March 3rd Order.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants/Third Party Defendants HCCI, Hassell Management Services, LLC, James C. Hassell, and Shawn Hassell Potts pray that this Court grant this Motion to Consolidate and that they be awarded such other and further relief to which they are justly entitled.

Respectfully submitted,

TYLER & DAS

By: _____

Micky N. Das, SBN: 05402300
2000 Bering Dr., Suite 401
Houston, Texas 77057
(713) 739-1900 Telephone
(713) 739-8347 Facsimile
Email: mdas@tylerdaslaw.com

**ATTORNEYS FOR DEFENDANTS/THIRD PARTY DEFENDANTS, HASSELL CONSTRUCTION CO., INC. HASSELL MANAGEMENT SERVICES, LLC,  JAMES C. HASSELL  & SHAWN HASSELL POTTS**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Silvia Hassell, Charles E. Fitch, Tommy D. Overton, Jr., and Felicia Harris regarding the Motion to Consolidate and each advised me that s/he opposed this Motion.

Micky N. Das

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel of record, listed below, by Certified Mail, return receipt requested, or by electronic transmission, or by facsimile of same to them on August ___, 2014:

Silvia T. Hassell
12512 Cutten, Suite A
Houston, Texas 77066
*713-665-0369 facsimile*
schassell@aol.com

Tommy D. Overton, Jr.
Andrea Lee Barr
The Overton Law Firm, P.C.
404 Knox Street
Houston, Texas 77007
*713- 861-8380 facsimile*
tdoverton@overtonfirm.com

Charles E. Fitch
Law Offices of Charles E. Fitch, P.C.
11 Greenway Plaza, Suite 2820
Houston, Texas 77046
*713-622-6107 facsimile*
cfitch@fitchlaw.com

Felicia Harris
Buck Keenan, LLP
700 Louisiana, Suite 5100
Houston, Texas 77002
*713-225-3719 facsimile*
fharris@buckkeenan.com

Micky N. Das

11

# EXHIBIT
# 25



- **Inbox**

- Sent Mail

- conrcrete@gmail.com

**Received:** May 10, 2017 3:18 PM
**Expires:** Jul 9, 2017 3:18 PM
**From:** jsturgeon@communitybankoftx.com
**To:** conrcrete@gmail.com
**Cc:**
**Subject:** Email Inquiry April 26, 2017        SECURE
**Attachments:** 2011-09-23 Vista Breach to HCCI of RHHC Act. info.pdf

This message was sent securely using **Zix**Corp.

Dear Mr. Hassell:

I am responding to the inquiry you earlier made to our officer Brandon Burk.  This matter has been forwarded to me for handling.  Please direct any further inquiries concerning this matter to me.

On or about September 23, 2011 and in response to a phone call received from Shawn Potts, the attached email was forwarded to Shawn Potts.  It included the account "snapshot" embedded in that email.

We have performed a review of our email servers using our normal email research protocol and have not located any additional emails from our bank to Shawn Potts relating to R Hassell Builder Inc.

Let me know if you have any further questions with regard to this matter.


**James L. Sturgeon**
*Senior Executive Vice President*

 Gmail                                          Royce Hassell <conrcrete@gmail.com>

# Re: Email

1 message

**Royce Hassell** <conrcrete@gmail.com>                Wed, May 10, 2017 at 8:22 PM
To: Jim Sturgeon <JSturgeon@communitybankoftx.com>,
BBurk@communitybankoftx.com, PParsons@communitybankoftx.com, Mike Hassell
<mhassell@hassellconstruction.com>

Jim thanks for your email and I appreciate the phone conversation. Today you
said you have no idea how this  breach occurred and that you would continue to
investigate.  Please let me know if you find any other wrongful breaches of my
confidential banking information.  If it happened once, I am almost sure there
must have been more.

As discussed today, it is incomprehensible to me that my confidential information
was released to a third party based on a phone call to Brandon from someone
whom he is obviously very close to yet he knew full well did not have the
authority over my accounts nor did they have signature on any of my individual or
corporate accounts.

Please let me know what actions the bank plans to take to ensure that me or
anyone else does not have to suffer through this again.  As you can imagine,
releasing this kind of information  can be very detrimental personally, corporately
and perhaps would give others some sort of " inside information",  not to mention
not knowing at the time that our banking information was being freely spread
around. Anyway, the bank *has* to hold someone accountable for this.

Just out of curiosity for future reference, what are the regulations/guidelines that
protect my private information with your bank?

---Royce


On Wed, May 10, 2017 at 3:19 PM, Jim Sturgeon
<JSturgeon@communitybankoftx.com> wrote:

  Royce,

The email I sent you will be encrypted and will come to you as Zix mail.

**James L. Sturgeon**

*Senior Executive Vice President*

*Chief Risk Officer*

---

**CommunityBank of Texas, N.A.**

**P** *713.308.5743* \\ **F** *713.308.5843*

**C** *713.502.8840* \\ jsturgeon@cbotx.com

*9 Greenway Plaza, Suite 110 \\ Houston, TX 77046*

cbotx.com

This communication does not reflect an intention by the sender or CommunityBank of Texas, N.A. to conduct a transaction or make any agreement by electronic means. Nothing contained within either this message or any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act (ESIGN), any version of the Uniform Electronic Transactions Act (UETA), or any other statute governing electronic transactions. This electronic transmission and any attached documents or other writings are confidential and for the sole use of the intended recipient(s) identified above. This message may contain information that is privileged, confidential, or otherwise protected from disclosure under



applicable law. If you are not the intended recipient, or employee, or agent responsible for delivering the information to the intended recipient, you are hereby notified that any use, reading, dissemination, distribution, copying, or storage of this information is strictly prohibited. The recipient should check this email and any attachments for the presence of viruses. CommunityBank of Texas, N.A. accepts no liability for any damage caused by any virus transmitted by this email. If you have received this information in error, please notify CommunityBank of Texas, N.A. via e-mail at notify@communitybankoftx.com and delete the electronic transmission, including all attachments from your system.

---

**2 attachments**

📄 **2011-09-23 Vista Breach to HCCI of RHHC Act. info.pdf**
393K

📄 **2017-10-05 Secure email community email.pdf**
609K

| | |
|---|---|
| **From:** | Brandon Burk [bburk@vbtexas.com] |
| **Sent:** | Friday, September 23, 2011 10:32 AM |
| **To:** | Shawn Potts |
| **Subject:** | Statements on R. Hassell |
| **Attachments:** | 4868_001.pdf |

Let me know if you have any questions.

Brandon K. Burk
CEO - 290 Office
VISTA BANK TEXAS
14561 Northwest Freeway
Houston, Texas 77040
Direct: (713) 210-7601
Fax: (713) 210-7701
www.vbtexas.com

**CONFIDENTIALITY NOTICE:**   The information contained in this e-mail message, including any attachments, is intended only for the use of the individual(s) or entity named above and may contain confidential or privileged information. Any disclosure, copying, distribution or use of this information by any person other than the intended recipient is strictly prohibited. If you received this e-mail in error, please destroy the original message and contact me at the number listed above.

**From:** canon@vbtexas.com [mailto:canon@vbtexas.com]
**Sent:** Friday, September 23, 2011 9:31 AM
**To:** Brandon Burk
**Subject:** Attached Image

1

HCCI Parties 005461

### *Demand Deposit 30449 - R HASSELL & CO INC*

| | Rel | Birthdate | Phone | Tax Identification |
|---|---|---|---|---|
| [01] R HASSELL & CO INC | * | | ********* | ********* |
| PO BOX 20487 | | | | |
| HOUSTON TX 77225-0487 | | | | |

Additional Relationships
Tax Name: [1] R HASSELL & CO INC

### *Current & Previous Cycle*

| Description | Debits | Credits | Date | Balance |
|---|---|---|---|---|
| Balance Forward: | | | Jul 29, 2011 | $74,649.10 |
| Check #48008 | $81.19 | | Aug 01, 2011 | $74,567.91 |
| Check #48009 | $11,186.70 | | Aug 01, 2011 | $63,381.21 |
| Check #48010 | $24.00 | | Aug 01, 2011 | $63,357.21 |
| Trsf to 32247 per Alan/Cindy | $18,566.30 | | Aug 02, 2011 | $44,790.91 |
| Trsf from Hassell Const per Shawn/BKB | | $184,046.40 | Aug 05, 2011 | $228,837.31 |
| Check #48028 | $10,773.55 | | Aug 08, 2011 | $218,063.76 |
| Check #48029 | $22.50 | | Aug 08, 2011 | $218,041.26 |
| Check #48032 | $26,952.46 | | Aug 09, 2011 | $191,088.80 |
| IRS USATAXPYMT 270162251928092 | $2,138.72 | | Aug 10, 2011 | $188,950.08 |
| Check #48012 | $642.33 | | Aug 10, 2011 | $188,307.75 |
| Check #48019 | $14.50 | | Aug 10, 2011 | $188,293.25 |
| Check #48031 | $40,000.00 | | Aug 10, 2011 | $148,293.25 |
| Check #48033 | $29,108.35 | | Aug 10, 2011 | $119,184.90 |
| Check #48034 | $54,292.72 | | Aug 10, 2011 | $64,892.18 |
| Check #48004 | $3,422.50 | | Aug 11, 2011 | $61,469.68 |
| Check #48005 | $960.00 | | Aug 11, 2011 | $60,509.68 |
| Check #48013 | $762.30 | | Aug 11, 2011 | $59,747.38 |
| Check #48035 | $350.00 | | Aug 11, 2011 | $59,397.38 |
| Check #48002 | $6,162.98 | | Aug 12, 2011 | $53,234.40 |
| Check #48003 | $5,185.00 | | Aug 15, 2011 | $48,049.40 |
| Check #48006 | $1,743.72 | | Aug 15, 2011 | $46,305.68 |
| Check #48007 | $1,520.50 | | Aug 15, 2011 | $44,785.18 |
| Check #48014 | $154.26 | | Aug 15, 2011 | $44,630.92 |
| Check #48038 | $22.50 | | Aug 15, 2011 | $44,608.42 |
| Check #48016 | $212.51 | | Aug 16, 2011 | $44,395.91 |
| Trsf to 32247 per BKB | $25,000.00 | | Aug 17, 2011 | $19,395.91 |
| IRS USATAXPYMT 270162990318351 | $1,992.49 | | Aug 17, 2011 | $17,403.42 |
| Loan Advance | | $99,063.00 | Aug 19, 2011 | $116,466.42 |
| Deposit | | $12.38 | Aug 22, 2011 | $116,478.80 |
| Check #48036 | $850.00 | | Aug 22, 2011 | $115,628.80 |
| Check #48039 | $1,362.32 | | Aug 22, 2011 | $114,266.48 |
| Check #48040 | $8,955.10 | | Aug 22, 2011 | $105,311.38 |
| Check #48041 | $17.00 | | Aug 22, 2011 | $105,294.38 |
| Check #48053 | $28,000.00 | | Aug 22, 2011 | $77,294.38 |
| Imperial PFS ICC AICAICXXXXX2418 | $18,534.86 | | Aug 23, 2011 | $58,759.52 |
| Check #48042 | $278.99 | | Aug 23, 2011 | $58,480.53 |
| Check #48044 | $1,643.02 | | Aug 23, 2011 | $56,837.51 |

HCCI Parties 005462

| Description | Debits | Credits | Date | Balance |
|---|---|---|---|---|
| IRS USATAXPYMT 270163680358746 | $1,962.99 | | Aug 24, 2011 | $54,874.52 |
| Check #48046 | $6,604.00 | | Aug 24, 2011 | $48,270.52 |
| Check #48052 | $1,500.00 | | Aug 24, 2011 | $46,770.52 |
| Check #48066 | $1,638.21 | | Aug 24, 2011 | $45,132.31 |
| Check #48043 | $377.00 | | Aug 25, 2011 | $44,755.31 |
| Check #48047 | $270.63 | | Aug 25, 2011 | $44,484.68 |
| Check #48048 | $1,925.58 | | Aug 25, 2011 | $42,559.10 |
| Check #48049 | $3,481.23 | | Aug 25, 2011 | $39,077.87 |
| Advance from Hassell Const per Shawn/BKB | | $40,000.53 | Aug 26, 2011 | $79,078.40 |
| Check #48050 | $4,867.84 | | Aug 26, 2011 | $74,210.56 |
| Check #48054 | $60.93 | | Aug 26, 2011 | $74,149.63 |
| Check #48058 | $109.22 | | Aug 26, 2011 | $74,040.41 |
| Check #48065 | $657.62 | | Aug 26, 2011 | $73,382.79 |
| Deposit | | $26,404.34 | Aug 29, 2011 | $99,787.13 |
| Check #48055 | $1,726.76 | | Aug 29, 2011 | $98,060.37 |
| Check #48056 | $3,215.90 | | Aug 29, 2011 | $94,844.47 |
| Check #48059 | $80.77 | | Aug 29, 2011 | $94,763.70 |
| Check #48060 | $80.77 | | Aug 29, 2011 | $94,682.93 |
| Check #48061 | $156.69 | | Aug 29, 2011 | $94,526.24 |
| Check #48062 | $87.46 | | Aug 29, 2011 | $94,438.78 |
| Check #48063 | $87.46 | | Aug 29, 2011 | $94,351.32 |
| Check #48064 | $156.69 | | Aug 29, 2011 | $94,194.63 |
| Check #48075 | $1,300.00 | | Aug 29, 2011 | $92,894.63 |
| Check #48076 | $14,166.12 | | Aug 29, 2011 | $78,728.51 |
| Check #48077 | $18.00 | | Aug 29, 2011 | $78,710.51 |
| Check #48079 | $18.62 | | Aug 29, 2011 | $78,691.89 |
| Telephone Transfer Debit | $25,000.00 | | Aug 30, 2011 | $53,691.89 |
| IRS USATAXPYMT 270164384894968 | $3,080.16 | | Aug 31, 2011 | $50,611.73 |
| Check #48057 | $164.22 | | Aug 31, 2011 | $50,447.51 |
| Check #48078 | $83.75 | | Aug 31, 2011 | $50,363.76 |
| ****Statement Produced**** | | | Aug 31, 2011 | $50,363.76 |
| Check #48081 | $80.77 | | Sep 01, 2011 | $50,282.99 |
| Check #48082 | $80.77 | | Sep 01, 2011 | $50,202.22 |
| Check #48083 | $80.77 | | Sep 01, 2011 | $50,121.45 |
| Check #48085 | $87.46 | | Sep 01, 2011 | $50,033.99 |
| Check #48086 | $156.69 | | Sep 01, 2011 | $49,877.30 |
| Check #48087 | $87.46 | | Sep 01, 2011 | $49,789.84 |
| Check #48088 | $156.69 | | Sep 01, 2011 | $49,633.15 |
| Check #48089 | $87.46 | | Sep 01, 2011 | $49,545.69 |
| Check #48090 | $156.69 | | Sep 01, 2011 | $49,389.00 |
| Advance from Hassell per Shawn/BKB | | $70,240.03 | Sep 02, 2011 | $119,629.03 |
| Check #48092 | $1,000.00 | | Sep 02, 2011 | $118,629.03 |
| Check #48084 | $48.27 | | Sep 06, 2011 | $118,580.76 |
| Check #48093 | $54.13 | | Sep 06, 2011 | $118,526.63 |
| Check #48112 | $16,873.47 | | Sep 06, 2011 | $101,653.16 |
| Trsf to 32247 per BKB | $21,000.00 | | Sep 07, 2011 | $80,653.16 |
| IRS USATAXPYMT 270165022718741 | $3,607.26 | | Sep 07, 2011 | $77,045.90 |
| Check #48080 | $1,044.17 | | Sep 07, 2011 | $76,001.73 |
| Check #48094 | $60.19 | | Sep 07, 2011 | $75,941.54 |

HCCI Parties 005463

| Description | Debits | Credits | Date | Balance |
|---|---|---|---|---|
| Check #48120 | $6,638.22 | | Sep 07, 2011 | $69,303.32 |
| Check #48122 | $642.33 | | Sep 07, 2011 | $68,660.99 |
| Advance from Hassell per Shawn/BKB | | $48,257.00 | Sep 08, 2011 | $116,917.99 |
| Trsf to 32247 per BKB to cover overdraft | $8,000.00 | | Sep 08, 2011 | $108,917.99 |
| Check #48114 | $470.05 | | Sep 08, 2011 | $108,447.94 |
| Check #48127 | $25.50 | | Sep 08, 2011 | $108,422.44 |
| Transfer from Hassell per Shawn/BKB | | $45,174.52 | Sep 09, 2011 | $153,596.96 |
| Check #48117 | $44.01 | | Sep 09, 2011 | $153,552.95 |
| Check #48118 | $80.77 | | Sep 09, 2011 | $153,472.18 |
| Check #48119 | $1,372.64 | | Sep 09, 2011 | $152,099.54 |
| Check #48123 | $87.46 | | Sep 09, 2011 | $152,012.08 |
| Check #48124 | $156.69 | | Sep 09, 2011 | $151,855.39 |
| Check #48126 | $10,547.00 | | Sep 09, 2011 | $141,308.39 |
| Deposit | | $210.00 | Sep 12, 2011 | $141,518.39 |
| Check #48115 | $235.00 | | Sep 12, 2011 | $141,283.39 |
| Check #48116 | $45.65 | | Sep 12, 2011 | $141,237.74 |
| Check #48125 | $762.30 | | Sep 12, 2011 | $140,475.44 |
| Check #48136 | $14,404.84 | | Sep 12, 2011 | $126,070.60 |
| Trsf to 32247 per BKB | $60,000.00 | | Sep 13, 2011 | $66,070.60 |
| AMERICAN EXPRESS ELEC REMIT 110912051888518 | $20,912.02 | | Sep 13, 2011 | $45,158.58 |
| Check #48137 | $127.36 | | Sep 13, 2011 | $45,031.22 |
| Check #48146 | $382.67 | | Sep 13, 2011 | $44,648.55 |
| Check #48148 | $657.49 | | Sep 13, 2011 | $43,991.06 |
| Check #48155 | $4,520.83 | | Sep 13, 2011 | $39,470.23 |
| IRS USATAXPYMT 270165764339123 | $2,766.63 | | Sep 14, 2011 | $36,703.60 |
| Check #48140 | $132.40 | | Sep 14, 2011 | $36,571.20 |
| Telephone Transfer Debit | $20,000.00 | | Sep 15, 2011 | $16,571.20 |
| Check #48067 | $119.88 | | Sep 15, 2011 | $16,451.32 |
| Check #48068 | $129.18 | | Sep 15, 2011 | $16,322.14 |
| Check #48070 | $1,075.00 | | Sep 15, 2011 | $15,247.14 |
| Check #48143 | $80.77 | | Sep 15, 2011 | $15,166.37 |
| Check #48144 | $156.69 | | Sep 15, 2011 | $15,009.68 |
| Check #48145 | $87.46 | | Sep 15, 2011 | $14,922.22 |
| Check #48150 | $800.03 | | Sep 15, 2011 | $14,122.19 |
| Deposit | | $1,847.75 | Sep 16, 2011 | $15,969.94 |
| Check #48157 | $7,833.56 | | Sep 16, 2011 | $8,136.38 |
| Trsf to 32247 [er BKB | $5,500.00 | | Sep 16, 2011 | $2,636.38 |
| Reliant Energy 0121D 000005155497 | $65.77 | | Sep 16, 2011 | $2,570.61 |
| AETNA877-2564476 CIPPREMIUM 219467 | $8,069.00 | | Sep 16, 2011 | ($5,498.39) |
| Telephone Transfer Credit | | $17,000.00 | Sep 19, 2011 | $11,501.61 |
| Check #48069 | $1,684.48 | | Sep 19, 2011 | $9,817.13 |
| Check #48139 | $195.69 | | Sep 19, 2011 | $9,621.44 |
| Check #48151 | $4,008.00 | | Sep 19, 2011 | $5,613.44 |
| Check #48183 | $480.00 | | Sep 19, 2011 | $5,133.44 |
| Check #48191 | $23.85 | | Sep 19, 2011 | $5,109.59 |
| Check #48138 | $50.00 | | Sep 20, 2011 | $5,059.59 |
| Check #48141 | $25.00 | | Sep 20, 2011 | $5,034.59 |
| Check #48192 | $38.76 | | Sep 20, 2011 | $4,995.83 |

HCCI Parties 005464

| Description | Debits | Credits | Date | Balance |
|---|---|---|---|---|
| Check #48193 | $1,643.02 | | Sep 20, 2011 | $3,352.81 |
| Check #48196 | $87.46 | | Sep 20, 2011 | $3,265.35 |
| Check #48197 | $156.69 | | Sep 20, 2011 | $3,108.66 |
| IRS USATAXPYMT 270166473651484 | $3,276.65 | | Sep 21, 2011 | ($167.99) |
| Check #48195 | $80.77 | | Sep 21, 2011 | ($248.76) |
| Balance This Statement: | | | Sep 22, 2011 | ($248.76) |

HCCI Parties 005465

*Demand Deposit 32247 - R HASSELL BUILDERS INC*

| | Rel | Birthdate | Phone | Tax Identification |
|---|---|---|---|---|
| [01] R HASSELL BUILDERS INC | * | | ********** | ********** |
| PO BOX 20487 | | | | |
| HOUSTON TX 77225-0487 | | | | |

Additional Relationships
Tax Name: [1] R HASSELL BUILDERS INC

*Current & Previous Cycle*

| Description | Debits | Credits | Date | Balance |
|---|---|---|---|---|
| Balance Forward: | | | Jul 29, 2011 | $218,795.03 |
| Check #34001 | $1,800.00 | | Aug 01, 2011 | $216,995.03 |
| Check #34006 | $44,274.75 | | Aug 01, 2011 | $172,720.28 |
| Check #34013 | $102.84 | | Aug 01, 2011 | $172,617.44 |
| Check #34014 | $2,760.00 | | Aug 01, 2011 | $169,857.44 |
| Check #34016 | $18,566.30 | | Aug 01, 2011 | $151,291.14 |
| Trsf from 30449 per Alan/Cindy | | $18,566.30 | Aug 02, 2011 | $169,857.44 |
| Check #34004 | $778.41 | | Aug 02, 2011 | $169,079.03 |
| Check #34009 | $352.36 | | Aug 02, 2011 | $168,726.67 |
| Check #34011 | $2,153.44 | | Aug 02, 2011 | $166,573.23 |
| Check #34012 | $1,825.00 | | Aug 02, 2011 | $164,748.23 |
| Check #34002 | $659.24 | | Aug 03, 2011 | $164,088.99 |
| Check #34003 | $90,149.73 | | Aug 03, 2011 | $73,939.26 |
| Check #34005 | $41,664.65 | | Aug 03, 2011 | $32,274.61 |
| Check #34025 | $6,646.41 | | Aug 04, 2011 | $25,628.20 |
| Check #34020 | $6,902.69 | | Aug 08, 2011 | $18,725.51 |
| Check #34027 | $18,168.26 | | Aug 08, 2011 | $557.25 |
| Deposit | | $26,952.46 | Aug 09, 2011 | $27,509.71 |
| Check #34028 | $2,717.38 | | Aug 09, 2011 | $24,792.33 |
| IRS USATAXPYMT 270162273912538 | $6,016.45 | | Aug 10, 2011 | $18,775.88 |
| Check #34008 | $20,718.00 | | Aug 12, 2011 | ($1,942.12) |
| Check #34023 | $195.21 | | Aug 15, 2011 | ($2,137.33) |
| Check #34022 | $206.54 | | Aug 15, 2011 | ($2,343.87) |
| Check #34017 | $870.00 | | Aug 15, 2011 | ($3,213.87) |
| Check #34024 | $1,459.00 | | Aug 15, 2011 | ($4,672.87) |
| Check #34007 | $10,530.00 | | Aug 15, 2011 | ($15,202.87) |
| Check #34026 | $37.00 | | Aug 16, 2011 | ($15,239.87) |
| Trsf from 30449 per BKB | | $25,000.00 | Aug 17, 2011 | $9,760.13 |
| IRS USATAXPYMT 270162970219555 | $6,018.46 | | Aug 17, 2011 | $3,741.67 |
| Deposit | | $28,000.00 | Aug 22, 2011 | $31,741.67 |
| Check #34036 | $16,059.57 | | Aug 22, 2011 | $15,682.10 |
| AETNA877-2564476 CIPPREMIUM 219467 | $5,414.00 | | Aug 23, 2011 | $10,268.10 |
| Check #34034 | $884.43 | | Aug 23, 2011 | $9,383.67 |
| IRS USATAXPYMT 270163660497061 | $4,874.09 | | Aug 24, 2011 | $4,509.58 |
| Check #34043 | $657.49 | | Aug 24, 2011 | $3,852.09 |
| Check #34038 | $389.48 | | Aug 25, 2011 | $3,462.61 |
| Check #34054 | $16,069.37 | | Aug 29, 2011 | ($12,606.76) |
| Check #34039 | $150.00 | | Aug 29, 2011 | ($12,756.76) |

HCCI Parties 005466

| Description | Debits | Credits | Date | Balance |
|---|---|---|---|---|
| Check #34040 | $206.54 | | Aug 29, 2011 | ($12,963.30) |
| Check #34041 | $37.00 | | Aug 29, 2011 | ($13,000.30) |
| Check #34042 | $52.00 | | Aug 29, 2011 | ($13,052.30) |
| Telephone Transfer Credit | | $25,000.00 | Aug 30, 2011 | $11,947.70 |
| IRS USATAXPYMT 270164362096915 | $4,877.75 | | Aug 31, 2011 | $7,069.95 |
| Check #34029 | $72.00 | | Aug 31, 2011 | $6,997.95 |
| ACCOUNT ANALYSIS FEE | $256.68 | | Aug 31, 2011 | $6,741.27 |
| ****Statement Produced**** | | | Aug 31, 2011 | $6,741.27 |
| Check #34055 | $206.54 | | Sep 01, 2011 | $6,534.73 |
| Check #34056 | $206.54 | | Sep 01, 2011 | $6,328.19 |
| Check #34057 | $206.54 | | Sep 01, 2011 | $6,121.65 |
| GBDEBILLACTHE HARTFORD HTFRD LIFE PREM PYMT1 800 523 2233 | $1,768.86 | | Sep 02, 2011 | $4,352.79 |
| Check #34058 | $37.00 | | Sep 02, 2011 | $4,315.79 |
| Check #34059 | $37.00 | | Sep 02, 2011 | $4,278.79 |
| Check #34060 | $37.00 | | Sep 02, 2011 | $4,241.79 |
| Analysis Fee Refund | | $120.00 | Sep 06, 2011 | $4,361.79 |
| Check #34061 | $18,822.79 | | Sep 06, 2011 | ($14,461.00) |
| Trsf from 30449 per BKB | | $21,000.00 | Sep 07, 2011 | $6,539.00 |
| Check #34062 | $8,473.30 | | Sep 07, 2011 | ($1,934.30) |
| IRS USATAXPYMT 270165025653893 | $5,643.35 | | Sep 07, 2011 | ($7,577.65) |
| Trsf from 30449 per BKB to cover overdra | | $8,000.00 | Sep 08, 2011 | $422.35 |
| Check #34064 | $206.54 | | Sep 09, 2011 | $215.81 |
| Check #34074 | $15,124.07 | | Sep 12, 2011 | ($14,908.26) |
| Check #34049 | $37,710.00 | | Sep 12, 2011 | ($52,618.26) |
| Check #34065 | $37.00 | | Sep 12, 2011 | ($52,655.26) |
| Trsf from 30449 per BKB | | $60,000.00 | Sep 13, 2011 | $7,344.74 |
| Check #34068 | $1,498.96 | | Sep 13, 2011 | $5,845.78 |
| Check #34069 | $1,915.46 | | Sep 13, 2011 | $3,930.32 |
| AMERICAN EXPRESS ELEC REMIT 110912051904609 | $4,735.85 | | Sep 13, 2011 | ($805.53) |
| Check #34066 | $870.00 | | Sep 13, 2011 | ($1,675.53) |
| Check #34067 | $1,542.04 | | Sep 13, 2011 | ($3,217.57) |
| Check #34046 | $1,318.00 | | Sep 14, 2011 | ($4,535.57) |
| IRS USATAXPYMT 270165772216375 | $4,575.31 | | Sep 14, 2011 | ($9,110.88) |
| Telephone Transfer Credit | | $20,000.00 | Sep 15, 2011 | $10,889.12 |
| Check #34076 | $206.54 | | Sep 15, 2011 | $10,682.58 |
| Check #34051 | $7,143.75 | | Sep 15, 2011 | $3,538.83 |
| Check #34048 | $10,700.91 | | Sep 15, 2011 | ($7,162.08) |
| Check #34053 | $102.84 | | Sep 15, 2011 | ($7,264.92) |
| Trsf from 30449 per BKB | | $5,500.00 | Sep 16, 2011 | ($1,764.92) |
| Trsf from Hassell per Shawn/BKB | | $51,440.95 | Sep 16, 2011 | $49,676.03 |
| Check #34047 | $20,772.00 | | Sep 16, 2011 | $28,904.03 |
| Check #34077 | $37.00 | | Sep 16, 2011 | $28,867.03 |
| Telephone Transfer Debit | $17,000.00 | | Sep 19, 2011 | $11,867.03 |
| Check #34044 | $659.24 | | Sep 19, 2011 | $11,207.79 |
| Check #34045 | $63.54 | | Sep 19, 2011 | $11,144.25 |
| Check #34050 | $352.36 | | Sep 19, 2011 | $10,791.89 |
| Check #34075 | $32.64 | | Sep 19, 2011 | $10,759.25 |

HCCI Parties 005467

| Description | Debits | Credits | Date | Balance |
|---|---|---|---|---|
| Check #34120 | $206.54 | | Sep 20, 2011 | $10,552.71 |
| Check #34121 | $37.00 | | Sep 20, 2011 | $10,515.71 |
| IRS USATAXPYMT 270166473404701 | $4,832.46 | | Sep 21, 2011 | $5,683.25 |
| Balance This Statement: | | | Sep 22, 2011 | $5,683.25 |

HCCI Parties 005468

*Chief Risk Officer*

_____

**CommunityBank of Texas, N.A.**
**P** *713.308.5743* \\ **F** *713.308.5843*
**C** *713.502.8840* \\ **jsturgeon@cbotx.com**
*9 Greenway Plaza, Suite 110* \\ *Houston, TX 77046*
**cbotx.com**


This communication does not reflect an intention by the sender or CommunityBank of Texas, N.A. to conduct a transaction or make any agreement by electronic means. Nothing contained within either this message or any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act (ESIGN), any version of the Uniform Electronic Transactions Act (UETA), or any other statute governing electronic transactions. This electronic transmission and any attached documents or other writings are confidential and for the sole use of the intended recipient(s) identified above. This message may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If you are not the intended recipient, or employee, or agent responsible for delivering the information to the intended recipient, you are hereby notified that any use, reading, dissemination, distribution, copying, or storage of this information is strictly prohibited. The recipient should check this email and any attachments for the presence of viruses. CommunityBank of Texas, N.A. accepts no liability for any damage caused by any virus transmitted by this email. If you have received this information in error, please notify CommunityBank of Texas, N.A. via e-mail at notify@communitybankoftx.com and delete the electronic transmission, including all attachments from your system.

-------------------------------------------------------------------------
This message was secured by **ZixCorp**(R).

5/21/2018 9:34 AM
Chris Daniel - District Clerk Harris County
Envelope No. 24724776
By: DELTON ARNIC
Filed: 5/21/2018 9:34 AM

**CAUSE NO. 2016-87708**

| | | |
|---|---|---|
| **HASSELL CONSTRUCTION CO., INC., et al,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ROYCE HASSELL, et al,** | § | |
| *Defendants* | § | **113th JUDICIAL DISTRICT** |

<u>NOTICE OF HEARING</u>

Please take notice that the oral hearing on Royce Hassell's Anti-Slapp Motion to Dismiss is set on

Friday, the June 15, 2015, a 1:00 P.M. in the 113th Judicial District Court at the Harris County Civil

Courthouse, 201 Caroline Street, 10th Floor, Houston, Texas  77002.


Respectfully submitted,


By: */s/  Silvia T. Hassell*
Silvia T. Hassell
State Bar No. 09205200
12807 Haynes Rd., Bldg. C
Houston, Texas 77066
Tel.  713-665-2442
Fax. 713-665-0369
E-Mail:  sehassell@aol.com

Attorney for Royce Hassell


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on 21st day of May, 2018, a true and correct copy of the foregoing instrument was served on counsel of record in accordance with the Texas Rules of Civil Procedure.


/s/ Silvia T. Hassell

5/21/2018 11:22 AM
Chris Daniel - District Clerk Harris County
Envelope No. 24731131
By: DELTON ARNIC
Filed: 5/21/2018 11:22 AM

Cause No.  2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § | 113TH  JUDICIAL DISTRICT |

## NOTICE OF HEARING

Please take notice that an oral and evidentiary hearing on the *Motion to Disqualify Silvia Hassell*, filed by the Plaintiff, the Third Party Defendants, and Third Party Plaintiffs (collectively "Plaintiffs")[1], is set for **June 15, 2018 at 1:00 o'clock p.m.**

Respectfully Submitted,

**RENTEA & ASSOCIATES**
700 Lavaca, Suite 1400-2678
Austin, Texas  78701
(512) 472-6291
(512) 472-6278 Facsimile
brentea@rentealaw.com


By: */s/ Bogdan Rentea*
   Bogdan Rentea
   State Bar No. 16781000
   ATTORNEY FOR PLAINTIFFS[2]

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on the 21st day of May, 2018, a true and correct copy of the foregoing *Notice of Hearing* was served on the parties through their counsel of record via the Court's e-file system.

---

[1]  For purposes of this notice, the collective Plaintiffs are Hassell Construction Company, Inc., Phillip Hassell, Michael Hassell, Shawn Potts Hassell, and Jason Hassell.

[2]  See footnote 1.