# EXHIBIT 39

# COATS | ROSE

*A Professional Corporation*

PATRICK GAAS
DIRECTOR

PGAAS@COATSROSE.COM
DIRECT: (713) 653-7387
FAX: (713) 651-0220

October 30, 2013

*Via Email: bob@kruckemeyerlaw.com*
Robert J. Kruckemeyer
800 Commerce Street
Houston, Texas 77002

      Re:    Hassell (Transtar I & II)

Dear Robert:

This correspondence is intended to address the "immediate funding"request included in your email of October 25, and Royce Hassel's recent demand letter to Southwest Escrow Company ("SEC").

Preliminarily, there seems to be much rhetoric swirling around concerning the existence of advance billings and the alleged refusal of Hassell Construction Company, Inc. ("HCCI") to authorize SEC to release project funds to pay project debts, particularly those claimed to be owed to R. Hassell Builders ("RHB"). Perhaps the information in this letter will dispel some of that, perhaps not. In either event, attached is a draw recap relating to Transtar I, which reflects a project deficit of approximately $118,000 (that we know about)[1]. We request that RHB review and provide comments to the extent that it determines any errors in the enclosed recap.

It is regrettable that there are no funds available to distribute the joint venture members – as you may be aware, HCCI's unpaid costs for this project are substantial. However, the subcontractors and suppliers must be paid before the joint venture members. HCCI has not be able to confirm that R. Hassell Builders has submitted a pay application to Harris County for September, and it thus appears that there will be a further shortfall of available funds to cover the bills of subcontractor and suppliers for September work if no payment is received from the owner. Please advise us as to whether this pay application has been submitted, and if not, when RHB intends to do so. Any delays will surely result in more payment claims.

In light of the project deficit, there appears to be no legitimate basis to threaten SEC for its refusal to divert construction trust funds to the account of RHB. In addition, we're all

---

[1] HCCI continues to work on the recap of Transtar II.

3 E. GREENWAY PLAZA, STE 2000, HOUSTON, TEXAS 77046
PHONE: (713) 651-0111   FAX: (713) 651-0220
WEB: www.coatsrose.com

HOUSTON | CLEAR LAKE | AUSTIN | DALLAS | SAN ANTONIO | NEW ORLEANS

Robert J. Kruckemeyer
October 30, 2013
Page 2

confused by Royce's attempt to fault SEC for making improper payments, having previously refused to cooperate in providing information concerning the proper amounts due. Even if there were payments of incorrect amounts to RHB's subcontractors and suppliers (and for clarity, we possess no evidence that this has occurred), Royce Hassell has rejected repeated overtures from Jim and Phil Hassell to jointly reconcile the project accounting. Unless Royce is willing to participate in the process, HCCI and SEC simply have to do their best without him, to ensure the projects debts are paid.

Moreover, the funding requests of R. Hassell Builders are very general, and we possess no accounting of RHB's cost allocation of funds received to date. As such, there is really no way to know whether RHB remains unpaid for any legitimate costs in any event. Royce told Phil Hassell that he would complete a cost to complete on June 14 and again on August 1. We believe we know why that cost to complete has never materialized (it will likely reveal the significant project deficit that appears to be looming). This notwithstanding, we again reiterate our request for Royce to provide his cost to complete anyway, and then meet with Jim and Phil to review it and to reconcile the project accounting.

Lastly, from the looks of some of the items recently circulated, Royce Hassell appears to expect his family to pick up the tab for this latest folly. As you know, there is nothing in the joint venture agreement that requires HCCI to do so. This fact notwithstanding, and further notwithstanding that RHB has not paid HCCI for its costs or profit distribution on other projects (which is in no way waived), HCCI offers to place SEC in funds for half of the projected deficit in order to pay third party claims, provided that RHB will do the same. Please let me know if RHB is willing to do this, so that that project debts to third parties can be paid.

Very truly yours,

Patrick Gaas

2

# Hassell Construction
## Project # 1787
## Transtar 1- Emergency Bldg. Expansion
## Draw Recap

|  | **This Draw** | **Project to date** |
|---|---|---|
| Billings |  | $ 4,045,461.95 |
| Owner Retainage | $              - | $    202,273.10 |
|  | $              - | $              - |
| Net funds available | $              - | $ 3,843,188.85 |

**Disbursements**

| | |
|---|---|
| AECO Interior Contractors | $        6,816.25 |
| American Door Products | $      44,745.27 |
| Astro Fence | $        1,156.50 |
| Aztec Rentals | $        1,394.18 |
| Cain Rentals | $           128.60 |
| Campbell Concrete | $    116,800.39 |
| Cherry Crushed Concrete | $        1,931.73 |
| CMC Construction | $      10,020.45 |
| Detection & Suppression | $      52,259.00 |
| Empire Steel Erectors | $    105,634.44 |
| GCR Truck Tire Center | $        1,728.98 |
| Gulf Coast Stabilized Material | $        3,307.73 |
| HaevyQuip | $            20.90 |
| O'Rielly Automotive | $           864.41 |
| HCB Mechanical | $      51,556.50 |
| Hi tech Concrete | $        6,777.54 |
| Highway Payment Specialties | $        2,010.00 |
| Holes Incorporated | $           992.00 |
| CHS Surety | $      79,143.00 |
| Katy Hydraulics | $           183.79 |
| McRay Crane & Rigging | $           960.00 |
| Matt Mechanical | $    176,349.55 |
| Masthead Hose & Supply | $        1,277.66 |
| Max Heavy Haul, Inc. | $           775.00 |
| Mobile Mini | $        7,031.25 |
| Modern Welding Co of Texas | $      18,813.75 |
| Oakmont Maintenance & Rentals | $      10,312.24 |
| Peraland Alternator Co. | $           193.23 |
| Powerplan | $           583.50 |
| Procon Enterprises | $        4,181.00 |
| Redeemed Trucking | $           250.00 |
| R.B. Evertt & Company | $           140.44 |
| R. Hassell | $  2,891,664.73 |
| Rhode Runners Messenger | $            15.60 |
| Romco Equipment | $           151.05 |
| Sparkletts | $            83.59 |
| Sprint Sand & Clay | $        2,546.00 |
| Sun Coast Resources | $        5,808.23 |
| Sunbelt Rentals | $           595.75 |
| Sunstate Equipment | $        4,523.19 |
| Tag Electric | $      56,886.00 |
| Texas Contractors | $           256.10 |
| Trench Plate Rental | $        1,690.64 |
| Westvlew Irrigation and texas Supply | $        6,809.96 |
| Westvlew Irrigation | $        2,532.91 |
| United Rentals | $        3,626.10 |
| Waukesha-Pearce Industries | $           499.78 |

# Hassell Construction
## Project # 1787
## Transtar 1- Emergency Bldg. Expansion
## Draw Recap

| Vendors that still need to be paid | | | | |
|---|---|---|---|---|
| Kauffman Co. | | $ | 4,655.00 | |
| construction Eco Services | | $ | 1,416.00 | |
| Detection & Suppression | | $ | 24,822.25 | |
| Permabond | | $ | 35,150.00 | |
| Tag Electric | | $ | 66,025.00 | |
| Applied Finish | | $ | 84,198.50 | |
| Sunstate Equipment | | $ | 2,955.92 | |
| Palmer Steel Supply | | $ | 33,519.00 | |
| Hassell Construction | Payroll | $ | 22,529.18 | |
| Hassell Construction | Expense reimb. | $ | - | |
| Total costs this draw | | $ | 3,961,199.76 | $ 3,961,199.76 |
| Costs paid prior draws | | | | $ - |
| Total Costs paid | | | | $ 3,961,199.76 |
| Overhead & Profit | | | | |
| This draw | | | | $ - |
| Prior payments | | | | |
| Total | | | | $ - |
| Funds disbursed | | | $ 3,961,199.76 | $ 3,961,199.76 |
| Excess Funds | | | $ (3,961,199.76) | $ (118,010.91) |
| Funds accounted for | | | $ - | $ 3,843,188.85 |

\* To extent funds available

TOTAL CONTRACT AMNT:     $          7,258,449



# COATS | ROSE
*A Professional Corporation*

BRADLEY J. REEVES
ASSOCIATE

breeves@coatsrose.com
Direct Dial
(713) 653-5711

September 13, 2013

# SECOND NOTICE OF CLAIM TO OWNER AND ORIGINAL CONTRACTOR

*Via Certified Mail/RRR*
<u>71603901984857156206</u>
Stellar Oilfield Rentals
28024 N. Highway 288B
Angleton, TX 77515

      C/o Randy Pelt
      P.O. Box 1839
      Angleton, TX 77516-1839

      Re:    Second Notice of Claim to Owner and Original Contractor

To Whom It May Concern:

      This firm has been retained by Hassell Construction Company, Inc. in connection with an outstanding amount owed to them by R. Hassell Builders, Inc. for materials and/or labor furnished for improvements on the property located at 28024 N. Highway 288B, Angleton, TX 77515.

      It is our understanding that Stellar Oilfield Rentals is the owner of the real property on which the improvements are being constructed (or were previously constructed). If you are not the owner of the property, please advise us at once.

      This notice is required under the Texas Property Code in order to notify you of the fact that Hassell Construction Company, Inc. has not been paid an amount due and owed to them by R. Hassell Builders, Inc., for work performed in April, May, June, and July 2013. An initial notice of this claim was remitted to you on August 15, 2013, via certified mail, return receipt requested.

      As previously stated in the initial notice sent to you, the principal amount of Hassell Construction Company, Inc.'s claim is $143,881.27. This amount is unpaid. A copy of Hassell Construction Company, Inc.'s invoice to R. Hassell Builders, Inc. was enclosed in the initial August 15, 2013 notice of claim letter, a copy of which is enclosed with this letter for your review.

3 East Greenway Plaza, Suite 2000   Houston, Texas  77046-0307
Phone: 713-651-0111   Fax: 713-651-0220
Web: www.coatsrose.com

RECEIVED SEP 1 6 2013

September 13, 2013
Page 2

Pursuant to the requirements of the Texas Property Code, on behalf of Hassell Construction Company, Inc., we are required to inform you that you are required to withhold any further payment to R. Hassell Builders, Inc. up until such time as the outstanding amount owed to Hassell Construction Company, Inc. is paid. IF THIS ACCOUNT REMAINS UNPAID, YOU WILL BE PERSONALLY LIABLE OR YOUR PROPERTY SUBJECTED TO A LIEN UNLESS YOU WITHHOLD PAYMENT FROM YOUR ORIGINAL CONTRACTOR, R. HASSELL BUILDERS, INC., FOR THE PAYMENT OF THE CLAIM OR UNLESS THE CLAIMS IS OTHERWISE PAID OR SETTLED.

Hassell Construction Company, Inc. will also be filing in the very near future an affidavit claiming a mechanic's lien on the property, and a copy of the affidavit as filed will be sent to you for your records. Upon satisfaction of the claim, we will release any lien rights acquired.

We regret that this action must be taken. If there is any reason why you believe that you or your property should not be liable for this claim, please contact Pat Gaas or Brad Reeves of Coats, Rose, Yale, Ryman & Lee, P.C. at your earliest convenience. Thank you for your assistance in this matter.

Sincerely,

Patrick E. Gaas
Bradley J. Reeves

PEG/bjr

Enclosures

Cc:
    *Via Certified Mail/RRR*
    <u>71603901984857156213</u>
    R. Hassell Builders, Inc.
    By and through registered agent:
    Royce J. Hassell
    12512 Cutten Rd., Suite A
    Houston, TX 77066-1822

4821-2370-3829.v1



**12211 DUNCAN ROAD**
**HOUSTON, TEXAS 77066**
PH. 281-893-2570
FAX 281-580-9170
*est. 1976*

NOTICE TO OWNER AND ORIGINAL CONTRACTOR

August 15, 2013

Stellar Oilfield Rentals
28024 N. Highway 288B
Angelton, TX  77515
CERTIFIED MAIL/RETURN RECEIPT
REQUESTED: # 70082810000135472240

R. Hassell Builders
12512 Cutten Rd.  Suite A
Houston, TX 77066
CERTIFIED MAIL/RETURN RECEIPT
REQUESTED: # 70082810000135472257

    We have furnished labor and materials to R. Hassell Builders, contractor on the construction in progress on your property located at 28024 N. Highway 288B, Angleton TX 77515.  We have not been paid the amount due us through the month of July in the amount of 143,881.27, as shown by the attached statement which is made a part hereof.  Under the mechanic's lien laws of Texas, a subcontractor or supplier of goods or labor is required to notify the owner of all claims which are not paid.  Failure to give this notice may cause us to lose our rights under the mechanic's lien laws if the sums are not finally paid.

    The law requires that we advise you that if our bill is not paid, you may be personally liable and your property subjected to a lien unless you withhold payments to the contractor for payment of our statement or unless the bill is otherwise paid or settled.

Demand is hereby made for the payment of our claim from funds withheld by owner unless the contractor disputes this claim as required by law.

Should you have any question concerning our claim, please advise us.  We will appreciate being advised if there is a dispute as to our claim.

                    Sincerely,

                    Hassell Construction Company, Inc.

                    Michael L. Hassell
                    Executive Vice-President

To(OWNER): R. Hassell Builders
P.O. Box 690767
Houston, TX 77269

Project: Stellar Oil Field

From: Hassell Construction Co., Inc.
16111 Hollister Street
Houston, TX 77066
(281) 893-2570

Via(Architect/:
Engineer)

For:

Application No: 1
Invoice No: 1305.01
Invoice Date: 7/31/2013
Terms: Net 0
Due Date: 7/31/2013
Period To: 7/31/2013
Project No:
Contract Date:

Contract sum .............................................. 143,881.27

Completed to date ......................................... 143,881.27

Retainage ................................................. 0.00

Total earned less retainage ............................... 143,881.27

Previous billings ......................................... 0.00

Current payment due ....................................... 143,881.27

Sales tax ................................................. 0.00

Total due ................................................. 143,881.27

Project: Stellar Oil Field

To(OWNER): R. Hassell Builders
P.O. Box 690767
Houston, TX 77269

From: Hassell Construction Co., Inc.
16111 Hollister Street
Houston, TX 77066
(281) 893-2570

For:

Via(Architect/:
Engineer)

Application No: 1
Invoice No: 1305.01
Invoice Date: 7/31/2013
Terms: Net 0
Due Date: 7/31/2013
Period To: 7/31/2013
Project No:
Contract Date:

| No. | Description | Total Quantity | | Unit Cost | Total Cost | Completed Units | Current Value | Prior Value | Due Th Reque |
|---|---|---|---|---|---|---|---|---|---|
| 00 | Overhead/ Burden | 1 | Ls | 143,881.27 | 143,881.27 | 1.79852 | 143,881.27 | 0.00 | 143,881.2 |
| 00E | Equipment | 1 | Ls | 0.00 | 0.00 | 0 | 0.00 | 0.00 | |
| | | | | | 143,881.27 | | 143,881.27 | 0.00 | 143,881.2 |

**Hassell Construction Company Inc.**
16111 Hollister Rd.
Houston, TX 77066

# INVOICE



INVOICE #1305.01

DATE: 08-28-2013

**TO:**
R. Hassell Companies
12512 Cutten Rd., Houston, TX 77066

**FOR:**
Outstanding monies owed for Stellar Oil Field project

2nd attempt to collect.

| DESCRIPTION | AMOUNT |
|---|---|
| Stellar Oil Field – 2nd attempt to collect | 143,881.27 |
| Payment due upon receipt please remit immediately. | |
| TOTAL | 143,881.27 |

Make all checks payable to Hassell Construction Company Inc. and mail to 12522 Cutten Rd.  Houston, TX 77066

**Paul Nimmons**
**Attorney at Law**
**8588 Katy Freeway, Suite 255**
**Houston, Texas 77024**
**Phone: 713-467-1760        Fax: 713-467-1908**

January 13, 2014

*Via Telefax 713-651-0220*
*and Hand-Delivered*
Hassell Construction Company, Inc.
c/o Coats│Rose
3 East Greenway Plaza, Suite 2000
Houston, TX 77046-0307
*Attn: Bradley J. Reeves*

     *Re:*    *Mechanic's Lien Affidavit filed November 14, 2013*

Dear Hassell Construction Company:

    I represent OCB Properties, Ltd. and Stellar Oilfield Rentals, LLC. You filed a mechanic's lien affidavit against Stellar Oilfield Rentals, LLC in Brazoria County, Texas on November 14, 2013. The mechanic's lien affidavit is invalid.

    On behalf of OCB Properties, Ltd. and Stellar Oilfield Rentals, LLC, demand is hereby made that you file a release of the mechanic's lien in the real property records of Brazoria County, Texas. If a release is not filed by Monday, January 20, 2014, I will file a lawsuit to have the lien declared invalid, to remove the lien and for damages and attorney's fees. A copy of Plaintiffs' Petition outlining the facts is attached.

    Among other things, Hassell Construction Company is a joint venturer and the general contractor on the project. The general contractor has been paid in full. Hassell Construction is well aware of this fact.

Sincerely yours,

Paul Nimmons

PN/ej/c401
Enclosures

CAUSE NO. _____

| | | |
|---|---|---|
| OCB PROPERTIES, LTD AND | § | IN THE DISTRICT COURT |
| STELLAR OILFIELD RENTALS, LLC, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| HASSELL CONSTRUCTION COMPANY, | § | |
| INC., | § | |
| Defendant. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

OCB Properties, Ltd. and Stellar Oilfield Rentals, LLC, Plaintiffs, file this Petition against Hassell Construction Company, Inc., Defendant.

### I.

Plaintiff, OCB Properties, Ltd., is a limited partnership.

Plaintiff, Stellar Oilfield Rentals, LLC, is a limited liability company.

Discovery is intended to be conducted under level 2 of Rule 190 Tex. R. Civ. P.

Defendant, Hassell Construction Company, Inc., is a corporation and may be served with process by serving its registered agent, James C. Hassell, at 12211 Duncan, Houston, Harris County, Texas 77066.

### II.

OCB Properties is the owner of property located at 28024 N. Highway 288B, Angleton, Texas 77515. A copy of the deed is attached as Exhibit 1. Stellar Oilfield Rentals is the lessee of the property.

On November 14, 2013, Hassell Construction Company filed a mechanic's lien on the property. A copy of the lien affidavit is attached as Exhibit 2. The mechanic's lien is invalid and should be removed.

### III.

The mechanic's lien is invalid for several reasons.  The primary reason is that Defendant Hassell Construction Company has been paid in full.  Defendant, Hassell Construction Company, is a joint venturer on the project with R. Hassell Builders, Inc.  The joint venture was the general contractor on the project.  The general contractor has been paid in full.   A copy of the check is attached as Exhibit 3.

### IV.

In July 2012, Defendant, Hassell Construction Company and R. Hassell Builders, Inc., entered into a Construction Joint Venture Agreement (Exhibit 4).

In April 2013, R. Hassell Builders, on behalf of the Joint Venture, entered into a construction contract with Plaintiff, OCB Properties, to perform work on the described real property.  The project is called the Stellar Oilfield Project.  A copy of the construction contract is attached (Exhibit 5).

R. Hassell Builders entered into the construction contract as a joint venturer of, and on behalf of, the Hassell Joint Venture.  The Construction Joint Venture Agreement (Sec. 4) provides that the interest of the Joint Venture in construction contracts applies regardless of the contractual party to the construction contract (either individually as Hassell Construction Co., Inc., or R. Hassell, or jointly as Hassell Construction/R. Hassell JV).

The Stellar Oilfield project was a Joint Venture project.  This is confirmed in the attached email and job list dated 5/18/2013 from Hassell Construction (Exhibit 6).   It is also confirmed in the attached email from Hassell Construction dated October 2, 2013 (Exhibit 7).  It is also confirmed in the last paragraph of the mechanic's lien affidavit.

R. Hassell Builders, Inc. and Defendant, Hassell Construction Co., Inc., are Joint Venturers in the Hassell Joint Venture.  The Hassell Joint Venture is the original contractor on the Stellar Oilfield Rental Project.  The Hassell Joint Venture contracted with OCB.  Hassell Construction is a joint venturer on the project.  The Hassell Joint Venture has been paid in full.  Texas Property Code Section 53.160 provides that a lien is invalid when the owner has been paid all funds owed to the original contractor before the lien is filed and before the owner receives a notice of claim.

### V.

The mechanic's lien is defective because it does not properly name the owner of the property.  The owner is OCB Properties.  The mechanic's lien affidavit incorrectly states that the owner is Stellar Oilfield Rentals.

## VI.

The lien affidavit was not timely filed. The work was completed and invoiced in June 2013. A copy of the invoice is attached as Exhibit 8.    Section 53.052(a) Tex. Prop. Code requires that a lien affidavit must be filed not later than the 15th day of the fourth calendar month after the indebtedness accrues. Section 53.053 defines "accrual of indebtedness". The last day on which a lien could be filed was the 15th day of October 2013.

## VII.

Notice of Claim was not sent to Stellar Oilfield Rentals and R. Hassell Builders, Inc. on August 15, 2013 as alleged in the Mechanic's Lien Affidavit. The attached envelope (Exhibit 9) addressed to R. Hassell Builders, Inc. says that it was mailed on August 16, 2013.

## VIII.

The lien affidavit is in violation of Chap. 53 of the Texas Property Code. It appears to be in violation of Chap. 12 of the Texas Civil Practice & Remedies Code and in violation of §§51.901 of the Texas Government Code. Defendant is liable for damages and exemplary damages.

## IX.

Plaintiffs presented their demand and claim to Defendant. Plaintiffs are represented by an attorney. Plaintiffs are entitled to reasonable attorney's fees under §53.156 and Texas Property Code and under §12.002 Texas Civil Practice & Remedies Code, and all other applicable statutes.

## X.

All conditions precedent to Plaintiffs' recovery have been performed or have occurred.

## XI.

Pursuant to Rule 194 Texas Rules of Civil Procedure, you are requested to disclose the information on material described in Rule 194.2 Texas Rules of Civil Procedure. A copy of Rule 194 is attached.

## PRAYER

Plaintiffs pray for judgment removing the invalid lien and for damages and exemplary damages,  for costs of court, and for all other relief to which Plaintiffs may be entitled.

Respectfully submitted,

Paul Nimmons
TBA No. 15031000
Cynthia Fronterhouse
TBA No. 24030129
8588 Katy Freeway, Suite 255
Houston, Texas 77024
Telephone: 713-467-1760
Telefax: 713-467-1908

Attorneys for Plaintiffs,
OCB Properties, Ltd. and
Stellar Oilfield Rentals, LLC

p339

the burden under paragraph (b), the court may grant a continuance or temporarily postpone the trial to allow a response to be made, amended, or supplemented, and to allow opposing parties to conduct discovery regarding any new information presented by that response.

Added Aug. 5, 1998, and Nov. 9, 1998, eff. Jan. 1, 1999.

### Historical Notes

The order of Nov. 9, 1998 provides that a response to a discovery request, an objection to a discovery request, an assertion of privilege, or an amendment or supplementation to a discovery response made before Jan. 1, 1999 need not comply with the new rule.

### 193.7. Production of Documents Self–Authenticating

A party's production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial unless—within ten days or a longer or shorter time ordered by the court, after the producing party has actual notice that the document will be used—the party objects to the authenticity of the document, or any part of it, stating the specific basis for objection. An objection must be either on the record or in writing and must have a good faith factual and legal basis. An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder. If objection is made, the party attempting to use the document should be given a reasonable opportunity to establish its authenticity.

Added Aug. 5, 1998, and amended Nov. 9, 1998, eff. Jan. 1, 1999.

### Historical Notes

The order of Nov. 9, 1998 provides that a response to a discovery request, an objection to a discovery request, an assertion of privilege, or an amendment or supplementation to a discovery response made before Jan. 1, 1999 need not comply with the new rule.

### Rule 194. Requests for Disclosure

#### Comment—1999

1. Disclosure is designed to afford parties basic discovery of specific categories of information, not automatically in every case, but upon request, without preparation of a lengthy inquiry, and without objection or assertion of work product. In those extremely rare cases when information ordinarily discoverable should be protected, such as when revealing a person's residence might result in harm to the person, a party may move for protection. A party may assert any applicable privileges other than work product using the procedures of Rule 193.3 applicable to other written discovery. Otherwise, to fail to respond fully to a request for disclosure would be an abuse of the discovery process.

2. Rule 194.2(c) and (d) permit a party further inquiry into another's legal theories and factual claims than is often provided in notice pleadings.

So-called "contention interrogatories" are used for the same purpose. Such interrogatories are not properly used to require a party to marshal evidence or brief legal issues. Paragraphs (c) and (d) are intended to require disclosure of a party's basic assertions, whether in prosecution of claims or in defense. Thus, for example, a plaintiff would be required to disclose that he or she claimed damages suffered in a car wreck caused by defendant's negligence in speeding, and would be required to state how loss of past earnings and future earning capacity was calculated, but would not be required to state the speed at which defendant was allegedly driving. Paragraph (d) does not require a party, either a plaintiff or a defendant, to state a method of calculating non-economic damages, such as for mental anguish. In the same example, defendant would be required to disclose his or her denial of the speeding allegation and any basis for contesting the damage calculations.

3. Responses under Rule 194.2(c) and (d) that have been amended or supplemented are inadmissible and cannot be used for impeachment, but other evidence of changes in position is not likewise barred.

### 194.1. Request

A party may obtain disclosure from another party of the information or material listed in Rule 194.2 by serving the other party—no later than 30 days before the end of any applicable discovery period—the following request: "Pursuant to Rule 194, you are requested to disclose, within 30 days of service of this request, the information or material described in Rule [state rule, e.g., 194.2, or 194.2(a), (c), and (f), or 194.2(d)-(g)]."

Added Aug. 5, 1998 and Nov. 9, 1998, eff. Jan. 1, 1999.

### 194.2. Content

A party may request disclosure of any or all of the following:

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

(d) the amount and any method of calculating economic damages;

(e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) for any testifying expert:

(1) the expert's name, address, and telephone number;

103

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B) the expert's current resume and bibliography;

(g) any indemnity and insuring agreements described in Rule 192.3(f);

(h) any settlement agreements described in Rule 192.3(g);

(i) any witness statements described in Rule 192.3(h);

(j) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

(l) the name, address, and telephone number of any person who may be designated as a responsible third party.

Added Aug. 5, 1998 and Nov. 9, 1998.  Amended Dec. 31, 1998, eff. Jan. 1, 1999;  March 3, 2004.

**Historical Notes**

The Order dated March 3, 2004, added subsec. (l) and made a nonsubstantive change.

The Order dated March 3, 2004 provides:

"Rule 194.2(l) is added as required by changes in chapter 33 of the Texas Civil Practice and Remedies Code. The amendment applies in all cases filed on or after July 1, 2003, in which a request under Rule 194.1 is made after May 1, 2004."

The Order dated December 31, 1998, made technical corrections.

## 194.3.  Response

The responding party must serve a written response on the requesting party within 30 days after service of the request, except that:

(a) a defendant served with a request before the defendant's answer is due need not respond until 50 days after service of the request, and

(b) a response to a request under Rule 194.2(f) is governed by Rule 195.[1]

Added Aug. 5, 1998 and Nov. 9, 1998, eff. Jan. 1, 1999.

1 Vernon's Ann.Rules Civ.Proc., rule 195.1 et seq.

## 194.4.  Production

Copies of documents and other tangible items ordinarily must be served with the response.  But if the responsive documents are voluminous, the response must state a reasonable time and place for the production of documents.  The responding party must produce the documents at the time and place stated, unless otherwise agreed by the parties or ordered by the court, and must provide the requesting party a reasonable opportunity to inspect them.

Added Aug. 5, 1998 and Nov. 9, 1998, eff. Jan. 1, 1999.

## 194.5.  No Objection or Assertion of Work Product

No objection or assertion of work product is permitted to a request under this rule.

Added Aug. 5, 1998 and Nov. 9, 1998, eff. Jan. 1, 1999.

## 194.6.  Certain Responses Not Admissible

A response to requests under Rule 194.2(c) and (d) that has been changed by an amended or supplemental response is not admissible and may not be used for impeachment.

Added Aug. 5, 1998 and Nov. 9, 1998, eff. Jan. 1, 1999.

## Rule 195.  Discovery Regarding Testifying Expert Witnesses

### Comment—1999

1.  This rule does not limit the permissible methods of discovery concerning consulting experts whose mental impressions or opinions have been reviewed by a testifying expert.  See Rule 192.3(e).  Information concerning purely consulting experts, of course, is not discoverable.

2.  This rule and Rule 194 do not address depositions of testifying experts who are not retained by, employed by, or otherwise subject to the control of the responding party, nor the production of the materials identified in Rule 192.3(e)(5) and (6) relating to such experts.  Parties may obtain this discovery, however, through Rules 176 and 205.

3.  In scheduling the designations and depositions of expert witnesses, the rule attempts to minimize unfair surprise and undue expense.  A party seeking affirmative relief must either produce an expert's report or tender the expert for deposition before an opposing party is required to designate experts.  A party who does not wish to

Doc# 2011034853

## GENERAL WARRANTY DEED

*1911712104*

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

THE STATE OF TEXAS )(

                KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF BRAZORIA )(

THAT the undersigned, **THOMAS J. ATWELL** and wife, **CYNTHIA ATWELL**, herein referred to as **Grantor**, whether one or more, for and in consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable consideration in hand paid by the Grantee herein, the receipt and sufficiency of which is hereby expressly acknowledged, has GRANTED, SOLD and CONVEYED, and by these presents does hereby GRANT, SELL and CONVEY unto **OCB PROPERTIES, LTD.,** herein referred to as **Grantee**, whether one or more, the following described real property situated in Brazoria County, Texas, to-wit:

> A tract or parcel of land containing 9.6924 acres or 422,202 square feet of land, situated in the Shubal Marsh Survey, Abstract No. 81-82, Brazoria County, Texas, being all of a called 9.6923 acre tract of land recorded in the name of Thomas J. Atwell and Cynthia Atwell under Brazoria County Clerk's File No. (B.C.C.F. No.) 2005007461, with said 9.6924 acre being more particularly described by metes and bounds on Exhibit "A" attached hereto and made a part hereof.

TO HAVE AND TO HOLD the above described property, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee, and Grantee's successors and assigns forever; and Grantor does hereby bind Grantor, and



Grantor's heirs, executors, administrators and legal representatives to WARRANT AND

FOREVER DEFEND all and singular the said property unto the Grantee, and Grantee's

successors and assigns against every person whomsoever lawfully claiming or to claim the

same or any part thereof.

This conveyance is made and accepted subject to all restrictions, easements, rights of way, all oil, gas and other mineral reservations and royalty interests, and all oil, gas and other mineral leases, maintenance and assessment charges and any liens securing the same, set back lines, zoning laws, ordinances of municipal and other governmental authorities, and all covenants and agreements, if any, relating to the hereinabove described property, but only to the extent the same are in force and effect and shown of record in the office of the County Clerk of the county in which the herein conveyed property is located.

Taxes for the current year are prorated as of the date hereof and are assumed and payable by Grantee.

EXECUTED this 2 4 day of August, 2011.

_____
THOMAS J. ATWELL

_____
CYNTHIA ATWELL

THE STATE OF TEXAS )
COUNTY OF HARRIS    )

This instrument was acknowledged before me on the 2 4 day of August, 2011, by THOMAS J. ATWELL.

_____
Notary Public - State of Texas

THE STATE OF TEXAS )
COUNTY OF HARRIS    )

     This instrument was acknowledged before me on the _24_ day of August, 2011, by CYNTHIA ATWELL.

_____
Notary Public - State of Texas

R. L. BUCKALEW
Notary Public, State of Texas
My Commission Expires 07/22/2012

ADDRESS OF GRANTEE:

OCB Properties, Ltd.
P.O. Box 27209
Houston, TX 77227

**Prepared in the Law Office of:**
**WARREN C. BROWN, ATTORNEY**
617 Caroline, 3RD Floor
Houston, Texas    77002
Phone:    713/228 0801

# EXHIBIT "A"

A TRACT OR PARCEL CONTAINING 9.6924 ACRES OR 422,202 SQUARE FEET OF LAND, SITUATED IN THE SHUBAL MARSH SURVEY, ABSTRACT NO. 81-82, BRAZORIA COUNTY, TEXAS, BEING ALL OF A CALLED 9.6923 ACRE TRACT OF LAND RECORDED IN THE NAME OF THOMAS J. ATWELL AND CYNTHIA ATWELL UNDER BRAZORIA COUNTY CLERK'S FILE NUMBER (B.C.C.F. No.) 2005007461, WITH SAID 9.6924 ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS WITH BEARINGS BEING BASED ON SAID B.C.C.F No. 2005007461:

BEGINNING AT A 1/2 IRON ROD FOUND ON THE WESTERLY RIGHT-OF-WAY (R.O.W.) LINE OF STATE HIGHWAY 288B MARKING THE NORTHEAST CORNER OF A CALLED 3.50 ACRE TRACT OF LAND RECORDED IN THE NAME OF LOUIS LUKASHEAY AND LINDA LUKASHEAY UNDER B.C.C.F. No. 2002027965 AND THE SOUTHEAST CORNER OF SAID 9.6923 ACRE TRACT AND THE HEREIN DESCRIBED TRACT;

THENCE, WITH THE COMMON LINE OF SAID 3.50 ACRE TRACT AND SAID 9.6923 ACRE TRACT, SOUTH 89 DEGREES 24 MINUTES 50 SECONDS WEST, A DISTANCE OF 466.90 FEET TO A CAPPED 5/8" IRON ROD STAMPED "WINDROSE LAND SERVICES" SET AT THE NORTHWEST CORNER OF SAID 3.50 ACRE TRACT ON THE EAST LINE OF A CALLED 107.00 ACRE TRACT OF LAND RECORDED IN THE NAME OF SOL J. WAXBERG AND DAVID L. WACHSBERG IN VOLUME 1041, PAGE 528, B.C.D.R. AND MARKING THE SOUTHWEST CORNER OF SAID 9.6923 ACRE TRACT AND THE HEREIN DESCRIBED TRACT;

THENCE, WITH THE COMMON LINE OF SAID 107.00 ACRE TRACT AND SAID 9.6923 ACRE TRACT, NORTH 00 DEGREES 02 MINUTES 33 SECONDS EAST, A DISTANCE OF 1293.96 FEET TO A CAPPED 5/8" IRON ROD STAMPED "WINDROSE LAND SERVICES" SET ON THE EAST LINE OF SAID 107.00 ACRE TRACT AT THE SOUTHWEST CORNER OF A CALLED 1.00 ACRE TRACT OF LAND RECORDED IN THE NAME OF SOL J. WAXBERG AND DAVID L. WACHSBERG IN VOLUME 1041, PAGE 528, B.C.D.R. AND MARKING THE NORTHWEST CORNER OF SAID 9.6923 ACRE TRACT AND THE HEREIN DESCRIBED TRACT;

THENCE, WITH THE COMMON LINE OF SAID 1.00 ACRE TRACT AND SAID 9.6923 ACRE TRACT, SOUTH 89 DEGREES 54 MINUTES 29 SECONDS EAST, A DISTANCE OF 196.49 FEET TO A CAPPED 5/8" IRON ROD STAMPED "WINDROSE LAND SERVICES" SET AT THE SOUTHEAST CORNER OF SAID 1.00 ACRE TRACT BEING THE ON THE WESTERLY R.O.W. LINE OF SAID STATE HIGHWAY 288B AND MARKING THE NORTHEAST CORNER OF SAID 9.6923 ACRE TRACT AND THE HEREIN DESCRIBED TRACT, FROM WHICH A FOUND 1/2" IRON ROD BEARS NORTH 38 DEGREES 58 MINUTES 31 SECONDS WEST, A DISTANCE OF 2.33 FEET;

THENCE, WITH SAID WESTERLY R.O.W. LINE AND THE EASTERLY LINE OF SAID 9.6923 ACRE TRACT, SOUTH 12 DEGREES 13 MINUTES 55 SECONDS EAST, A DISTANCE OF 1318.84 FEET TO THE PLACE OF BEGINNING AND CONTAINING 9.6924 ACRES OR 422,202 SQUARE FEET OF LAND, AS SOWN ON THE EXHIBIT, JOB NO. 48071WC, FILED IN THE OFFICES OF WINDROSE LAND SERVICES, INC.

NOTE: The Company does not represent
that the above acreage or square
footage calculations are correct.

e-Recording
Doc# 2011034853
# Pages 5
08/25/2011   13:47:36 PM
Official Public Records of
BRAZORIA COUNTY
JOYCE HUDMAN
COUNTY CLERK
Fees 28.00

*Joyce Hudman*

Total Pages: 4                    MC

# AFFIDAVIT CLAIMING MECHANIC'S AND MATERIALMEN'S LIEN

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

BEFORE ME, a notary public in and for the State of Texas, on this day personally appeared the undersigned, who being by me duly sworn, on oath states:

1.      My name is James Phillip Hassell.   I am President of Hassell Construction Company, Inc. ("Claimant") and am authorized to make this affidavit on its behalf as the sworn statement of its claim.

2.      Claimant furnished labor and/or materials for the improvement of the following described property in Brazoria County, Texas:

**Commonly known as 28024 N. Highway 288B, Angleton, Brazoria County, Texas 77515.**

3.      The name and last known address of the person or entity to whom the labor and/or materials were furnished for such improvement is Stellar Oilfield Rentals, care of Randy Pelt, P.O. Box 1839, Angleton, Texas 77516-1839, at the request of R. Hassell Builders, Inc., care of registered agent, Royce J. Hassell, 12512 Cutten Rd., Suite A, Houston, TX 77066-1822. It is believed that the labor and/or materials were furnished to Stellar Oilfield Rentals pursuant to a request made to R. Hassell Builders, Inc., who in turn requested the labor and/or materials be furnished by Claimant.

4.      The name and address of the Original Contractor for such improvement is R. Hassell Builders, Inc., care of registered agent, Royce J. Hassell, 12512 Cutten Road, Suite A, Houston, TX 77066-1822.

5.      The name and last known address of the owner or reputed owner of the land and the improvements thereon is Stellar Oilfield Rentals, care of Randy Pelt, P.O. Box 1839, Angleton, Texas 77516-1839.

6.      The labor and/or material furnished by Claimant is generally described as provided materials, equipment, and labor to remove existing materials and place on-site, grade existing areas and place asphalt base for driving and/or parking/storage areas. Claimant is hereby asserting a claim for work performed and/or materials furnished in the months of April, May, June, and July, 2013.

8.      The amount due, owing and unpaid to claimant for such labor and/or material is $143,881.27, which is true, correct, and just, with all just and lawful offsets, payments, and credits known to affiant allowed.

9.      Claimant's name is Hassell Construction Company, Inc. and its mailing and physical address is 12211 Duncan Road, Houston, TX 77066.



10.     Claimant sent its Notice of Claim to Stellar Oilfield Rentals and R. Hassell Builders, Inc., on August 15, 2013 by certified mail, return receipt requested. A second notice was sent to Stellar Oilfield Rentals and R. Hassell Builders, Inc. on September 13, 2013 prior to the filing of this lien affidavit.

Claimant claims a lien against all the above described property and improvements thereon in the amount shown above pursuant to Chapter 53 of the Property Code of the State of Texas, and makes this sworn statement of claim in support thereof.

Claimant expressly claims a first lien on all removables and claims a Constitutional mechanic's and materialman's lien to the extent that Claimant is deemed an Original Contractor.

HASSELL CONSTRUCTION COMPANY, INC.

James Phillip Hassell, President

Subscribed and sworn to before me by the said James Phillip Hassell this 14th day of November, 2013, to certify which witness my hand and seal of office.



Notary Public in and for the
STATE OF TEXAS

STATE OF TEXAS             §
                          §
COUNTY OF HARRIS          §

BEFORE ME, the undersigned authority, on this day personally appeared James Phillip Hassell, President of Hassell Construction Company, Inc., known to me to be the person whose name is subscribed to the foregoing instrument, who after being by me duly sworn acknowledged that the statements contained above are true and correct, that he/she executed same for the purposes and consideration therein expressed, in the capacity therein stated, and as the act and deed of said corporation.

Given under my hand and seal of office, this 14th day of November, 2013.

Notary Public in and for the
STATE OF TEXAS

2

4828-4571-3173.v1

# FILED and RECORDED

Instrument Number: 2013055624

Filing and Recording Date: 11/14/2013 04:35:08 PM  Pages: 4  Recording Fee: $24.00

I hereby certify that this instrument was FILED on the date and time stamped hereon and RECORDED in the OFFICIAL PUBLIC RECORDS of Brazoria County, Texas.



Joyce Hudman, County Clerk
Brazoria County, Texas

ANY PROVISION CONTAINED IN ANY DOCUMENT WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE REAL PROPERTY DESCRIBED THEREIN BECAUSE OF RACE OR COLOR IS INVALID UNDER FEDERAL LAW AND IS UNENFORCEABLE.

## *DO NOT DESTROY - Warning, this document is part of the Official Public Record.*

cclerk-carla

24546

**STELLAR OILFIELD RENTALS, LLC**
P.O. BOX 1839
ANGLETON, TX 77516

JPMORGAN CHASE BANK, N.A.
32-61-1110

7/10/2013

PAY TO THE
ORDER OF          R. Hassell Builders, INC

$   ***241,939.00

**** TWO HUNDRED FORTY ONE THOUSAND NINE HUNDRED THIRTY NINE AND 0/100

DOLLARS

R. Hassell Builders, INC
12512 Cutten Road, Suite A
Houston, TX  77066
USA

TWO SIGNATURES REQUIRED FOR AMOUNTS OVER $25,000.

MEMO

AUTHORIZED SIGNATURE

⑈024546⑈ ⑉111000614⑈ 754123040⑈

STELLAR OILFIELD RENTALS, LLC

Vendor: RHB100                                    7/10/2013      24546

| Document No. | Document Date | Amount | Memo | Net Amount |
|---|---|---|---|---|
| B131-1 | 07/05/13 | 241,939.00 | | 241,939.00 |

Total          241,939.00

# 3

# CONSTRUCTION JOINT VENTURE AGREEMENT

**THIS AGREEMENT** is made this First day of July, 2012, by and between Hassell Construction Co, Inc. and R. Hassell Holding Company et. al whose principal business addresses are in Houston, Texas, are collectively, "the Joint Venturers" and by this agreement mutually agree to engage in, undertake and carry on, as Joint Venturers, certain public and/or private sector construction projects and any profits derived from and any liability for losses arising out of the performance, be defined by an agreement in writing:

**THEREFORE**, it is agreed as follows:

1. **FORMATION OF JOINT VENTURE**
   a. The joint venturers hereby constitute themselves as joint venturers for the purpose of performing and completing the certain public and/or private sector construction projects consummating the understanding and agreement that both Venturers have different skills and expertise in differing areas of construction and in order to expand into new markets heretofore untouched, combine their efforts as Venturers. From time to time upon written consent of all joint venturers, joint venturers may include new projects to their joint venture including any upcoming projects, ongoing projects or any others that may apply.

2. **DURATION AND TERMINATION**
   a. This agreement shall remain in full force and effect until all the purposes for which this Venture has been undertaken have been accomplished and completed or until both parties mutually agree to its termination and dissolution, whichever comes first.

3. **PLACE OF BUSINESS**
   a. The principal place of business of the joint venture shall be at a designated place or at such other place as may from time to time be agreed upon by the Joint Venturers.

4. **INTERESTS OF THE JOINT VENTURERS**
   a. The interest of the Joint Venturers in and to the Construction Contract, and in and to any and all property and equipment acquired in connection with the performance thereof and in and to any and all monies which may be derived from the performance thereof and the obligations and Construction Contract and with respect to any and all liabilities and losses in connection therewith shall be to their contribution regardless of the contractual party to the Construction Contract (either individually as Hassell Construction Co., Inc. or R. Hassell, or jointly as Hassell Construction/R. Hassell JV).

5. **CONTRIBUTIONS AND DIVISION OF PROFITS**
   a. The interest of the parties in and to any profits and assets derived from the performance of the Construction Contract, and in and to any property acquired by the joint venture in connection with the work to be performed under this instrument, and in and to all contributions required, all moneys received, and losses incurred in the performance of the Construction Contract shall be those percentages set opposite their respective names as follows:

| Name | Percentage |
|------|-----------|
| Hassell Construction Co., Inc. | 75% |



|                                          |       |
|------------------------------------------|-------|
| R. Hassell Holding Co., Inc. et. al      | 25%   |
| R. Hassell & Co. Inc.                    |       |
| R. Hassell Builders, Inc.                |       |
| G.R. Group Resources LLP.                |       |

6.   **INDEMNITY AGREEMENTS; SURETY BONDS; INSURANCE**

   a.   Each of the parties agrees to execute all applications and indemnity agreements required by the sureties on any bond or bonds required in connection with the bids and Construction Contracts executed either jointly or individually as part of this agreement. All financial obligations assumed by the parties, or any of them, in connection with the performance of the Construction Contracts under this agreement, all liabilities assumed by or charged to them, or any of them, as contractors, guarantors, or indemnitors, in connection with any surety bond or other bonds which may be given or executed in connection with the Construction Contracts of the Venturers, either jointly or individually, and all other obligations and liabilities of any kind or character which are assumed or undertaken by the parties, or any of them, in connection with and for the benefit of the performance of the Construction Contracts under this agreement shall be shared by the parties proportionately and in accordance with their respective interest as set forth in Article (5). All insurance for the Joint Venture will be provided for by Hassell Construction Co., Inc. including but not limited to : General Liability, Workers Compensation, Excess Coverage (umbrella), Auto, Equipment and Property, Builder's Risk and any other that may be necessary for all projects either jointly or individually in the above Venturers corporate names, both currently under contract and any and all future contracts.

7.   **AUTHORIZED REPRESENTATIVES**

   a.   To facilitate the handling of all matters and questions in connection with the performance of the Construction Contract, each of the Joint Venturers appoints the following representatives to act for it in all such matters, with full and complete authority to act on its behalf in relation to any matters or things in connection with, arising out of, or relative to the Joint Venture and in relation to any matters or things involving the performance of the Construction Contract.

   **Authorized Representatives of**

   **Hassell:**

   Phillip Hassell

   **Authorized Representative of R.**

   **Hassell:** Royce Hassell

   b.   Either Joint Venturer may at any time and from time to time change its representative by filing with the other a notice and duly executed appointment of a new representative or alternate, but until the appointment and filing of such notice the actions of the representative or alternate hereby appointed shall be conclusively binding on such Joint Venturer.

8.   **MANAGEMENT OF JOINT VENTURE**

   a.   The representatives of the Joint Venturers shall meet from time to time as required to act on necessary matter pertaining to the Construction contract. All decisions, commitments, agreements, undertakings, understandings, or other matters pertaining to the performance of the Construction Contract shall be mutually agreed upon by such representatives. No representative shall be liable to the Joint Venturers by reason of his acts as such, except in the case of its gross negligence or actual fraudulent or dishonest

conduct. In the event the representatives cannot agree on a matter of Joint Venture policy, the matter shall be submitted to informal, but binding, arbitration to a mutually acceptable third party. If the Joint Venturers cannot agree on an arbitrator, then the matter shall be resolved by binding commercial arbitration as provided in Article (26) below.

9. **COST OF CONSTRUCTION**

    a.  Cost of construction shall consist of the costs of all subcontracts, labor, material, plant, and equipment purchased or rented, bonds, insurance, taxes on labor and material, imports, charges, legal fees, liabilities not secured by insurance, and all other expenses and obligations incurred or suffered in and about the performance of the Construction Contract of a nature which under sound accounting practices would be properly charged as a cost of the performance of the Construction Contract. Such costs shall include any charges against the Joint Venture for any overhead expenses or charges of the main or branch offices of the Joint Venturers or for the time which may be expended in connection with the work by any of the Joint Venturers or their officers or employees. Equipment, autos, trucks etc. rented from either of the Joint Venturers shall be charged as a construction cost at a rate mutually agreed on by the representatives of the parties to the Joint Venture project cost.

10. **RECORDS**

    (a)  Accounting for the performance of the Construction Contract and all matters pertaining thereto shall be kept and maintained at the main office of one of the Joint Venturers. All records of the Joint Venture shall be open for inspection of either Joint Venturer at all reasonable times.

    (b)  A periodic audit of such books shall be made by an independent firm of accountants or by such individuals as may be mutually agreed upon by the Joint Venturers, and a like audit shall be made upon completion of the Construction Contract. With respect to the periodic audits there shall be included, if requested by the Joint Venturers, a periodic comparison between the items of cost and the items set up in the estimate of cost. The cost of any such audits shall be a part of the cost of construction.

    (c)  Upon the completion of the Construction Contract a true and correct accounting shall be had of all costs and expenses and all accounts, vouchers, and other data relating to the Construction Contract and its performance.

    (d)  To the extent that the records must be kept subsequent to the completion of the Construction Contract, pursuant to the provisions of law, the same shall be kept at such place or places as the Joint Venturers may from time to time determine, and the cost thereof shall be borne equally by the Joint Venturers.

11. **PROFITS**

    a.  Upon the completion of the Construction Contract, after providing for and paying (a) all costs disbursed or incurred in the performance of the Construction Contract; (b) all other costs and charges ordinarily and usually charged as costs in the performance of such a contract; (c) any and all claims not secured by insurance; (d) proper reserves for any claims which shall have either been brought against the Joint venturers or which the Joint Venturers may reasonably anticipate will be brought against them; and (e) reserves for contingencies, if any, that shall be determined by the Joint Venturers in their discretion to be necessary, and after repaying all sums advanced by the Joint Venturers for working capital, any profits thereafter remaining, resulting from the performance of the Construction Contract, shall be distributed and divided per the above percentages between the Joint Venturers. Any reserves, when no longer required, or so much thereof as shall remain, shall be similarly distributed.

12. **LOSSES**

    a.  If the performance of the Construction Contract results in a loss, the Joint Venturers shall be obligated

equally for any such loss. Such equal liability of the Joint Venturers for the bearing of losses shall continue with respect to any claims which at any time, either before or after the completion of the Construction Contract, shall be made against them or either of them by reason of this Joint Venture or any matter or thing in connection therewith.

## 13. TAX RETURNS

    a.  Each Joint Venturer shall prepare and file all required income tax returns for their individual venturers after the distribution of profits or losses.

## 14. TIME/EFFORTS DEVOTED TO JOINT VENTURE

    a.  In general, each Joint Venturer shall cooperate in whatever manner is reasonably necessary to carry out the purposes of the Joint Venture, including, but not limited, to making joint applications (with the other Joint Venturer) for and obtaining construction related bonds. Neither of the Joint Venturers shall be required to spend any fixed amount of time in Joint Venture business, however, each of the Joint Venturers shall spend a sufficient amount of time to adequately perform such Joint Venturer's respective duties and obligations under this Agreement. Joint Venturers shall have the duty to disclose to the other Joint Venturer or the Joint Venture any business opportunities of which it becomes aware, and neither Joint Venturer may take such opportunities for itself without being in breach of its duties or obligations hereunder.

## 15. PAYMENT OF JOINT VENTURE EXPENSES

    a.  The Joint Venture shall pay all reasonable and necessary expenses of the Joint Venture, including, but not limited to, reasonable rent for tools, machinery, personnel, etc., provided by one of the Joint Venturers to the Joint Venture, as agreed by the Joint Venturers in advance. In addition, the Joint Venture shall reimburse each Joint Venturer for other reasonable and necessary expenses incurred by it in the ordinary and proper conduct of the Joint Venture business and/or for the preservation of the Joint Venture business or property.

## 16. PROHIBITED ACTS

    a.  Neither Joint Venturer shall take any action in the name of the Joint Venture except in the ordinary course of the Joint Venture business, without the written consent of the other Joint Venturer.

## 17. LEASING OF MACHINERY AND EQUIPMENT

    a.  The parties shall lease to the joint venture, and the Joint Venture shall lease from the parties, for the terms respectively commencing when the Joint Venture shall require them for use in performing the Construction Contract without delay and continuing subsequently whenever and for as long as the same shall be required in such performance, such machinery, equipment, autos and trucks as the parties may have available for use on the project, at and for the unit rental rates mutually agreed on by the representatives of the parties.

    b.  Schedules of the mutually agreed rental rates shall be signed by each Venturer and attached to this agreement.

## 18. BANKRUPTCY OR DISSOLUTION OF PARTY

    a.  In the event of the bankruptcy or dissolution of any of the parties, this Joint Venture shall immediately cease and terminate on its occurrence. Then, the successors, receivers, trustees, or other legal representatives, in this agreement called "representatives" of any party so affected shall cease to have any interest in the performance of the Construction Contract and shall cease to have any interest in and to the Joint Venture or its assets. In any such case the remaining party shall have the right to wind up the affairs of the joint venture and to carry out and complete the performance of the Construction Contract. On such completion or sooner termination and receipt of payment of all amounts due under the Construction Contract, the remaining Joint Venturer shall account to the

representatives of the party or parties so affected and such representative shall then be entitled to receive from the remaining Joint Venturer an amount equal to the sums advanced by the party represented, plus such party's proportionate share of the profits, or less such party's proportionate share of the losses resulting from the performance of the Construction Contract to the date of the termination of the Joint Venture. Provided, however, that the profit or loss computed as of the day of the termination shall be in the same proportion to the whole profit or loss resulting from the performance of the Construction Contract as the amount of work done under it at such time bears to all of the work which is done under it.

19. **ASSIGNMENTS AND TRANSFERS**
   a. Neither this agreement nor the interest of the parties or any of them in this agreement, including its respective interest in any moneys belonging to or which may accrue to the Joint Venture in connection with the Construction Contract, may be assigned, pledged, transferred or hypothecated, except that in the event a party desires to obtain banking accommodations, such party may assign, pledge, or hypothecate to the lending institution as security for such banking accommodation, its interest in the moneys to be received by such party under this agreement when distributed to it in accordance with its terms, if the other parties to this agreement give their written consent to it in advance.

20. **ADJUSTMENT OF ACCOUNTS**
   a. On completion of the performance of the Construction Contract, the parties shall render a true and correct account, each to the others, of all expenses incurred on account of and all moneys received as result of, such performance. The parties mutually agree, on completion of the performance of the Construction Contract, to settle and adjust all accounts in connection with the performance of the Construction Contract, and to pay, each to the others, such sums as well result in reach of the parties receiving that portion of all profits arising from the performance of the Construction Contract, or bearing that proportion of all losses arising from it in accordance with Articles see forth in this agreement.

21. **TRUST FUNDS**
   a. All moneys contributed by the Joint Venturers to this Joint Venture and all moneys received as payments under the Construction Contract or otherwise received shall be treated and regarded as, and are hereby declared to be, trust funds for the performance of the Construction Contract and for no other purpose until the Construction Contract shall have been fully completed and accepted by owner and until all obligations of the Joint Venturers hereto shall have been paid, otherwise discharged, or provided for adequate reserves. Such reserves shall likewise be treated as trust funds until they shall have served the purposes for which they were created.

22. **DISSOLUTION OF JOINT VENTURE**
   a. Upon dissolution of the Joint Venture, except as otherwise provided herein, the operation of the Joint Venture's business shall be confined to those activities necessary to wind up the Joint Venture's affairs, discharge its obligations, and preserve and distribute its assets. Any gains or losses of the Joint Venture arising out of the liquidation of the Joint Venture's assets shall be allocated, and the cash and other property of the Joint Venture remaining after satisfaction of Joint Venture obligations shall be distributed, to the Joint Venturers in accordance with the provisions of Article (5) above.

23. **BINDING EFFECT**
   a. Except as otherwise provided in this agreement, this agreement shall inure to the benefit of, and be binding on the parties, their successors, trustees, assigns, receivers and legal representatives, but shall not inure to the benefit of any other person, firm, or corporation.

24. **GOVERNING LAW**
   a. All questions relative to the execution, validity, interpretation, and performance of this agreement

shall be governed by the laws of the State of Texas.

**25. DISPUTE RESOLUTION**

a.  If a dispute arises that cannot be resolved through direct discussions, Joint Venturers shall participate in mediation before recourse to any other form of binding dispute resolution. The location of the mediation shall be in Houston, Texas. Agreements reached in mediation shall be binding and enforceable as any other settlement agreement. If the Joint Venturers are not able to resolve the dispute in Mediation, then such disputes shall be resolved through binding arbitration carried out in accordance with the rules and regulations of the American Arbitration Association. The decision of the arbitrator in any such proceeding shall be fully enforceable in any court of competent jurisdiction.

**26. ENTIRE AGREEMENT**

This agreement contains the sole and only agreement of the parties hereto relating to the Joint Venture. Any prior agreement, promises, negotiations or representations not expressly set forth in this Agreement are of no force and effect.

**IN WITNESS WHEREOF,** the undersigned have executed this Joint Venture Agreement as of the first day of July, 2012.

HASSELL CONSTRUCTION CO., INC.

Phillip Hassell

R. HASSELL HOLDING CO., I NC.
R. HASSELL & COMPANY, INC
R. HASSELL BUILDERS, INC.
C.R. GROUP RESOURCES

Royce Hassell

# ░▓AIA® Document A107™ – 2007

## Standard Form of Agreement Between Owner and Contractor for a Project of Limited Scope

AGREEMENT made as of the 10th day of APRIL in the year 2013
*(In words, indicate day, month and year.)*

BETWEEN the Owner:
*(Name, legal status, address and other information)*

OCB PROPERTIES, LTD.
P. O. BOX 27209
HOUSTON, TX 77227

and the Contractor:
*(Name, legal status, address and other information)*

R. HASSELL BUILDERS, INC.
12512 CUTTEN ROAD, SUITE A
HOUSTON, TX 77066

for the following Project:
*(Name, location and detailed description)*

STELLAR OILFIELD RENTALS, LLC
28024 N. HIGHWAY 288 B
ANGLETON, TX 77515

*(Paragraphs deleted)*
CIVIL SITE WORK PROJECT

The Owner and Contractor agree as follows.

**ADDITIONS AND DELETIONS:**
The author of this document has added information needed for its completion. The author may also have revised the text of the original AIA standard form. An *Additions and Deletions Report* that notes added information as well as revisions to the standard form text is available from the author and should be reviewed. A vertical line in the left margin of this document indicates where the author has added necessary information and where the author has added to or deleted from the original AIA text.

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Init.

/

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049684_1 which expires on 07/16/2013, and is not for resale.
User Notes:                                                                                    (728492471)

1

ALL-STATE LEGAL®   #5

TABLE OF ARTICLES

1       THE WORK OF THIS CONTRACT

2       DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

3       CONTRACT SUM

4       PAYMENT

5       DISPUTE RESOLUTION

6       ENUMERATION OF CONTRACT DOCUMENTS

7       GENERAL PROVISIONS

8       OWNER

9       CONTRACTOR

10      SUBCONTRACTORS

11      CONSTRUCTION BY OWNER OR BY SEPARATE CONTRACTORS

12      CHANGES IN THE WORK

13      TIME

14      PAYMENTS AND COMPLETION

15      PROTECTION OF PERSONS AND PROPERTY

16      INSURANCE & BONDS

17      CORRECTION OF WORK

18      MISCELLANEOUS PROVISIONS

19      TERMINATION OF THE CONTRACT

20      CLAIMS AND DISPUTES

ARTICLE 1  THE WORK OF THIS CONTRACT
The Contractor shall execute the Work described in the Contract Documents, except as specifically indicated in the Contract Documents to be the responsibility of others.

ARTICLE 2  DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION
§ 2.1 The date of commencement of the Work shall be the date of this Agreement unless a different date is stated below or provision is made for the date to be fixed in a notice to proceed issued by the Owner.
*(Insert the date of commencement, if it differs from the date of this Agreement or, if applicable, state that the date will be fixed in a notice to proceed.)*

UPON EXECUTION OF AGREEMENT BY BOTH PARTIES

§ 2.2 The Contract Time shall be measured from the date of commencement.

Init.

/

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049684_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                                              (726492471)

**§ 2.3** The Contractor shall achieve Substantial Completion of the entire Work not later than FORTY FIVE ( 45 ) days from the date of commencement, or as follows:
*(Insert number of calendar days. Alternatively, a calendar date may be used when coordinated with the date of commencement. If appropriate, insert requirements for earlier Substantial Completion of certain portions of the Work.)*

| Portion of Work | Substantial Completion Date |
| --- | --- |
| N/A | |

, subject to adjustments of this Contract Time as provided in the Contract Documents.
*(Insert provisions, if any, for liquidated damages relating to failure to achieve Substantial Completion on time or for bonus payments for early completion of the Work.)*

## ARTICLE 3   CONTRACT SUM
**§ 3.1** The Owner shall pay the Contractor the Contract Sum in current funds for the Contractor's performance of the Contract. The Contract Sum shall be one of the following:
*(Check the appropriate box.)*

[ $241,939.00   ] Stipulated Sum, in accordance with Section 3.2 below
*(Paragraph deleted)*

*(Based on the selection above, complete Section 3.2, 3.3 or 3.4 below.)*

**§ 3.2** The Stipulated Sum shall be TWO HUNDRED FORTY ONE THOUSAND NINE HUNDRED THIRTY NINE AND NO/100 DOLLARS   ($ 241,939.00 ), subject to additions and deductions as provided in the Contract Documents.

**§ 3.2.1** The Stipulated Sum is based upon the following alternates, if any, which are described in the Contract Documents and are hereby accepted by the Owner:
*(State the numbers or other identification of accepted alternates. If the bidding or proposal documents permit the Owner to accept other alternates subsequent to the execution of this Agreement, attach a schedule of such other alternates showing the amount for each and the date when that amount expires.)*

**§ 3.2.2** Unit prices, if any:
*(Identify and state the unit price, and state the quantity limitations, if any, to which the unit price will be applicable.)*

| Item | Units and Limitations | Price Per Unit ($0.00) |
| --- | --- | --- |
| SEE ATTACHED BUDGET WITH UNIT PRICES FOR ADDITIONS & DELETIONS | | |

**§ 3.2.3** Allowances included in the stipulated sum, if any:
*(Identify allowance and state exclusions, if any, from the allowance price.)*

| Item | Allowance |
| --- | --- |
| SEE ATTACHED BUDGET | |

*(Paragraphs deleted)*
*(Table deleted)*
*(Paragraphs deleted)*

Init.

/

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049684_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                                                         (728492471)

*(Table deleted)*
*(Paragraphs deleted)*

## ARTICLE 4  PAYMENTS
### § 4.1 PROGRESS PAYMENTS
§ 4.1.1 Based upon Applications for Payment submitted to the Owner by the Contractor, the Owner shall make progress payments on account of the Contract Sum to the Contractor as provided below.

§ 4.1.2 The period covered by each Application for Payment shall be one calendar month ending on the last day of the month, or as follows: Invoices submitted by the 25th of each month will be paid by the 15th of the following month.

§ 4.1.3 Provided that an Application for Payment is received by the Owner not later than the 25th  day of a month, the Owner shall make payment of the certified amount to the Contractor not later than the  15th  day of the next month. If an Application for Payment is received by the Owner after the date fixed above, payment shall be made by the Owner not later than  thirty  ( 30  ) days after the Owner receives the Application for Payment.
*(Federal, state or local laws may require payment within a certain period of time.)*

§ 4.1.4 Retainage, if any, shall be withheld as follows:

§ 4.1.5 Payments due and unpaid under the Contract shall bear interest from the date payment is due at the rate stated below, or in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.
*(Insert rate of interest agreed upon, if any.)*

      %

### § 4.2 FINAL PAYMENT
§ 4.2.1 Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when
    .1   the Contractor has fully performed the Contract except for the Contractor's responsibility to correct Work as provided in Section 18.2, and to satisfy other requirements, if any, which extend beyond final payment.
*(Paragraphs deleted)*

## ARTICLE 5  DISPUTE RESOLUTION
### § 5.1 BINDING DISPUTE RESOLUTION
For any claim subject to, but not resolved by, mediation pursuant to Section 20.3, the method of binding dispute resolution shall be as follows:
*(Check the appropriate box. If the Owner and Contractor do not select a method of binding dispute resolution below, or do not subsequently agree in writing to a binding dispute resolution method other than litigation, claims will be resolved in a court of competent jurisdiction.)*

    [
*(Paragraphs deleted)*
    X ]    Arbitration pursuant to Section 20.4 of this Agreement

## ARTICLE 6  ENUMERATION OF CONTRACT DOCUMENTS
§ 6.1 The Contract Documents are defined in Article 7 and, except for Modifications issued after execution of this Agreement, are enumerated in the sections below.

§ 6.1.1 The Agreement is this executed AIA Document A107–2007, Standard Form of Agreement Between Owner and Contractor for a Project of Limited Scope.

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049984_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                      (728492471)

Init.

/

4

§ 6.1.2 The Drawings:
*(Either list the Drawings here or refer to an exhibit attached to this Agreement.)*
SEE ATTACHED
Portions of Addenda relating to bidding requirements are not part of the Contract Documents unless the bidding requirements are enumerated in this Article 6.
*(Table deleted)*
*(Paragraphs deleted)*
*(Table deleted)*
*(Paragraph deleted)*
*(Table deleted)*
*(Paragraphs deleted)*
*(Table deleted)*
*(Paragraphs deleted)*

## ARTICLE 7  GENERAL PROVISIONS
### § 7.1 THE CONTRACT DOCUMENTS
The Contract Documents are enumerated in Article 6 and consist of this Agreement (including, if applicable, Supplementary and other Conditions of the Contract), Drawings, Specifications, Addenda issued prior to the execution of this Agreement, other documents listed in this Agreement and Modifications issued after execution of this Agreement. A Modification is (1) a written amendment to the Contract signed by both parties, (2) a Change Order, (3) a Construction Change Directive or (4) a written order for a minor change in the Work issued by the Owner. The intent of the Contract Documents is to include all items necessary for the proper execution and completion of the Work by the Contractor. The Contract Documents are complementary, and what is required by one shall be as binding as if required by all; performance by the Contractor shall be required to the extent consistent with the Contract Documents and reasonably inferable from them as being necessary to produce the indicated results.

### § 7.2 THE CONTRACT
The Contract Documents form the Contract for Construction. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. The Contract may be amended or modified only by a Modification. The Contract Documents shall not be construed to create a contractual relationship of any kind between any persons or entities other than the Owner and the Contractor.

### § 7.3 THE WORK
The term "Work" means the construction and services required by the Contract Documents, whether completed or partially completed, and includes all other labor, materials, equipment and services provided or to be provided by the Contractor to fulfill the Contractor's obligations. The Work may constitute the whole or a part of the Project.

### § 7.4
*(Paragraphs deleted)*
OWNERSHIP AND USE OF DRAWINGS, SPECIFICATIONS AND OTHER INSTRUMENTS OF SERVICE
§ 7.4.1 The Contractor, Subcontractors, Sub-subcontractors and material or equipment suppliers are authorized to use and reproduce the Instruments of Service provided to them solely and exclusively for execution of the Work. All copies made under this authorization shall bear the copyright notice, if any, shown on the Instruments of Service. The Contractor, Subcontractors, Sub-subcontractors, and material or equipment suppliers may not use the Instruments of Service on other projects or for additions to this Project outside the scope of the Work without the specific written consent of the Owner.

### § 7.5 TRANSMISSION OF DATA IN DIGITAL FORM
If the parties intend to transmit Instruments of Service or any other information or documentation in digital form, they shall endeavor to establish necessary protocols governing such transmission, unless otherwise provided in the Agreement or in the Contract Documents.

*(Paragraphs deleted)*
## ARTICLE 8  OWNER
### § 8.1 INFORMATION AND SERVICES REQUIRED OF THE OWNER
§ 8.1.1 The Owner shall furnish all necessary surveys and a legal description of the site.

Init.

/

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049684_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                                           (726492471)

§ 8.1.2 The Contractor shall be entitled to rely on the accuracy of information furnished by the Owner but shall exercise proper precautions relating to the safe performance of the Work.

§ 8.1.3 Except for permits and fees that are the responsibility of the Contractor under the Contract Documents, including those required under Section 9.6.1, the Owner shall secure and pay for other necessary approvals, easements, assessments and charges required for the construction, use or occupancy of permanent structures or for permanent changes in existing facilities.

§ 8.2 OWNER'S RIGHT TO STOP THE WORK
If the Contractor fails to correct Work which is not in accordance with the requirements of the Contract Documents, or repeatedly fails to carry out the Work in accordance with the Contract Documents, the Owner may issue a written order to the Contractor to stop the Work, or any portion thereof, until the cause for such order is eliminated; however, the right of the Owner to stop the Work shall not give rise to a duty on the part of the Owner to exercise this right for the benefit of the Contractor or any other person or entity.

§ 8.3 OWNER'S RIGHT TO CARRY OUT THE WORK
If the Contractor defaults or neglects to carry out the Work in accordance with the Contract Documents, and fails within a ten-day period after receipt of written notice from the Owner to commence and continue correction of such default or neglect with diligence and promptness, the Owner, without prejudice to any other remedy the Owner may have, may correct such deficiencies and may deduct the reasonable cost thereof, including Owner's expenses, from the payment then or thereafter due the Contractor.

ARTICLE 9   CONTRACTOR
§ 9.1 REVIEW OF CONTRACT DOCUMENTS AND FIELD CONDITIONS BY CONTRACTOR
§ 9.1.1 Execution of the Contract by the Contractor is a representation that the Contractor has visited the site, become generally familiar with local conditions under which the Work is to be performed and correlated personal observations with requirements of the Contract Documents.

§ 9.1.2 Because the Contract Documents are complementary, the Contractor shall, before starting each portion of the Work, carefully study and compare the various Contract Documents relative to that portion of the Work, as well as the information furnished by the Owner pursuant to Section 8.1.1, shall take field measurements of any existing conditions related to that portion of the Work and shall observe any conditions at the site affecting it. These obligations are for the purpose of facilitating coordination and construction by the Contractor and are not for the purpose of discovering errors, omissions, or inconsistencies in the Contract Documents; however, the Contractor shall promptly report to the Owner any errors, inconsistencies, or omissions discovered by or made known to the Contractor as a request for information in such form as the Owner may require. It is recognized that the Contractor's review is made in the Contractor's capacity as a contractor and not as a licensed design professional unless otherwise specifically provided in the Contract Documents.

§ 9.1.3 The Contractor is not required to ascertain that the Contract Documents are in accordance with applicable laws, statutes, ordinances, codes, rules and regulations, or lawful orders of public authorities, but the Contractor shall promptly report to the Owner any nonconformity discovered by or made known to the Contractor as a request for information in such form as the Owner may require.

§ 9.2 SUPERVISION AND CONSTRUCTION PROCEDURES
§ 9.2.1 The Contractor shall supervise and direct the Work, using the Contractor's best skill and attention. The Contractor shall be solely responsible for and have control over construction means, methods, techniques, sequences and procedures, and for coordinating all portions of the Work under the Contract, unless the Contract Documents give other specific instructions concerning these matters.

§ 9.2.2 The Contractor shall be responsible to the Owner for acts and omissions of the Contractor's employees, Subcontractors and their agents and employees, and other persons or entities performing portions of the Work for or on behalf of the Contractor or any of its Subcontractors.

Init.

/

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049664_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                                                          (728492471)

6

### § 9.3 LABOR AND MATERIALS

§ 9.3.1 Unless otherwise provided in the Contract Documents, the Contractor shall provide and pay for labor, materials, equipment, tools, construction equipment and machinery, water, heat, utilities, transportation, and other facilities and services necessary for proper execution and completion of the Work whether temporary or permanent and whether or not incorporated or to be incorporated in the Work.

§ 9.3.2 The Contractor shall enforce strict discipline and good order among the Contractor's employees and other persons carrying out the Work. The Contractor shall not permit employment of unfit persons or persons not skilled in tasks assigned to them.

§ 9.3.3 The Contractor may make a substitution only with the consent of the Owner and in accordance with a Modification.

### § 9.4 WARRANTY

The Contractor warrants to the Owner that materials and equipment furnished under the Contract will be of good quality and new unless the Contract Documents require or permit otherwise. The Contractor further warrants that the Work will conform to the requirements of the Contract Documents and will be free from defects, except for those inherent in the quality of the Work the Contract Documents require or permit. Work, materials, or equipment not conforming to these requirements may be considered defective. The Contractor's warranty excludes remedy for damage or defect caused by abuse, alterations to the Work not executed by the Contractor, improper or insufficient maintenance, improper operation or normal wear and tear under normal usage.

### § 9.5 TAXES

The Contractor shall pay sales, consumer, use and other similar taxes that are legally enacted when bids are received or negotiations concluded, whether or not yet effective or merely scheduled to go into effect.

### § 9.6 PERMITS, FEES, NOTICES, AND COMPLIANCE WITH LAWS

§ 9.6.1 Unless otherwise provided in the Contract Documents, the Contractor shall secure and pay for the building permit as well as other permits, fees, licenses and inspections by government agencies necessary for proper execution and completion of the Work that are customarily secured after execution of the Contract and legally required at the time bids are received or negotiations concluded.

§ 9.6.2 The Contractor shall comply with and give notices required by applicable laws, statutes, ordinances, codes, rules and regulations, and lawful orders of public authorities applicable to performance of the Work. If the Contractor performs Work knowing it to be contrary to applicable laws, statutes, ordinances, codes, rules and regulations, or lawful orders of public authorities, the Contractor shall assume appropriate responsibility for such Work and shall bear the costs attributable to correction.

### § 9.7 ALLOWANCES

The Contractor shall include in the Contract Sum all allowances stated in the Contract Documents. The Owner shall select materials and equipment under allowances with reasonable promptness. Allowance amounts shall include the costs to the Contractor of materials and equipment delivered at the site and all required taxes, less applicable trade discounts. Allowance amounts shall not include the Contractor's costs for unloading and handling at the site, labor, and installation.

### § 9.8 CONTRACTOR'S CONSTRUCTION SCHEDULES

§ 9.8.1 The Contractor, promptly after being awarded the Contract, shall prepare and submit for the Owner's information a Contractor's construction schedule for the Work. The schedule shall not exceed time limits current under the Contract Documents, shall be revised at appropriate intervals as required by the conditions of the Work and Project, shall be related to the entire Project to the extent required by the Contract Documents, and shall provide for expeditious and practicable execution of the Work.

§ 9.8.2 The Contractor shall perform the Work in general accordance with the most recent schedule submitted to the Owner.

### § 9.9 SUBMITTALS

§ 9.9.1 Shop Drawings, Product Data, Samples and similar submittals are not Contract Documents.

Init.

/

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.9916049684_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                                    (726492471)

7

*(Paragraph deleted)*

§ 9.10 USE OF SITE
The Contractor shall confine operations at the site to areas permitted by applicable laws, statutes, ordinances, codes, rules and regulations, lawful orders of public authorities, and the Contract Documents and shall not unreasonably encumber the site with materials or equipment.

§ 9.11 CUTTING AND PATCHING
The Contractor shall be responsible for cutting, fitting or patching required to complete the Work or to make its parts fit together properly.

§ 9.12 CLEANING UP
The Contractor shall keep the premises and surrounding area free from accumulation of waste materials or rubbish caused by operations under the Contract. At completion of the Work, the Contractor shall remove waste materials, rubbish, the Contractor's tools, construction equipment, machinery and surplus material from and about the Project.

§ 9.13 ROYALTIES, PATENTS AND COPYRIGHTS
The Contractor shall pay all royalties and license fees. The Contractor shall defend suits or claims for infringement of copyrights and patent rights and shall hold the Owner harmless from loss on account thereof, but shall not be responsible for such defense or loss when a particular design, process or product of a particular manufacturer or manufacturers is required by the Contract Documents or where the copyright violations are contained in Drawings, Specifications or other documents prepared by the Owner. However, if the Contractor has reason to believe that the required design, process or product is an infringement of a copyright or a patent, the Contractor shall be responsible for such loss unless such information is promptly furnished to the Owner.

§ 9.14 ACCESS TO WORK
The Contractor shall provide the Owner access to the Work in preparation and progress wherever located.

§ 9.15 INDEMNIFICATION
§ 9.15.1 To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner, consultants and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Section 9.15.1.

§ 9.15.2 In claims against any person or entity indemnified under this Section 9.15 by an employee of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, the indemnification obligation under Section 9.15.1 shall not be limited by a limitation on amount or type of damages, compensation or benefits payable by or for the Contractor or Subcontractor under workers' compensation acts, disability benefit acts or other employee benefit acts.

ARTICLE 10   SUBCONTRACTORS
§ 10.1 A Subcontractor is a person or entity who has a direct contract with the Contractor to perform a portion of the Work at the site.

§ 10.2 Unless otherwise stated in the Contract Documents or the bidding requirements, the Contractor, as soon as practicable after award of the Contract, shall furnish in writing to the Owner the names of the Subcontractors or suppliers for each of the principal portions of the Work. The Contractor shall not contract with any Subcontractor or supplier to whom the Owner has made reasonable written objection within ten days after receipt of the Contractor's list of Subcontractors and suppliers. If the proposed but rejected Subcontractor was reasonably capable of performing the Work, the Contract Sum and Contract Time shall be increased or decreased by the difference, if any, occasioned by such change, and an appropriate Change Order shall be issued before commencement of the substitute

Init.

/

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049684_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                                          (726492471)

Subcontractor's Work. The Contractor shall not be required to contract with anyone to whom the Contractor has made reasonable objection.

*(Paragraphs deleted)*
§ 10.3 Contracts between the Contractor and Subcontractors shall (1) require each Subcontractor, to the extent of the Work to be performed by the Subcontractor, to be bound to the Contractor by the terms of the Contract Documents, and to assume toward the Contractor all the obligations and responsibilities, including the responsibility for safety of the Subcontractor's Work, which the Contractor, by the Contract Documents, assumes toward the Owner and (2) allow the Subcontractor the benefit of all rights, remedies and redress against the Contractor that the Contractor, by these Contract Documents, has against the Owner.

### ARTICLE 11   CONSTRUCTION BY OWNER OR BY SEPARATE CONTRACTORS
§ 11.1 The Owner reserves the right to perform construction or operations related to the Project with the Owner's own forces, and to award separate contracts in connection with other portions of the Project or other construction or operations on the site under conditions of the contract identical or substantially similar to these, including those portions related to insurance and waiver of subrogation. If the Contractor claims that delay or additional cost is involved because of such action by the Owner, the Contractor shall make such claim as provided in Article 20.

§ 11.2 The Contractor shall afford the Owner and separate contractors reasonable opportunity for introduction and storage of their materials and equipment and performance of their activities, and shall connect and coordinate the Contractor's activities with theirs as required by the Contract Documents.

§ 11.3 The Contractor shall be reimbursed by the Contractor for costs incurred by the Owner which are payable to a separate contractor because of delays, improperly timed activities or defective construction of the Contractor. The Owner shall be responsible to the Contractor for costs incurred by the Contractor because of delays, improperly timed activities, damage to the Work or defective construction of a separate contractor.

### ARTICLE 12   CHANGES IN THE WORK
§ 12.1 By appropriate Modification, changes in the Work may be accomplished after execution of the Contract. The Owner, without invalidating the Contract, may order changes in the Work within the general scope of the Contract consisting of additions, deletions or other revisions, with the Contract Sum and Contract Time being adjusted accordingly. Such changes in the Work shall be authorized by written Change Order signed by the Owner and Contractor, or by written Construction Change Directive signed by the Owner.

§ 12.2 Adjustments in the Contract Sum and Contract Time resulting from a change in the Work shall be determined by mutual agreement of the parties or, in the case of a Construction Change Directive signed only by the Owner, by the Contractor's cost of labor, material, equipment, and reasonable overhead and profit, unless the parties agree on another method for determining the cost or credit. Pending final determination of the total cost of a Construction Change Directive, the Contractor may request payment for Work completed pursuant to the Construction Change Directive. The Owner will make an interim determination of the amount of payment due for purposes of certifying the Contractor's monthly Application for Payment. When the Owner and Contractor agree on adjustments to the Contract Sum and Contract Time arising from a Construction Change Directive, the Owner will prepare a Change Order.

§ 12.3 The Owner will have authority to order minor changes in the Work not involving adjustment in the Contract Sum or extension of the Contract Time and not inconsistent with the intent of the Contract Documents. Such changes shall be effected by written order and shall be binding on the Owner and Contractor. The Contractor shall carry out such written orders promptly.

§ 12.4 If concealed or unknown physical conditions are encountered at the site that differ materially from those indicated in the Contract Documents or from those conditions ordinarily found to exist, the Contract Sum and Contract Time shall be equitably adjusted as mutually agreed between the Owner and Contractor; provided that the Contractor provides notice to the Owner promptly and before conditions are disturbed.

### ARTICLE 13   TIME
§ 13.1 Time limits stated in the Contract Documents are of the essence of the Contract. By executing the Agreement the Contractor confirms that the Contract Time is a reasonable period for performing the Work.

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049684_1 which expires on 07/16/2013, and is not for resale.
User Notes:                                                                                                      (726492471)

Init.

/

§ 13.2 Unless otherwise provided, Contract Time is the period of time, including authorized adjustments, allotted in the Contract Documents for Substantial Completion of the Work.

§ 13.3 The term "day" as used in the Contract Documents shall mean calendar day unless otherwise specifically defined.

§ 13.4 The date of Substantial Completion is the date certified by the Owner in accordance with Section 14.4.3.

§ 13.5 If the Contractor is delayed at any time in the commencement or progress of the Work by changes ordered in the Work, by labor disputes, fire, unusual delay in deliveries, abnormal adverse weather conditions not reasonably anticipatable, unavoidable casualties or any causes beyond the Contractor's control, or by other causes which the Owner determines may justify delay, then the Contract Time shall be extended by Change Order for such reasonable time as the Owner may determine, subject to the provisions of Article 21.

ARTICLE 14   PAYMENTS AND COMPLETION
§ 14.1 APPLICATIONS FOR PAYMENT
§ 14.1.1 Where the Contract is based on a Stipulated Sum or the Cost of the Work with a Guaranteed Maximum Price, the Contractor shall submit to the Owner, before the first Application for Payment, a schedule of values, allocating the entire Contract Sum to the various portions of the Work, prepared in such form and supported by such data to substantiate its accuracy as the Owner may require. This schedule, unless objected to by the Owner, shall be used in reviewing the Contractor's Applications for Payment.

§ 14.1.2 Payments shall be made on account of materials and equipment delivered and suitably stored at the site for subsequent incorporation in the Work. If approved in advance by the Owner, payment may similarly be made for materials and equipment stored, and protected from damage, off the site at a location agreed upon in writing.

§ 14.1.3 The Contractor warrants that title to all Work covered by an Application for Payment will pass to the Owner no later than the time of payment. The Contractor further warrants that upon submittal of an Application for Payment all Work for which Certificates for Payment have been previously issued and payments received from the Owner shall, to the best of the Contractor's knowledge, information and belief, be free and clear of liens, claims, security interests or other encumbrances adverse to the Owner's interests.

§ 14.2 CERTIFICATES FOR PAYMENT
§ 14.2.1 The Owner will, within seven days after receipt of the Contractor's Application for Payment, either issue a Certificate for Payment, with a copy to the Contractor, for such amount as is properly due, or notify the Contractor in writing of the reasons for withholding certification.

§ 14.3 PROGRESS PAYMENTS
§ 14.3.1 The Contractor shall pay each Subcontractor, no later than seven days after receipt of payment, the amount to which the Subcontractor is entitled, reflecting percentages actually retained from payments to the Contractor on account of the Subcontractor's portion of the Work. The Contractor shall, by appropriate agreement with each Subcontractor, require each Subcontractor to make payments to sub-subcontractors in similar manner.

§ 14.3.2 The Owner shall have no obligation to pay or see to the payment of money to a Subcontractor except as may otherwise be required by law.

§ 14.4 SUBSTANTIAL COMPLETION
§ 14.4.1 Substantial Completion is the stage in the progress of the Work when the Work or designated portion thereof is sufficiently complete in accordance with the Contract Documents so that the Owner can occupy or utilize the Work for its intended use.

§ 14.4.2 When the Contractor considers that the Work, or a portion thereof which the Owner agrees to accept separately, is substantially complete, the Contractor shall prepare and submit to the Owner a comprehensive list of items to be completed or corrected prior to final payment. Failure to include an item on such list does not alter the responsibility of the Contractor to complete all Work in accordance with the Contract Documents.

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049684_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                                              (726492471)

§ 14.4.3 Upon receipt of the Contractor's list, the Owner will make an inspection to determine whether the Work or designated portion thereof is substantially complete. When the Owner determines that the Work or designated portion thereof is substantially complete, the Owner will issue a Certificate of Substantial Completion which shall establish the date of Substantial Completion, establish responsibilities of the Owner and Contractor for security, maintenance, heat, utilities, damage to the Work and insurance, and fix the time within which the Contractor shall finish all items on the list accompanying the Certificate. Warranties required by the Contract Documents shall commence on the date of Substantial Completion of the Work or designated portion thereof unless otherwise provided in the Certificate of Substantial Completion.

§ 14.4.4 The Certificate of Substantial Completion shall be submitted to the Owner and Contractor for their written acceptance of responsibilities assigned to them in such Certificate. Upon such acceptance and consent of surety, if any, the Owner shall make payment of retainage applying to such Work or designated portion thereof. Such payment shall be adjusted for Work that is incomplete or not in accordance with the requirements of the Contract Documents.

§ 14.5 FINAL COMPLETION AND FINAL PAYMENT
§ 14.5.1 Upon receipt of the Contractor's written notice that the Work is ready for final inspection and acceptance and upon receipt of a final Application for Payment, the Owner will promptly make such inspection and, when the Owner finds the Work acceptable under the Contract Documents and the Contract fully performed, the Owner will promptly issue a final Certificate for Payment stating that on the basis of the Owner's on-site visits and inspections, the Work has been completed in accordance with terms and conditions of the Contract Documents and that the entire balance found to be due the Contractor and noted in the final Certificate is due and payable. The Owner's final Certificate for Payment will constitute a further representation that conditions stated in Section 14.5.2 as precedent to the Contractor's being entitled to final payment have been fulfilled.

§ 14.5.2 Final payment shall not become due until the Contractor has delivered to the Owner a complete release of all liens arising out of this Contract or receipts in full covering all labor, materials and equipment for which a lien could be filed, or a bond satisfactory to the Owner to indemnify the Owner against such lien. If such lien remains unsatisfied after payments are made, the Contractor shall refund to the Owner all money that the Owner may be compelled to pay in discharging such lien, including costs and reasonable attorneys' fees.

§ 14.5.3 The making of final payment shall constitute a waiver of claims by the Owner except those arising from
   .1    liens, claims, security interests or encumbrances arising out of the Contract and unsettled;
   .2    failure of the Work to comply with the requirements of the Contract Documents; or
   .3    terms of special warranties required by the Contract Documents.

§ 14.5.4 Acceptance of final payment by the Contractor, a Subcontractor or material supplier shall constitute a waiver of claims by that payee except those previously made in writing and identified by that payee as unsettled at the time of final Application for Payment.

ARTICLE 15   PROTECTION OF PERSONS AND PROPERTY
§ 15.1 SAFETY PRECAUTIONS AND PROGRAMS
The Contractor shall be responsible for initiating, maintaining and supervising all safety precautions and programs in connection with the performance of the Contract. The Contractor shall take reasonable precautions for safety of, and shall provide reasonable protection to prevent damage, injury or loss to
   .1    employees on the Work and other persons who may be affected thereby;
   .2    the Work and materials and equipment to be incorporated therein, whether in storage on or off the site, under care, custody or control of the Contractor or the Contractor's Subcontractors or Sub-subcontractors; and
   .3    other property at the site or adjacent thereto, such as trees, shrubs, lawns, walks, pavements, roadways, structures and utilities not designated for removal, relocation or replacement in the course of construction.

The Contractor shall comply with and give notices required by applicable laws, statutes, ordinances, codes, rules and regulations, and lawful orders of public authorities bearing on safety of persons and property and their protection from damage, injury or loss. The Contractor shall promptly remedy damage and loss to property caused in whole or in part by the Contractor, a Subcontractor, a sub-subcontractor, or anyone directly or indirectly employed by any of them, or by anyone for whose acts they may be liable and for which the Contractor is responsible under Sections

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049664_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                (726492471)

15.1.2 and 15.1.3, except for damage or loss attributable to acts or omissions of the Owner or by anyone for whose acts either of them may be liable, and not attributable to the fault or negligence of the Contractor. The foregoing obligations of the Contractor are in addition to the Contractor's obligations under Section 9.15.

*(Paragraphs deleted)*
## § 15.2 HAZARDOUS MATERIALS
§ 15.2.1 The Contractor is responsible for compliance with the requirements of the Contract Documents regarding hazardous materials. If the Contractor encounters a hazardous material or substance not addressed in the Contract Documents, and if reasonable precautions will be inadequate to prevent foreseeable bodily injury or death to persons resulting from a material or substance, including but not limited to asbestos or polychlorinated biphenyl (PCB), encountered on the site by the Contractor, the Contractor shall, upon recognizing the condition, immediately stop Work in the affected area and report the condition to the Owner in writing. When the material or substance has been rendered harmless, Work in the affected area shall resume upon written agreement of the Owner and Contractor. By Change Order, the Contract Time shall be extended appropriately and the Contract Sum shall be increased in the amount of the Contractor's reasonable additional costs of shutdown, delay and start-up.

§ 15.2.2 To the fullest extent permitted by law, the Owner shall indemnify and hold harmless the Contractor, Subcontractors and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work in the affected area, if in fact, the material or substance presents the risk of bodily injury or death as described in Section 15.2.1 and has not been rendered harmless, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), except to the extent that such damage, loss or expense is due to the fault or negligence of the party seeking indemnity.

§ 15.2.3
*(Paragraphs deleted)*
If, without negligence on the part of the Contractor, the Contractor is held liable by a government agency for the cost of remediation of a hazardous material or substance solely by reason of performing Work as required by the Contract Documents, the Owner shall indemnify the Contractor for all cost and expense thereby incurred.

*(Paragraphs deleted)*
## ARTICLE 16   INSURANCE AND BONDS
§ 16.1
*(Paragraphs deleted)*
The Contractor shall purchase from, and maintain in a company or companies lawfully authorized to do business in the jurisdiction in which the Project is located, insurance for protection from claims under workers' compensation acts and other employee benefit acts which are applicable, claims for damages because of bodily injury, including death, and claims for damages, other than to the Work itself, to property which may arise out of or result from the Contractor's operations and completed operations under the Contract, whether such operations be by the Contractor or by a Subcontractor or anyone directly or indirectly employed by any of them. This insurance shall be written for not less than limits of liability specified in the Contract Documents or required by law, whichever coverage is greater, and shall include contractual liability insurance applicable to the Contractor's obligations under Section 9.15. Certificates of Insurance acceptable to the Owner shall be filed with the Owner prior to commencement of the Work. Each policy shall contain a provision that the policy will not be canceled or allowed to expire until at least 30 days' prior written notice has been given to the Owner. The Contractor shall cause the commercial liability coverage required by the Contract Documents to include: (1) the Owner as additional insureds for claims caused in whole or in part by the Contractor's negligent acts or omissions during the Contractor's operations; and (2) the Owner as an additional insured for claims caused in whole or in part by the Contractor's negligent acts or omissions during the Contractor's completed operations.

## § 16.2 OWNER'S LIABILITY INSURANCE
The Owner shall be responsible for purchasing and maintaining the Owner's usual liability insurance.

*(Paragraphs deleted)*
## § 16.3 PROPERTY INSURANCE
§ 16.3.1 Unless otherwise provided, the Owner shall purchase and maintain, in a company or companies lawfully authorized to do business in the jurisdiction in which the Project is located, property insurance on an "all-risk" or

AIA Document A107™ — 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 18:53:00 on 04/10/2013 under Order No.3916049684_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                                              (726492471)

Init.

/

12

equivalent policy form, including builder's risk, in the amount of the initial Contract Sum, plus the value of subsequent modifications and cost of materials supplied and installed by others, comprising total value for the entire Project at the site on a replacement cost basis without optional deductibles. Such property insurance shall be maintained, unless otherwise provided in the Contract Documents or otherwise agreed in writing by all persons and entities who are beneficiaries of such insurance, until final payment has been made as provided in Section 14.5 or until no person or entity other than the Owner has an insurable interest in the property required by this Section 16.3.1 to be covered, whichever is later. This insurance shall include interests of the Owner, the Contractor, Subcontractors and sub-subcontractors in the Project.

§ 16.3.2 The Owner shall file a copy of each policy with the Contractor before an exposure to loss may occur. Each policy shall contain a provision that the policy will not be canceled or allowed to expire, and that its limits will not be reduced, until at least 30 days' prior written notice has been given to the Contractor.

§ 16.3.3 The Owner and Contractor waive all rights against (1) each other and any of their subcontractors, sub-subcontractors, agents and employees, each of the other, and (2) separate contractors described in Article 12, if any, and any of their subcontractors, sub-subcontractors, agents and employees for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to Section 16.3 or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by the Owner as fiduciary. The Owner or Contractor, as appropriate, shall require of the separate contractors described in Article 11, if any, and the subcontractors, sub-subcontractors, agents and employees of any of them, by appropriate agreements, written where legally required for validity, similar waivers each in favor of other parties enumerated herein. The policies shall provide such waivers of subrogation by endorsement or otherwise. A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged.

§ 16.3.4 A loss insured under the Owner's property insurance shall be adjusted by the Owner as fiduciary and made payable to the Owner as fiduciary for the insureds, as their interests may appear, subject to requirements of any applicable mortgagee clause. The Contractor shall pay Subcontractors their just shares of insurance proceeds received by the Contractor, and by appropriate agreements, written where legally required for validity, shall require Subcontractors to make payments to their sub-subcontractors in similar manner.

ARTICLE 17 · CORRECTION OF WORK
§ 17.1 The Contractor shall promptly correct Work rejected by the Owner or failing to conform to the requirements of the Contract Documents, whether discovered before or after Substantial Completion and whether or not fabricated, installed or completed. Costs of correcting such rejected Work, including additional testing and inspections, the cost of uncovering and replacement.

§ 17.2 In addition to the Contractor's obligations under Section 9.4, if, within one year after the date of Substantial Completion of the Work or designated portion thereof or after the date for commencement of warranties established under Section 14.4.3, or by terms of an applicable special warranty required by the Contract Documents, any of the Work is found to be not in accordance with the requirements of the Contract Documents, the Contractor shall correct it promptly after receipt of written notice from the Owner to do so unless the Owner has previously given the Contractor a written acceptance of such condition. The Owner shall give such notice promptly after discovery of the condition. During the one-year period for correction of Work, if the Owner fails to notify the Contractor and give the Contractor an opportunity to make the correction, the Owner waives the rights to require correction by the Contractor and to make a claim for breach of warranty.

§ 17.3 If the Contractor fails to correct nonconforming Work within a reasonable time, the Owner may correct it in accordance with Section 8.3.

*(Paragraphs deleted)*
§ 17.4 The one-year period for correction of Work shall be extended with respect to portions of Work first performed after Substantial Completion by the period of time between Substantial Completion and the actual completion of that portion of the Work.

*(Paragraphs deleted)*

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No. 3916049684_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                                                          (726492471)

Init.

/

**§ 17.5** The one-year period for correction of Work shall not be extended by corrective Work performed by the Contractor pursuant to this Article 17.

## ARTICLE 18   MISCELLANEOUS PROVISIONS
### § 18.1 ASSIGNMENT OF CONTRACT
Neither party to the Contract shall assign the Contract without written consent of the other, except that the Owner may, without consent of the Contractor, assign the Contract to a lender providing construction financing for the Project if the lender assumes the Owner's rights and obligations under the Contract Documents. The Contractor shall execute all consents reasonably required to facilitate such assignment.

### § 18.2 GOVERNING LAW
The Contract shall be governed by the law of the place where the Project is located, except, that if the parties have selected arbitration as the method of binding dispute resolution, the Federal Arbitration Act shall govern Section 20.4.

### § 18.3 TESTS AND INSPECTIONS
Tests, inspections and approvals of portions of the Work required by the Contract Documents or by applicable laws, statutes, ordinances, codes, rules and regulations or lawful orders of public authorities shall be made at an appropriate time. Unless otherwise provided, the Contractor shall make arrangements for such tests, inspections and approvals with an independent testing laboratory or entity acceptable to the Owner, or with the appropriate public authority, and shall bear all related costs of tests, inspections and approvals. The Contractor shall give the Owner timely notice of when and where tests and inspections are to be made so that the Owner may be present for such procedures. The Owner shall bear costs of (1) tests, inspections or approvals that do not become requirements until after bids are received or negotiations concluded, and (2) tests, inspections or approvals where building codes or applicable laws or regulations prohibit the Owner from delegating the costs to the Contractor.

### § 18.4 COMMENCEMENT OF STATUTORY LIMITATION PERIOD
The Owner and Contractor shall commence all claims and causes of action, whether in contract, tort, breach of warranty or otherwise, against the other arising out of or related to the Contract in accordance with the requirements of the final dispute resolution method selected in the Agreement within the period specified by applicable law, but in any case not more than 10 years after the date of Substantial Completion of the Work. The Owner and Contractor waive all claims and causes of action not commenced in accordance with this Section 18.4.

*(Paragraphs deleted)*
## ARTICLE 19   TERMINATION OF THE CONTRACT
### § 19.1 TERMINATION BY THE CONTRACTOR
If the Owner fails to certify payment as provided in Section 14.2.1 for a period of 30 days through no fault of the Contractor, or if the Owner fails to make payment as provided in Section 4.1.3 for a period of 30 days, the Contractor may, upon seven additional days' written notice to the Owner, terminate the Contract and recover from the Owner payment for Work executed, including reasonable overhead and profit, costs incurred by reason of such termination, and damages.

**§ 19.2**
*(Paragraphs deleted)*
**TERMINATION BY THE OWNER FOR CAUSE**
**§ 19.2.1** The Owner may terminate the Contract if the Contractor
    .1    repeatedly refuses or fails to supply enough properly skilled workers or proper materials;
    .2    fails to make payment to Subcontractors for materials or labor in accordance with the respective agreements between the Contractor and the Subcontractors;
    .3    repeatedly disregards applicable laws, statutes, ordinances, codes, rules and regulations or lawful orders of a public authority; or
    .4    otherwise is guilty of substantial breach of a provision of the Contract Documents.

**§ 19.2.2** When any of the above reasons exists, the Owner, upon certification that sufficient cause exists to justify such action, may, without prejudice to any other remedy the Owner may have and after giving the Contractor seven days' written notice, terminate the Contract and take possession of the site and of all materials, equipment, tools, and construction equipment and machinery thereon owned by the Contractor and may finish the Work by whatever

Init.

/

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049884_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                                                                (726492471)

14

reasonable method the Owner may deem expedient. Upon request of the Contractor, the Owner shall furnish to the Contractor a detailed accounting of the costs incurred by the Owner in finishing the Work.

§ 19.2.3 When the Owner terminates the Contract for one of the reasons stated in Section 19.2.1, the Contractor shall not be entitled to receive further payment until the Work is finished.

§ 19.2.4 If the unpaid balance of the Contract Sum exceeds costs of finishing the Work, including expenses made necessary thereby, and other damages incurred by the Owner and not expressly waived, such excess shall be paid to the Contractor. If such costs and damages exceed the unpaid balance, the Contractor shall pay the difference to the Owner. The amount to be paid to the Contractor or Owner, as the case may be, shall be certified by the Owner, upon application, and this obligation for payment shall survive termination of the Contract.

§ 19.3 TERMINATION BY THE OWNER FOR CONVENIENCE
The Owner may, at any time, terminate the Contract for the Owner's convenience and without cause. The Contractor shall be entitled to receive payment for Work executed, and costs incurred by reason of such termination, along with reasonable overhead and profit on the Work not executed.

*(Paragraphs deleted)*
ARTICLE 20   CLAIMS AND DISPUTES
§ 20.1 If a claim, dispute or other matter in question relates to or is the subject of a mechanic's lien, the party asserting such matter may proceed in accordance with applicable law to comply with the lien notice or filing deadlines.

§ 20.2 The parties shall endeavor to resolve their disputes by mediation which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with their Construction Industry Mediation Procedures in effect on the date of the Agreement. A request for mediation shall be made in writing, delivered to the other party to this Agreement, and filed with the person or entity administering the mediation. The request may be made concurrently with the binding dispute resolution but, in such event, mediation shall proceed in advance of binding dispute resolution proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order. If an arbitration is stayed pursuant to this Section, the parties may nonetheless proceed to the selection of the arbitrator(s) and agree upon a schedule for later proceedings.

*(Paragraphs deleted)*
§ 20.3 If the parties have selected arbitration as the method for binding dispute resolution in the Agreement, any claim, subject to, but not resolved by, mediation shall be subject to arbitration which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association, in accordance with the Construction Industry Arbitration Rules in effect on the date of this Agreement. Demand for arbitration shall be made in writing, delivered to the other party to the Contract, and filed with the person or entity administering the arbitration. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

§ 20.4 Either party, at its sole discretion, may consolidate an arbitration conducted under this Agreement with any other arbitration to which it is a party provided that (1) the arbitration agreement governing the other arbitration permits consolidation; (2) the arbitrations to be consolidated substantially involve common questions of law or fact; and (3) the arbitrations employ materially similar procedural rules and methods for selecting arbitrator(s).

§ 20.5 Any party to an arbitration may include by joinder persons or entities substantially involved in a common question of law or fact whose presence is required if complete relief is to be accorded in arbitration provided that the party sought to be joined consents in writing to such joinder. Consent to arbitration involving an additional person or entity shall not constitute consent to arbitration of a Claim not described in the written Consent.

§ 20.6 The foregoing agreement to arbitrate and other agreements to arbitrate with an additional person or entity duly consented to by parties to the Agreement shall be specifically enforceable under applicable law in any court having jurisdiction thereof.

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049684_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                                                                    (726492471)

## § 20.7 CLAIMS FOR CONSEQUENTIAL DAMAGES

The Contractor and Owner waive claims against each other for consequential damages arising out of or relating to this Contract. This mutual waiver includes

.1    damages incurred by the Owner for rental expenses, for losses of use, income, profit, financing, business and reputation, and for loss of management or employee productivity or of the services of such persons; and

.2    damages incurred by the Contractor for principal office expenses including the compensation of personnel stationed there, for losses of financing, business and reputation, and for loss of profit except anticipated profit arising directly from the Work.

This mutual waiver is applicable, without limitation, to all consequential damages due to either party's termination in accordance with Article 19. Nothing contained in this Section 20.8 shall be deemed to preclude an award of liquidated damages, when applicable, in accordance with the requirements of the Contract Documents.

This Agreement entered into as of the day and year first written above.

OWNER (Signature)                                    CONTRACTOR (Signature)

OCB PROPERTIES , LTD.                                R. HASSELL BUILDERS, INC.
CHRIS DELAMORA                                       TERRY TAURIELLO
TITLE: _____                               EXECUTIVE VICE PRESIDENT
(Printed name and title)                             (Printed name and title)

_____ — CFO
STELLAR OILFIELD RENTALS, LLC
JOE TAURIELLO
C.F.O.
(Table deleted)(Paragraphs deleted)

Init.

/

AIA Document A107™ – 2007. Copyright © 1936, 1951, 1958, 1961, 1963, 1966, 1970, 1974, 1978, 1987, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:53:00 on 04/10/2013 under Order No.3916049684_1 which expires on 07/15/2013, and is not for resale.
User Notes:                                                                          (726492471)

16

**R. Hassell Builders, Inc.**
**Stellar Oilfield Equipment 288 Facility**
**Civil Improvements Topsheet**

4/5/2013

Final Version

| Item | Scope of Work | Vendor | Quantity | Sub-Bid | Materials | Equipment | Labor | Total |
|---|---|---|---|---|---|---|---|---|
| 1030 | Traffic Control Plan | Sub | allow | 1500 | 0 | 0 | 0 | $1,500.00 |
| 1100 | Surveying | Hassell | 7 days | 0 | 200 | 3000 | 4200 | $7,400.00 |
| 1210 | Tdot Permit Fees Approaches | Tdot | 1 each | 0 | 0 | 0 | 0 | $0.00 |
| 1210 | Brazoria County Permit Fees | Brazoria Ct | 1 each | 500 | 0 | 0 | 0 | $500.00 |
| 1500 | SWPPP | sub | 1 LS | 3300 | 0 | 0 | 0 | $3,300.00 |
| 2150 | Traffic Control | Hassell | 1 LS | 0 | 0 | 4000 | 1000 | $5,000.00 |
| 2230 | Clear area Behind Bldg #1 | Hassell | 1,596 sy | 0 | 0 | 2000 | 1000 | $3,000.00 |
| 2300 | Equipment Mobilization / Demolition | Hassell | 8 pcs on/off | 0 | 8000 | 0 | 2000 | $10,000.00 |
| 2300 | Fuel for Equipment | Sub | 8 pcs | 10000 | 0 | 0 | 0 | $10,000.00 |
| 2300 | Cut Down Area to Receive Concrete Paving | Hassell | 1716 sy | 0 | 0 | 6500 | 1500 | $8,000.00 |
| 2300 | Compact Area to Receive Concrete | Hassell | 1716 sy | 0 | 0 | 7000 | 2900 | $9,900.00 |
| 2300 | Cut/Fill Area to Receive Asphalt Millings | Hassell | 14,858 sy | 0 | 0 | 4000 | 1200 | $5,200.00 |
| 2230 | Remove Asphalt & small parking area | Hassell | 230 sy | 0 | 0 | 1000 | 240 | $1,240.00 |
| 2613 | 10" thick Asphalt Milling Base | Hassell | 2,980 tons | 0 | 65679 | 0 | 0 | $65,679.00 |
| 2613 | Place/Compact Asphalt Millings Base | Hassell | 4,858 sy | 0 | 0 | 9000 | 3200 | $12,200.00 |
| 2614 | 6" 3.5 ksi Concrete Paving w/#4s@18" o/c | Hassell | 1716 sy | 825 | 19011 | 1435 | 5490 | $26,761.00 |
| 2700 | Stripping & HC Signs. | allow | 1 LS | 2500 | 0 | 0 | 0 | $2,500.00 |
| 2612 | Remove Excess Gravel from Approaches | Hassell | 162 cy | 0 | 0 | 1500 | 400 | $1,900.00 |
| 2613 | Rework Rock @ approaches | Hassell | 550 sy | 0 | 0 | 2800 | 1000 | $3,800.00 |
| 2613 | 2" HMAC Asphalt Paving @ Approaches | Sub | 550 sy | 4500 | 7260 | 0 | 0 | $11,760.00 |
| 5521 | Bollards @ Septic System Tanks | Hassell | 8 each | 0 | 1200 | 400 | 800 | $2,400.00 |
| 17500 | Site General Conditions | Hassell | 5 weeks | 0 | 4500 | 0 | 0 | $4,500.00 |
| 17501 | Hassell Site Superintendent | Hassell | 5 weeks | 0 | 0 | 0 | 5000 | $5,000.00 |
| | SUBTOTAL: | | | $31,125.00 | $97,850.00 | $42,635.00 | $27,930.00 | $199,540.00 |

LABOR SUBTOTAL: $27,930.00
P/R TAXES & INSURANCE $9,775.50
MATERIALS SUBTOTAL: $97,850.00
SALES TAXES 8.25% $8,072.63
EQUIPMENT SUBTOTAL: $42,635.00
SUBCONTRACTS SUBTOTAL: $31,125.00

SUBTOTAL: $217,388.13

BUILDERS RISK INSURANCE: $650.87

SUBTOTAL:                          $218,039.00

CONTRACTORS FEE:                    $23,900.00

TOTAL BUDGET BID PROPOSAL:         $241,939.00

Stellar Oilfield 288 Facility Civil Bid Breakdown


by Google

Royce Hassell <conrcrete@gmail.com>

---

## New Job List as of 5-18-13

---

**Natalie Orozco** <frontdesk@hassellconstruction.com>                                    Sat, May 18, 2013 at 9:59 AM
To: Shawn Potts <spotts@hassellconstruction.com>, Nadine Sandifer <nsandifer@hassellconstruction.com>,
sjohnston@hassellconstruction.com, Royce Hassell <conrcrete@gmail.com>, Mike Hassell
<mhassell@hassellconstruction.com>, ricardo Todeschini <rhc.ricardo@gmail.com>,
cscruggs@hassellconstruction.com, Phil Hassell <jphassell@hassellconstruction.com>,
frontdesk@hassellconstruction.com, Patty Harless <willpatjon@aol.com>, Becky Baker
<bbaker@hassellconstruction.com>, lsrepka <isrepka@aol.com>, Cindy <cindyg922@gmail.com>,
terrytauriello@gmail.com, Mary Jo Kruger <mjk_43@hotmail.com>, Chris Hassell
<chassell@hassellconstruction.com>

Please see the attached updated job list.

If you have any questions, let me know.


Thank you,


*Natalie Orozco*

Hassell Construction Co., Inc.

12211 Duncan Rd.

Houston, TX 77066

281-893-2570 Ph

281-580-9170 Fx

*frontdesk@hassellconstruction.com*

---



**Current Job List as of 5-6-13.xls**
164K



# Hassell Construction Co., Inc.

Projects Currently Open & Under Construction

| Administrator | Job # | Job Name | Project Manager |
|---|---|---|---|
| Mike | 1027 | Holland Ridge | Mike |
| R. Hassell | 1107 | Kingwood Community Center | R. Hassell |
| Mike | 1115 | Sunset Mobile Home Park | Mike |
| Chris | 1116 | Towne Lake Tuckerton Rd. | Chris |
| R. Hassell | 1118 | Springwoods Village | R. Hassell |
| Mike | 1119 | SH 99 | Mike |
| Mike | 1120 | FM 1774 | Mike |
| Chris | 1121 | FM 646 | Jim |
| Chris | 1122 | FM 865 | Jim |
| Mike | 1124 | FM 2100 | Mike |
| Chris | 1128 | Grand Pkwy @ W. Airport Blvd | Chris |
| Chris | 1204 | Hollister Sec. 3 | Chris |
| Chris | 1205 | Stuebener Airline Rd. Seg. A | Chris |
| Mike | 1207 | Sylvan Rodriguez Park | Phil/Terry |
| Mike | 1208 | Transtar Emergency Building | Phil/Terry |
| R. Hassell | 1209 | Paving Cypress Forest Section 4 | R. Hassell |
| Chris | 1211 | I-45 Left turn lanes @ FM 646 | Chris |
| R. Hassell | 1212 | Smart Financial | R. Hassell |
| Mike | 1214 | Cinco Ranch NW Sec. 7 & Sec. 5 | Mike |
| Chris | 1215 | CFISD | Chris |
| Chris | 1216 | Stuebener Airline Rd. Seg. B | Chris |
| Chris | 1217 | US 59 Frontage Rd. | Chris |
| Mike | 1218 | Cinco Ranch SW Sec. 71 | Mike |
| Mike | 1219 | Cinco Ranch SW Sec. 69 | Mike |
| Mike | 1220 | Cinco Ranch SW Sec. 70 | Mike |
| Mike | 1221 | Cinco Ranch NW Sec. 5 Phase II | Mike |
| Mike | 1222 | Transtar Parking Lot & Gen Bid | Phil/Terry |
|  | 1250 | Master Svc Contract/Punchlist |  |
| Chris | 1301 | Mahaffey Rd. | Chris |
| Joe | 1302 | Airport Avenue Ext. to FM 2218 | Joe |
| Chris | 1303 | Golfview | Chris |
| Mike | 1304 | Cinco Ranch NW Sec. 8 | Mike |
| Mike | 1305 | Stellar Oil Field | Phil/Terry |
|  | 1350 | Master Svc Contract/Punchlist |  |

12/12/13                                                    Gmail - Royce



---

## Royce

**Phillip Hassell** <jphassell@hassellconstruction.com>                    Wed, Oct 2, 2013 at 3:55 AM
To: Royce Hassell <conrcrete@gmail.com>
Cc: Mike Hassell <mhassell@hassellconstruction.com>, Shawn Potts <spotts@hassellconstruction.com>, Patrick Gaas <pgaas@coatsrose.com>

Royce,

Concerning your request to review the documents of Hassell Construction Company, Inc., please let me know what it is that you really need to see, if anything, and stop acting like you need to look at every document we possess. Given that you are no longer a director of Hassell Construction Company, that your equity interest was nominal (with a specified buyout price), the fact that you were working in our office until July 18, 2013 and had access to all the the documents through that time, and that your debt to the Hassell Construction Company eclipses any financial interest that you have ever had or will ever hope to have in the company, it would appear that your request is really little more than a pretext.

On the flip side, since you are reluctant to provide Hassell Construction Company/Southwest Escrow with the information to pay invoices for vendors, suppliers and subcontractors (and pretend instead that we are refusing to pay them), I expect that the number of unpaid subcontractors and suppliers on Joint Venture projects who would like to get paid is growing. Hassell Construction Company needs access to the books and records in your possession concerning Transtar Emergency Building and Transtar Parking Lot (Transtar 1&2), so the appropriate paperwork can be completed timely and so that Hassell Construction Company/Southwest Escrow can pay proper debts associated with these projects.  It's not right to string out these vendors like this.

Hassell Construction Company is also requesting that a complete accounting be completed on Transtar 1&2, along with a cost to complete for both projects. Hassell Construction Company will provide the cost it has on the books for both projects, along with back up, so that it can be incorporated into the cost to complete.

Also, there are projects that R. Hassell Builders has done prior to the Joint Venture for which Hassell Construction Company does not have the current information necessary to close out the projects and collect and pay retainage. Since R. Hassell Builders has sent out notice of non-payment to many people concerning these projects, we need you to provide us with the information to close out these projects and pay those involved.

In addition, we need to settle and adjust all accounts in connection with the following completed Joint Venture projects:

1. Stellar Oilfield
2. Smart Financial
3. Lakes Of Cypress Forest 4

As such, Hassell Construction needs access to the following books and records relating to each:

1. All records relating to moneys received as payments under each contract,
2. *Expenses incurred as a result of such performance, and*
3. Any outstanding issues relating to these projects.

Hassell Construction has not been able to finish it's year end audit because of not having this information, so please let us know when we may have access to these documents.

-Phillip

P.S.  Royce, I'm going to resist biting on the remarks about questionable and illegal actions, the harm that you claim to have suffered, the incorrect character statement about the buy-sell agreement and your claim that we've done things to benefit ourselves at the expense of the trust and all of its beneficiaries and are harming the value of the shares of Hassell Construction Company.  It's clear to me that if you actually believe any of this tripe, that you truly have taken leave of your senses.  I do so only because I know these acerbic and divisive words came from the  lawyer with whom you reside, and because our real focus needs to be on reconciling the project accounting and ensuring the bills are getting paid to the proper parties entitled to payment.  So call me – let's get this accomplished.

Phillip Hassell
Hassell Construction Co., Inc.
16111 Hollister Rd.
Houston, TX 77066
281-893-2570

# R. HASSELL BUILDERS, INC.

12512 Cutten Road, Suite A
Houston, TX. 77066
Phone 713-400-7516
Fax 713-665-0369
email: terrytauriello@gmail.com

# INVOICE

**June 12, 2013**                          **Invoice # B131-1**

**Attn:  Chris de la Mora**

**Stellar Oilfield Rentals, LLC**
**28024 N. Highway 288 B**
**Angleton, Texas 77515**

**RE:  Stellar Oilfield Civil Project Additions, Angleton Texas
site.**

**To Invoice you for the associated work and attached project
breakdown for work completed per contract dated April 10,
2013.**

**Total Amount Due:**              **$241,939.00**

**This amount includes all applicable sales taxes.**

**Terms:  net 30 days from invoice date.**

**Please send Payments to:**

**R. Hassell Builders, Inc.**
**12512 Cutten Rd., Suite A**
**Houston, Texas 77066**

**Thank You**

**All Questions pertaining to this invoice should be directed to Terry @ 713-400-
7516.**



R. Hassell Builders, Inc.
**Stellar Oilfield Equipment 288 Facility**
**Civil Improvements Topsheet.**

4/5/2013

Final Version

| Item | Scope of Work | Vendor | Quantity | Sub-Bid | Materials | Equipment | Labor | Total |
|---|---|---|---|---|---|---|---|---|
| 1030 | Traffic Control Plan | Sub | allow | 1500 | | | 0 | $1,500.00 |
| 1100 | Surveying | Hassell | 7 days | 0 | 200 | 3000 | 4200 | $7,400.00 |
| 1210 | Tdot Permit Fees Approaches | Tdot | 1 each | 0 | | | 0 | $0.00 |
| 1210 | Brazoria County Permit Fees | Brazoria Ct | 1 each | 500 | | | 0 | $500.00 |
| 1500 | SWPPP | sub | 1 LS | 3300 | | | 0 | $3,300.00 |
| 2150 | Traffic Control | Hassell | 1 LS | 0 | 0 | 4000 | 1000 | $5,000.00 |
| 2230 | Clear area Behind Bldg #1 | Hassell | 1,586 sy | 0 | 0 | 2000 | 1000 | $3,000.00 |
| 2300 | Equipment Mobilization / Demobilization | Hassell | 8 pcs on/off | 8000 | 0 | 0 | 0 | $8,000.00 |
| 2300 | Fuel for Equipment | Sub | 8 pcs | 10000 | 0 | 0 | 0 | $10,000.00 |
| 2300 | Cut Down Area to Receive Concrete Paving | Hassell | 716 sy | 0 | 0 | 6500 | 1500 | $8,000.00 |
| 2300 | Compact Area to Receive Concrete | Hassell | 716 sy | 0 | 0 | 7000 | 2900 | $9,900.00 |
| 2300 | Cut/Fill Area to Receive Asphalt Millings | Hassell | 4,858 sy | 0 | 0 | 4000 | 1200 | $5,200.00 |
| 2230 | Remove Asphalt & small parking area | Hassell | 230 sy | 0 | 0 | 1000 | 240 | $1,240.00 |
| 2613 | 10" thick Asphalt Milling Base | Hassell | 2,980 tons | 0 | 65679 | 0 | 0 | $65,679.00 |
| 2613 | Place/Compact Asphalt Millings Base | Hassell | 4,858 sy | 0 | 0 | 9000 | 3200 | $12,200.00 |
| 2614 | 6" 3.5 ksi Concrete Paving w/#4's@18" o/c | Hassell | 716 sy | 825 | 19011 | 1435 | 5490 | $26,761.00 |
| 2700 | Striping & HC Signs. | allow | 1 LS | 2500 | 0 | 0 | 0 | $2,500.00 |
| 2612 | Remove Excess Gravel from Approaches | Hassell | 162 cy | 0 | 0 | 1500 | 400 | $1,900.00 |
| 2613 | Rework Rock @ approaches | Hassell | 550 sy | 0 | 0 | 2800 | 1000 | $3,800.00 |
| 2613 | 2" HMAC Asphalt Paving @ Approaches | Sub | 550 sy | 4500 | 7260 | 0 | 0 | $11,760.00 |
| 5521 | Bollards @ Septic System Tanks | Hassell | 8 each | 0 | 1200 | 400 | 800 | $2,400.00 |
| 17500 | Site General Conditions | Hassell | 5 weeks | 0 | 4500 | 0 | 0 | $4,500.00 |
| 17501 | Hassell Site Superintendent | Hassell | 5 weeks | 0 | 0 | 0 | 5000 | $5,000.00 |
| | | | | | | | | |
| | **SUBTOTAL:** | | | $31,125.00 | $97,850.00 | $42,635.00 | $27,930.00 | $199,540.00 |

LABOR SUBTOTAL:     $27,930.00
P/R TAXES & INSURANCE     $9,775.50
MATERIALS SUBTOTAL:     $97,850.00
SALES TAXES 8.25%     $8,072.63
EQUIPMENT SUBTOTAL:     $42,635.00
SUBCONTRACTS SUBTOTAL:     $31,125.00

SUBTOTAL:     $217,388.13

BUILDERS RISK INSURANCE:     $650.87

SUBTOTAL:                              $218,039.00

CONTRACTORS FEE:                       $23,900.00

TOTAL BUDGET BID PROPOSAL:             $241,939.00

Stellar Oilfield 288 Facility Civil Bid Breakdown



CERTIFIED MAIL

7008 2810 0001 3547 2257



R. Hossein Builders
13512 Cutten Rd
Suite A.
Houston Tx. 77069

7735618227

UNITED STATES POSTAGE
$ 006.110
02 1P
0001771027  AUG 16 2013
MAILED FROM ZIP CODE 77086

ALL-STATE LEGAL®

# 9



# COATS | ROSE
*A Professional Corporation*

BRADLEY J. REEVES
ASSOCIATE

breeves@coatsrose.com
(713) 653-5711

January 23, 2014

***Via Federal Express***
Joyce Hudman
Brazoria County Clerk
1524 E. Mullberry
Angleton, Texas 77515

       Re:    Filing Release of Lien recorded at Document Number 2013055624
               Claimant: Hassell Construction Company, Inc.

Dear Ms. Hudman:

    Enclosed please find the **Release of Lien** executed by Hassell Construction Company, Inc. for filing in the Real Property Records of Brazoria County, Texas.

    Also enclosed is check number 145014 in the amount of $30.00 to cover the applicable filing fees. After recording please return the original document to Patrick E. Gaas in the self-addressed, stamped envelope provided. Thank you for your assistance with this matter.

             Sincerely,

             Bradley J. Reeves

BJR

Enclosure

Cc:

       ***Via E-mail: nimmonslaw@sbcglobal.net***
       Paul Nimmons
       Attorney at Law
       8588 Katy Freeway. Suite 255
       Houston, TX 77024

2600 South Shore Blvd., Suite 200   League City, Texas  77573
Phone: 713-651-0111   Fax: 713-651-0220
Web: www.coatsrose.com

HOUSTON | CLEAR LAKE | AUSTIN | DALLAS | SAN ANTONIO | NEW ORLEANS
4816-9203-5864.v1

## RELEASE OF MECHANIC'S AND MATERIALMEN'S LIEN

STATE OF TEXAS      §
                          §      KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF HARRIS    §

THAT, the undersigned, James Phillip Hassell, President of Hassell Construction Company, Inc., for itself, its successors and assigns, hereby declares that certain Mechanic's and Materialmen's Lien against the real property described as:

**_Commonly known as_ 28024 N. Highway 288B, Angleton, Brazoria County, Texas 77515.**

evidenced by an affidavit filed against Stellar Oilfield Rentals, care of Randy Pelt, on November 14, 2013 in the Real Property Records of Brazoria County, Texas, recorded at Document Number 2013055624 of the Official Real Property Records of Brazoria County, Texas, is FULLY AND FOREVER RELEASED from the above-described property. Hassell Construction Company, Inc. reserves its rights to pursue any and all claims against R. Hassell Builders, Inc. and/or Royce J. Hassell.

Executed this 23rd day of January, 2014.

HASSELL CONSTRUCTION COMPANY, INC.

James Phillip Hassell, President

STATE OF TEXAS      §
                           §

COUNTY OF HARRIS    §

BEFORE ME, the undersigned authority, on this day personally appeared James Phillip Hassell, President of Hassell Construction Company, Inc., known to me to be the person whose name is subscribed to the foregoing instrument, who after being by me duly sworn acknowledged that the statements contained above are true and correct, that he executed same for the purposes and consideration therein expressed, in the capacity therein stated, and as the act and deed of said corporation.

Given under my hand and seal of office, this 23rd day of January, 2014.

NATALIE ELENA SILVAS
NOTARY PUBLIC
COMMISSION EXPIRES
03-12-2017

Notary Public in and for the STATE OF TEXAS

4830-4791-0424.v1

AFTER RECORDING RETURN TO:

Patrick E. Gaas
Coats, Rose, Yale, Ryman & Lee, P.C.
3 E. Greenway Plaza, Suite 2000
Houston, TX 77046

4830-4791-0424.v1

# EXHIBIT
# 40

**HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al**

Cause No. 201700535

152nd, Judicial District, Harris County, Texas

| NO | FROM | TO | CC | SUBJECT | DATE | TIME | BCC | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 1 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | RE: Hassell Construction | 08/19/2014 | 9:53 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 2 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Hassle | 08/22/2014 | 4:40 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 3 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | Re: Hassle | 08/22/2014 | 5:08 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 4 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Hassle | 08/22/2014 | 7:39 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 5 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com>; Ana Banda <abanda@rentealaw.com> | HCCI litigation | 08/25/2014 | 7:41 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 6 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Hassell Fee Agreement | 08/26/2014 | 8:52 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 7 | Ana Banda <abanda@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Fee Agreement | 08/26/2014 | 9:51 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 8 | Bogdan Rentea <brentea@rentealaw.com> | Ana Banda <abanda@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Re: Fee Agreement | 08/26/2014 | 10:24 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 9 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Shawn Potts <spotts@hassellconstruction.com> | Re: Fee Agreement | 08/26/2014 | 11:07 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 10 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Shawn Potts <spotts@hassellconstruction.com>; Ana Banda <abanda@rentealaw.com> | Re: Fee Agreement | 08/26/2014 | 11:11 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 11 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Fee Agreement | 08/26/2014 | 11:15 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 12 | Ana Banda <abanda@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Fee Agreement | 08/26/2014 | 11:17 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 13 | Joel T. Massey <joel_massey@att.net> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: Privileged and Confidential re Pascal and Silvia | 08/26/2014 | 4:53 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 14 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel_massey@att.net> | | Re: Privileged and Confidential re Pascal and Silvia | 08/26/2014 | 5:22 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 15 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Privileged and Confidential re Pascal and Silvia | 08/26/2014 | 5:53 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 16 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | Re: Privileged and Confidential re Pascal and Silvia | 08/26/2014 | 6:20 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 17 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Privileged and Confidential re Pascal and Silvia | 08/26/2014 | 6:21 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 18 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | Re: Privileged and Confidential re Pascal and Silvia | 08/26/2014 | 6:27 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 19 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Privileged and Confidential re Pascal and Silvia | 08/26/2014 | 6:28 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 20 | Joel T. Massey <joel_massey@att.net> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: 2d am pet | 08/27/2014 | 11:05 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 21 | Joel T. Massey <joel_massey@att.net> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: re petition | 08/27/2014 | 6:35 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 22 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | CC on HCCI stuff | 08/28/2014 | 8:52 AM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

1 of 15

HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al

**Cause No. 201700535**
**152nd, Judicial District, Harris County, Texas**

| | From | To | CC | Subject | Date | Time | | |
|---|---|---|---|---|---|---|---|---|
| 23 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | Re: CC on HCCI stuff | 08/28/2014 | 9:19 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 24 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com>; Joel T. Massey <joel_massey@att.net> | | FW: HCCI v. Springwoods et al | 08/28/2014 | 10:07 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 25 | Ana Banda <abanda@rentealaw.com> | Bogdan Rentea <brentea@rentealaw.com> | | Hassell | 08/28/2014 | 11:49 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 26 | Ana Banda <abanda@rentealaw.com> | Bogdan Rentea <brentea@rentealaw.com> | | Hassell | 08/28/2014 | 11:57 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 27 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel_massey@att.net>; Phillip Hassell <jphassell@hassellconstruction.com> | | FW: Docket Reminder for Harris County Courts - Setting(s) : 3 | 08/29/2014 | 10:35 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 28 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Hassell Construction | 08/30/2014 | 1:24 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 29 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | respmotionforprotection.PDF | 08/30/2014 | 4:43 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 30 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: respmotionforprotection.PDF | 08/30/2014 | 5:28 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 31 | Bogdan Rentea <brentea@rentealaw.com> | Bogdan Rentea <brentea@rentealaw.com>; Joel T. Massey <joel@JTMaustin.com> | | Silvia 1st amended petition pages 1, 4 - 7, 12, 13, 15, 16, 18 - 20.pdf | 09/01/2014 | 11:37 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 32 | Bogdan Rentea <brentea@rentealaw.com> | Bogdan Rentea <brentea@rentealaw.com>; Joel T. Massey <joel@JTMaustin.com> | | arbitrationdemand Exhibit C pages 6, 8, 10, 14, 15.pdf | 09/01/2014 | 11:40 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 33 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | disclosure review | 09/01/2014 | 2:30 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 34 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | Re: Mary Jo Poindexter | 09/01/2014 | 3:53 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 35 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: disclosure review | 09/01/2014 | 3:55 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 36 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | Re: disclosure review | 09/01/2014 | 3:57 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 37 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | Re: respmotionforprotection.PDF | 09/01/2014 | 6:04 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 38 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Pay Estimates fm Costello to SWR/HCID#18 | 09/04/2014 | 9:53 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 39 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: Confidential re Hassell v. R. Hassell on job | 09/04/2014 | 2:15 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 40 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | FW: hassell | 09/06/2014 | 10:12 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 41 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | proposed email to Silvia | 09/06/2014 | 11:09 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 42 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Re: proposed email to Silvia | 09/06/2014 | 12:54 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 43 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Phillip Hassell <jphassell@hassellconstruction.com> | RE: proposed email to Silvia | 09/06/2014 | 1:07 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 44 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | Re: proposed email to Silvia | 09/06/2014 | 3:54 PM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al

Cause No. 201700535
152nd, Judicial District, Harris County, Texas

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 45 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Re: proposed email to Silvia | 09/08/2014 | 7:19 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 46 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | core contract docs | 09/09/2014 | 11:26 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 47 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | RE: core contract docs | 09/09/2014 | 2:41 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 48 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | re discussions with Pascal re documents | 09/10/2014 | 10:30 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 49 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Re: Privileged and Confidential re Silvia | 09/10/2014 | 11:13 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 50 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | Re: offer to resolve plea in intervention | 09/11/2014 | 7:24 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 51 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: offer to resolve plea in intervention | 09/11/2014 | 7:40 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 52 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | RE: Additional Docs | 09/11/2014 | 2:07 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 53 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: FW: HCCI -HCID # 18-Springwoods-WPM-Costello: Privileged and Confidential | 09/11/2014 | 2:07 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 54 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | damages | 09/12/2014 | 2:41 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 55 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | RE: damages | 09/12/2014 | 5:34 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 56 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | no filing by Silvia | 09/13/2014 | 9:06 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 57 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | index to disc | 09/13/2014 | 12:53 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 58 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell | 09/15/2014 | 1:51 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 59 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | revised index | 09/15/2014 | 4:26 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 60 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Re: plea in intervention | 09/16/2014 | 12:31 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 61 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | RE: plea in intervention | 09/16/2014 | 12:55 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 62 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Re: plea in intervention | 09/16/2014 | 1:04 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 63 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: Audit letter | 09/16/2014 | 2:46 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 64 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: Springwoods | 09/16/2014 | 3:35 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 65 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: Privileged and Confidential re Pascal | 09/16/2014 | 3:35 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 66 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: URGENT PRIVILEGED AND CONFIDENTIAL re mediation | 09/16/2014 | 3:35 PM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

**HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al**

**Cause No. 201700535**
**152nd, Judicial District, Harris County, Texas**

| No. | From | To | CC | Subject | Date | Time | | |
|---|---|---|---|---|---|---|---|---|
| 67 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: No. 2012-42981; Hassell Construction Company, Inc. v. Springwoods Realty, et al | 09/16/2014 | 6:52 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 68 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | Ana Banda <abanda@rentealaw.com> | Notice of Intent to File Objs to Plea in Intervention and to Disqualify.doc | 09/17/2014 | 5:08 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 69 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Ana Banda <abanda@rentealaw.com> | Re: Notice of Intent to File Objs to Plea in Intervention and to Disqualify.doc | 09/17/2014 | 5:24 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 70 | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com>; Ana Banda <abanda@rentealaw.com> | Re: Notice of Intent to File Objs to Plea in Intervention and to Disqualify.doc | 09/18/2014 | 9:24 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 71 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | today's hearing | 09/19/2014 | 2:31 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 72 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: Privileged and Confidential re audit | 09/22/2014 | 4:31 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 73 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | Audit Letter.docx | 09/23/2014 | 2:07 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 74 | Bogdan Rentea <brentea@rentealaw.com> | Mike Baker <mbaker@mlrcpa.com> | Phillip Hassell <jphassell@hassellconstruction.com> | audit letter response | 09/23/2014 | 2:43 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 75 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell vs. Springwoods | 09/24/2014 | 11:46 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 76 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Hassell vs. Springwoods | 09/24/2014 | 11:52 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 77 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Hassell vs. Springwoods | 09/24/2014 | 1:38 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 78 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | RE: Privilege log | 09/25/2014 | 2:18 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 79 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: WestlawNext - Interstate Contracting Corp. v. City of Dallas | 09/27/2014 | 12:27 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 80 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: WestlawNext - Hunt v. De Leuw, Cather & Co. | 09/27/2014 | 12:28 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 81 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Royce report | 09/27/2014 | 2:01 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 82 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Privileged and Confidential (TEX. R. EVID. 503(b)(1)(C)) re Silvia | 09/29/2014 | 9:21 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 83 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Privileged and Confidential (TEX. R. EVID. 503(b)(1)(C)) re Silvia | 09/29/2014 | 9:54 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 84 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | FW: Privileged and Confidential (TEX. R. EVID. 503(b)(1)(C)) re Silvia | 09/29/2014 | 9:58 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 85 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: Scan from a Xerox WorkCentre re document request | 09/29/2014 | 11:28 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 86 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | contract | 09/29/2014 | 1:13 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 87 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | Ana Banda <abanda@rentealaw.com> | Motion to Strike.doc | 09/30/2014 | 1:06 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 88 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Motion to Strike.doc | 09/30/2014 | 2:04 PM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al

Cause No. 201700535
152nd, Judicial District, Harris County, Texas

| # | From | To | CC | Subject | Date | Time | | Privilege |
|---|------|-----|-----|---------|------|------|---|-----------|
| 89 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Privilege Log | 10/01/2014 | 10:12 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 90 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Re: Privilege Log | 10/01/2014 | 10:35 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 91 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Re: Privilege Log | 10/01/2014 | 10:40 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 92 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Re: Privilege Log | 10/01/2014 | 11:06 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 93 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | RE: Privilege Log | 10/01/2014 | 11:10 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 94 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | RE: Privilege Log | 10/02/2014 | 9:46 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 95 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Responses to SW Document Projection Requests | 10/02/2014 | 9:50 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 96 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: Responses to SW Document Projection Requests | 10/02/2014 | 2:15 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 97 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | the hearing WILL go forward tomorrow. | 10/02/2014 | 2:47 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 98 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | Ana Banda <abanda@rentealaw.com> | Motion to Strike (2).doc | 10/02/2014 | 3:01 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 99 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Cause No. 2012-42981; Hassell Construction Co., Inc., et al v. Springwoods Realty Co., et al | 10/02/2014 | 6:12 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 100 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Cause No. 2012-42981; Hassell Construction Co., Inc., et al v. Springwoods Realty Co., et al | 10/02/2014 | 8:24 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 101 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Re: Cause No. 2012-42981; Hassell Construction Co., Inc., et al v. Springwoods Realty Co., et al | 10/03/2014 | 7:17 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 102 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | today's hearing | 10/03/2014 | 9:54 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 103 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | FW: Privileged and Confidential (TEX. R. EVID. 503(b)(1)(C)) | 10/03/2014 | 11:43 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 104 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Motion to Strike (2).doc | 10/03/2014 | 12:03 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 105 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Motion to Strike (2).doc | 10/03/2014 | 2:49 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 106 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | FW: hassell | 10/06/2014 | 3:27 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 107 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | FW: hassell re Springwoods job cost detail | 10/09/2014 | 12:42 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 108 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Shawn Potts <spotts@hassellconstruction.com> | FW: Hassell | 10/09/2014 | 5:12 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 109 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Verified Answer of HCCI to Pet in Intervention.doc | 10/10/2014 | 11:47 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 110 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Cause No. 2012-42981; Hassell Construction Co., Inc. v. Springwoods Realty Company, et al | 10/10/2014 | 11:52 AM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al

**Cause No. 201700535**

**152nd, Judicial District, Harris County, Texas**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 111 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Coates Rose answer | 10/10/2014 | 4:36 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 112 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Springwoods motion to compel | 10/11/2014 | 10:23 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 113 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | email from Costello | 10/11/2014 | 12:42 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 114 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | partner's rights | 10/12/2014 | 12:29 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 115 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Cause No. 2012-42981; Hassell Construction Co., Inc. v. Springwoods Realty Company, et al | 10/13/2014 | 9:50 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 116 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: Cause No. 2012-42981; Hassell Construction Co., Inc. v. Springwoods Realty Company, et al | 10/13/2014 | 4:30 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 117 | Phillip Hassell <jphassell@hasselconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Fwd: Cause No. 2012-42981; Hassell Construction Co., Inc. v. Springwoods Realty Company, et al re relationship with RHC prior to Springwoods | 10/14/2014 | 7:36 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 118 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Responses to SW Document Projection Requests | 10/14/2014 | 9:36 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 119 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com> | | RE: Responses to SW Document Projection Requests | 10/14/2014 | 9:54 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 120 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Royce Hassell Companies' production of documents | 10/14/2014 | 10:47 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 121 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Silvia's intervention | 10/14/2014 | 11:11 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 122 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Phillip Hassell <jphassell@hasselconstruction.com> | RE: Silvia's intervention | 10/14/2014 | 4:59 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 123 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Cause No 2012-42981; Hassell Construciton Co., Inc. v. Springwoods Realty Co., et al | 10/15/2014 | 10:31 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 124 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | HCCI's Resp to Springwoods RFP.doc | 10/15/2014 | 4:48 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 125 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: HCCI's Resp to Springwoods RFP.doc | 10/16/2014 | 2:01 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 126 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: HCCI vs. Springwoods Realty Company,et al. | 10/16/2014 | 6:27 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 127 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | order on motion to strike intervention | 10/21/2014 | 10:27 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 128 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | document production | 10/22/2014 | 3:38 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 129 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hasselconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Management Systems LLC | 10/23/2014 | 12:59 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 130 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: Depositions of HCCI people -- HCCI v. Springwoods | 10/23/2014 | 4:42 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 131 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | RFA | 10/27/2014 | 6:05 PM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al

**Cause No. 201700535**
**152nd, Judicial District, Harris County, Texas**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 132 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | Request for admissions from Springwoods | 10/28/2014 | 10:03 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 133 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell vs. Springwoods Realty et al. | 10/29/2014 | 12:55 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 134 | Joel T. Massey <joel@JTMaustin.com> | spotts@hassellconstruction.com;          Phillip Hassell <jphassell@hassellconstruction.com>; Bogdan Rentea <brentea@rentealaw.com> | | Document Production Review | 10/29/2014 | 2:54 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 135 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: NEW FAX (18 pages) - 10-30-2014 at 10:27:02 AM MST - (713) 665-2402 | 10/31/2014 | 9:21 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 136 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>;spotts@hassellconstruction.com | | FW: hassell | 11/05/2014 | 12:12 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 137 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Re: Copy estimate | 11/07/2014 | 9:42 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 138 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Review of Production (small stack) | 11/07/2014 | 11:08 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 139 | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com>; Shawn Potts <spotts@hassellconstruction.com> | Re: Copy estimate | 11/07/2014 | 11:45 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 140 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; spotts@hassellconstruction.com; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell | 11/08/2014 | 4:44 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 141 | Bogdan Rentea <brentea@rentealaw.com> | Ana Banda <abanda@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | RE: Hassell | 11/17/2014 | 9:57 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 142 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>;  Joel T. Massey <joel@JTMaustin.com>; Shawn Potts <spotts@hassellconstruction.com> | | FW: NEW FAX (18 pages) - 10-30-2014 at 10:27:02 AM MST - (713) 665-2402 <span style="color:red">re document request to HMS</span> | 11/17/2014 | 12:25 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 143 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: RFA dated October 23rd, 2014 | 11/19/2014 | 9:46 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 144 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | FW: NEW FAX (18 pages) - 10-30-2014 at 10:27:02 AM MST - (713) 665-2402 <span style="color:red">re document request to HMS</span> | 11/19/2014 | 11:28 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 145 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell RFA responses | 11/19/2014 | 4:48 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 146 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com>; Joel T. Massey <joel@JTMaustin.com> | | RE: one of Silvia's exhibits | 11/19/2014 | 5:10 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 147 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | HCCl's Response to Springwoods RFA.doc | 11/20/2014 | 4:37 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 148 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: HCCl's Response to Springwoods RFA.doc | 11/20/2014 | 5:49 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 149 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | Re: HCCl's Response to Springwoods RFA.doc | 11/20/2014 | 5:52 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 150 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: HCCl's Response to Springwoods RFA.doc | 11/20/2014 | 5:56 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 151 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Re: HCCl's Response to Springwoods RFA.doc | 11/20/2014 | 6:22 PM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al

**Cause No. 201700535**
**152nd, Judicial District, Harris County, Texas**

| 152 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | Re: HCCI's Response to Springwoods RFA.doc | 11/20/2014 | 6:27 PM | | Attorney-Client Communication and/or Attorney Work Product |
|---|---|---|---|---|---|---|---|---|
| 153 | Shawn Potts <spotts@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | FW: HMSLLC | 11/21/2014 | 12:55 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 154 | Shawn Potts <spotts@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: HMSLLC | 11/21/2014 | 12:57 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 155 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell | 11/21/2014 | 2:01 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 156 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: HCCI's Response to Springwoods RFA.doc | 11/21/2014 | 3:32 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 157 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | Ana Banda <abanda@rentealaw.com> | HCCI's Response to Springwoods RFA.doc | 11/22/2014 | 10:04 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 158 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: one of Silvia's exhibits | 11/22/2014 | 10:14 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 159 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: HMSLLC | 11/22/2014 | 10:16 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 160 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: Cause No. 2012-42981; Hassell v. Springwoods, et al. | 11/22/2014 | 10:22 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 161 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: Cause No. 2012-42981; Hassell v. Springwoods, et al. | 11/22/2014 | 10:25 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 162 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: HCCI Springwoods | 11/22/2014 | 10:29 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 163 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: HCCI's Response to Springwoods RFA.doc | 11/24/2014 | 1:36 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 164 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Return of Property Illegally Obtained | 11/26/2014 | 9:26 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 165 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: HCCI v. Springwoods Realty, et al. | 11/26/2014 | 12:20 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 166 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>;spotts@hassellconstruction.com | | FW: hassell | 12/08/2014 | 4:13 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 167 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: Message from "RNP0026735501D8" re documents from HCCI | 12/09/2014 | 1:20 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 168 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | RE: Message from "RNP0026735501D8" re documents from HCCI | 12/10/2014 | 2:22 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 169 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>;  Shawn Potts <spotts@hassellconstruction.com> | | FW: Hassell | 12/17/2014 | 12:09 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 170 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | DWQ | 12/18/2014 | 12:48 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 171 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Jaster v Comet II Const., Inc. | 01/06/2015 | 11:35 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 172 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Patrick Gaas <pgaas@coatsrose.com>; Joel T. Massey <joel@JTMaustin.com> | | RE: Conference call | 01/12/2015 | 9:22 AM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

**HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al**

**Cause No. 201700535**
**152nd, Judicial District, Harris County, Texas**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 173 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphasell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com>; Patrick Gaas <pgaas@coatsrose.com> | | FW: one of Silvia's exhibits | 01/13/2015 | 12:06 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 174 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | RE: Motion to Join Additional Parties of RHHC and Royce and Silvia Hassell | 01/16/2015 | 9:19 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 175 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell v. Springwoods, et al. | 01/20/2015 | 5:09 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 176 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphasell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | depo dates | 01/22/2015 | 8:09 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 177 | Phillip Hassell <jphasell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Re: depo dates | 01/22/2015 | 8:38 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 178 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphasell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | RE: depo dates | 01/22/2015 | 12:15 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 179 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphasell@hassellconstruction.com> | | initial report | 01/23/2015 | 9:30 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 180 | Phillip Hassell <jphasell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: initial report | 01/23/2015 | 9:52 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 181 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphasell@hassellconstruction.com> | | RE: initial report | 01/23/2015 | 9:54 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 182 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphasell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Hassell v. Springwoods - - Deposition Scheduling | 01/23/2015 | 2:31 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 183 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Jones-Heroy Documents | 01/28/2015 | 2:57 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 184 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | Heroy | 01/29/2015 | 5:38 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 185 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Heroy | 01/30/2015 | 8:54 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 186 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphasell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Construction vs. Springwoods Realty, et al. | 02/03/2015 | 9:38 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 187 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphasell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | RE: offer to resolve plea in intervention | 02/04/2015 | 9:05 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 188 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphasell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Shawn's depo | 02/06/2015 | 2:14 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 189 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphasell@hassellconstruction.com> | | Re: Hassell Construction Co. v. Springwoods Realty Co.; No. 2012-42981 | 02/13/2015 | 1:27 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 190 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | RE: Jacobs | 02/18/2015 | 2:42 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 191 | Bogdan Rentea <brentea@rentealaw.com> | Ana Banda <abanda@rentealaw.com> | | RE: Hassell Construction Co., Inc. case | 02/26/2015 | 1:43 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 192 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | New docs from Phil | 02/26/2015 | 6:15 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 193 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphasell@hassellconstruction.com> | | RE: Friday's hearing/Springwoods case | 03/04/2015 | 2:43 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 194 | Phillip Hassell <jphasell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Friday's hearing/Springwoods case | 03/04/2015 | 2:58 PM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al

**Cause No. 201700535**
**152nd, Judicial District, Harris County, Texas**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 195 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | conversation with randy and Wayne | 03/10/2015 | 3:58 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 196 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Fwd: Scanned document from HP ePrint user re documents from HCCI | 03/14/2015 | 11:37 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 197 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Fwd: Scanned document from HP ePrint user re documents from HCCI | 03/14/2015 | 11:39 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 198 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Construction v. Springwoods, et al | 03/17/2015 | 12:53 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 199 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Hassell Construction v. Springwoods, et al | 03/17/2015 | 2:54 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 200 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | RE: re partnership allegation | 03/17/2015 | 2:58 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 201 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | FW: Hassell vs. Springwoods - First Amended Notices of Oral Depositions of Shawn Hassell Potts, J. Phillip Hassell, Ind. and as Corp. Rep. of HCCI, and Mary Jo Poindexter | 03/18/2015 | 10:08 AM | Joel T. Massey <joel@JTMaustin.com>; Mary Jo Poindexter <mjpindexter@ec-specialists.com> | Attorney-Client Communication and/or Attorney Work Product |
| 202 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Fwd: Hassell Construction Co. v. Springwoods, et al; Cause No. 2012-42981 | 03/24/2015 | 1:33 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 203 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Fwd: Hassell Construction Co. v. Springwoods, et al; Cause No. 2012-42981 | 03/26/2015 | 2:45 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 204 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | Re: Depo Prep | 04/03/2015 | 5:38 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 205 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | depo prep | 04/06/2015 | 1:48 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 206 | Shawn Potts <spotts@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | RE: Hassell vs. Springwoods - First Amended Notices of Oral Depositions of Shawn Hassell Potts, J. Phillip Hassell, Ind. and as Corp. Rep. of HCCI, and Mary Jo Poindexter | 04/08/2015 | 9:52 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 207 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: Info re documents from HCCI | 04/08/2015 | 3:07 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 208 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | phone conf with Springwoods lawyers | 04/09/2015 | 4:50 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 209 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Motion for Protective Order.doc | 04/10/2015 | 11:42 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 210 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | Ana Banda <abanda@rentealaw.com> | | 04/10/2015 | 11:46 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 211 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Re: Motion for Protective Order.doc | 04/10/2015 | 12:05 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 212 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | RE: Motion for Protective Order.doc | 04/10/2015 | 12:07 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 213 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com>; Joel T. Massey <joel@JTMaustin.com> | | Fwd: Pass Through Claims | 04/10/2015 | 1:14 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 214 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com>; Joel T. Massey <joel@JTMaustin.com> | | Fwd: Pass through claims articles/ info | 04/10/2015 | 1:14 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 215 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Re: Motion for Protective Order.doc | 04/10/2015 | 1:39 PM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

**HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al**

**Cause No. 201700535**
**152nd, Judicial District, Harris County, Texas**

| | From | To | CC | Subject/Description | Date | Time | | Privilege |
|---|---|---|---|---|---|---|---|---|
| 216 | Joel T. Massey <joel@JTMaustin.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Drawing Bates Numbers for Joel Massey.xlsx | 04/10/2015 | 1:44 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 217 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Motion for Protective Order (3).doc | 04/10/2015 | 2:32 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 218 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | Re: Motion for Protective Order (3).doc | 04/10/2015 | 2:53 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 219 | Bogdan Rentea <brentea@rentealaw.com> | Shawn Potts <spotts@hassellconstruction.com> | Phillip Hassell <jphassell@hassellconstruction.com> | doctor's note | 04/10/2015 | 4:54 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 220 | Shawn Potts <spotts@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | FW: Message from "RNP0026735501D8" re deposition | 04/10/2015 | 5:28 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 221 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Construction vs. Springwoods Realty, et al. | 04/13/2015 | 10:09 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 222 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Message from "RNP0026735501D8" re deposition | 04/13/2015 | 4:30 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 223 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Construction Co. v. Springwoods, et al; Cause No. 2012-42981 | 04/13/2015 | 4:37 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 224 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | RE: FW: re partnership allegations | 04/14/2015 | 8:42 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 225 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | notice of submission | 04/14/2015 | 10:23 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 226 | Bogdan Rentea <brentea@rentealaw.com> | Mary Jo Poindexter <mjpoindexter@ec-specialists.com> | | FW: Hassell Construction v. Springwoods, et al | 04/14/2015 | 3:07 PM | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | Attorney-Client Communication and/or Attorney Work Product |
| 227 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell | 04/14/2015 | 3:10 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 228 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | p/c from Tim McDaniel | 04/14/2015 | 6:30 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 229 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Construction Co. v. Springwoods, et al; Cause No. 2012-42981 | 04/17/2015 | 3:26 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 230 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Construction Co. v. Springwoods, et al; Cause No. 2012-42981 | 04/17/2015 | 4:56 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 231 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | RE: Hassell Construction Co. v. Springwoods, et al; Cause No. 2012-42981 | 04/21/2015 | 12:08 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 232 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | (No Subject) re motion to compel depositions | 04/23/2015 | 11:56 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 233 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | Ana Banda <abanda@rentealaw.com> | HCCI's Resp to WPM's Motion to Compel Depo.doc | 04/23/2015 | 1:14 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 234 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: HCCI's Resp to WPM's Motion to Compel Depo.doc | 04/23/2015 | 1:33 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 235 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | hearing on motions to compel | 04/23/2015 | 3:27 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 236 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | RE: Status Conference Notice | 04/27/2015 | 5:32 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 237 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: 2012-42981 Hassell Construction v Springwoods, et al - Agreed Order Granting Second Motion to Compel Plaintiff's Depositions | 05/04/2015 | 10:29 AM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

**HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al**

**Cause No. 201700535**

**152nd, Judicial District, Harris County, Texas**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 238 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Re: 2012-42981 Hassell Construction v Springwoods, et al - Agreed Order Granting Second Motion to Compel Plaintiff's Depositions | 05/04/2015 | 10:33 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 239 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | depo prep | 05/04/2015 | 3:11 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 240 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | RE: Hassell vs. Springwoods et al. | 05/06/2015 | 11:56 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 241 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | RE: Hassell vs. Springwoods et al. | 05/06/2015 | 12:04 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 242 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Construction Co. v. Springwoods, et al; Cause No. 2012-42981 | 05/06/2015 | 12:14 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 243 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | FW: Hassell Construction v. Springwoods, et al | 05/06/2015 | 12:19 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 244 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | RE: Hassell Construction v. Springwoods, et al | 05/06/2015 | 12:55 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 245 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | RE: Hassell Construction v. Springwoods, et al | 05/06/2015 | 1:13 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 246 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Scan from a Xerox WorkCentre re Royce's report | 05/06/2015 | 3:45 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 247 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Scan from a Xerox WorkCentre re Royce's discovery responses | 05/06/2015 | 3:46 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 248 | Bogdan Rentea <brentea@rentealaw.com> | Bogdan Rentea <brentea@rentealaw.com> | | (No Subject) re research | 05/06/2015 | 4:56 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 249 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | depo designation notification | 05/06/2015 | 5:10 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 250 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Construction v. Springwoods et al. | 05/07/2015 | 5:44 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 251 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Fwd: Hassell Construction Co. v. Springwoods, et al; Cause No. 2012-42981 | 05/08/2015 | 9:55 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 252 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | (No Subject) re Springwoods msj | 05/08/2015 | 2:45 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 253 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | (No Subject) re Springwoods msj | 05/08/2015 | 2:45 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 254 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Construction vs. Springwoods Realty, et al. | 05/11/2015 | 10:28 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 255 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Hassell MSJs | 05/11/2015 | 1:42 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 256 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | Ana Banda <abanda@rentealaw.com> | HCCI's Resp to Springwoods 2nd RFP.doc | 05/12/2015 | 10:52 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 257 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Construction vs. Springwoods Realty, et al. | 05/12/2015 | 10:58 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 258 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell | 05/13/2015 | 9:40 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 259 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | (No Subject) re District msj | 05/15/2015 | 11:36 AM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al

Cause No. 201700535
152nd, Judicial District, Harris County, Texas

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 260 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell vs. Springwoods et al./Agreed Order | 05/19/2015 | 4:36 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 261 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | RE: HCCI's Omnibus Resp to all defendants re MSJs (2).doc | 05/19/2015 | 5:04 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 262 | Bogdan Rentea <brentea@rentealaw.com> | Patrick Gaas <pgaas@coatsrose.com> | Phillip Hassell <jphassell@hassellconstruction.com> | FW: Hassell vs. Springwoods et al./Agreed Order | 05/20/2015 | 10:44 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 263 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | Ana Banda <abanda@rentealaw.com> | HCCI's Omnibus Resp to all defendants re MSJs (3).doc | 05/20/2015 | 3:32 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 264 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell | 05/20/2015 | 5:29 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 265 | Joel T. Massey <joel@JTMaustin.com> | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Ana Banda <abanda@rentealaw.com> | Re: HCCI's Omnibus Resp to all defendants re MSJs (3).doc | 05/20/2015 | 6:20 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 266 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | Shawn's depo | 05/20/2015 | 6:34 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 267 | Bogdan Rentea <brentea@rentealaw.com> | Ana Banda <abanda@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | HCCI's Omnibus Resp to all defendants re MSJs (3) (2).doc | 05/21/2015 | 11:42 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 268 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Hassell Construction Co. v. Springwoods, et al; Cause No. 2012-42981 | 05/25/2015 | 12:24 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 269 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | FW: Hassell Construction Co. v. Springwoods, et al; Cause No. 2012-42981 | 05/26/2015 | 12:43 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 270 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Notice of Non-Suit w-out Prejudice (2).doc | 05/27/2015 | 3:06 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 271 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Order re abatement.rtf | 05/29/2015 | 3:46 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 272 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Joel T. Massey <joel@JTMaustin.com> | | Order | 05/30/2015 | 12:34 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 273 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | ABATMENT ORDER | 06/01/2015 | 4:13 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 274 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | FW: Document List | 06/03/2015 | 9:21 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 275 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | RE: FYI - Silvia's latest | 06/03/2015 | 11:23 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 276 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | call with Silvia today | 06/08/2015 | 5:36 PM | Joel T. Massey <joel@JTMaustin.com> | Attorney-Client Communication and/or Attorney Work Product |
| 277 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | Re: call with Silvia today | 06/10/2015 | 9:39 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 278 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | FW: Fwd: re Silvia | 06/10/2015 | 2:48 PM | Joel T. Massey <joel@JTMaustin.com> | Attorney-Client Communication and/or Attorney Work Product |
| 279 | Bogdan Rentea <brentea@rentealaw.com> | Ana Banda <abanda@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com>; Phillip Hassell <jphassell@hassellconstruction.com> | FW: Case Notification | 07/18/2015 | 9:50 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 280 | Ana Banda <abanda@rentealaw.com> | Bogdan Rentea <brentea@rentealaw.com> | | RE: Case Notification | 07/20/2015 | 11:01 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 281 | Shawn Potts <spotts@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Docs | 07/21/2015 | 9:57 AM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al

Cause No. 201700535

152nd, Judicial District, Harris County, Texas

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 282 | Phillip Hassell <jphassell@hassellconstruction.com> | Jim Shastid <dclark@dclarkconsulting.com> | Dan Clark <dclark@dclarkconsulting.com>; Bogdan Rentea <brentea@rentealaw.com> | FW: Payables | 08/01/2015 | 3:45 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 283 | Kristen Haraden <kharaden@rentealaw.com> | Bogdan Rentea <brentea@rentealaw.com> | | Hassell Cases | 10/30/2015 | 2:32 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 284 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Springwoods | 11/25/2015 | 11:35 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 285 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: Springwoods | 11/25/2015 | 1:11 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 286 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: LOG | 01/13/2016 | 4:51 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 287 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Hassell Construction Co. v. Springwoods, et al; Cause No. 2012-42981 | 05/04/2016 | 1:19 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 288 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: Springwoods lawsuit | 05/05/2016 | 11:53 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 289 | Joel T. Massey <joel@JTMaustin.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | Proving up the Springwoods damages | 05/12/2016 | 5:51 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 290 | Bogdan Rentea <brentea@rentealaw.com> | Dan Clark <dclark@dclarkconsulting.com>; Wayne Kitchens <WKitchens@hwa.com>; Simon R. Mayer <srm@hwallp.com>; Phillip Hassell <jphassell@hassellconstruction.com> | | RE: HCCI Production | 05/25/2016 | 4:36 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 291 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com>; Wayne Kitchens <WKitchens@hwa.com> | Joel T. Massey <joel@JTMaustin.com> | RE: Emailing - AbatmentLifted.PDF | 05/25/2016 | 5:35 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 292 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Hassell Construction Co., Inc. v. Springwoods Realty Company, et al. | 05/27/2016 | 1:09 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 293 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | Springwoods | 06/01/2016 | 10:26 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 294 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Re: document request to RHC | 06/09/2016 | 2:58 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 295 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | RE: WPM supplemental filing | 06/30/2016 | 4:53 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 296 | Stephanie Pan <stephanie.a.pan@gmail.com> | Bogdan Rentea <brentea@rentealaw.com> | | Poindexter affidavit | 08/05/2016 | 2:59 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 297 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | Joel T. Massey <joel@JTMaustin.com> | FW: Hassell v. Springwoods et al | 08/07/2016 | 3:45 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 298 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | status | 08/12/2016 | 11:17 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 299 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | Emailing - Springwoods' Motion for Leave to Supplement Su.pdf | 09/28/2016 | 1:35 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 300 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | FW: Supplemental MSJ Response- Hassell Construction | 09/28/2016 | 1:37 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 301 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | Emailing: WPM's Joinder in Springwoods' WFL | 09/29/2016 | 1:03 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 302 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | FW: Springwoods' Motion to Substitute Party | 09/30/2016 | 8:32 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 303 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | Emailing - Hassell Intervention2nd.pdf | 10/03/2016 | 7:27 AM | | Attorney-Client Communication and/or Attorney Work Product |

*Items in red were added when subject line did not have a substantive description

HASSELL CONSTRUCTION COMPANY INC VS. PASCAL PIAZZA, et al

Cause No. 201700535
152nd, Judicial District, Harris County, Texas

| 304 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | NSAttributedString re research | 10/03/2016 | 8:52 AM | | Attorney-Client Communication and/or Attorney Work Product |
| 305 | Bogdan Rentea <brentea@rentealaw.com> | Joel T. Massey <joel@JTMaustin.com> | | FW: Emailing - Hassell Intervention2nd.pdf | 10/03/2016 | 12:29 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 306 | Bogdan Rentea <brentea@rentealaw.com> | Patrick Gaas <pgaas@coatsrose.com> | Phillip Hassell <jphassell@hassellconstruction.com> | FW: Emailing - Hassell Intervention2nd.pdf | 10/03/2016 | 12:32 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 307 | Bogdan Rentea <brentea@rentealaw.com> | Patrick Gaas <pgaas@coatsrose.com> | Phillip Hassell <jphassell@hassellconstruction.com> | FW: Hassell Construction Co., Inc. v. Springwoods et al. | 10/03/2016 | 12:46 PM | | Attorney-Client Communication and/or Attorney Work Product |
| 308 | Bogdan Rentea <brentea@rentealaw.com> | Phillip Hassell <jphassell@hassellconstruction.com> | | Emailing - HCCI Notice of Non-Suit.pdf | 10/03/2016 | 6:53 PM | Joel T. Massey <joel@JTMaustin.com> | Attorney-Client Communication and/or Attorney Work Product |
| 309 | Phillip Hassell <jphassell@hassellconstruction.com> | Bogdan Rentea <brentea@rentealaw.com> | | Fwd: Peola re emails from Royce | 10/06/2016 | 8:07 PM | | Attorney-Client Communication and/or Attorney Work Product |

LEGEND: "Royce" means "Royce Hassell"; "Silvia" means "Silvia Hassell" and "Pascal" means "Pascal Piazza".

NOTE: Items in red were added when the original subject matter was not sufficiently descriptive.