# EXHIBIT 41

# LOCAL GOVERNMENT OFFICER CONFLICTS DISCLOSURE STATEMENT

**FORM CIS**

(Instructions for completing and filing this form are provided on the next page.)

| This questionnaire reflects changes made to the law by H.B. 1491, 80th Leg., Regular Session. | **OFFICE USE ONLY** |
|---|---|

This is the notice to the appropriate local governmental entity that the following local government officer has become aware of facts that require the officer to file this statement in accordance with Chapter 176, Local Government Code.

**Date Received**

**1** Name of Local Government Officer

Richard L. Rose

**2** Office Held

Director, Harris County Improvement District No. 18

**3** Name of person described by Sections 176.002(a) and 176.003(a), Local Government Code

Hassell Construction Co., Inc.

**4** Description of the nature and extent of employment or other business relationship with person named in item 3

Hassell Construction Co., Inc., or a related company or entity, has retained Coats Rose PC as legal counsel.  I am a shareholder/director of Coats Rose PC.  I am not involved in the representation of Hassell Construction Co., Inc. or any related company or entity,  and have no knowledge of such representation.

**5** List gifts accepted by the local government officer and any family member, excluding gifts described by Section 176.003(a-1), if aggregate value of the gifts accepted from person named in item 3 exceed $250 during the 12-month period described by Section 176.003(a)(2)(B)

Date Gift Accepted ___not applicable___   Description of Gift ___not applicable___

Date Gift Accepted ___not applicable___   Description of Gift ___not applicable___

Date Gift Accepted ___not applicable___   Description of Gift ___not applicable___

(attach additional forms as necessary)

**6** **AFFIDAVIT**

I swear under penalty of perjury that the above statement is true and correct. I acknowledge that the disclosure applies to a family member (as defined by Section 176.001(2), Local Government Code) of this local government officer.  I also acknowledge that this statement covers the 12-month period described by Section 176.003(a), Local Government Code.

_____
Signature of Local Government Officer

PATTI K PRATT
Notary Public, State of Texas
My Commission Expires 03-12-2016

AFFIX NOTARY STAMP / SEAL ABOVE

Sworn to and subscribed before me, by the said ___Richard L. Rose___ , this the __30th__ day

of __September__, 20 _13_ , to certify which, witness my hand and seal of office.

_Patti Pratt_                    PATTI Pratt                    Notary Public

Signature of officer administering oath | Printed name of officer administering oath | Title of officer administering oath

Adopted 06/29/2007

# EXHIBIT
# 43

 **Gmail**

**Royce Hassell <conrcrete@gmail.com>**

## Harris County Improvement District No. 18 - Texas Public Information Act requests

12 messages

**Heather K. Trachtenberg** <HTrachtenberg@abhr.com>          Thu, Jan 7, 2016 at 5:35 PM
To: "Royce Hassell (conrcrete@gmail.com)" <conrcrete@gmail.com>

Dear Mr. Hassell,

Regarding your Texas Public Information Act (the "Act") requests:

1) I have not received a response to my December 21, 2015 email regarding your request to review HCID minutes with all attachments for the years 2008, 2009 and 2010, as well as the November 2015 minutes. As mentioned, we have prepared these and they are ready for your review. Please let us know when would be a convenient time for you to come to our office and review.

2) In response to your December 19, 2015 request, you requested that the District provide:

- "[T]he name of who at ABHR filled [the CIS form] in for [Mr. Rose]." The Act does not require a governmental body to prepare answers to questions. See Open Records Decision Nos. 563 at 8 (1990) (considering request 67 for federal and state laws and regulations), 555 at 1–2 (1990) (considering request for answers to fact questions). Therefore, this request does not call for a response.
- "[A]ny drafts of the CIS form, any emails, memos, notes, voice mails and other communication regarding Mr. Rose's September of 2013 CIS form." The District does not have any documents responsive to this request.
- "[T]he notary log [of] the notary who notarized [Mr. Rose's] CIS form." The District does not have any documents responsive to this request.
- The name of the company where the notary who notarized [Mr. Rose's] CIS form works. Again, the Act does not require a governmental body to prepare answers to questions. Therefore, this request does not call for a response.

3) In response to your December 31, 2015 request, you requested that the District identify the name of the attorney who prepared Mr. Rose's CIS form, provide information regarding the notary public for the CIS form, and ask whether "the Exxon requests part of your TAG letter." Once again, the Act does not require a governmental body to prepare answers to

questions and therefore this request does not call for a response. You also requested that the District provide:

> • "Any and all drafts of the [CIS form," and "[a]ny notes, records, drafts, emails or other information between the attorney and Mr. Rose or anyone else regarding the [CIS] form." The District does not have any documents responsive to this request.

- "Any documents, emails etc. that show when the [District board] minutes have been wrong, what correction was made and who pointed out the need for the correction." Any documents responsive to this request have either already been produced to you, or are available for your review in our office at your convenience (see #1 above).
- "Any corrections to draft minutes, who made them and what was the correction." Any documents responsive to this request have either already been produced to you, or are available for your review in our office at your convenience (see #1 above).
- "Any documents that would show that the board minutes are incorrect when they fail to note that Mr. Rose didn't recused himself from executive sessions or that Mr. Rose or anyone else pointed out that the minutes were/are incorrect." Any documents responsive to this request have either already been produced to you, or are available for your review in our office at your convenience (see #1 above).
- "Any board or ABHR discussion about why the minutes are occasionally wrong and what the board/ABHR has implemented to correct the fact that they are occasionally wrong." The District does not have any documents responsive to this request.

Thanks,

Heather

*Heather Trachtenberg*

Associate

ALLEN BOONE HUMPHRIES ROBINSON LLP

3200 Southwest Freeway, Suite 2600

Houston, Texas 77027

713-860-6400 main

713-860-6438 direct

713-860-6638 fax

htrachtenberg@abhr.com

. . . . . . . . . .. CONFIDENTIALITY NOTICE . . . . . . . . . .

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachment, if any, or the information contained herein is prohibited. If you received this email in error please immediately notify the sender by return email and delete this email from your system.

---

**Royce Hassell** <conrcrete@gmail.com>                                            Fri, Jan 8, 2016 at 9:32 AM
To: "Heather K. Trachtenberg" <HTrachtenberg@abhr.com>

Ms. Trachtenberg,

The holidays and a very ill son has prevented me from coming to your office but I can come by today if that's possible. My comments and revised open records act request are in red.

Dear Mr. Hassell,

Regarding your Texas Public Information Act (the "Act") requests:

1) I have not received a response to my December 21, 2015 email regarding your request to review HCID minutes with all attachments for the years 2008, 2009 and 2010, as well as the November 2015 minutes. As mentioned, we have prepared these and they are ready for your review. Please let us know when would be a convenient time for you to come to our office and review.

2) In response to your December 19, 2015 request, you requested that the District provide:

- "[T]he name of who at ABHR filled [the CIS form] in for [Mr. Rose]." The Act does not require a governmental body to prepare answers to questions. See Open Records Decision Nos. 563 at 8 (1990) (considering request 67 for federal and state laws and regulations), 555 at 1–2 (1990) (considering request for answers to fact questions). Therefore, this request does not call for a response.

I request any records or documents which would reflect the ABHR attorney or employee who prepared the wording, commented on, discussed or had anything to do with Mr. Rose's CIS form.

- "[A]ny drafts of the CIS form, any emails, memos, notes, voice mails and other communication regarding Mr. Rose's September of 2013 CIS form." The District does not have any documents responsive to this request.
- "[T]he notary log [of] the notary who notarized [Mr. Rose's] CIS form." The District does not have any documents responsive to this request.
- The name of the company where the notary who notarized [Mr. Rose's] CIS form works. Again, the Act does not require a governmental body to prepare answers to

questions. Therefore, this request does not call for a response.

Any documents that show who the notary who signed Mr. Rose's CIS form works for.


3) In response to your December 31, 2015 request, you requested that the District identify the name of the attorney who prepared Mr. Rose's CIS form, provide information regarding the notary public for the CIS form, and ask whether "the Exxon requests part of your TAG letter." Once again, the Act does not require a governmental body to prepare answers to questions and therefore this request does not call for a response. You also requested that the District provide:

- "Any and all drafts of the [CIS] form," and "[a]ny notes, records, drafts, emails or other information between the attorney and Mr. Rose or anyone else regarding the [CIS] form." The District does not have any documents responsive to this request.

  - "Any documents, emails etc. that show when the [District board] minutes have been wrong, what correction was made and who pointed out the need for the correction." Any documents responsive to this request have either already been produced to you, or are available for your review in our office at your convenience (see #1 above).
  - "Any corrections to draft minutes, who made them and what was the correction." Any documents responsive to this request have either already been produced to you, or are available for your review in our office at your convenience (see #1 above).
  - "Any documents that would show that the board minutes are incorrect when they fail to note that Mr. Rose didn't recused himself from executive sessions or that Mr. Rose or anyone else pointed out that the minutes were/are incorrect." Any documents responsive to this request have either already been produced to you, or are available for your review in our office at your convenience (see #1 above).
  - "Any board or ABHR discussion about why the minutes are occasionally wrong and what the board/ABHR has implemented to correct the fact that they are occasionally wrong." The District does not have any documents responsive to this request.


Thanks,

Heather

[Quoted text hidden]

---

**Heather K. Trachtenberg** <HTrachtenberg@abhr.com>                    Fri, Jan 8, 2016 at 12:55 PM
To: Royce Hassell <conrcrete@gmail.com>

Mr. Hassell,

I'm so sorry to hear your son has been ill – I hope he has a speedy recovery.

Our records management coordinator is out of the office today. Would it be possible for you to come early next week?

In response to your January 8th comments (which I will consider an additional open records request):

1) I request any records or documents which would reflect the ABHR attorney or employee who prepared the wording, commented on, discussed or had anything to do with Mr. Rose's CIS form.

The District does not have any documents responsive to this request.

2) Any documents that show who the notary who signed Mr. Rose's CIS form works for.

The District does not have any documents responsive to this request.

Thanks,

Heather

*Heather Trachtenberg*

Associate

ALLEN BOONE HUMPHRIES ROBINSON LLP

3200 Southwest Freeway, Suite 2600

Houston, Texas 77027

713-860-6400 main

713-860-6438 direct

713-860-6638 fax

htrachtenberg@abhr.com

**From:** Royce Hassell [mailto:conrcrete@gmail.com]
**Sent:** Friday, January 08, 2016 9:33 AM
**To:** Heather K. Trachtenberg
**Subject:** Re: Harris County Improvement District No. 18 - Texas Public Information Act requests

**Heather K. Trachtenberg <HTrachtenberg@abhr.com>**        Jan 8

to me

Mr. Hassell,

I'm so sorry to hear your son has been ill – I hope he has a speedy recovery.

Our records management coordinator is out of the office today. Would it be possible for you to come early next week?

In response to your January 8th comments (which I will consider an additional open records request):
1) I request any records or documents which would reflect the ABHR attorney or employee who prepared the wording, commented on, discussed or had anything to do with Mr. Rose's CIS form.
The District does not have any documents responsive to this request.

2) Any documents that show who the notary who signed Mr. Rose's CIS form works for.
The District does not have any documents responsive to this request.

Thanks,
Heather


*Heather Trachtenberg*
Associate
ALLEN BOONE HUMPHRIES ROBINSON LLP
3200 Southwest Freeway, Suite 2600
Houston, Texas 77027
713-860-6400 main
713-860-6438 direct
713-860-6638 fax
htrachtenberg@abhr.com

| 09/26/13 | Susan Hostetler | Draft Form CIS regarding Director Rose. | 0.25 |
| 09/27/13 | Karen  Anderson | Follow-up from the September 25, 2013 meeting | 0.25 |
| 09/27/13 | Jessica Holoubek | Review disclosure statement for Rick Rose | 0.25 |
| 10/12/15 | Janelle N. Hedges | Research and follow-up regarding Public Information Act Requests from Hassell Construction. | 0.25 |
| 10/12/15 | Jessica Holoubek | Work on request for public information from Royce Hassell; telephone conference with Rick Rose regarding the same. | 0.50 |

| From: | Susan Hostetler |
| Sent time: | 09/27/2013 10:52:27 AM |
| To: | Rick Rose |
| Cc: | Jessica Holoubek |
| Subject: | HCID 18 disclosure statement |
| Attachments: | 451096.pdf |

Rick, I'm forwarding for your signature (before a notary) a conflict statement re the Hassell matter.  Jessica is going to call you to discuss.

Once signed will you please email a copy to me or put it in the mail (address below). Please sign the statement before next Wednesday, Oct. 2.

Thank you,

Susan Hostetler
Legal Assistant
Allen Boone Humphries Robinson LLP
3200 Southwest Freeway, Suite 2600
Houston, Texas  77027
(713) 860-6432 (office)
(713) 860-6632 (fax)

| From: | Rick Rose |
| Sent time: | 09/27/2013 11:07:42 AM |
| To: | Susan Hostetler |
| Cc: | Jessica Holoubek |
| Subject: | RE: HCID 18 disclosure statement |

Can you change the reference to "partner" to "shareholder/director" and resend it?  Thanks.

**From:** Susan Hostetler
**Sent:** Friday, September 27, 2013 10:52 AM
**To:** Rick Rose
**Cc:** Jessica Holoubek
**Subject:** HCID 18 disclosure statement

Rick, I'm forwarding for your signature (before a notary) a conflict statement re the Hassell matter.  Jessica is going to call you to discuss.

Once signed will you please email a copy to me or put it in the mail (address below). Please sign the statement before next Wednesday, Oct. 2.

Thank you,

Susan Hostetler
Legal Assistant
Allen Boone Humphries Robinson LLP
3200 Southwest Freeway, Suite 2600
Houston, Texas  77027
(713) 860-6432 (office)
(713) 860-6632 (fax)

| From: | Susan Hostetler |
|---|---|
| Sent time: | 09/27/2013 11:14:55 AM |
| To: | Rick Rose |
| Cc: | Jessica Holoubek |
| Subject: | RE: HCID 18 disclosure statement |
| Attachments: | 451096.pdf |

Certainly, here is the revised form.

| From: | Rick Rose |
|---|---|
| Sent time: | 09/30/2013 11:46:23 AM |
| To: | Susan Hostetler |
| Subject: | Harris County I.D. No. 18 - Local Government Officer Conflicts Disclosure Statement |
| Attachments: | 4259_001.pdf |

## COATS | ROSE
*A Professional Corporation*

**Richard L. Rose**
*Attorney-at-Law*

3 East Greenway Plaza, Suite 2000
Houston, Texas 77046
Direct: 713.653.7349 | Fax: 713.890.3959

HOUSTON | CLEAR LAKE | AUSTIN | DALLAS | SAN ANTONIO | NEW ORLEANS

www.coatsrose.com

**From:** RRose [mailto:rrose@coatsrose.com]
**Sent:** Monday, September 30, 2013 11:49 AM
**To:** Rick Rose
**Subject:** Attached Image

**Royce Hassell** **<conrcrete@gmail.com>**                11/19/15

to Records, Susan, Jane, Jessica, Heather

Ms. Hedges,

Good morning,

This is a Texas Open Records Act request.

Please provide copies of the following:

1. Memorandum as discussed by Ms. Holoubek mentioned on page 7 of the September 23, 2015 regarding Chapter 176 of the local Government Code.

2. Proof of transmittal and or receipt of Richard L. Rose's CIS form dated September 30, 2013.

3. Emails and text messages between HCID 18 board members regarding District business of any kind during the years 2010, 2011, 2012, 2013, 2014 and 2015

4. Emails and text messages which are non-privileged between ABHR and HCID 18 board members during the years 2010, 2011, 2012, 2013, 2014 and 2015 regarding District business.

5. Emails and text messages between HCID 18 board members /ABHR and Springwoods Development, Coventry, Exxon/PTO during the years 2010, 2011, 2012, 2013, 2014 and 2015 regarding District business.

6. Emails and text messages between HCID 18 board members /ABHR and Walter P. Moore and/or Costello Engineers regarding District business.

7. HCID minutes with all attachments for the years 2008, 2009 and 2010.

Thanks,

Royce

# ALLEN BOONE HUMPHRIES ROBINSON LLP

ATTORNEYS AT LAW

PHOENIX TOWER
3200 SOUTHWEST FREEWAY
SUITE 2600
HOUSTON, TEXAS 77027
TEL (713) 860-6400
FAX (713) 860-6401
abhr.com

Direct Line: (713) 860-6438
Direct Fax: (713) 860-6638

htrachtenberg@abhr.com

Heather K. Trachtenberg
Attorney

December 1, 2015

*Via certified mail and electronic mail (conrcrete@gmail.com)*
Mr. Royce Hassell
12512 Cutten Road, Suite A
Houston, Texas 77006

> Re:  Harris County Improvement District No. 18 (the "District")
>      Open Records Requests Dated November 23, 2015 ("Requests")
>      Cost Information and Request for Clarification

Dear Mr. Hassell:

As you know, our firm is general counsel for the District as well as its records manager, and, as such, we are responding to the Requests (received in our office on November 23, 2015, via your electronic mail to Janelle Hedges) requesting information under the Texas Public Information Act (the "Act").

First, enclosed please find:

1. The memorandum as discussed by Ms. Holoubek mentioned on page 7 of the September 23, 2015 [minutes] regarding Chapter 176 of the local Government Code;
2. The settlement agreement with Issak's Directional Drilling as it relates to Springwoods Village parkway; and
3. A copy of the check received for that settlement.

The District does not have any documents responsive to your request for "[p]roof of transmittal and or receipt of Richard L. Rose's CIS form dated September 30, 2013."

571164

# EXHIBIT
# 44

From: Heather Asselin <hasselin@coatsrose.com>
To: AAA Erika Kleinschmidt <erikakleinschmidt@adr.org>; sehassell <sehassell@aol.com>; Yvonne
Villanueva <yvillanueva@coatsrose.com>; Matt Talley <mtalley@coatsrose.com>; Patrick Gaas
<pgaas@coatsrose.com>; conrcrete <conrcrete@gmail.com>; jphassell
<jphassell@hassellconstruction.com>
Sent: Wed, Jan 14, 2015 3:34 pm
Subject: RE: Arbitrator Compensation Estimate / Confirmation of Documents/ Request for Information-
Hassell v. Hassell


Erika,

Per your email below, this will confirm that Coats Rose will be representing Phil, Shawn and Michael
Hassell.  Please direct all communications related to this matter to our firm at our Houston
offices.  Thanks,

Heather


# COATS | ROSE

*A Professional Corporation*

## Heather Asselin

*Director*
9 Greenway Plaza Suite 1100
Houston, Texas 77046
Direct: 713.653.7386 Fax: 713.651.0220
hasselin@coatsrose.com
HOUSTON | AUSTIN | DALLAS | SAN ANTONIO | NEW ORLEANS
www.coatsrose.com

# EXHIBIT
# 45

Case 19-03452   Document 1-13   Filed in TXSB on 05/03/19   Page 18 of 31

Filed 13 December 20 P2:22
Chris Daniel - District Clerk
Harris County
FAX15676834

CAUSE NO. 2013-61995

| | | |
|---|---|---|
| R. HASSELL & CO, INC.; | § | IN THE DISTRICT COURT |
| R. HASSELL BUILDERS, INC.; | § | |
| R. HASSELL HOLDING CO., INC; | § | |
| G.R. GROUP RESOURCES, LLP | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| HASSELL CONSTRUCTION CO., INC.; | § | |
| HASSELL MANAGEMENT | § | |
| SERVICES, LLC | § | |
| | § | |
| DEFENDANTS | § | HARRIS COUNTY, TEXAS |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, a notary public, on this day personally appeared James Phillip Hassell of Hassell Construction Co., Inc., known to me to be the person whose name is subscribed below, and being by me first sworn, declared that he has read the above and foregoing Motion to Compel Arbitration and Abatement Pending Arbitration, that he has personal knowledge of the facts contained therein and that all factual statements are true and correct.

JAMES PHILLIP HASSELL

1

GIVEN UNDER MY HAND AND SEAL OF OFFICE on the 20th day of December 2013.

Notary Public, STATE OF TEXAS



NATALIE ELENA SILVAS
NOTARY PUBLIC
COMMISSION EXPIRES:
03-12-2017

My commission expires: 3-12-17

Unofficial Copy Office of Chris Daniel District Clerk

# EXHIBIT
# 46

Chris Daniel - District Clerk Harris County
Envelope No. 297508
By: ALEX CASARES

CAUSE NO. 2013-61995

| | | |
|---|---|---|
| R. HASSELL & CO, INC.; | § | IN THE DISTRICT COURT |
| R. HASSELL BUILDERS, INC.; | § | |
| R. HASSELL HOLDING CO., INC; | § | |
| G.R. GROUP RESOURCES, LLP | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| HASSELL CONSTRUCTION CO., INC.; | § | |
| HASSELL MANAGEMENT | § | |
| SERVICES, LLC | § | |
| | § | |
| DEFENDANTS | § | HARRIS COUNTY, TEXAS |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO COMPEL ARBITRATION AND ABATEMENT PENDING ARBITRATION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Hassell Construction Co., Inc. and Hassell Management Services, LLC ("Defendants") file this reply to R. Hassell & Co, Inc., R. Hassell Builders, Inc., R. Hassell Holding Co., Inc., and G.R. Group Resources, LLP's ("Plaintiffs") response to Defendants' motion to compel arbitration and abatement pending arbitration against and would respectfully show as follows.

### I.

**A.    Plaintiffs' Suit Arises out of the Joint Venture Agreement**

1.      In Plaintiffs' response to Defendants' motion to compel arbitration, Plaintiffs allege that their claims arise outside of the joint venture agreement (the "JVA") and include "other business arrangements." Plaintiffs' claims are completely false and disingenuous. It is undisputed that the claims made in Plaintiffs' Original Petition for Declaratory Judgment arise

1

out of the JVA. In fact, all of Plaintiffs' claims and causes of action directly refer to, relate to, and arise out of, the JVA.

2.      When the factual allegations in the petition on their face establish that the asserted claims fall within the scope of an arbitration agreement, a trial court abuses its discretion by declining to compel arbitration of the claims and stay the trial court proceedings. *See Menna v. Romero*, 48 S.W.3d 247, 250-51 (Tex. App.--San Antonio 2001, pet. dism'd); *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011). Plaintiffs allege in their petition that Defendants breached the JVA by taking over assets of Plaintiffs and utilizing them to conduct work on projects that were not included in the joint venture. Plaintiffs allege that no accounting was made of the joint venture in which Defendants utilized assets of Plaintiffs in violation of the JVA. Plaintiffs also maintain that Defendants have not reimbursed Plaintiffs for reasonable and necessary joint venture expenses and for the use of equipment by the joint venture in violation of the JVA.

3.      In fact, Plaintiffs' breach of contract claim is solely based on, and arises out of, the JVA. See Plaintiffs' Original Petition section titled "*Breach of Joint Venture Agreement*." Plaintiffs' declaratory action is based on, and arises out of, the JVA. Plaintiffs' claims and disputes against Defendants fit squarely within the scope of the arbitration provision contained in the JVA between Plaintiffs and Defendants.

4.      Moreover, each of the Plaintiffs was a signatory to the JVA containing the arbitration provision; each of the Plaintiffs enjoyed the benefits of the JVA; each of the Plaintiffs filed this lawsuit based on disputes arising out of the JVA, and each of the Plaintiffs is bound by the arbitration provision of the JVA. Any doubt as to whether a plaintiff's claims fall within the scope of an arbitration agreement must be resolved in favor of arbitration. *Id.*; *see also In re*

2

*Kellogg Brown & Root,* 166 S.W.3d at 737; *In re Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 195 S.W.3d 807, 813 (Tex. App.--Dallas 2006, orig. proceeding).

**B.**   **Plaintiffs' "Other Business Arrangements" are Factually Intertwined with or Have a Significant Relationship with the JVA.**

5.      Plaintiffs' contention that their petition and claims made therein relate to some "other business arrangements" outside of the JVA is without merit.   The phrase "other business arrangements" was not used in Plaintiffs' original petition for declaratory judgment to support its claims against Defendants.  Plaintiffs did not describe or identify "other business arrangements" in their petition.  The claims made basis of Plaintiffs' petition did not include "other business arrangements."   Conveniently however, Plaintiffs purport to identify the "other business arrangements" only in their response to the motion to compel arbitration in an effort to avoid arbitration, although these claims were never pled in Plaintiffs' petition.

6.      Notwithstanding, the "other business arrangements" have a significant relationship and/or are factually intertwined with the joint venture and the JVA containing the arbitration provision.   Under Texas law, if the facts alleged in support of the claim have a "significant relationship" or are "factually intertwined" with the contract that is subject to the arbitration agreement, the claim is within the scope of the agreement and is arbitrable.  *Dennis v. College Station Hosp., L.P.*, 169 S.W.3d 282, 285 (Tex. App. – Waco 2005, pet. denied); *Pennzoil Co. v. Arnold Oil Co.*, 30 S.W.3d 494, 498 (Tex. App. – San Antonio 2000, orig. proceeding).

7.      Plaintiffs maintain that "other business arrangements" include a separate action filed by a third party buyer against owners of Plaintiffs, Royce and Silvia Hassell.  Plaintiffs claim that this separate lawsuit formed part of the dispute herein because Defendants have refused to remove a cloud on the title on the property.  This lawsuit and Plaintiffs claims relating

3

to this lawsuit is not described, referred to or even mentioned in Plaintiffs' original petition for declaratory judgment, and is therefore not included in the claims made by Plaintiffs. Plaintiffs are attempting to avoid arbitration by including any business conducted between the parties regardless of whether it applies to this lawsuit or the claims made by Plaintiffs in their original petition for declaratory judgment.

8.      Notwithstanding, Plaintiffs provided Defendants with a lien on the property to secure Defendants' interest against funds owed by Plaintiffs to Defendants. The lien and the payments on the note on the property are related to and are associated with a line of credit that was used to pay for equipment and other expenses of the joint venture. These liens, costs and payments relating to such liens have a significant relationship and are factually intertwined with the JVA containing the arbitration provision. Plaintiffs' claims relating to the costs, funding and accounting relating to the joint venture are specifically included Plaintiffs' petition. Thus, the "other business arrangements" fall squarely within the province of the joint venture and the JVA containing the arbitration provision.

9.      Plaintiffs also maintain in their response to the motion to compel arbitration that "other business arrangements" which fall outside the scope of the JVA include joint indemnity agreements. Again, Plaintiffs do not specify, identify or even mention the indemnity agreement issues in their petition. Regardless, it is undisputed that the joint indemnity agreements apply to projects contemplated by the joint venture and the JVA. That is, the indemnity agreements in which Plaintiffs' owners were indemnitors were agreements relating to bonds issued on the joint venture projects. Any disputes relating to such agreements are directly affected by and relate to the joint venture and the costs and expenses relating to the JVA. Costs and expenses of the JVA are the subject of Plaintiffs' petition. Thus, any disputes relating to indemnity agreements are

factually intertwined or have a significant relationship with the joint venture projects and the JVA.

10.     Plaintiffs also maintain in their response to the motion to compel arbitration that "other business arrangements" involve contents of an email from Mr. Phillip Hassell, representative of Defendants to Mr. Royce Hassell, which is attached as Exhibit "A" to their response.  This email is further evidence of issues relating to the JVA.  In the email, Mr. Hassell refers to the joint venture projects and accounts related to such projects.  The email discusses the Transtar project which Plaintiffs admit in their petition involve the JVA and joint venture.

11.     Plaintiffs' claims and disputes against Defendants in Mr. Hassell's email arise directly out the JVA, and fit squarely within the scope of the arbitration provision contained in the JVA between Plaintiffs and Defendants.

12.     Here, the Arbitration Provision in the JVA provides that "if a dispute arises . . . then such disputes shall be resolved through binding arbitration."  This Arbitration Provision is unquestionably broad.  Under a broad arbitration clause, arbitration can be compelled even though the particular dispute is not specifically covered.  *See In re D. Wilson Constr.*, 196 S.W.3d 774, 783 (Tex. 2006).  Such an arbitration clause may encompass different causes of action and claims for different types of damages.  An arbitration provision, such as the Arbitration Provision in the JVA, which is not limited to questions of contractual interpretation is considered to be "broad."  *P&P Indus. v. Sutter Corp.,* 179 F.3d 861, 871 (10th Cir. 1999) (finding the tort-based claims alleged by the plaintiff arose out of or related to the agreement itself, and thus were subject to arbitration).  When an arbitration clause is broad, the strong presumption of arbitrability "applies with even greater force."  *Id. (quoting Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir. 1991)).

5

C.   **Defendants' Have Not Waived Their Rights to Arbitrate**

13.     Plaintiffs claim that Defendants have somehow waived their rights to arbitrate because they invoked the jurisdiction of the court is wrong.  Defendants filed an answer subject to a motion to compel arbitration and filed their motion to compel a month thereafter.  Filing and answer does not waive Defendants' rights to arbitrate under the JVA.  *In re Bruce Terminix Co.,* 988 S.W.2d 702, 704 (Tex. 1998).

14.     Plaintiffs maintain that Defendants invoked the jurisdiction of the court by retaining counsel, ignoring requests by Plaintiffs' counsel to "mitigate harms", refusing to engage in settlement discussions, threatening to file liens on a JVA project, refusing to communicate with Plaintiffs' counsel and appropriating joint venture funds.  These claims, although improper and baseless, have nothing to do with invoking the jurisdiction of the court. Plaintiffs have not and cannot show one instance in which Defendants have invoked the jurisdiction of the Court.

15.     The party opposing arbitration must show that the other party substantially invoked the judicial process.  *Perry Homes v. Cull*, 258 S.W.3d 580, 584 (Tex. 2008). Defendants do not seek to resolve Plaintiffs' claims in litigation.  Defendants have not taken any specific or deliberate actions that are inconsistent with their rights to arbitrate under the arbitration provision. Defendants simply filed their motion to compel arbitration after they filed their answer subject to arbitration.  Any claims of waiver must fail as a matter of law.

16.     Plaintiffs also allege that Defendants have waived any rights to arbitrate because they refuse to participate in mediation.  This is absolutely false.  Defendants have always been willing to mediate this case.  It is undisputed that Defendants have expressed to Plaintiffs that they do not object to mediation and even agreed to use a specific mediator agreed to by

Plaintiffs. See Exhibit "A". Defendants remain willing to mediate this matter. However, Plaintiffs decided not to mediate, but instead agreed to arbitrate matters under the JVA. Thereafter, Plaintiffs had a change in position and are now seeking to avoid arbitrating the issues subject to the arbitration provision. Any claims that Defendants have refused to mediate are simply wrong and disingenuous.

17. Moreover, Plaintiffs cannot show any prejudice. Plaintiffs maintain that they were forced by Defendants to litigate and then later required to arbitrate the same issue. Plaintiffs are misconstruing the facts to this Court. Plaintiffs filed this lawsuit against Defendants. Plaintiffs are asking to litigate this matter in court. Defendants have never forced Plaintiffs to litigate in this courtroom. Defendants have always wanted to resolve all of Plaintiffs' issues in arbitration. Plaintiffs' claims of prejudice are without merit.

18. Also, Plaintiffs' claim that they have a lack of means to pay fees to an arbitrator is without support. Plaintiffs have not produced or presented any evidence whatsoever that they lack any means "to pay the fees of an arbitrator." Such allegations are conclusory and unfounded. The party opposing arbitration has the burden to show that the costs of arbitration would be prohibitively expensive such that the arbitration agreement is unconscionable. *In re Olshan Found.,* 328 S.W.3d 883, 891-92 (Tex. 2010). The party opposing arbitration must submit specific evidence showing the likelihood of incurring excessive costs for the particular arbitration. *In re Olshan Found.*, 328 S.W.3d at 895 & n.5. In this case, Plaintiffs have failed to demonstrate any evidence whatsoever that they the arbitration provision is unconscionable. Plaintiffs have failed to provide any evidence whatsoever that they will incur excessive costs of the arbitration. Plaintiffs have failed to provide any evidence, invoices, expert testimony, cost estimates or other comparable evidence in violation of Texas law. *Id.* at 895.

7

19.     By commencing this action, Plaintiffs have ignored their obligation to arbitrate the claims they assert in the Original Petition for Declaratory Judgment. Plaintiffs' claims and dispute arise out of, have a significant relationship with, and are factually intertwined with, the parties' JVA. Plaintiffs' claims are subject to binding arbitration. Plaintiffs are therefore in breach of the arbitration provision contained in the JVA. Plaintiffs' attempt to avoid their contractual obligation to arbitrate their claims should not be countenanced. Accordingly, Defendants seek and order from this Court: (i) enforcing the parties' agreement and compelling Plaintiffs to arbitrate their claims; and (ii) staying this action pending completion of the arbitration.

Respectfully submitted,

TYLER & DAS

By:     _____/s/ Micky Das_____
        Micky N. Das, TBN: 05402300
        Tyler & Das
        Attorneys At Law
        2000 Bering Dr., Suite 401
        Houston, Texas 77057
        (713) 739-1900
        Fax: (713) 739-8347

**ATTORNEYS FOR DEFENDANTS
HASSELL CONSTRUCTION CO., INC.** AND
**HASSELL MANAGEMENT SERVICES, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following by facsimile on the 24th day of January 2014:

/s/ Micky Das
Micky N. Das

CAUSE NO. 2013-61995

| | | |
|---|---|---|
| R. HASSELL & CO, INC.; | § | IN THE DISTRICT COURT |
| R. HASSELL BUILDERS, INC.; | § | |
| R. HASSELL HOLDING CO., INC; | § | |
| G.R. GROUP RESOURCES, LLP | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| HASSELL CONSTRUCTION CO., INC.; | § | |
| HASSELL MANAGEMENT | § | |
| SERVICES, LLC | § | |
| | § | |
| DEFENDANTS | § | HARRIS COUNTY, TEXAS |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, a notary public, on this day personally appeared James Phillip Hassell, representative of both Defendants Hassell Construction Co., Inc. and Hassell Management Services, LLC, known to me to be the person whose name is subscribed below, and being by me first sworn, declared that he has read the filed Motion to Compel Arbitration and Abatement Pending Arbitration, that he has personal knowledge of the facts contained therein and that all factual statements are true and correct.

JAMES PHILLIP HASSELL

1

Unofficial Copy Office of Chris Daniel District Clerk

GIVEN UNDER MY HAND AND SEAL OF OFFICE on the _23rd_ day of _January_, 2014.

_____
Notary Public, STATE OF TEXAS

NATALIE ELENA SILVAS
NOTARY PUBLIC
COMMISSION EXPIRES:
03-12-2017

My commission expires: _3-12-17_

2