# EXHIBIT 47

# HASSELL CONSTRUCTION COMPANY, INC.

*FINANCIAL STATEMENTS*

*FOR THE YEAR ENDED JUNE 30, 2014*

**HCCI Ex. 76**

**Morris, Ligon & Rodriguez**
Certified Public Accountants
A Professional Corporation

245 Commerce Green, Suite 210
Sugar Land, Texas 77478
(281) 242-2400
Fax: (281) 242-6717
http://www.mlrcpa.com

## INDEPENDENT AUDITORS' REPORT

Board of Directors
Hassell Construction Company, Inc.
Houston, Texas

We have audited the accompanying financial statements of Hassell Construction Company, Inc., which comprise the balance sheet as of June 30, 2014, and the related statements of income and retained earnings and of cash flows for the year then ended, and the related notes to the financial statements.

**Management's Responsibility for the Financial Statements**
Management is responsible for the preparation and fair presentation of these financial statements in accordance with accounting principles generally accepted in the United States of America; this includes the design, implementation, and maintenance of internal control relevant to the preparation and fair presentation of the financial statements that are free from material misstatement, whether due to fraud or error.

**Auditors' Responsibility**
Our responsibility is to express an opinion on these financial statements based on our audit. We conducted our audit in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free from material misstatement.

An audit involves performing procedures to obtain audit evidence about the amounts and disclosures in the financial statements. The procedures selected depend on the auditor's judgment, including the assessment of the risks of material misstatement of the financial statements, whether due to fraud or error. In making those risk assessments, the auditor considers internal control relevant to the entity's preparation and fair presentation of the financial statements in order to design audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the entity's internal control. Accordingly, we express no such opinion. An audit also includes evaluating the appropriateness of accounting policies used and the reasonableness of significant accounting estimates made by management, as well as evaluating the overall presentation of the financial statements.

We believe that the audit evidence we have obtained is sufficient and appropriate to provide a basis for our qualified audit opinion.

Independent Auditors' Report
Page 2

### Basis for Qualified Opinion

As discussed in Note 14 to the financial statements, the Company has reported in other assets an account receivable and a note receivable from various related parties in the aggregate amount of $3,777,764. We were unable to obtain appropriate and sufficient audit evidence about the carrying amount and collectability of the receivables because we were unable to confirm the amounts with the related parties. Consequently, we were unable to determine whether any adjustment to this amount was necessary.

### Qualified Opinion

In our opinion, except for the possible effects on the June 30, 2014 financial statements of the matter described in the Basis for Qualified Opinion paragraph, the financial statements referred to above present fairly, in all material respects, the financial position of Hassell Construction, Inc. as of June 30, 2014, and the results of its operations and its cash flows for the year ended June 30, 2014 in conformity with accounting principles generally accepted in the United States of America.

Morris, Ligon & Rodriguez

*Morris, Ligon & Rodriguez* (signature)

September 29, 2014

HASSELL CONSTRUCTION COMPANY, INC.
NOTES TO FINANCIAL STATEMENTS
FOR THE YEAR ENDED JUNE 30, 2014

14. **Related Party Transactions - Continued**

During the year ended June 30, 2014 the Company incurred promotional expense of $500, from a limited liability company owned by the majority stockholder.

During the year ended June 30, 2014 the Company recorded leased labor expenses of $3,040,513, payable to a related company. Amounts due to this affiliate at June 30, 2014 which are included in accounts payable - trade, totaled $205,690. On July 1, 2009 the Company entered into an operating lease agreement with this affiliate for the lease of their office space (see Note 7). Total rental expense for the year ended June 30, 2014 was $66,000. During the year ended June 30, 2012 the Company entered into a contract with this affiliate to provide paving services related to a community development. The contract is 95.19% complete at June 30, 2014. Revenues earned to date related to this contract at June 30, 2014 totaled $1,142,280. At June 30, 2014 the Company reported cost and estimated earnings in excess of billings of $159, on this contract.

On July 1, 2012 the Company entered into a joint venture agreement with the related companies of R. Hassell & Co., Inc., R Hassell Builders, Inc., The R Hassell Holding Companies, Inc. and G.R. Group Resources, Inc. (R. Hassell) to engage as joint venturers in the construction of certain public and/or private contracts awarded to the Company or the related companies from that date until termination of the agreement. The joint venture agreement called for sharing of profits with R. Hassell receiving 25% of net profits on completed contracts and the Company receiving 75% of net profits. Net losses on completed contracts would be shared equally. The agreement provided that applicable main or branch office overhead of the joint ventures may be charged to the joint venture construction projects. Equipment costs and other costs of construction were to be charged to contracts under the joint venture agreement in accordance with sound accounting practices. The Company has recorded R. Hassell's share of the net profits on contracts completed during the year ended June 30, 2014 in the amount of $83,977 in other direct costs in the Statement of Income and Retained Earnings and reduced the balance due from the related parties by the same amount. The joint venture agreement was terminated on July 17, 2013. All contracts entered into between June 30, 2012 and July 17, 2013 will be governed by the joint venture agreement. The Company incurred subcontract expense attributable to the related companies of $2,972,669 during the year ended June 30, 2014. The Company is reporting a balance due from the related companies in other assets of $3,414,915 which includes interest charges of $169,583 for the year ended June 30, 2014 (see note 16).

At June 30, 2011 the Company had an unsecured note receivable due from a related party in the amount of $362,849. The note was to be payable in full on October 15, 2011 with annual interest of 5% payable quarterly. The balance has not been paid as of the date of the auditors' report and has been reported in other assets as of June 30, 2014.

15. **Accounting for Uncertainty in Income Taxes**

For the year ended June 30, 2014, the Company did not recognize any material interest and penalty expense related to uncertain tax positions or income taxes. The Company does not expect the amounts of unrecognized tax benefits to significantly increase or decrease within the next 12 months.

The Company files United States income tax returns and files Texas franchise tax returns. At June 30, 2014, the Company's tax returns open for review by taxing authorities included the years ended June 30, 2011 to June 30, 2013 for United States tax returns, and the years ended June 30, 2010 to June 30, 2013 for the State of Texas tax returns.

HASSELL CONSTRUCTION COMPANY, INC.
NOTES TO FINANCIAL STATEMENTS
FOR THE YEAR ENDED JUNE 30, 2014

16. **Litigation and Contingency**

The Company has filed a lawsuit against Springwoods Realty Company and Harris County Improvement District No. 18 (owners) which were owners of a contract on which The Company was the general contractor. The Company is seeking to recover damages proximately caused by the failure of the owners to provide the Company with plans adequate and suitable to bid and build the project, alternatively caused by the disruption, delays and hindrances to the progress of its work, and alternatively caused by certain alleged fraudulent practices by Springwoods Realty Company. The Company has engaged an expert to determine the amount of the damages incurred, however, his report has not yet been finalized. The owners vigorously deny any liability. The owners have sued the project's engineering firm for indemnity and contribution. The case is currently set for trial on May 15, 2015. Due to the case being in its early stages, legal counsel is unable to opine as to the ultimate outcome. The Company's management is confident that it will prevail and is actively pursuing this claim and will pursue settlement upon reasonable terms. At June 30, 2014 the Company has recorded uncollected accounts receivable of $302,909 on this contract. The Company subcontracted the majority of this contract to a related company and advanced the related company funds to complete the contract. Any amount received by the Company as the result of a favorable outcome will be applied to the account receivable and note receivable from the related parties reported in other assets on the balance sheet (see Note 14). On September 15, 2014 several related parties that have previously brought claims against the Company, which are now subject to an arbitration proceeding (see below), have attempted to intervene in this matter. A hearing has been scheduled for October 17, 2014 to determine whether the intervention will be stricken.

The related companies of R. Hassell & Co., Inc., R. Hassell Builders, Inc., The R. Hassell Holding Companies, Inc. and G.R. Group Resources, Inc.(plaintiffs) who had entered into a joint venture agreement with the Company (see Note 14) have filed a petition for declaratory judgment against the Company alleging that the Company breached the joint venture agreement by failure to provide the plaintiffs with an accounting of the joint venture projects; by failure to reimburse the plaintiffs for costs incurred on joint venture projects which include labor, equipment, subcontract, overhead and by failure to pay the plaintiffs their share of joint venture profits. In addition, the plaintiffs are alleging that the Company breached the joint venture agreement by taking over assets of the plaintiff and utilizing them to conduct work on construction projects that were not included in the joint venture. The plaintiff is seeking to recover $4,999,999, plus attorneys' fees, interest, arbitration costs and punitive / exemplary damages. The judge in this case has remanded it to binding arbitration. The plaintiffs requested that the judge reconsider this decision and the request was denied. As a result the plaintiffs filed a Demand for Arbitration dated May 2, 2014 against the Company. In addition, the plaintiffs filed a Petition for Writ of Mandamus in the Texas Court of Appeals seeking review of the trial courts order compelling arbitration and abatement of the lawsuit. The appeals court has not acted on this, so the arbitration is proceeding and is in its' early stages. The Company recorded $83,977 due the plaintiffs for their share of the joint venture net profits during the year ended June 30, 2014. The Company intends to vigorously defend itself against these claims.

On May 2, 2014 the Company filed it's own Demand for Arbitration: James C. Hassell and Hassell Construction Company, Inc. v. R. Hassell Holding Company, Inc., R. Hassell and Company, Inc., R. Hassell Builders, Inc., G.R. Group Resources, LLP, Royce J. Hassell and Silvia T. Hassell. The Company is seeking to recover up to $10,000,000 based on claims of breach of contract, fraud, breach of fiduciary duty and business disparagement. The Company has also sought to foreclose on several deeds of trust securing indebtedness to the Company. Royce and Silvia Hassell filed a lawsuit seeking a judicial declaration that they are not proper parties to the pending arbitration and whether real property interests of theirs are arbitrable. The Company intends to vigorously pursue these claims.

# EXHIBIT 48

| | |
|---|---|
| From: | Heather Asselin <hasselin@coatsrose.com> |
| Sent time: | 01/19/2012 04:01:43 PM |
| To: | Debra Garcia; Fae Reece </O=XVAND/OU=EXCHANGE ADMINISTRATIVE GROUP /CN=RECIPIENTS CN=First Administrative Group/cn=Recipients/cn=FReece>, Patrick Gaas </O=XVAND/OU=EXCHANGE ADMINISTRATIVE GROUP/CN=RECIPIENTS CN=First Administrative Group/cn=Recipients/cn=PGaas> |
| Subject: | New Client Meeting |

We are meeting with Phil Hassell and his dad, "Mr. Hassell" on Monday, January 23rd at 10:30 a.m.   Fae – Please reserve 21.010 for a couple hours.   This is a business dispute with a related family owned entity owned by Royce Hassell.

Hassell Construction Co, Inc.– GC ( our potential client)

Potential adverse parties:

R Hassell Builders
R Hassell Company
Royce and Sylvia Hassell



# EXHIBIT 49

From: AAA Erika Kleinschmidt, Esq. <erikakleinschmidt@adr.org>
To: AAA Erika Kleinschmidt, Esq. <erikakleinschmidt@adr.org>; Leonard Simon <LSimon@pendergraftsimon.com>; Heather Asselin <hasselin@coatsrose.com>
Cc: sehassell <sehassell@aol.com>; Patrick Gaas <pgaas@coatsrose.com>
Sent: Sun, Nov 13, 2016 7:27 am
Subject: AAA Determination On Respondent Objections: Hassell v Hassell; Case No. 01- 14-0000-3178

On November 9, 2016, the AAA's Administrative Review Council ("Council") considered Respondents' objection to the continued service of Arbitrators ▉▉▉▉▉▉▉▉▉▉ and to the prior service of Arbitrator ▉▉▉▉▉ and any response received. After careful consideration of the parties' contentions, the Council has determined that Arbitrator ▉▉▉▉▉ shall be removed as an arbitrator and that Arbitrator ▉▉▉▉▉▉ shall be reaffirmed as an arbitrator in this case. These decisions will be made a part of our administrative file.

The AAA's rule on disqualification provides that an arbitrator shall be subject to disqualification for partiality or lack of independence, inability or refusal to perform his or her duties with diligence and in good faith, and any grounds for disqualification provided by applicable law. The Council has carefully reviewed and considered the parties' submissions in this matter. Based upon the Council's Review Standards available at www.adr.org/arc, to which the parties were previously referred, the Council is removing Arbitrator ▉▉▉▉▉ and reaffirming Arbitrator ▉▉▉▉▉ in this case.

Under the Rules, the AAA's decision regarding an objection to an arbitrator is conclusive. Any additional objection to the continued service of Arbitrator ▉▉▉▉▉ must be based on new grounds.

In addition, the Council has determined that it does not have the authority to remove R-7 Arbitrator ▉▉▉▉▉ retroactively nor to reopen his decisions.

The next steps for this case are appointing a replacement arbitrator. In accordance with the AAA Rules, I will review the parties' strike and rank lists submitted in June 2014 and appoint the next highest ranked arbitrator. I will also notify the Panel of ▉▉▉▉▉▉▉▉▉▉

Should you have any questions, please contact me.

Regards,
Erika


**Erika Kleinschmidt**
**Director of ADR Services**

American Arbitration Association

# EXHIBIT 50

CAUSE NO. 2016-84811

| | | |
|---|---|---|
| HASSELL CONSTRUCTION CO., INC., | § | IN THE DISTRICT COURT |
|     Plaintiffs, | § | |
| | § | |
| v. | § | 333RD JUDICIAL DISTRICT |
| | § | |
| SPRINGWOODS REALTY COMPANY, ET AL., | § | |
| | § | |
|     Defendants. | § | OF HARRIS COUNTY, TEXAS |

**PARTIAL SUMMARY JUDGMENT**

On August 25, 2017, the Court considered Defendants Springwoods' (Springwoods Realty Company and Springwoods Realty, Inc.) motion for summary judgment, in which Harris County Improvement District #18 joined.

After considering the motion, the response, the reply, after a hearing, and after considering the Court's file, the Court:

1. GRANTS the motion, in part; and

2. DISMISSES Plaintiff's claims WITH PREJUDICE, except for its claim with regard to the invoice dated December 28, 2012.

SIGNED September 5th, 2017.

                                                              Daryl L. Moore
                                                     HON. DARYL L. MOORE

FILED
Chris Daniel
District Clerk
SEP - 5 2017
Time: 9:18 PM
Harris County, Texas
By_____ Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

5/22/2018 1:46 PM
Chris Daniel - District Clerk Harris County
Envelope No. 24769612
By: DELTON ARNIC
Filed: 5/22/2018 1:46 PM

**Silvia T. Hassell**
Attorney at Law
12807 Haynes St., Bldg. C
Houston, Texas 77066
Telephone  713-665-2442
Telecopier:  713-665-0369

sehassell@aol.com

May 22, 2018

Chris Daniel, District Clerk
Harris County, Texas
201 Caroline, Suite 420
Houston, Texas 77002
(Via e-file).

Re:  Cause No. 2016-87708; *Hassell Construction Co., Inc., et al v. Royce Hassell, et al*;  In the 113th Judicial District Court of Harris County, Texas.

Dear Mr. Daniel:

    Please find e-filed herewith Exhibit 34 to "Royce Hassell's Anti-Slapp Motion to Dismiss."  It appears Exhibit 33 was uploaded twice into the system and Exhibit 34 was inadvertently omitted.  If you have any questions or there is anything further I need to do, please let me know.

    Thank you for your assistance and cooperation.

                  Very truly yours,

                  /s/ *Silvia T. Hassell*
                  Silvia T. Hassell