6/12/2018 4:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25241064
By: janel gutierrez
Filed: 6/12/2018 4:16 PM

Cause No.  2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § | 113TH  JUDICIAL DISTRICT |

## MOTION TO ALLOW DISCOVERY UNDER SECTION 27.006 OF THE TCPRC

NOW COME PHILLIP HASSELL ("PH"), JASON HASSELL ("JH"), SHAWN POTTS ("SP"), and MICHAEL HASSELL ("MH") (collectively "Counter-Plaintiffs"), and, in support of this motion, show as follows:

1.      Royce Hassell's ("Royce") filed an Anti-SLAPP motion under the Texas Citizen Participation Act ("TCPA") (the "Motion").  It is currently set for hearing on June 15, 2018.

2.      The Motion spans 42 pages and includes 50 exhibits.

3.      Immediately after receiving it, the Counter-Plaintiffs approached Royce's attorneys and asked whether they were opposed to allowing some limited discovery so that they may properly prepare a response.  The request was denied. See certificate of conference below, for further detail.

4.      The Counter-Plaintiffs inquired about a hearing date prior to June 15, 2018, to urge their motion to allow discovery.  They were informed that the Court preferred to hear all matters related to a TCPA motion at the same time, (i.e the motion, the response, and any request for discovery),  and that they should file and set for hearing a motion to allow discovery for June 15, 2018.  This is their motion.

5.      Royce, without providing an affidavit or declaration to support it, alleges a factual narrative, spanning more than a decade, and attaches fifty separate exhibits, which present a story which is difficult, if not at times impossible to follow, and which, in great part, seem either irrelevant to the dispute, or delves into matters which are admittedly already determined by the now confirmed arbitration award or other proceedings.

6.     For example, Royce sets out in great detail the alleged wrongdoing of a Richard Rose and the firm of Coats, Rose.  He fails to inform the Court, however, that he sued Richard Rose and his firm and lost, ironically after that Court granted a TCPA motion to dismiss.  The case is now on appeal, but the district court's dismissal stands for now. How that dispute fits into the dispute between the parties to this action, is unclear, and needs to be inquired into.

7.     As another example, Royce sets out in great detail the losses his companies allegedly suffered due to actions of HCCI and its attorney, Bogdan Rentea, due to a non-suit of a case related to what is known as the Springwoods project.  Again, Royce fails to inform this Court that the arbitrators denied Royce's claim for over $4.8MM, and that the matter is now closed. Again, how that dispute fits into the dispute between the parties to this action, is unclear, and needs to be inquired into.

8.     There are a myriad of other examples of irrelevant facts and exhibits, and the fact remains that Royce's motion is a factual and information "dump" intended to confuse, obfuscate, and needlessly increase the cost of a response.

9.     In order to be able to counter the narrative and explore the relevance of the exhibits, should the Court allow them to stand, the Counter-Plaintiffs should be allowed to conduct some discovery.  Specifically, they should be allowed to take the deposition of Royce Hassell, albeit limited to the factual assertions and exhibits which form the basis of his TCPA motion.

10.     The Counter-Plaintiffs do not seek a document request, as they will limit their examination of Royce Hassell to the 50 documents attached to his Motion, and documents in their possession authored or produced by Royce Hassell in other proceedings. The examination of Royce Hassell  could be accomplished in six hours.

11.     Therefore, in order to allow proper preparation of a response to the Motion, Counter-Plaintiffs request that they be allowed the opportunity to depose Royce Hassell.

WHEREFORE, PREMISES CONSIDERED, Counter-Plaintiffs request the relief sought herein, and for such other and further relief to which they may show themselves justly entitled.

Respectfully Submitted,

**RENTEA & ASSOCIATES**
700 Lavaca, Suite 1400-2678
Austin, Texas 78701
(512) 472-6291
(512) 472-6278 Facsimile
brentea@rentealaw.com

By: */s/ Bogdan Rentea*
    Bogdan Rentea
    State Bar No. 16781000
ATTORNEY FOR COUNTER-PLAINTIFFS

## CERTIFICATE OF CONFERENCE

By my signature above, I certify that I communicated with opposing counsel on May 21, 2018, in an effort to resolve this discovery dispute, but was immediately informed that the request was opposed.  Court intervention is necessary.

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on June 12, 2018, all counsel of record were served with a copy of the foregoing *Motion to Allow Discovery Under Section 27.006 of the TCPRC* via the Court's e-filing system.

6/12/2018 4:23 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25241577
By: janel gutierrez
Filed: 6/12/2018 4:23 PM

Cause No. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § | 113TH  JUDICIAL DISTRICT |

## NOTICE OF HEARING

Please take notice that an oral hearing on the *Motion to Allow Discovery Under Section 27.006 of the TCPRC*, filed by the Counter-Plaintiffs, Phillip Hassell, Jason Hassell, Shawn Potts, and Michael Hassell, is set for **June 15, 2018 at 1:00 o'clock p.m.**

Respectfully Submitted,

**RENTEA & ASSOCIATES**
700 Lavaca, Suite 1400-2678
Austin, Texas  78701
(512) 472-6291
(512) 472-6278 Facsimile
brentea@rentealaw.com

By: */s/ Bogdan Rentea*
   Bogdan Rentea
   State Bar No. 16781000
ATTORNEY          FOR          COUNTER-
PLAINTIFFS

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on the 12th day of June, 2018, a true and correct copy of the foregoing *Notice of Hearing* was served on the parties through their counsel of record via the Court's e-file system.

6/12/2018 4:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25241923
By: janel gutierrez
Filed: 6/12/2018 4:29 PM

Cause No.  2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § |  113TH  JUDICIAL DISTRICT |

## **ORDER**

On this day the Court considered the Motion to Allow Discovery under Section 27.006(b) of the TCPRC, the response, and arguments of counsel, and finds that the motion is meritorious, and should be GRANTED..

It is, therefore, **ORDERED** that the Counter-Plaintiffs shall be allowed to take the oral deposition of Royce Hassell.  The deposition is limited to six hours and shall take place on or before June 27, 2018, at the offices of Locke, Lord, Houston, Texas.

Signed this ____ day of _____ 2018.

_____
MICHAEL LANDRUM, JUDGE PRESIDING

6/13/2018 10:57 AM
Chris Daniel - District Clerk Harris County
Envelope No. 25255330
By: janel gutierrez
Filed: 6/13/2018 10:57 AM

## CAUSE NO. 2016-87708

| | | |
|---|---|---|
| **HASSELL CONSTRUCTION CO., INC.,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ROYCE AND SILVIA HASSELL,** | § | |
| **Defendants** | § | **113th JUDICIAL DISTRICT** |

### ROYCE HASSELL'S RESPONSE TO DISQUALIFICATION MOTION
### AGAINST SILVIA HASSELL AND REQUEST FOR SANCTIONS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant/third-party plaintiff, Royce Hassell, by and through his undersigned attorney, Silvia Hassell, asks that the motion to disqualify Silvia Hassell as attorney for Royce Hassell be denied. The motion is brought by Royce Hassell's family owned corporation, Hassell Construction Company, Inc. ("HCCI"), and four of Royce Hassell's siblings who are co-owners of HCCI with Royce Hassell, Michael Hassell, Phillip Hassell, Shawn Hassell Potts and Jason Hassell ("the Siblings"). The motion to disqualify should be denied because it is being used as a tactical weapon to needlessly increase the cost of litigation and is not well grounded in fact or in law.

**INTRODUCTION**

1.     Silvia Hassell and Royce Hassell have been married since 1978. Silvia Hassell is a licensed attorney in Texas, State Bar No. 09205200, who has been licensed since 1982.

2.     HCCI is a construction corporation which initiated this suit by filing an unverified injunction demand against Royce Hassell to prevent him from asserting he is a shareholder of HCCI. Royce Hassell is defending himself by asserting claims that denial of his shareholder status by HCCI's controlling owners is fraudulent. HCCI is controlled by the same four Siblings who recently jointly sued Royce Hassell in this case in an attempt to punish him for exercising his constitutional rights pertaining to a judgment

which Royce Hassell has against HCCI.  Royce Hassell has moved to dismiss the Siblings' suit under the Texas Anti-Slapp statute.

3.    The arbitration award was confirmed in a Final Judgment on March 26, 2018, after a costly arbitration before a panel of three Construction Industry arbitration specialists, in Cause No. 2013-61995; *R. Hassell & Co., Inc., et al v. Hassell Construction Co., Inc., et al*, in the 61st Judicial District Court of Harris County, Texas, in which Silvia Hassell was both a party and attorney along with Locke Lord.[1]   The award stems from events in August of 2012, when Royce Hassell's Siblings talked him into a partnership of corporations between HCCI and his companies, but a year later they locked him out of the family corporation and the partnership, taking all the projects and contracts with them leaving him without funds to defend against their conduct and refusing to pay him his share of the profits.

4.    Since 2013, Silvia Hassell has continuously been counsel for Royce Hassell regarding these disputes.  At times other attorneys have simultaneously represented Royce Hassell, including Locke Lord, but that has proven to be extremely costly.

5.    Because Royce Hassell's family has tied up all his partnership funds; denied his ownership interest in HCCI; and now refuses to pay him the judgment representing his share of the profits, it is simply not financially possible for Royce Hassell to continue being represented by multiple attorneys in the same case.  Particularly since HCCI and the Siblings still refuse to release deeds of trust on Royce and Silvia Hassell's properties including their homestead, which the arbitrators declared null and void, Royce and Silvia Hassell are actively being prevented from selling their properties or borrowing against the equity of the properties to finance legal fees.  Sadly, the deeds of trust were signed during a time Royce Hassell was gravely ill and unable to recognize the true intentions of his siblings.  As a result, substantial hardship is

---

[1] Exhibit "A," Final Judgment.

actively being caused by HCCI and the Siblings who are knowingly seeking to increase the cost of the litigation for tactical reasons.

**THE MOTION TO DISQUALIFY SILVIA HASSELL IS GROUNDLESS AND BROUGHT IN BAD FAITH**

6.      Since 2013, Royce and Silvia Hassell have incurred hundreds of thousands of dollars in outside attorneys' fees and costs simply to attempt to regain what is rightfully theirs which has resulted in further extreme hardship for them.  Particularly since the siblings have vowed, as they say, to never pay Royce Hassell "a dime" of the judgment, the hardship will continue.

7.      HCCI and the Siblings are tactically using this motion to disqualify Silvia Hassell on grounds that Silvia Hassell may be a witness; it is a fact that in the four years of litigation which precedes this case not one party has called Silvia Hassell as a witness in any proceeding and HCCI has never even bothered to take her deposition.  Even in 2014, HCCI's repeated efforts to disqualify her as a potential witness were summarily rejected by the Honorable Kyle Carter, Judge of the 125th Judicial District Court of Harris County, Texas, in Cause No. 2013-61995.[2]  Nothing has changed since 2013 to warrant the refiling of such a motion.

8.      In fact, the prejudice which would ensue from disqualification is much greater now given that since 2013, Silvia Hassell has continuously represented Royce Hassell and their jointly owned companies in multiple lawsuits and in the arbitration against HCCI as controlled by the Siblings, and she has the most complete understanding of what has occurred in each of the cases from a legal perspective.

9.      Moreover, this Court should be apprised that the motion to disqualify is being asserted by attorney Bogdan Rentea who is, in fact, an important witness in this case as he appears to be the one who provided HCCI with the legal opinion that Royce Hassell is not a shareholder, which is the basis of the

---

[2] Exhibit "B", Defendants' Objection and Response to Plaintiffs' Motion to Substitute Counsel of 1/3/2014; Exhibit "C", Defendants' Reply to Plaintiffs' Response Regarding Plaintiffs' Motion to Substitute Counsel of 1/24/2014.

suit he filed for HCCI seeking an injunction against Hassell petitioning derivatively for HCCI.  *See, below email* from Bogdan Rentea of December 20, 2016:

> **From:** Bogdan Rentea
> **Sent:** Tuesday, December 20, 2016 5:37 PM
> **To:** Leonard Simon <LSimon@pendergraftsimon.com>; 'Felicia Harris'
> <fharris@barrycongeharris.com>
> **Subject:** your client, Royce Hassell
> **Importance:** High
>
> Leonard and Felicia,
>
> Your client, Royce Hassell, has recently taken the position, that as a shareholder in
> HCCI, he has the right to bring derivative actions on behalf of HCCI.
> To date, he has filed such an action in a state district court against Springwoods, et
> al. He has also tried to assert derivative claims in the AAA proceeding. Additionally,
> he has made a demand, as a shareholder of HCCI, to see corporate documents.
>
> Based on my review of certain HCCI corporate documents, specifically, a Buy-Sell
> Agreement executed, inter alia, by Royce Hassell, he lost his shareholder status in
> September of 2013.
>
> Therefore, this is a demand that your client, Royce Hassell, immediately cease and
> desist from filing any derivative actions, from continue any derivative actions
> already filed, and from making any demands on HCCI as a shareholder.
>
> Time is of the essence.
>
> Thank you for your anticipated prompt response.
>
>
> Bogdan Rentea
> Rentea & Associates
> 512.472.6291
> www.rentealaw.com

Board Certified Administrative Law
Texas Board of Legal Specialization

　　　　10.　　　The continued assertion of claims that Royce Hassell is not an owner of HCCI is in bad faith.  Royce Hassell owns HCCI stock both directly and beneficially. Royce Hassell is an owner in HCCI in at least two ways:  1) He individually owns shares of HCCI stock which he earned for his work on behalf of HCCI since 1978; and 2) Since 1986, Royce Hassell has beneficially owned stock in HCCI through the JCH

Intervivos Irrevocable Trust ("JCH Trust").   The JCH Trust is the majority owner of HCCI, and the beneficiaries of the JCH Trust are Royce Hassell and his four siblings Michael Hassell, Trustee of the JCH Trust, Phillip Hassell, Shawn Hassell Potts and Jason Hassell.   James C. Hassell, father to Royce Hassell and his Siblings through three marriages, is the JCH Trust settlor  who has in recent proceedings more than once confirmed under oath that each of his children are equal beneficiaries of the JCH Trust which owns the majority interest of HCCI.  *See,* for example, most recently the deposition testimony of James C. Hassell of June 5, 2018, in Cause No. 2012-42981:

> Q.  As I understand it, there was a transaction that was engaged in many years ago whereby the value of your interests [in HCCI] were frozen and there was a trust created, the beneficiaries of which were your five children.
>
> A.  That's correct.
>
> Q.  Each of them owned 20 percent of the company.
>
> A.  Yes.

Deposition of James C. Hassell, June 5, 2018, p. 40, ll. 9-14.

11.     HCCI's course of conduct in this case is consistent with its bad faith conduct in other cases. For example, currently the Siblings, HCCI and Bogdan Rentea, have all made themselves the subject of pending sanctions proceedings in United States Bankruptcy Court for the Southern District of Texas wherein Judge Marvin Isgur has found them to have acted in bad faith.  *See,* Exhibit "D," March 9, 2018, Transcript of Emergency Hearing. p. 18, ll. 20-21, "I find this case was removed in bad faith, should never have been removed."   Judge Isgur also admonished them, "I don't want to see more games like this." Exhibit "D", March 9, 2018, Hearing Transcript, pg. ll 18-19.

**LEGAL ARGUMENT**

12.     HCCI's motion to disqualify is legally and factually unfounded.

13.     First, Rule 3.08 "Lawyer as Witness" which concerns possible fact-finder confusion about an attorney as both an advocate and a witness in the same case does not apply to an attorney who is a party to the case and is appearing pro se. Tex. Disciplinary R. Prof. Conduct, Rule 3.08(a)(4).  In this case, Silvia Hassell is a party and is also appearing pro se.  She has been sued by HCCI which is also seeking to disqualify her; she is aligned with the interests of her husband, Royce Hassell, and it is in the interest of judicial economy that she be permitted to also represent him in this case.

14.     Comment 4 to Rule 3.08 provides that "the principal concern over allowing a lawyer to serve as both an advocate and witness for a client is the possible confusion that those dual rules would create for the finder of fact. . . " Tex. Disciplinary R. Prof'l. Conduct, 3.08, Comment 4.  HCCI and the Siblings concede in their own motion that regardless of the outcome of their motion to disqualify Silvia Hassell as her husband's attorney, she will nevertheless remain in the case as both an advocate and a witness.   *See,* Motion to Disqualify which states "Silvia may, of course, represent herself in this proceeding, and the Plaintiffs are not attempting to prevent that.  They simply ask that Silvia not be allowed to represent any other party."  Therefore, disqualification of Silvia Hassell as Royce Hassell's attorney would serve no purpose in alleviating any jury confusion.

15.     Further, Rule 3.08 "is not well suited to use as a standard for procedural disqualification. As a disciplinary rule it serves two principal purposes:  The first is to insure that a client's case is not compromised by being represented by a lawyer who could be a more effective witness for the client by not also serving as an advocate;" and "[t]he second is to insure that a client is not burdened by counsel who may have to offer testimony that is substantially adverse to the client's cause." Tex. Disciplinary R. Prof'l. Conduct, Rule 3.08, Comment 9.  Those concerns do not apply in this case, Silvia Hassell is necessarily an advocate and a witness in this case because she has been sued by HCCI and is a Defendants in this case.

16.      HCCI's feigned concern about the effect of Silvia Hassell's dual role is highly suspect.  Over the last four years of litigation between HCCI on one side and Royce and Silvia Hassell on the other side, <u>Silvia Hassell has not been called as a witness by any party and HCCI has never even bothered to take her deposition.</u>  Rule 3.08 "should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice," and should not be invoked "by unnecessarily calling that lawyer as a witness."  Rule 3.08, Tex. Disciplinary R. Prof'l. Conduct, Comment 10.

17.      Rule 3.08 also provides a hardship exception if the other parties have been notified that "disqualification of the lawyer would work substantial hardship on the client."   Since 2013, Silvia Hassell has notified HCCI of the hardship which would result of Silvia Hassell was disqualified.  *See, 2013 "Plaintiffs' Response in Opposition to Defendants' Motion to Reconsider Order Substituting Counsel"* Exhibit "E."  Nothing has changed since then except that Royce and Silvia Hassell are all the poorer having gone through four years of litigation while maintaining the real properties and despite a $1.2 million-dollar judgment in their favor and a Final Judgment declaring liens on their real estate null and void which the Siblings have promised to indefinitely tie up in court.

18.      Similarly, Movants' reliance on Rule 1.06, "Conflict of Interest: General Rule" is misplaced.  Rule 1.06 prohibitions apply to an attorney representing "opposing parties to the same litigation."  Rule 1.06, Tex. Disciplinary R. Prof'l. Conduct.  Silvia Hassell does not represent opposing sides in this case, she represents only aligned parties.

19.       HCCI and the Siblings also point out that they are separately suing Silvia Hassell for malpractice.  Silvia Hassell contends that the malpractice suit has been mooted by the final arbitration award such that the malpractice claims are barred by *res judicata* and collateral estoppel.  The malpractice case filed during the arbitration is an attempt at another bite at the apple to retry issues which were decided in the arbitration.  The malpractice case is a needless diversion brought by Bogdan Rentea who non-suited the case he claims Silvia Hassell committed malpractice in such that by Order of the Honorable

Robert K. Schaffer of the 152nd Judicial District Court for the Southern District of Texas in Cause No. 2017-00535; *Hassell Construction Company, Inc. v. Pascal Piazza and Silvia Hassell,* Bogdan Rentea has been designated a responsible third party for any HCCI damages related to the case at issue.  (Exhibit "F").

**REQUEST FOR SANCTIONS**

20.     HCCI is fully aware of the hardship it has caused and is desiring to further cause by bringing this motion to disqualify Silvia Hassell.  Comment 10 to Rule 3.08 warns that the rule 'should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice.".

21.     HCCI's motion to disqualify is retaliatory and a bad faith diversionary tactic meant to needlessly increase the cost of litigation

22.     Royce Hassell respectfully asks that the motion to disqualify Silvia Hassell be denied and he be awarded appropriate sanctions for having to defend the motion which was brought in bad faith and to harass, annoy and financially oppress him.


Respectfully submitted,


/s/ *Silvia T. Hassell*
Silvia T. Hassell
Texas Bar No. 09205200
sehassell@aol.com
12807 Haynes Street, Bldg. C
Houston, Texas 77066
Tel. 713-665-1812
Fax. 713-665-0369

Attorney for Royce Hassell


### Certificate of Service

By my signature above I certify that counsel of record are being served with a copy of the foregoing document by Texas E-file and serve on the 13th day of June, 2018.