# EXHIBIT A

3/15/2018 6:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 23212797
By: TERESA KIRBY
Filed: 3/15/2018 6:29 PM

Cause No. 2013-61995

| | | |
|---|---|---|
| R. HASSELL & CO., INC., | § | IN THE DISTRICT COURT |
| R. HASSELL BUILDERS, INC., | § | |
| R. HASSELL HOLDING CO., INC., and | § | |
| G.R. GROUP RESOURCES, LLP | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| HASSELL CONSTRUCTION CO., INC., | § | |
| and HASSELL MANAGEMENT | § | |
| SERVICES, LLC | § | |
| *Defendants.* | § | 61st   JUDICIAL DISTRICT |

## FINAL JUDGMENT CONFIRMING ARBITRATION AWARD

On this day came to be heard the Application to Confirm Arbitration Award (the "<u>Application</u>") filed by Applicants R. Hassell Holding Co., Inc., R. Hassell & Company, Inc., R. Hassell Builders, Inc., G.R. Group Resources LLP, Royce J. Hassell, and Silvia T. Hassell (the "<u>Applicants</u>"). After considering the Application, any response, exhibits, arguments of counsel, and any other evidence before it, the Court finds that the Arbitration Award, dated December 7, 2017, which is attached as "<u>Exhibit A</u>", as modified by the Order Granting Respondents' Motion to Modify the Arbitration Award and Granting in Part and Denying in Part Claimants' Request to Modify Award, dated January 22, 2017, which is attached as "<u>Exhibit B</u>", should be **CONFIRMED** and that judgment should be entered in favor of Applicants R. Hassell Holding Co., Inc., R. Hassell & Company, Inc., R. Hassell Builders, Inc., G.R. Group Resources LLP, Royce J. Hassell, and Silvia T. Hassell.

It is, therefore, **ORDERED**, **ADJUDGED**, and **DECREED** that R. Hassell Holding Co., Inc., R. Hassell & Company, Inc., R. Hassell Builders, Inc., G.R. Group Resources LLP, Royce J. Hassell, and Silvia T. Hassell have and recover from Defendants Hassell Construction Company, Inc., ("<u>HCCI</u>"), and James C. Hassell, as follows:

1

1.     R. Hassell & Company, Inc. and R. Hassell Builders, Inc. shall recover damages in the amount of one million one hundred sixty-seven thousand five hundred forty-nine dollars and ninety-five cents ($1,167,549.95) from HCCI;

2.     HCCI and James C. Hassell shall defend, indemnify, and hold harmless R. Hassell & Company, Inc., R. Hassell Builders, Inc., Royce Hassell, and Silvia Hassell from and against all claims made by Vista Bank against R. Hassell & Company, Inc., R. Hassell Builders, Inc., Royce Hassell, and Silvia Hassell pursuant to the letter of credit or the two deeds of trust executed by Royce Hassell and Silvia Hassell naming Vista Bank as a beneficiary;

3.     The deeds of trust executed by Royce Hassell and Silvia Hassell naming James C. Hassell as beneficiary (identified in and by "<u>Exhibit C</u>" attached hereto) are hereby declared released, void and of no further force or effect;

4.     ~~The Court further finds that HCCI, James C. Hassell, and Hassell Management Services, L.L.C.'s challenge to the Arbitration Award was without merit and its refusal to abide by the Arbitration Award was without justification. Accordingly, the Court awards Applicants their reasonable and necessary attorneys' fees associated with confirming the Arbitration Award and orders that Applicants recover from HCCI, James C. Hassell, and Hassell Management Services, L.L.C., jointly and severally, $_____ in addition to the amount awarded above;~~

5.     R. Hassell & Company, Inc. and R. Hassell Builders, Inc. shall recover post-award and post-judgment interest on the total amount of the award accruing at the rate of five percent per annum, compounded annually, from December 7, 2017 until this judgment is paid in full. ~~Applicants shall recover post-judgment interest on the amount awarded in Paragraph 4 at~~

~~the rate of five percent per annum, compounded annually, from the date of this judgment until it is paid in full;~~

      6.      This is a final judgment disposing of all claims and parties at issue in the arbitration, as specified in the Arbitration Award (as modified); and

      7.      Applicants shall have all writs of execution and other process necessary to enforce this judgment.

Signed: 3/26/2018 _Fredericka Phillips_
Honorable Judge Phillips

Unofficial Copy Office of Chris Daniel District Clerk

HOU:0017922/00003:1942157v2

# EXHIBIT A

## AMERICAN ARBITRATION ASSOCIATION
### Construction Industry Arbitration Tribunal

| | | |
|---|---|---|
| JAMES C. HASSELL and HASSELL CONSTRUCTION COMPANY, INC. § § § *Claimants,* § § vs. § § R. HASSELL HOLDING CO., INC.,§ R. HASSELL & COMPANY, INC., § R. HASSELL BUILDERS, INC., § G.R. GROUP RESOURCES LLP, ROYCE § J. HASSELL and SILVIA T. HASSELL, § § *Respondents.* § | | No. 01-14-0000-3178 |

### Arbitration Award

**WE, THE UNDERSIGNED ARBITRATORS,** having been designated in accordance with the Parties' agreement to arbitrate, effective the 1st day of July 2012, and the orders of the District Court of Harris County, Texas, 125th Judicial District, dated March 3, 2014 and November 17, 2014 after having been duly sworn, and after having heard the evidence presented, the arguments of counsel, and the written submissions, Find and Award as follows:

Jurisdiction Over the Individual Parties

Neither Silvia Hassell nor Royce J. Hassell are signatories to the 2012 Joint Venture ("Joint Venture") agreement, which contains a broad arbitration clause that provides for the arbitration of all disputes related to the Joint Venture. Hassell Construction Company, Inc. ("HCCI") advanced money to R. Hassell & Companies, R. Hassell Builders, Inc. (collectively the "R. Hassell Companies") by means of draws against a line of credit ("LOC") that HCCI had taken out with Vista Bank. Royce Hassell and Silvia Hassell executed Deeds of Trust to secure the debt. The arbitration panel has the task of determining the balance due under the LOC and the division of Joint Venture profits between HCCI and the R. Hassell Companies. In order to resolve all of the issues surrounding the LOC and the Joint Venture, it is necessary to examine the obligations of Royce and Silvia Hassell individually. The Joint Venture and Royce and Silvia's individual obligations are inextricably intertwined. In addition, Royce Hassell and Silvia Hassell requested the 125th Judicial District Court of Harris County, Texas to determine the issue of arbitrability, which it did. The Court ordered Royce and Silvia Hassell to arbitration and they are estopped from raising the issue of arbitrability of claims against them in their individual capacities. Therefore, although Arbitrator Ricketts dissents from this determination (see his separate dissent), a majority of the panel finds that it has jurisdiction over Royce and Silvia Hassell in their individual capacities. James C. Hassell consented to jurisdiction by filing the arbitration demand.

1

Background:

HCCI and the R. Hassell Companies did business with one another from December of 2008 until July 17, 2013. All of the parties agree that the business relationship was unorthodox. In some cases, written subcontracts governed the parties' dealings. However, most of the time, the parties' actions were governed by verbal agreements, or, as in the case of the 2012 Joint Venture Agreement, written documents that were incomplete and ambiguous. In the good times, this was a family business based on mutual trust. When the relationship soured, the lack of written agreements complicated the task of determining the parties' rights and liabilities concerning the LOC and Joint Venture Profits.

Letter of Credit Balance:

In 2008, when the business relationship between HCCI and R. Hassell Companies began, the structure of the relationship was that HCCI was paid a fee for allowing its excess bonding capacity to be used for obtaining bonds for work performed by the R. Hassell Companies. In March of 2011, the relationship changed. HCCI continued to lend its excess bonding capacity to the R. Hassell Companies but the transactions between the companies were recorded as draws against the LOC. All agree that this change complicated the relationship between the parties and left unsophisticated bookkeepers performing demanding accounting tasks. On July 1, 2012, the relationship of the parties changed again. Effective July 1, 2012, HCCI and the R. Hassell Companies entered into the Joint Venture. Rather than paying the R. Hassell Companies from payments received from the Joint Venture Projects, R. Hassell payments were recorded as advances and payments on the LOC.

The audited financial statement of HCCI, dated June 30, 2012, exhibit R-24, reflected that the R. Hassell Companies, pursuant to the LOC, owed HCCI the sum of $1,691,259.21. The arbitration panel believes that the audited financial statement is the most reliable information to determine the LOC balance on June 30, 2012, the day before the effective date of the Joint Venture. HCCI is entitled to interest on this amount for 1,979 days at five percent simple interest. (1,979 x $231.68 = $458,494.72) Thus, on the LOC R. Hassell Companies owes HCCI a total $2,149,753.93.

Division of Joint Venture Profits:

There is a dispute between the parties as to the number of projects that should be considered Joint Venture Projects. The Joint Venture Agreement provided for the parties to submit a list of joint venture projects. A list was never prepared. The parties conducted themselves as a joint venture in spite of the fact that a list was never agreed to. If it was not important for the parties, at the time, to identify which projects were to be considered joint venture projects, it is logical to conclude that they intended all ongoing projects to be part of the Joint Venture. Claimants argue that Royce Hassell only listed 26 projects on Schedule G-1of schedules filed in the bankruptcy court. The bankruptcy filing only applied to executory contracts and is not evidence of the totality of projects subject to the joint venture. The arbitrators conclude that there are 31 projects in the Joint Venture.

2

Pursuant to the Joint Venture Agreement, HCCI was to receive 75% of the profits and Hassell Companies were to receive 25% of the profits. Losses were to be allocated in the same manner. Of the 31 projects, all but one, Transtar, was profitable. R. Hassell Companies argued that the Transtar losses were the fault of HCCI. However, the Joint Venture Agreement provides that losses are split according to a 75% percent 25% formula and they will not be reallocated between the parties based on fault. Therefore, R. Hassell Companies was responsible for only 25% of the loss on the Transtar project.

R. Hassell Companies was not paid or credited with all of its portion of the profits pursuant to the Joint Venture Agreement. Based on the job cost reports for the 31 projects, R. Hassell Companies is owed the sum of $4,819,539.00. Accurate equipment records were not kept on the Joint Venture Projects. The evidence established that most of the equipment used was owned by HCCI. Based on the equitable powers of the arbitration panel, the profit owed to the R. Hassell companies is reduced by $1,000,000.00 to compensate HCCI for the equipment disparity leaving a balance of $3,819,539.00 due and owing to the R. Hassell Companies. When the relationship between the parties fell apart, rather than filing a straight forward request for an accounting, the R. Hassell Companies set out on a journey through a multiple state court proceedings and an involuntary bankruptcy proceeding, part of which were dismissed by the Court and the remainder dismissed after the Judge threatened sanctions. Accordingly, the panel declines to award prejudgment interest on the profits due R. Hassell Companies under the Joint Venture.

Joint Venture Profits Offset by LOC Balance:

When the Joint Venture Profits owed to the R. Hassell Companies are offset by the balance owed to HCCI under the LOC, HCCI owes the R. Hassell Companies the sum of $1,669,785.07. Pursuant to the R. Hassell Companies request for an accounting, the Joint Venture Profit is offset further by the $465,740.00 balance due on the promissory note executed by Royce Hassell, leaving a net balance due from HCCI to the R. Hassell Companies in the amount of $1,204,045.07.

**Award**

In light of the foregoing, the panel awards as follows:

R Hassell Companies shall recover from HCCI, and HCCI shall pay to the R. Hassell Companies, the sum of $1,204,045.07.

The amounts due HCCI from R. Hassell Companies and Royce Hassell and Silvia Hassell under the LOC having been offset by amounts HCCI owes R. Hassell Companies, HCCI and James C. Hassell are and shall remain responsible for all sums due on the LOC with the Vista Bank. HCCI and James C. Hassell shall defend, indemnify, and hold harmless R. Hassell Companies, Royce Hassell and Silvia Hassell for all claims made by Vista Bank against R. Hassell Companies, Royce Hassell and Silvia Hassell pursuant to the LOC or the two Deeds of Trust where Vista Bank is the beneficiary. The two Deeds of Trust executed by Royce Hassell and Silvia Hassell to secure the LOC, where James C. Hassell is the beneficiary, are declared void and of no further force and effect, and are ordered to be released.

3

The administrative fees and expenses of the American Arbitration Association totaling $34,750.00 are to be borne by the party incurring the same. The arbitrator fees and expenses totaling $201,356.31 are to be evenly divided between the parties. Therefore, in addition to the other sums awarded herein, Respondents shall reimburse Claimants the sum of $34,641.68 representing that portion of fees, compensation, and expenses in excess of the apportioned costs previously incurred by Claimants.

The above sums are to be paid on or before 30 days from the date of this Award. If the Award is not paid within 30 days, it shall draw post-judgment interest from the date of this award until paid at the rate of 5% per annum.

The Award is in full settlement of all claims related to the Joint Venture Agreement and the business relationship between the parties. All claims not expressly granted herein, including, without limitation, (i) R. Hassell Companies claims for damages related to the Springwoods Project, (ii) Respondents' derivative claims against HCCI, James C. Hassell, Phillip J. Hassell, Shawn Hassell Potts, and Michael Hassell for fraud, conspiracy to defraud, fraud by non-disclosure, promissory estoppel, tortious interference, constructive discharge of Royce Hassell, libel, slander, business disparagement, fraud in the inducement, assumpsit, quantum meruit, unjust enrichment, and punitive damages, (iii) HCCI's breach of contract claims against R. Hassell Companies and Royce Hassell and Silvia Hassell, and (iv) all claims by all parties for attorneys' fees) are hereby, DENIED.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

Signed this 7th day of December, 2017

_____
James Chrisman Phillips, Panel Chair

_____
Steve Yungblut, Arbitrator

_____
Ronald N. Ricketts, Arbitrator,
Concurring in part and dissenting in part

Unofficial Copy Office of Chris Daniel District Clerk

4

AMERICAN ARBITRATION ASSOCIATION
Construction Industry Arbitration Tribunal

JAMES C. HASSELL and HASSELL )
CONSTRUCTIONS COMPANY, INC., )
 )
*Claimants*, )
 )
v. )
 )
R. HASSELL HOLDING CO., INC., R. )   No. 01-14-0000-3178
HASSELL & COMPANY, INC., R. HASSELL )
BUILDERS, INC., G.R. GROUP RESOURCES )
LLP, ROYCE J. HASSELL and SILVIA T. )
HASSELL, )
 )
*Respondents*. )

## CONCURRENCE IN PART, DISSENT IN PART TO ARBITRATION AWARD

I dissent from the Majority Award to the extent it exercises jurisdiction over Royce and Silvia Hassell individually. In my view $1,669,785.07 is the proper net balance due from HCCI to the R. Hassell Companies. The Panel does not have jurisdiction to order an offset of Royce Hassell's personal note to HCCI against the amount HCCI owes the R. Hassell Companies.

The "intertwined claims" doctrine does not apply in this case. The doctrine allows a <u>nonsignatory</u> to enforce an arbitration agreement against a <u>signatory</u> party if the claims are intertwined with, or arise out of and relate directly to the agreement contained the arbitration clause. The doctrine does not work in reverse. A signatory (HCCI) may not force nonsignatories (Royce and Silvia) to arbitration. Additionally, because the promissory note was made nearly two years before the Joint Venture Agreement, it does not arise out of, or relate to, the Joint Venture Agreement as required by the doctrine.

The Panel alone, and not the district court, has jurisdiction to determine whether any legal theory exists to force Royce and Silvia as nonsignatories to arbitration. The arbitration clause in the Joint Venture Agreement provides that disputes are to be governed by the AAA Rules. AAA Rule 9 provides the arbitrator decides jurisdiction. The incorporation of AAA Rules into an arbitration agreement is sufficient to require that arbitrability issues be decided by the Panel. The district court could only, and did only, decide who - the court or the Panel - should determine arbitrability. The district court properly referred the decision of jurisdiction over Royce and Silvia to the Panel.

The Majority misapplied the intertwined claims doctrine. In doing so, it acted in excess of its authority in exercising jurisdiction over Royce and Silvia, and in offsetting the note from the amount due to the R. Hassell Companies.

12/07/2017
Date

Ronald N. Ricketts, Arbitrator

# EXHIBIT B

AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| James C. Hassell, Hassell Construction Company, Inc., and Hassell Management Services, LLC. | § § | |
| Claimant, | § § | |
| v. | § § | Case Number: 01-14-0000-3178 |
| R. Hassell Holding Co., Inc., R. Hassell & Company, Inc., R. Hassell Builders, Inc. and G. R. Group Resources LLP, Royce J. Hassell and Silvia T. Hassell | § § § § | |
| Respondent. | § | |

## ORDER GRANTING RESPONDENTS' MOTION TO MODIFY THE ARBITRATION AWARD AND GRANTING IN PART AND DENYING IN PART CLAIMANTS' REQUEST TO MODIFY AWARD

After consideration of the Respondents' Motion to Modify the Arbitration Award and the Claimants' Request to Modify Award and the responses filed, the Respondents' Motion is GRANTED, and the Claimants' Request is GRANTED IN PART AND DENIED IN PART, as follows:

1. It is ORDERED that the following language shall replace the second-to-last full paragraph found on page 4 of the Award:

    *"The Award is full settlement of all claims related to the Joint Venture Agreement and the business relationship between the parties. All claims not expressly granted herein, including, without limitation, (i) R. Hassell Companies claims for damages related to the Springwoods Project, (ii) HCCI's breach of contract claims against R. Hassell Companies and Royce Hassell and Silvia Hassell, and (iii) all claims by all parties for attorneys' fees are hereby DENIED."*

2. It is also ORDERED that the Award is corrected to indicate that all three Deeds of Trust executed by Royce Hassell and Silvia Hassell with James C. Hassell as beneficiary[1] are declared void.

---

[1] R-321, R-324, and R-330. R-330 was admitted as C-88.

3. Claimants' Request to Modify Award with respect to correcting the amount of interest due HCCI on the LOC is GRANTED, and the Award is corrected as follows:
    a. The second and final paragraph under the "Letter of Credit Balance" section, on page 2 of the Award, is corrected to read as follows:

        "The audited financial statement of HCCI, dated June 30, 2012, exhibit R-24, reflected that the R. Hassell Companies, pursuant to the LOC, owed HCCI the sum of $1,691,259.21. The arbitration panel believes that the audited financial is the most reliable information to determine the LOC balance on June 30, 2012, the day before the effective date of the Joint Venture. HCCI is entitled to interest on this amount for 1,987 days at five percent simple interest. (1,987 x $231.68 = $460,348.16) Thus, on the LOC R. Hassell Companies owes HCCI a total $2,151,607.37."

    b. Further, the paragraph under "Joint Venture Profits Offset by LOC Balance" on page three of the Award, is corrected to read as follows:

        "When the Joint Venture Profits owed to the R. Hassell Companies are offset by the balance owed to HCCI under the LOC, HCCI owes the R. Hassell Companies the sum of $1,667,931.63. Pursuant to the R. Hassell Companies request for an accounting, the Joint Venture Profit is offset further by the $465,740.00 balance due on the promissory note executed by Royce Hassell, leaving a net balance due from HCCI to the R. Hassell Companies in the amount of $1,202,191.63."

    c. And finally, the initial paragraph of the Award, being the second from last paragraph on page three of the Award, is corrected to read as follows:

        R. Hassell Companies shall recover from HCCI, and HCCI shall pay to the R. Hassell Companies, the sum on $1,202,191.63.

4. All relief requested in the above-referenced motions not hereinabove expressly granted is DENIED.

Signed this ___ day of January, 2018.

_____
James Chrisman Phillips, Panel Chair

_____
Stephen K. Yungblut, Arbitrator

_____
Ronald N. Ricketts, Arbitrator

Unofficial Copy Office of Chris Daniel District Clerk