# EXHIBIT D

1/24/2014 3:23:26 PM
Chris Daniel - District Clerk Harris County
Envelope No. 297508
By: ALEX CASARES

CAUSE NO. 2013-61995

| | | |
|---|---|---|
| R. HASSELL & CO, INC.; | § | IN THE DISTRICT COURT |
| R. HASSELL BUILDERS, INC.; | § | |
| R. HASSELL HOLDING CO., INC; | § | |
| G.R. GROUP RESOURCES, LLP | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| HASSELL CONSTRUCTION CO., INC.; | § | |
| HASSELL MANAGEMENT | § | |
| SERVICES, LLC | § | |
| | § | |
| DEFENDANTS | § | HARRIS COUNTY, TEXAS |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO COMPEL ARBITRATION AND ABATEMENT PENDING ARBITRATION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Hassell Construction Co., Inc. and Hassell Management Services, LLC ("Defendants") file this reply to R. Hassell & Co, Inc., R. Hassell Builders, Inc., R. Hassell Holding Co., Inc., and G.R. Group Resources, LLP's ("Plaintiffs") response to Defendants' motion to compel arbitration and abatement pending arbitration against and would respectfully show as follows.

### I.

**A.    Plaintiffs' Suit Arises out of the Joint Venture Agreement**

1.    In Plaintiffs' response to Defendants' motion to compel arbitration, Plaintiffs allege that their claims arise outside of the joint venture agreement (the "JVA") and include "other business arrangements." Plaintiffs' claims are completely false and disingenuous. It is undisputed that the claims made in Plaintiffs' Original Petition for Declaratory Judgment arise

1

out of the JVA.  In fact, all of Plaintiffs' claims and causes of action directly refer to, relate to, and arise out of, the JVA.

2.      When the factual allegations in the petition on their face establish that the asserted claims fall within the scope of an arbitration agreement, a trial court abuses its discretion by declining to compel arbitration of the claims and stay the trial court proceedings.  *See Menna v. Romero,* 48 S.W.3d 247, 250-51 (Tex. App.--San Antonio 2001, pet. dism'd);  *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011).  Plaintiffs allege in their petition that Defendants breached the JVA by taking over assets of Plaintiffs and utilizing them to conduct work on projects that were not included in the joint venture.  Plaintiffs allege that no accounting was made of the joint venture in which Defendants utilized assets of Plaintiffs in violation of the JVA.  Plaintiffs also maintain that Defendants have not reimbursed Plaintiffs for reasonable and necessary joint venture expenses and for the use of equipment by the joint venture in violation of the JVA.

3.      In fact, Plaintiffs' breach of contract claim is solely based on, and arises out of, the JVA.  See Plaintiffs' Original Petition section titled "*Breach of Joint Venture Agreement*."  Plaintiffs' declaratory action is based on, and arises out of, the JVA.  Plaintiffs' claims and disputes against Defendants fit squarely within the scope of the arbitration provision contained in the JVA between Plaintiffs and Defendants.

4.      Moreover, each of the Plaintiffs was a signatory to the JVA containing the arbitration provision; each of the Plaintiffs enjoyed the benefits of the JVA; each of the Plaintiffs filed this lawsuit based on disputes arising out of the JVA, and each of the Plaintiffs is bound by the arbitration provision of the JVA.   Any doubt as to whether a plaintiff's claims fall within the scope of an arbitration agreement must be resolved in favor of arbitration.  *Id.*; *see also In re*

2

*Kellogg Brown & Root,* 166 S.W.3d at 737; *In re Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 195 S.W.3d 807, 813 (Tex. App.--Dallas 2006, orig. proceeding).

**B.      Plaintiffs' "Other Business Arrangements" are Factually Intertwined with or Have a Significant Relationship with the JVA.**

5.      Plaintiffs' contention that their petition and claims made therein relate to some "other business arrangements" outside of the JVA is without merit.   The phrase "other business arrangements" was not used in Plaintiffs' original petition for declaratory judgment to support its claims against Defendants.  Plaintiffs did not describe or identify "other business arrangements" in their petition.  The claims made basis of Plaintiffs' petition did not include "other business arrangements."   Conveniently however, Plaintiffs purport to identify the "other business arrangements" only in their response to the motion to compel arbitration in an effort to avoid arbitration, although these claims were never pled in Plaintiffs' petition.

6.      Notwithstanding, the "other business arrangements" have a significant relationship and/or are factually intertwined with the joint venture and the JVA containing the arbitration provision.   Under Texas law, if the facts alleged in support of the claim have a "significant relationship" or are "factually intertwined" with the contract that is subject to the arbitration agreement, the claim is within the scope of the agreement and is arbitrable.  *Dennis v. College Station Hosp., L.P.*, 169 S.W.3d 282, 285 (Tex. App. – Waco 2005, pet. denied); *Pennzoil Co. v. Arnold Oil Co.*, 30 S.W.3d 494, 498 (Tex. App. – San Antonio 2000, orig. proceeding).

7.      Plaintiffs maintain that "other business arrangements" include a separate action filed by a third party buyer against owners of Plaintiffs, Royce and Silvia Hassell.  Plaintiffs claim that this separate lawsuit formed part of the dispute herein because Defendants have refused to remove a cloud on the title on the property.   This lawsuit and Plaintiffs claims relating

Unofficial Copy Office of Chris Daniel District Clerk

to this lawsuit is not described, referred to or even mentioned in Plaintiffs' original petition for declaratory judgment, and is therefore not included in the claims made by Plaintiffs.  Plaintiffs are attempting to avoid arbitration by including any business conducted between the parties regardless of whether it applies to this lawsuit or the claims made by Plaintiffs in their original petition for declaratory judgment.

8.      Notwithstanding, Plaintiffs provided Defendants with a lien on the property to secure Defendants' interest against funds owed by Plaintiffs to Defendants.  The lien and the payments on the note on the property are related to and are associated with a line of credit that was used to pay for equipment and other expenses of the joint venture.  These liens, costs and payments relating to such liens have a significant relationship and are factually intertwined with the JVA containing the arbitration provision.  Plaintiffs' claims relating to the costs, funding and accounting relating to the joint venture are specifically included Plaintiffs' petition.  Thus, the "other business arrangements" fall squarely within the province of the joint venture and the JVA containing the arbitration provision.

9.      Plaintiffs also maintain in their response to the motion to compel arbitration that "other business arrangements" which fall outside the scope of the JVA include joint indemnity agreements.  Again, Plaintiffs do not specify, identify or even mention the indemnity agreement issues in their petition.  Regardless, it is undisputed that the joint indemnity agreements apply to projects contemplated by the joint venture and the JVA.  That is, the indemnity agreements in which Plaintiffs' owners were indemnitors were agreements relating to bonds issued on the joint venture projects.  Any disputes relating to such agreements are directly affected by and relate to the joint venture and the costs and expenses relating to the JVA.  Costs and expenses of the JVA are the subject of Plaintiffs' petition.  Thus, any disputes relating to indemnity agreements are

factually intertwined or have a significant relationship with the joint venture projects and the JVA.

10.    Plaintiffs also maintain in their response to the motion to compel arbitration that "other business arrangements" involve contents of an email from Mr. Phillip Hassell, representative of Defendants to Mr. Royce Hassell, which is attached as Exhibit "A" to their response.  This email is further evidence of issues relating to the JVA.  In the email, Mr. Hassell refers to the joint venture projects and accounts related to such projects.  The email discusses the Transtar project which Plaintiffs admit in their petition involve the JVA and joint venture.

11.    Plaintiffs' claims and disputes against Defendants in Mr. Hassell's email arise directly out the JVA, and fit squarely within the scope of the arbitration provision contained in the JVA between Plaintiffs and Defendants.

12.    Here, the Arbitration Provision in the JVA provides that "if a dispute arises . . . then such disputes shall be resolved through binding arbitration."  This Arbitration Provision is unquestionably broad.  Under a broad arbitration clause, arbitration can be compelled even though the particular dispute is not specifically covered.  *See In re D. Wilson Constr.*, 196 S.W.3d 774, 783 (Tex. 2006).  Such an arbitration clause may encompass different causes of action and claims for different types of damages.  An arbitration provision, such as the Arbitration Provision in the JVA, which is not limited to questions of contractual interpretation is considered to be "broad."  *P&P Indus. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) (finding the tort-based claims alleged by the plaintiff arose out of or related to the agreement itself, and thus were subject to arbitration).  When an arbitration clause is broad, the strong presumption of arbitrability "applies with even greater force." *Id. (quoting Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir. 1991)).

C.    **Defendants' Have Not Waived Their Rights to Arbitrate**

13.    Plaintiffs claim that Defendants have somehow waived their rights to arbitrate because they invoked the jurisdiction of the court is wrong.  Defendants filed an answer subject to a motion to compel arbitration and filed their motion to compel a month thereafter.  Filing and answer does not waive Defendants' rights to arbitrate under the JVA.  *In re Bruce Terminix Co.,* 988 S.W.2d 702, 704 (Tex. 1998).

14.    Plaintiffs maintain that Defendants invoked the jurisdiction of the court by retaining counsel, ignoring requests by Plaintiffs' counsel to "mitigate harms", refusing to engage in settlement discussions, threatening to file liens on a JVA project, refusing to communicate with Plaintiffs' counsel and appropriating joint venture funds.  These claims, although improper and baseless, have nothing to do with invoking the jurisdiction of the court.  Plaintiffs have not and cannot show one instance in which Defendants have invoked the jurisdiction of the Court.

15.    The party opposing arbitration must show that the other party substantially invoked the judicial process.  *Perry Homes v. Cull*, 258 S.W.3d 580, 584 (Tex. 2008).  Defendants do not seek to resolve Plaintiffs' claims in litigation.  Defendants have not taken any specific or deliberate actions that are inconsistent with their rights to arbitrate under the arbitration provision. Defendants simply filed their motion to compel arbitration after they filed their answer subject to arbitration.  Any claims of waiver must fail as a matter of law.

16.    Plaintiffs also allege that Defendants have waived any rights to arbitrate because they refuse to participate in mediation.  This is absolutely false.  Defendants have always been willing to mediate this case.  It is undisputed that Defendants have expressed to Plaintiffs that they do not object to mediation and even agreed to use a specific mediator agreed to by

Plaintiffs.  See Exhibit "A".  Defendants remain willing to mediate this matter.  However, Plaintiffs decided not to mediate, but instead agreed to arbitrate matters under the JVA. Thereafter, Plaintiffs had a change in position and are now seeking to avoid arbitrating the issues subject to the arbitration provision. Any claims that Defendants have refused to mediate are simply wrong and disingenuous.

17.      Moreover, Plaintiffs cannot show any prejudice.  Plaintiffs maintain that they were forced by Defendants to litigate and then later required to arbitrate the same issue. Plaintiffs are misconstruing the facts to this Court.  Plaintiffs filed this lawsuit against Defendants.  Plaintiffs are asking to litigate this matter in court.  Defendants have never forced Plaintiffs to litigate in this courtroom.  Defendants have always wanted to resolve all of Plaintiffs' issues in arbitration.  Plaintiffs' claims of prejudice are without merit.

18.      Also, Plaintiffs' claim that they have a lack of means to pay fees to an arbitrator is without support.  Plaintiffs have not produced or presented any evidence whatsoever that they lack any means "to pay the fees of an arbitrator."  Such allegations are conclusory and unfounded.  The party opposing arbitration has the burden to show that the costs of arbitration would be prohibitively expensive such that the arbitration agreement is unconscionable.  *In re Olshan Found.,* 328 S.W.3d 883, 891-92 (Tex. 2010).  The party opposing arbitration must submit specific evidence showing the likelihood of incurring excessive costs for the particular arbitration. *In re Olshan Found.*, 328 S.W.3d at 895 & n.5.  In this case, Plaintiffs have failed to demonstrate any evidence whatsoever that they the arbitration provision is unconscionable. Plaintiffs have failed to provide any evidence whatsoever that they will incur excessive costs of the arbitration.  Plaintiffs have failed to provide any evidence, invoices, expert testimony, cost estimates or other comparable evidence in violation of Texas law. *Id.* at 895.

19.     By commencing this action, Plaintiffs have ignored their obligation to arbitrate the claims they assert in the Original Petition for Declaratory Judgment.  Plaintiffs' claims and dispute arise out of, have a significant relationship with, and are factually intertwined with, the parties' JVA.  Plaintiffs' claims are subject to binding arbitration.  Plaintiffs are therefore in breach of the arbitration provision contained in the JVA.  Plaintiffs' attempt to avoid their contractual obligation to arbitrate their claims should not be countenanced.  Accordingly, Defendants seek and order from this Court: (i) enforcing the parties' agreement and compelling Plaintiffs to arbitrate their claims; and (ii) staying this action pending completion of the arbitration.

Respectfully submitted,

TYLER & DAS

By:     /s/ Micky Das
Micky N. Das, TBN: 05402300
Tyler & Das
Attorneys At Law
2000 Bering Dr., Suite 401
Houston, Texas 77057
(713) 739-1900
Fax: (713) 739-8347

**ATTORNEYS FOR DEFENDANTS
HASSELL CONSTRUCTION CO., INC. AND
HASSELL MANAGEMENT SERVICES, LLC**

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following by facsimile on the 24th day of January 2014:


_____/s/ Micky Das_____
Micky N. Das

CAUSE NO. 2013-61995

| | | |
|---|---|---|
| R. HASSELL & CO, INC.; | § | IN THE DISTRICT COURT |
| R. HASSELL BUILDERS, INC.; | § | |
| R. HASSELL HOLDING CO., INC; | § | |
| G.R. GROUP RESOURCES, LLP | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| HASSELL CONSTRUCTION CO., INC.; | § | |
| HASSELL MANAGEMENT | § | |
| SERVICES, LLC | § | |
| | § | |
| DEFENDANTS | § | HARRIS COUNTY, TEXAS |

<u>VERIFICATION</u>

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

BEFORE ME, a notary public, on this day personally appeared James Phillip Hassell, representative of both Defendants Hassell Construction Co., Inc. and Hassell Management Services, LLC, known to me to be the person whose name is subscribed below, and being by me first sworn, declared that he has read the filed Motion to Compel Arbitration and Abatement Pending Arbitration, that he has personal knowledge of the facts contained therein and that all factual statements are true and correct.

_____
JAMES PHILLIP HASSELL

1

GIVEN UNDER MY HAND AND SEAL OF OFFICE on the 23rd day of January, 2014.

Notary Public, STATE OF TEXAS

NATALIE ELENA SILVAS
NOTARY PUBLIC
COMMISSION EXPIRES:
03-12-2017

My commission expires: _3-12-17_

2

Unofficial Copy Office of Chris Daniel District Clerk

# EXHIBIT E

**EXHIBIT B**

PROCEEDING BEFORE THE
AMERICAN ARBITRATION ASSOCIATION
In Houston, Texas

| | | |
|---|---|---|
| JAMES C. HASSELL and HASSELL CONSTRUCTION COMPANY, INC. | § § § | |
| Claimant, | § § | |
| vs. | § § | Case No. 01-14-0000-3178 |
| R. HASSELL HOLDING CO., INC, R. HASSELL & COMPANY, INC., R. HASSELL BUILDERS, INC. AND G.R. GROUP RESOURCES LLP, ROYCE J. HASSELL AND SILVIA T. HASSELL | § § § § § § | |
| Respondents. | | |

---

### AFFIDAVIT OF JAMES PHILLIP HASSELL

Before me, the undersigned notary public, on this day personally appeared James Phillip Hassell who, personally known to me to be the person whose name is subscribed to this Affidavit, being by me first duly sworn, stated under oath as follows:

My name is James Phillip Hassell. I am over the age of eighteen (18), of sound mind, and competent to make this Affidavit. I have never been convicted of a crime of moral turpitude. I am the President and a Director of Hassell Construction Company, Inc., a Texas corporation ("HCCI"), and a Director and Member of Hassell Management Services, LLC, a Texas limited liability corporation ("HMS"). I am authorized to make this Affidavit on behalf of HCCI and HMS. HCCI and HMS shall be collectively referred to herein as HCCI.

In January 2012, James C. Hassell, Chief Executive Officer and Chairman of the Board of Directors of HCCI, and I met with Patrick Gaas and Heather Asselin, Directors of the law firm of Coats, Rose, Yale, Ryman & Lee, P.C. ("Coats|Rose") to evaluate various secured transactions and potential defensive strategies related to transaction or matters involving R. Hassell Builders, Inc., R. Hassel & Company, Inc. and Royce and Silvia Hassell. At no time during that meeting or thereafter, have James C. Hassell or I ever requested that Coats|Rose represent, provide advice or any other services for or on behalf of R. Hassell Holding Co., Inc., R. Hassell & Company, Inc. R. Hassell Builders, Inc., G.R. Group Resources, LLP (collectively, the "R. Hassell Entities") Royce J. Hassell, Silvia T. Hassell or any joint venture. At all times during our discussions with Coats|Rose and their subsequent engagement, the R. Hassell Entities, Royce J. Hassell, and Silvia T. Hassell were adverse parties. At no point during our discussions with and engagement of Coats|Rose have James C. Hassell or I disclosed any R. Hassell Entity confidential information to Coats|Rose. Following the initial meeting, we were sent an

engagement agreement.  We signed the engagement agreement and sent a retainer to Coats|Rose, but at that time did not provide Coats|Rose with the information necessary to proceed with any work.  It was not until September 6, 2013, that Coats|Rose was formally engaged by James C. Hassell and HCCI, provided documentation and authorized to perform legal services.

HCCI is a party to Cause No. 2012429; *Hassell Construction Co., Inc. v. Springwoods Realty, Co. et. al,*; In the 333rd Judicial District Court of Harris County, Texas (hereafter, the "Springwoods Litigation"). At no time has Coats|Rose represented or counseled HCCI or any other party with respect to the Springwoods Litigation.

Royce and Silvia Hassell have directly benefited from the joint venture agreement, and numerous requests to HCCI for payment of their personal expenses became a regular course of conduct.  The following is a small sample of such requests: (i) a request for funding by Royce and Silvia Hassell, to pay the notes on their lakehouse which secures the line of credit; (ii) a request for funding by Royce and Silvia Hassell, to pay personal property taxes on their two Buffalo Speedway residences and their ranch; and (iii) a request for funding by Royce and Silvia Hassell, to pay personal real estate maintenance expenses and insurance.

I have personal knowledge of each of the facts set forth in this Affidavit based on my personal involvement in these matters.  Such facts are true and correct.

James P. Hassell

STATE OF TEXAS                       §
                                     §
COUNTY OF HARRIS                     §

SWORN AND SUBSCRIBED to before me on this the ___ day of October, 2014.

Notary Public in and for the State of Texas
My Commission Expires: _____

DEBRA ANNE GARCIA
Notary Public, State of Texas
My Commission Expires 06-03-2017

# EXHIBIT F

05/21/2013 TUE 14:14  FAX                                                      ☑004/009

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

**HASSELL CONSTRUCTION CO., INC.**
12211 DUNCAN ROAD
HOUSTON, TX 77066
(281) 893-2570

VISTA BANK TEXAS
HOUSTON, TX 77040

88-370/1131

CHECK NO.

60984

60984

DATE 2/27/2012        AMOUNT ************2,500.00

THE SUM OF TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ****************************

PAY
TO THE
ORDER
OF

Coats Rose Yale Ryman & Lee PC
3 East Greenway Plaza
Suite 2000
Houston, TX 77046-0307

SECURITY FEATURES INCLUDED. DETAILS ON BACK.

⑈⑈60984⑈  ⑆⑈⑈⑈⑈⑈⑈⑈  029⑈785⑈

**HASSELL CONSTRUCTION CO., INC.**                                              60984

ats Rose Yale Ryman & Lee PC
ast Greenway Plaza
e 2000
ston, TX 77046-0307

Check: 60984
Date: 2/27/2012
Vendor: 2956

| Invoice<br>Date | P.O. Num. | Invoice Amt | Prior<br>Balance | Retention | Discount | Amt. Paid |
|---|---|---|---|---|---|---|
| 2/27/2012<br>Retainer for Services | | 2,500.00 | 2,500.00 | 0.00 | 0.00 | 2,500.00 |
| | | 2,500.00 | 2,500.00 | 0.00 | 0.00 | 2,500.00 |

# AGREEMENT FOR HOURLY FEE REPRESENTATION
# BY COATS, ROSE, YALE, RYMAN AND LEE, P.C.
# WITH MANDATORY ARBITRATION

The purpose of this agreement, when executed by both of us as indicated below, will constitute a formal contract between you, Hassel Construction Company, Inc. (variously referred to as "client," "you" or "your"), and us; this agreement will help ensure that we both understand the scope of work to be performed and the duties and responsibility of each of us.

1.     The specific matter or matters you desire us to address is evaluation of various secured transactions and potential defensive strategies related to transactions or matters involving R Hassell Builders, R Hassell Company and Royce and Sylvia Hassell.

2.     It is envisioned that various attorneys in our firm may provide services in connection with this engagement.

3.     In consideration of services to be performed, you agree to pay on an hourly basis for the services rendered by us, and in some cases, our staff. Our fees are based upon the time expended at the following hourly rates, currently as follows:

| | |
|---|---|
| Principals: | $300-600 per hour |
| Associates: | $150-295 per hour |
| Paralegals: | $ 75- 95 per hour |
| Other Staff: | $ 35- 50 per hour, when applicable |

4.     You agree to pay itemized expenses and costs, including the following: photocopying, postage, local telephone calls, telecopy charges, and routine courier fees. For other than these nominal expenses (travel, third party expenses, etc.), we will obtain your advance approval first, unless circumstances prevent us from doing so without prejudice to your legal rights.

5.     Additionally, you will also billed for Westlaw charges, if that services is used on your behalf during the pendency of this matter. Coats | Rose has a flat fee subscription to Westlaw, which includes many but not all of the frequently used legal research databases. Each month the firm is billed at Westlaw's standard rate for charges that are outside of its subscription. Those standard rate charges are passed on to you, if they are incurred on your behalf. Charges for the use of databases which are included in the Westlaw package are charged or coded as a "special pricing charge." This charge is calculated on a pro-rata basis based on the contract rate between Coats | Rose and Westlaw and is lower than Westlaw's standard rate. Research performed in databases that are within Coats | Rose's package with Westlaw will be charged to you at the discounted rate on a pro rata basis. You will only be charged when Westlaw research is actually performed on your behalf and for the time spent and databases used.

6.     Fees or expenses which have been billed and outstanding for more than 30 days, all outstanding balances will begin to accrue interest at a per annum rate of 12%. We cannot state for certain the total amount of fees and expenses which will accrue in this matter.

1688174.1/000001.000387

7.     When provided, our periodic (twice-monthly or monthly) statements describe the work accomplished during the prior billing period.  Our invoices include a detailed account of all non-nominal expenses incurred.  You agree to pay our statements in full, on receipt, unless otherwise waived or modified in writing between us.  Your payment of fees and expenses is not contingent upon the results obtained in the final disposition of the matter for which we have been engaged.

8.     To secure payment of the fees and costs incurred on behalf of the Client, the Firm requests payment of an initial retainer of Two Thousand, Five Hundred Dollars and No/100 Dollars ($2,500.00) at the time this agreement is executed ("Retainer").  This amount shall remain in trust to be billed against the final invoice.  If the engagement terminates while a positive balance remains in the Retainer account, such balance shall be remitted to the Client.  If the balance of the Retainer is insufficient to cover the outstanding invoices, the Client shall remain responsible for the balance owed on such invoices after any draw against the Retainer.

9.     If the funds you deposit under the preceding paragraph become depleted, we will not be required to perform any additional services on your behalf and we may, at our option, immediately withdraw from our representation of you (or as soon as possible without causing undue prejudice to you).  The balance of the funds you keep on deposit with us must always be equal to or greater than the amount we agree on at the commencement of our engagement.

10.    **Arbitration and waiver of trial by jury.**  We do not anticipate a dispute over our representation or related fees and expenses.  However, if a dispute should arise, all claims, disputes, controversies, differences or other matters in question arising out of our relationship to each other in the matters stated in the first numbered paragraph of this Agreement (the claims) and all other matters on which we and any of our attorneys and other employees have ever provided any type of legal services at any time, now or in the future, whether or not those matters are encompassed within the first numbered paragraph of this document—(including, but not limited to compensation for services rendered by the Firm) shall be settled finally, completely and conclusively by arbitration, and not by trial by jury, in Houston, Harris County, Texas, in accordance with the Federal Arbitration Act and the Rules of the American Arbitration Association (the "Rules"), by one arbitrator chosen in accordance with the Rules.  Arbitration shall be initiated by written demand and the party seeking arbitration.  This Agreement to arbitrate shall be specifically enforceable only in the District Court of Harris County, Texas.  Both parties expressly agree that by agreeing to arbitrate, they will not submit any dispute they may have to a lawsuit or trial by jury.  A decision of the arbitrator shall be final, conclusive and binding on the Firm and you, and judgment may be entered thereon in the District Court of Harris County, Texas, to enforce such decision and the benefits thereof.  If Counsel is required to seek the enforcement of this agreement or this particular paragraph, Counsel shall be entitled to recover its reasonable and necessary attorneys' fees and costs from Client.

11.    No claim (whether in contract, tort or otherwise) shall be brought by either party to this agreement, against any other party to this agreement (including all employees of Coats, Rose, Yale, Ryman & Lee P.C.) more than 25 months after such claim shall have accrued.

12.    You may terminate our representation of you at any time for any reason or no reason at all.  If you notify us in writing of your desire to terminate our services, we will stop

work immediately (or as you may instruct), and you will be responsible for paying us only for services already performed until the time the termination is effective.

13.     You agree that we may withdraw from representing you in the matters governed by this Agreement if at anytime you fail to timely pay for services rendered and/or expenses incurred and/or advanced, or for any reason authorized by the Texas Disciplinary Rules of Professional Responsibility. In the event of withdrawal from employment, the Firm will take reasonable steps to avoid foreseeable prejudice to your rights, including giving due notice, allowing time for employment of other counsel, delivering to you all papers and property to which you are entitled, and complying with applicable laws.

14.     You acknowledge that we cannot and do not guarantee the outcome of any litigation, business transaction or negotiated settlement.

15.     This Agreement embodies the only agreement between us and there are no other oral or written contemporaneous agreements that modify, diminish, or expand the terms and conditions contained within this document. This Agreement is governed by Texas law. This agreement may be supplemented or modified only if done in writing and only if such writing is signed by both of us.

16.     Our receipt of your signed copy of this Agreement with the above stated fee deposit, followed by our signing of it, will be the date our relationship becomes effective.

ACCEPTED and AGREED to this **24** day of **FEBRUARY**, 2012.

**CLIENT:**                                        **COUNSEL:**
**HASSELL CONSTRUCTION COMPANY, INC.**              **COATS, ROSE, YALE, RYMAN & LEE, P.C.**

By: _____                          By: _____
Its: PRESIDENT                                      Its: _____
Date: 2-24-2012                                     Date: _____

1688174.1/000001.000387

## Client Information Sheet
*Attachment to Fee Agreement*

Name    James P. Hassen

1088024 7                         /    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
Texas Driver's License Number              Social Security Number

_____ / _____

Home Street Address                Business Street Address

25206 Hufsmith Cemetery Rd    1221 Duncan

Tomball TK 77375          /   Houston, TX 77066
(City, State & Zip)                (City, State & Zip)

Home Phone: (281) 357-5965    / Office Phone: (281) 893-2570

Personal Mobile Phone: (713) 882-9933

Personal Page: (   )

Personal Fax: (   )

Personal Email Address: (1)
                        (2)            BUSINESS E-MAIL
                        (3)            JPHASSELL @ HASSEL
                                       CONSTRUCTION.COM

(Signature)

2-24-2012
(Date)

## IMPORTANT MEMO CONCERNING E-MAIL

Internet E-mail transmissions, although protected by law, can be intercepted by technically sophisticated third parties. Although E-mail can be encrypted, (provided we both use the same software for that purpose), there are no guarantees of security even then. We are therefore offering various options regarding the use of E-mail communication. Please select the options you choose from the following:

[Initial One]

[      ] 1. Do not communicate with me via E-mail.

[      ] 2. Send only non-sensitive matters via E-mail.

[  X  ] 3. You may communicate with me regarding any matters via E-mail.

Please sign here: By:

Title:  PRESIDENT

Name of Company:  HASSELL CONSTRUCTION CO., INC.

Date signed:  2-24-2012

# EXHIBIT G

| From: | Shawn Potts [spotts@hassellconstruction.com] |
|---|---|
| Sent: | Thursday, June 28, 2012 11:46 AM |
| To: | jphassell@hassellconstruction.com |
| Subject: | Re: Coats and Rose |

| Tracking: | Recipient | Read |
|---|---|---|
| | jphassell@hassellconstruction.com | Read: 6/28/2012 11:53 AM |

Phil,

The items that Steve wanted us to address with C&R were as follows:

- What is the time frame for seizure of property
- What is our position if they file for bankruptcy
- Both the 10191 Valley View Drive and 5302 Maple are listed with Homestead Exemptions
  Maple is in Harris County and is where they reside – Valley View is in Montgomery Cnty and is secondary property
- Will C&R write a letter stating our position in regards to the liens for MLR to include in our year end audit?
- What would be our position in regards to the claim on Springwoods.

I will be sending you the Properties as they are shown with the Harris County and Montgomery County Appraisal Districts in a subsequent email.

## Shawn Potts

Hassell Construction Co., Inc
12211 Duncan Rd.
Houston, TX 77066
281-893-2570

1

HCCI Parties 042378

# EXHIBIT H

FILED
Chris Daniel
District Clerk

NOV 17 2014

Harris County, Texas
By _____
Deputy

CAUSE NO. 2013-61995                         Time: _____

R. HASSELL & CO., INC.;                 §
R. HASSELL BUILDERS, INC.;              §        IN THE DISTRICT COURT OF
R. HASSELL HOLDINGS CO., INC.;          §
and G.R. GROUP RESOURCES, LLP           §
        Plaintiffs,                     §
                                        §
                                        §        HARRIS COUNTY, TEXAS
vs.                                     §
                                        §
HASSELL CONSTRUCTION CO., INC.;         §
and HASSELL MANAGEMENT                   §
SERVICES, LLC                           §
        Defendants.                     §        125TH JUDICIAL DISTRICT

## ORDER GRANTING DEFENDANTS'/THIRD-PARTY DEFENDANTS' MOTION TO CONSOLIDTE

ON THE DATE SET FORTH BELOW, came on to be heard, Defendants/Third-Party Defendants Hassell Construction Co., Inc. and Hassell Management Services, LLC's ("Defendants") Motion to Consolidate ("Motion"). The Court, after having considered the Motion, all pleadings, all exhibits, responses and argument of counsel is of the opinion that the Motion is with merit and should, in all things, be GRANTED. It is, therefore,

ORDERED that: (1) Cause No. 2014-27280, *Royce Hassell and Silvia Hassell v. James C. Hassell and Shawn Hassell Potts*, in the 157th Judicial District Court of Harris County, Texas; (2) Cause No. 2014-36326, *Royce J. Hassell and Silvia T. Hassell v. James C. Hassell and Hassell Contruction Company, Inc.*, in the 125th Judicial District Court of Harris County, Texas; and (3) Cause No. 2014-00928, with regard to the claims filed by the Third-Party Plaintiffs Royce James Hassell and Sylvia Todeschini Hassell against Third-Party Defendants Shawn Hassell Potts, individually and as trustee, and James C. Hassell, individually in *Ali Reza Motzmedi v. Royce James Hassell, et al.*, in the 125th Judicial District Court of Harris County, Texas shall be

1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

consolidated for all purposes with the above-styled matter (Cause No. 2013-619950, *R. Hassell & Co., Inc., et al v. Hassell Construction Co., Inc., et al*, in the 125th Judicial District Court of Harris County, Texas).   It is, further

ORDERED that the Court's previous Order of March 3, 2014 (Exhibit "A") is lifted for purposes of the pending Motion and for enforcement.   It is, further

ORDERED that all previous Orders entered by this Court in Cause No. 2013-61995, *R. Hassell & Co., Inc., et al v. Hassell Construction Co., Inc., et al*, in the 125th Judicial District Court of Harris County, Texas shall apply to the consolidated matters.

SIGNED this ___17___ day of ___November___, 2014.

_____
JUDGE PRESIDING

2

**FILED**
Chris Daniel
District Clerk

MAR 0 3 2014

Time: _____
Harris County, Texas
By _____
Deputy

CAUSE NO. 2013-61995

R. HASSELL & CO, INC.; §
R. HASSELL BUILDERS, INC.; §
R. HASSELL HOLDING CO., INC; §
G.R. GROUP RESOURCES, LLP §
§
PLAINTIFFS, §
§
VS. §
§
HASSELL CONSTRUCTION CO., INC.; §
HASSELL MANAGEMENT §
SERVICES, LLC §
§
DEFENDANTS §

IN THE DISTRICT COURT

*p2*
*ARBIX*
*PABAX*

125TH JUDICIAL DISTRICT

HARRIS COUNTY, TEXAS

## ORDER

On this the _____ day of _____, 2013, came to be heard DefendantsHassel Construction Co., Inc. and Hassell Management Services, LLC's ("Defendants")Motion to Compel Arbitration and Abatement Pending Arbitration against R. Hassell & Co, Inc., R. Hassell Builders, Inc., R. Hassell Holding Co., Inc., and G.R. Group Resources, LLP ("Plaintiffs"), and the Court having considered the motion and being of the opinion that the motion is in all things proper, it is hereby

ORDERED that Defendants' Motion to Compel Arbitration and Abatement Pending Arbitration is granted; it is further

ORDERED that this matter is referred to arbitration in accordance with the arbitration agreement executed between Plaintiffs and Defendants; it is further

ORDERED that any and all claims and causes of action asserted by Plaintiffs against Defendants in the referenced lawsuit are abated until the arbitration award is rendered; it is further

1

ORDERED that Plaintiffs shall commence arbitration proceedings with the American Arbitration Association pursuant to the arbitration agreement within 60 days from the entry of this Order.  Upon notice by any party that such arbitration has not been commenced within said period, this Court shall dismiss this case without prejudice and all costs shall be taxed against Plaintiffs.

SIGNED on this the ___3___ day of ___March___, 2013.

_____
JUDGE PRESIDING

2

CAUSE NO. <u>2013-61995</u>

| | | |
|---|---|---|
| R. HASSELL & CO., INC., ET AL. | § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HASSELL CONSTRUCTION | § | |
| COMPANY, INC., et al. | § | |
| *Defendants*. | § | 125th JUDICIAL DISTRICT |

**NOTICE OF FILING OF NOTICE OF REMOVAL OF PROCEEDINGS TO
THE BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS –
HOUSTON DIVISION**

PLEASE TAKE NOTICE that Hassell Construction Company, Inc., James C. Hassell, and Hassell Management Services, L.L.C., and Intervenors, Phillip Hassell, Shawn Hassell, Jason Hassell and Michael Hassell, individually and as Trustee of the James C. Hassell Intervivos Trust, collectively "Removing Parties", have filed a Notice of Removal of this case to the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Adversary Proceeding No. 18-03042.  Therefore, this Court no longer has jurisdiction of this case and no further proceedings may be had without order of the United States Bankruptcy Court.  A true and correct copy of the Notice of Removal is attached hereto.

Respectfully submitted,

**RENTEA & ASSOCIATES**

<u>/s/ Bogdan Rentea</u>
Bogdan Rentea
State Bar No. 16781000
700 Lavaca, Suite 1400
Austin, Texas  78701
Tel: (512) 472-6291
Fax: (512) 472-6278
brentea@rentealaw.com
ATTORNEYS FOR REMOVING
PARTIES

1

## <u>CERTIFICATE OF SERVICE</u>

By my signature above, I hereby certify that on this 8th day of March, 2018, all counsel of record were e-served with a copy of the foregoing via the Court's e-filing system.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE # 18-31189 |
| HASSELL 2012 JOINT VENTURE | § | |
| | § | CHAPTER 7 |
| ALLEGED DEBTOR | § | |
| | § | |

| | | |
|---|---|---|
| R. HASSELL & CO., INC., et al., | § | |
| | § | |
| PLAINTIFFS | § | |
| V. | § | ADVERSARY NO. |
| | § | |
| HASSELL CONSTRUCTION CO., INC., et al., | § | |
| | § | |
| | § | |
| DEFENDANTS | § | |

## NOTICE OF REMOVAL

TO THE HON. MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Defendants Hassell Construction Co., Inc. ("HCCI"), Hassell Management Services,

L.L.C., and James C. Hassell, (together "Removing Parties")[1] file this Notice of Removal under

28 U.S.C. § 1452, Rule 9027, Federal Rules of Bankruptcy Procedure, Rule 9027-1 of the Local

Rules for the United States Bankruptcy Court for the Southern District of Texas and General

Order 2012-6 of the United States District Court for the Southern District of Texas referring

bankruptcy related matters to this Court, and would respectfully show the Court as follows:

1.     HCCI filed an involuntary petition under Chapter 7 of the United States

Bankruptcy Code in case number 18-31189 (the "Bankruptcy Case") in the United States

Bankruptcy Court for the Southern District of Texas, Houston Division, on March 8, 2018.  The

---

[1] The Removing Parties also include the Intervenors, Trustee of the James C. Hassell Intervivos Trust, Phillip Hassell, Michael Hassell, Jason Hassell and Shawn Hassell.

1

Bankruptcy Case is still open.

2.      Prior to the filing of this bankruptcy case, an action was commenced by R. Hassell & Co., Inc., et al. against Hassell Construction Co., Inc., et al. in the District Court of Harris County, Texas, 125th Judicial District (the "State Court"), bearing Cause No. 2013-61995 and entitled *R. Hassell & Co., Inc., et al. v. Hassell Construction Co., Inc., et al.* (the "State Court Action").[2]  The State Court Action was referred to arbitration by the American Arbitration Association, ("AAA") True and correct copies of the State Court's docket sheet, since the issuance of an arbitration Award by the AAA,   and of the live pleadings on file with the Clerk in the State Court Action, since the issuance of the arbitration Award, are attached hereto and identified in Exhibit B, attached hereto.

3.      In the State Court Action, R. Hassell & Co., et al. filed an Application to Confirm an Arbitration Award and the Removing Parties filed an Application to Vacate/Modify/Correct the Arbitration Award, and a Supplement thereto. The Intervenors joined in the Application to vacate/Modify/Correct and the Supplement thereto.

4.      The State Court Action is a civil action (other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce its police or regulatory power) of which this Court has jurisdiction under the provisions of 28 U.S.C. § 1334(b).

5.      The causes of action of Plaintiffs against Defendants in the State Court Action, as amended and/or supplemented in the arbitration proceeding, are property of Debtor's bankruptcy estate under 11 U.S.C. § 541 and therefore this Court has exclusive jurisdiction of such causes of action under 28 U.S.C. § 1334(e)(1).

6.      Upon removal, the action is a core proceeding under 28 U.S.C. § 157(b)(2),

---

[2] The State Court Action is a consolidated action consisting of the once separate actions shown on **Exhibit A,** attached hereto, which is a true and correct copy of the Consolidation order.

including without limitation subsections (A), (B) and (O). Alternatively, this action is related to the Bankruptcy Case. If the Court determines that this is a non-core proceeding or a "*Stern*" claim, the Removing Parties consent to the entry of final orders or judgments by the bankruptcy judge.

7. This action may be removed to this Court pursuant to 28 U.S.C. § 1452(a), Rule 9027 of the Federal Rules of Bankruptcy Procedure, Rule 9027-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas and General Order 2012-6 of the United States District Court for the Southern District of Texas referring bankruptcy related matters to this Court.

8. This Notice of removal is filed within thirty days after the filing of the Original Petition as required by Rule 9027, Federal Rules of Bankruptcy Procedure.

9. Pursuant to Rule 9027-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas, HCCI is filing a copy of this Notice with the Clerk in the State Court Action and serving copies of this Notice upon the Defendants' attorneys. The attached service list contains a list of all parties and counsel to the removed proceeding.

WHEREFORE, PREMISES CONSIDERED, HCCI and the other removing parties pray that the Court and parties take notice that the State Court Action has been removed to this Court, and that the Court grant the moving parties such other and further relief to which they may be justly entitled.

Respectfully submitted,

RENTEA & ASSOCIATES

/s/ Bogdan Rentea
Bogdan Rentea
State Bar No. 16781000
700 Lavaca, Suite 1400

3

Austin, Texas 78701
Tel: (512) 472-6291
Fax: (512) 472-6278
brentea@rentealaw.com

HAJJAR PETERS LLP

/s/ *Ron Satija*
Ron Satija
State Bar No. 24039158
Hajjar Peters LLP
3144 Bee Caves Rd
Austin, TX 78746
Tel:  (512) 637-4956
Fax: (512) 637-4958
rsatija@legalstrategy.com
ATTORNEYS FOR REMOVING PARTIES

## LIST OF PARTIES AND CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served without exhibits as indicated below on March 8, 2018, upon the below-named parties. Exhibits are available by contacting counsel at the above e-mail address.

Defendants/Removing Parties (Served on counsel by permission)

Hassell Construction Co., Inc.                          Hassell Management Services, L.L.C.

James C. Hassell
c/o Bogdan Rentea
700 Lavaca, Suite 1400
Austin, Texas 78701

Intervenors

Michael Hassell, Trustee                          James Phillip Hassell
James C. Hassell Inter-vivos Trust

Jason Hassell                          Shawn Potts
Michael Hassell

c/o Bogdan Rentea
700 Lavaca, Suite 1400
Austin, Texas 78701

<u>Defendants'/Removing Parties/Intervenor's Counsel (by e-mail by permission)</u>

Bogdan Rentea
700 Lavaca, Suite 1400
Austin, Texas 78701

<u>Plaintiffs (by Mail)</u>

R. Hassell Holding Co., Inc.                     R. Hassell & Co., Inc.
c/o Royce J. Hassell, Registered Agent           c/o Royce J. Hassell, Registered Agent
12512 Cutten Road, Suite A                       12512 Cutten Road, Suite A
Houston, TX 77066                                Houston, TX 77066 USA


<u>Plaintiffs' Counsel (by Fax to: 713-223-3717)</u>

Derrick Carson
Locke Lord LLP
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002

                                      */s/Ron Satija*
                                      Ron Satija

**FILED**
Chris Daniel
District Clerk

**NOV 17 2014**

Time:_____
Harris County, Texas
By_____
Deputy

CAUSE NO. 2013-61995

R. HASSELL & CO., INC.;           §     IN THE DISTRICT COURT OF
R. HASSELL BUILDERS, INC.;        §
R. HASSELL HOLDINGS CO., INC.;    §
and G.R. GROUP RESOURCES, LLP     §
    Plaintiffs,                    §
                                  §
                                  §     HARRIS COUNTY, TEXAS
vs.                               §
                                  §
HASSELL CONSTRUCTION CO., INC.;   §
and HASSELL MANAGEMENT            §
SERVICES, LLC                     §
    Defendants.                    §     125TH JUDICIAL DISTRICT

## ORDER GRANTING DEFENDANTS'/THIRD-PARTY
## DEFENDANTS' MOTION TO CONSOLIDTE

ON THE DATE SET FORTH BELOW, came on to be heard, Defendants/Third-Party

Defendants Hassell Construction Co., Inc. and Hassell Management Services, LLC's

("Defendants") Motion to Consolidate ("Motion"). The Court, after having considered the

Motion, all pleadings, all exhibits, responses and argument of counsel is of the opinion that the

Motion is with merit and should, in all things, be GRANTED. It is, therefore,

ORDERED that: (1) Cause No. 2014-27280, *Royce Hassell and Silvia Hassell v. James C.*

*Hassell and Shawn Hassell Potts*, in the 157th Judicial District Court of Harris County, Texas;

(2) Cause No. 2014-36326, *Royce J. Hassell and Silvia T. Hassell v. James C. Hassell and Hassell*

*Contruction Company, Inc.*, in the 125th Judicial District Court of Harris County, Texas; and (3)

Cause No. 2014-00928, with regard to the claims filed by the Third-Party Plaintiffs Royce James

Hassell and Sylvia Todeschini Hassell against Third-Party Defendants Shawn Hassell Potts,

individually and as trustee, and James C. Hassell, individually in *Ali Reza Motzmedi v. Royce*

*James Hassell, et al.*, in the 125th Judicial District Court of Harris County, Texas shall be

1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Exhibit
A

consolidated for all purposes with the above-styled matter (Cause No. 2013-619950, *R. Hassell & Co., Inc., et al v. Hassell Construction Co., Inc., et al*, in the 125th Judicial District Court of Harris County, Texas). It is, further

ORDERED that the Court's previous Order of March 3, 2014 (Exhibit "A") is lifted for purposes of the pending Motion and for enforcement. It is, further

ORDERED that all previous Orders entered by this Court in Cause No. 2013-61995, *R. Hassell & Co., Inc., et al v. Hassell Construction Co., Inc., et al*, in the 125th Judicial District Court of Harris County, Texas shall apply to the consolidated matters.

SIGNED this 17 day of November, 2014.

JUDGE PRESIDING

2

**FILED**
**Chris Daniel**
**District Clerk**

MAR 0 3 2014

Time:_____
Harris County, Texas

By_____
Deputy

CAUSE NO. 2013-61995

R. HASSELL & CO, INC.; §
R. HASSELL BUILDERS, INC.; §
R. HASSELL HOLDING CO., INC; §
G.R. GROUP RESOURCES, LLP §
§
PLAINTIFFS, §
§
VS. §
§
HASSELL CONSTRUCTION CO., INC.; §
HASSELL MANAGEMENT §
SERVICES, LLC §
§
DEFENDANTS §

IN THE DISTRICT COURT

125TH JUDICIAL DISTRICT

HARRIS COUNTY, TEXAS

*p2*
*ARBIX*
*PABAX*

## ORDER

On this the _____ day of _____, 2013, came to be heard DefendantsHassel Construction Co., Inc. and Hassell Management Services, LLC's ("Defendants")Motion to Compel Arbitration and Abatement Pending Arbitration against R. Hassell & Co, Inc., R. Hassell Builders, Inc., R. Hassell Holding Co., Inc., and G.R. Group Resources, LLP ("Plaintiffs"), and the Court having considered the motion and being of the opinion that the motion is in all things proper, it is hereby

ORDERED that Defendants' Motion to Compel Arbitration and Abatement Pending Arbitration is granted; it is further

ORDERED that this matter is referred to arbitration in accordance with the arbitration agreement executed between Plaintiffs and Defendants; it is further

ORDERED that any and all claims and causes of action asserted by Plaintiffs against Defendants in the referenced lawsuit are abated until the arbitration award is rendered; it is further

1

ORDERED that Plaintiffs shall commence arbitration proceedings with the American Arbitration Association pursuant to the arbitration agreement within 60 days from the entry of this Order. Upon notice by any party that such arbitration has not been commenced within said period, this Court shall dismiss this case without prejudice and all costs shall be taxed against Plaintiffs.

SIGNED on this the ___3___ day of ___March___, 2014.

JUDGE PRESIDING

2

CAUSE NO. __2013-61995__

| R. HASSELL & CO., INC., et al, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HASSELL CONSTRUCTION | § | |
| COMPANY, INC., et al | § | |
| *Defendants* | § | 125th JUDICIAL DISTRICT |

### INDEX TO LIVE PLEADINGS ON FILE
### WITH HARRIS COUNTY DISTRICT CLERK

| No | Date Filed | Description |
|----|-----------|-------------|
| B-1 | January 31, 2018 | Proposed Final Judgment Confirming Arbitration Award |
| B-2 | January 31, 2018 | Notice of Hearing |
| B-3 | January 31, 2018 | Motion to Lift Abatement and Application to Confirm Arbitration Award with Exhibits A through E |
| B-4 | February 1, 2018 | Amended Notice of Hearing |
| B-5 | February 1, 2018 | Relators Motion to Reinstate Case and to Voluntarily Dismiss Petition for Writ of Mandamus with Exhibit A |
| B-6 | February 1, 2018 | Relators Motion to Reinstate Case and to Voluntarily Dismiss Petition for Writ of Mandamus (2) with Exhibit A |
| B-7 | February 2, 2018 | Amended Notice of Oral Hearing |
| B-8 | February 5, 2018 | Returned Mail Undeliverable |
| B-9 | February 5, 2018 | Plea in Intervention |
| B-10 | February 7, 2018 | Application to Vacate, Modify or Correct An Arbitration Award and Opposition to Plaintiffs' Motion to Confirm the Award with Exhibits A through N |
| B-11 | February 8, 2018 | Proposed Order Granting Defendants' Motion for Continuance |
| B-12 | February 8, 2018 | Motion to Seal Records Under Rule 76a of TRCP and Request for Hearing |

**Exhibit B**

| B-13 | February 8, 2018 | Motion for Continuance |
| B-14 | February 14, 2018 | Amended Notice of Oral Hearing |
| B-15 | February 14, 2018 | Notice of Hearing |
| B-16 | February 14, 2018 | Amended Notice of Hearing |
| B-17 | February 16, 2018 | Return Notice of Activity |
| B-18 | February 16, 2018 | Affidavit of Public Posting |
| B-19 | February 16, 2018 | Amended Public Notice Pursuant to Rule 76a Tex. R. Civ. Proc. |
| B-20 | February 16, 2018 | Verification |
| B-21 | February 22, 2018 | Court of Appeals Memorandum |
| B-22 | February 22, 2018 | First Court of Appeals Notice of Opinion |
| B-23 | February 23, 2018 | Declaration of Phillip Hassell |
| B-24 | February 27, 2018 | Proposed Order Granting Motion to Stike Plea In Intervention |
| B-25 | February 27, 2018 | Plaintiffs Motion to Strike Plea in Intervention with Exhibits A through D |
| B-26 | February 27, 2018 | Notice of Hearing |
| B-27 | February 27, 2018 | Proposed Rule 76a Order |
| B-28 | March 2, 2018 | Rule 76a Order Sealing Documents |
| B-29 | March 2, 2018 | First Supplement to Application to Vacate, Modify or Correct an Arbitration Award and Opposition to Plaintiffs' Motion to Confirm the Award with Exhibit O |
| B-30 | March 7, 2018 | The RH Parties' Response to the Application and Supplement to The Application to Vacate, Modify, or Correct Arbitration Award and Request for Fees with Exhibits 1 through 20 |
| B-31 | March 8, 2018 | Intervenors' Response to the Motion to Strike Their Plea in Intervention with Exhibits A through G |

2016- 87708

P-2"



2016 -87708

CHRIS DANIEL
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651

07-05-18

RETURN
SERVICE
REQUESTED

neopost
07/05/2018
US POSTAGE $000.37⁸

FIRST-CLASS MAIL
AUTO
ZIP 77054
041M11225127¹

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS

18 JUL -9 AM

07-09-18

RETURN TO SENDER
HASSELL 775 NFE 1141181000070667182
12887 HAYNES RD BLDG C
HOUSTON TX 77066-1123
RETURN TO SENDER

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



# CHRIS DANIEL

### District Clerk
### Houston, Texas   77002


SILVIA T HASSELL
12512 CUTTEN ROAD SUITE A
HOUSTON TX 77066


CASE 201687708 CRT 61 BE ADVISED ON 06/28/2018 THE FOLLOWING ACTIVITY OCCURRED.
HASSELL CONSTRUCTION COMPANY INC          VS.  HASSELL, ROYCE
ORDER TRANSFERRING CASE TO          ANOTHER DISTRICT COURT SIGNED

CASE 201687708 CRT 61 BE ADVISED ON 06/28/2018 THE FOLLOWING ACTIVITY OCCURRED.
HASSELL CONSTRUCTION COMPANY INC          VS.  HASSELL, ROYCE
TRANSFERRED TO ANOTHER HARRIS          COUNTY DISTRICT COURT

CASE 201687708 CRT 61 BE ADVISED ON 06/28/2018 THE FOLLOWING ACTIVITY OCCURRED.
HASSELL CONSTRUCTION COMPANY INC          VS.  HASSELL, ROYCE
TRANSFERRED TO HARRIS COUNTY          DISTRICT COURT

7/18/2018 4:14 PM
Chris Daniel - District Clerk Harris County
Envelope No. 26089077
By: Bonnie Lugo
Filed: 7/18/2018 4:14 PM

Cause No.  2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, | § | IN THE DISTRICT COURT OF |
| INC., | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § |  61ST  JUDICIAL DISTRICT |

## **MOTION FOR FEES UNDER SECTION 27.009 OF THE T.C.P.R.C.**

NOW COME PHILLIP HASSELL, MICHAEL HASSELL, individually and as Trustee of the James C. Hassell Irrevocable Trust, JASON HASSELL and SHAWN HASSELL POTTS ("Claimants"), and, in support of their motion, show as follows:

1.      Royce Hassell ("RH") filed an anti-SLAPP motion against Claimants on May 21, 2018.  A hearing thereon was held on June 15, 2018.  Pursuant to section 27.008(a) of the T.C.P.R.C., the motion was denied by operation of law on July 15, 2018. (RH is in agreement with the deadline for a ruling by the Court, as stated in his letter to the Court dated July 4, 2018.)

2.      Claimants contend that the anti-SLAPP motion was frivolous, or solely intended for delay[1], will so demonstrate that fact at the hearing on this matter, and now seek their reasonable attorney fees as allowed by section 27.009(b) of the T.C.P.R.C.

3.      Therefore, the Claimants bring this motion and ask the Court to determine, after hearing, whether the anti-SLAPP motion filed by RH was frivolous or solely for delay, and then determine the reasonable attorney fees which should be awarded to Claimants and against RH.

WHEREFORE, PREMISES CONSIDERED, the Claimants seek the relief described herein, and seek such other and further relief to which they may show themselves justly entitled.

---

[1] By way of illustration, and not limitation, the anti-SLAPP motion was filed only days after the Claimants' complained about the discovery responses served by RH and the prospect of having to defend a motion to compel; further, the anti-SLAPP motion was so convoluted, and unnecessarily voluminous, that the Honorable District Judge, Michael Landrum, ordered RH to "cut it down to size".

Respectfully Submitted,

**RENTEA & ASSOCIATES**
700 Lavaca, Suite 1400-2678
Austin, Texas  78701
(512) 472-6291
(512) 472-6278 Facsimile
brentea@rentealaw.com


By: */s/ Bogdan Rentea*
      Bogdan Rentea
      State Bar No. 16781000
ATTORNEY FOR CLAIMANTS


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of July, 2018, a true and correct copy of the foregoing *Motion for Fees Under Section 27.009 of the TCPRC* was served on all opposing parties through their counsel of record via the Court's e-filing system and via email.


*/s/ Bogdan Rentea*
Bogdan Rentea

7/20/2018 3:03 PM
Chris Daniel - District Clerk Harris County
Envelope No. 26152657
By: TERESA KIRBY
Filed: 7/20/2018 3:03 PM

Cause No. _2016-87708_

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § | _61ST_ JUDICIAL DISTRICT |

## MOTION TO COMPEL DISCOVERY RESPONSES

NOW COME Movants, Hassell Construction Company, Inc. ("HCCI") and MICHAEL HASSELL ("MH"), and, in support of their motion, show as follows:

1.     HCCI received a response to its discovery requests on May 23, 2017.  See **Exhibit A.**

2.     HCCI attempted to confer with opposing counsel, however has received no substantive written response as of the date of filing this motion.  See **Exhibits B and D.**

3.     MH received a response to his discovery request on May 16, 2018.  See **Exhibit C.**

4.     MH attempted to confer with opposing counsel, however has not received a substantive written response as of the date of filing of this motion.  See **Exhibit D.**

5.     The most glaring deficiencies in the discovery responses are set out in Exhibits B and D. For the reasons stated therein, and as will be further shown at the hearing on this matter, all objections should be overruled.

6.     Additionally, as allowed and provided by Rule 193.4 of the T.R.C.P., the objections are hereby set for hearing, which now requires the responding parties to support the objections and/or privileges asserted.

7.     The movants request that the Court overrule the objections, order full answers to each request, as well as the production of the requested documents.

8.     The movants also request that they be provided with the required privilege log(s) in a form that will allow this Court, as well as counsel for movants, the opportunity to decide if the

assertion of the privileges should be permitted.  As currently presented, the privilege log(s) are wholly inadequate, as they are conclusory in nature, and provide no detail whatsoever.

9.      Movants also request that the Court determine whether sanctions are appropriate, given the nature of the objections asserted and the failure to cooperate in resolving the matter without court intervention.

10.     As shown above, and in Exhibits B and D, the undersigned has attempted, in good faith, to resolve this discovery dispute, but opposing counsel have failed to cooperate.

WHEREFORE, PREMISES CONSIDERED, the movants herein request that they be granted the relief sought, as well as such other and further relief to which they may show themselves justly entitled.

Respectfully Submitted,

**RENTEA & ASSOCIATES**
700 Lavaca, Suite 1400-2678
Austin, Texas  78701
(512) 472-6291
(512) 472-6278 Facsimile
brentea@rentealaw.com


By: */s/ Bogdan Rentea*
    Bogdan Rentea
    State Bar No. 16781000
ATTORNEY FOR MOVANTS


## CERTIFICATE OF CONFERENCE

The undersigned counsel has attempted, in good faith, to resolve this discovery dispute; however, has been unable to do so due to opposing counsels' unwillingness to discuss the matter.


## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2018, a true and correct copy of the foregoing *Motion to Compel Discovery Responses* was served on all opposing parties through their counsel of record via the Court's e-filing system and via email.

2

CAUSE No. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ROYCE HASSELL and SILVIA HASSELL | § § § | |
| *Defendants*. | § § | 113TH JUDICIAL DISTRICT |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF HASSELL CONSTRUCTION COMPANY, INC.'S REQUEST FOR DISCLOSURES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES

TO:   Plaintiff Hassell Construction Company, Inc., by and through its attorney of record, Bogdan Rentea, RENTEA & ASSOCIATES, 700 Lavaca, Suite 1400-2678, Austin, Texas 78701

Defendant/Counter-plaintiff Royce Hassell ("Royce") hereby serves his Objections and Responses to Plaintiff Hassell Construction Company, Inc.'s ("HCCI") Request for Disclosures, First Request for Production of Documents, and First Set of Interrogatories.  The last sentence of Defendants' response to Plaintiff's Request for Production No. 2 was inadvertently cut off, so Defendants are re-serving at the request of Plaintiff.

# EXHIBIT A

1

Respectfully submitted,

LOCKE LORD LLP

By:/s/ Derrick B. Carson
    Derrick B. Carson
    State Bar No. 24001847
    dcarson@lockelord.com
    Deanna Willson
    State Bar No. 24092759
    Deanna.willson@lockelord.com
    600 Travis, Suite 2800
    Houston, Texas 77002
    Telephone: (713) 226-1197
    Facsimile: (713) 229-2612

ATTORNEYS FOR DEFENDANTS ROYCE
HASSELL AND SILVIA HASSELL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on the below listed counsel of record on May 22, 2017 and a version with the last full sentence of Defendants' Response to Plaintiff's Request for Production No. 2 was served on May 23, 2017, in accordance with the Texas Rules of Civil Procedure.

Bogdan Rentea
RENTEA & ASSOCIATES
700 Lavaca, Suite 1400-2678
Austin, Texas 78701
brentea@rentealaw.com

*/s/ Deanna Willson*
    Deanna Willson

2

## RESPONSES TO REQUESTS FOR DISCLOSURE

    **a.**    **the correct names of the parties to the lawsuit;**

**RESPONSE:**

To the best of Defendants' knowledge, the parties to this lawsuit are correctly named.

    **b.**    **the name, address and telephone number of any potential parties;**

**RESPONSE:**

James Hassell, 12211 Duncan Road, Houston, TX 77066

Jason Hassell, 12211 Duncan Road, Houston, TX 77066

Hassell Management Services, 12211 Duncan Road, Houston, TX 77066

    **c.**    **the legal theories and, in general, the factual bases of the responding party's claims or defenses;**

**RESPONSE:**

    Defendants' defenses are laid out in Defendants' Original Answer, which was filed with the Court on April 19, 2017, and is incorporated herein.  Defendants argue that Plaintiff cannot assert that Royce Hassell is not a shareholder of HCCI because they have held him out as a shareholder of HCCI in situation where it suits them and because he in fact does hold shares of HCCI through his status of beneficiary of the JCH Trust.  Defendants' affirmative defenses are laid out in Defendants' Original Answer, which Defendants reserve the right to amend pursuant to the Texas Rules of Civil Procedure and the Docket Control Order of this Court.

    With regard to Defendants' claims, Defendants refer to Counter-plaintiff Royce Hassell's Original Counterclaims recently filed with the Court and incorporate that pleading herein.  Counter-plaintiff Royce Hassell has sued Hassell Construction Company, Inc. ("HCCI"), Michael Hassell, Phillip Hassell, Shawn Hassell Potts, and Trustee of the James C. Hassell Intervivos Trust for breaches of fiduciary duty, knowing participation in breaches of fiduciary duties, violations of the Trust Code, violations of the Business Organizations Code, conspiracy liability, fraud, and attorneys' fees.  Counter-plaintiff is also seeking a declaratory judgment as to his rights in and ownership of HCCI and JCH Trust.

    Royce Hassell's counterclaims are based on the improper denial of his right to access the books and records of HCCI and the James C. Hassell Intervivos Trust ("JCH Trust").  As a beneficiary of the JCH Trust, which is the majority shareholder in HCCI, Royce Hassell is entitled to participate in oversight of both HCCI and the JCH Trust.  Beyond the wrongful denial of access to Royce Hassell, Counter-defendant and Third-party defendants are causing further injury by mismanaging and engaging in self-interested transactions with the assets of the JCH

1

Trust. Third-party defendants' refusal to allow Royce Hassell to review the records enables the damage to Royce Hassell's interests to continue and escalate. Counter-plaintiff reserves the right to amend his pleadings and his response to this request, pursuant to the Texas Rules of Civil Procedure and the Docket Control Order of this Court.

  **d. the amount and any method of calculating economic damages;**

**RESPONSE:**

  This case is currently in its infancy, particularly the Original Counterclaim filed on May 19, 2017. As such, only basic damage information can be determined. For example, Royce Hassell will seek the value that his shares have been reduce by breaches of fiduciary duties. Further, attorneys' fees and costs will be determined pursuant with the reasonable costs incurred in litigating these claims. Defendants will amend this response once damage methods and figures have been determined.

  **e. the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;**

**RESPONSE:**

1. Royce Hassell
   c/o Derrick Carson
   Locke Lord LLP
   600 Travis, Suite 2800
   Houston, TX 77002
   (713) 226-1197

   Royce Hassell is a Defendant, Counter-Plaintiff, and Third-party Plaintiff in this lawsuit. He has information about his employment at HCCI as well as his stock ownership of HCCI. Royce Hassell has information regarding the JCH Trust, his status as a beneficiary of the JCH Trust, and improper acts by the Trustee of the JCH Trust.

2. Silvia Hassell
   c/o Derrick Carson
   Locke Lord LLP
   600 Travis, Suite 2800
   Houston, TX 77002
   (713) 226-1197

   Silvia Hassell is a Defendant in this lawsuit. She has information regarding his husband's employment at HCCI as well as his stock ownership of HCCI. She also has information regarding the JCH Trust, his status as a beneficiary of the JCH Trust, and the improper acts by the Trustee of the JCH Trust.

2

3.  Shawn Hassell Potts
    c/o Hassell Management Services
    12211 Duncan Road,
    Houston, TX 770066

    Shawn Hassell Potts is a sister to Royce Hassell.  Ms. Potts is also a Third-party defendant in this lawsuit, a beneficiary of the JCH Trust, and is employed by Hassell Management Services.  She has information about the financials of HCCI, HMS, and the JCH Trust.

4.  J. Phillip Hassell
    c/o Hassell Management Services
    12211 Duncan Road,
    Houston, TX 770066

    J. Phillip Hassell is Royce Hassell's brother.  Mr. Phillip Hassell is also a Third-party defendant in this lawsuit, a beneficiary of the JCH Trust, and the President of HCCI.  He has information about the alleged termination of Royce Hassell's stock ownership and employment.  Additionally, he has information about the financials of HCCI, HMS, and the JCH Trust.

5.  Michael Hassell
    c/o Hassell Management Services
    12211 Duncan Road,
    Houston, TX 770066

    Michael Hassell is Royce Hassell's brother.  Mr. Michael Hassell is also a Third-party defendant in this lawsuit, a beneficiary of the JCH Trust, and the Trustee of the JCH Trust.  He has information about the alleged termination of Royce Hassell's stock ownership and employment and any mismanagement of Trust property.  Additionally, he has information about the financials of HCCI, HMS, and the JCH Trust.

6.  Trustee of the JCH Trust, currently Michael Hassell
    c/o Hassell Management Services
    12211 Duncan Road,
    Houston, TX 770066

    The Trustee of the JCH Trust, currently Michael Hassell, is a Third-party defendant in this lawsuit.  He has information about the corpus of the Trust and any mismanagement of Trust property.  Additionally, the Trustee of the JCH Trust has information about the financials of HCCI, HMS, and the JCH Trust.

3

7. Jason Hassell
   c/o Hassell Management Services
   12211 Duncan Road,
   Houston, TX 770066

   Jason Hassell is Royce Hassell's brother.  Mr. Jason Hassell is also a beneficiary of the JCH Trust.  He may have information about the alleged termination of Royce Hassell's stock ownership and employment.  Additionally, he may have information about the financials of HCCI, HMS, and the JCH Trust.

8. James C. Hassell
   c/o Hassell Management Services
   12211 Duncan Road,
   Houston, TX 770066

   James C Hassell is Royce Hassell's father.  Mr. Janes Hassell is also the creator of the JCH Trust and the founder of HCCI.  He has information about the alleged termination of Royce Hassell's stock ownership and employment.  Additionally, he has information about the financials of HCCI, HMS, and the JCH Trust.

9. All employees of HCCI
   c/o Hassell Management Services
   12211 Duncan Road,
   Houston, TX 770066

   Employees of HCCI may have information about the alleged termination of Royce Hassell's HCCI stock ownership and employment.  Additionally, they may have information about the financials of HCCI.

10. All employees of HMS
    c/o Hassell Management Services
    12211 Duncan Road,
    Houston, TX 770066

    Employees of HMS may have information about the alleged termination of Royce Hassell's HCCI stock ownership and employment.  Additionally, they may have information about the financials of HCCI and HMS.

11. All employees of Hassell Development Corproation
    c/o Hassell Management Services
    12211 Duncan Road,
    Houston, TX 770066

    Employees of Hassell Development Corporation may have information about the alleged termination of Royce Hassell's HCCI stock ownership and employment.  Additionally, they may have information about the financials of HCCI and HMS.

4

12. Steve Ligon
c/o James Polk and Scott Lisman
1502 Augusta Drive, Suite 390
Houston, TX 77057

Mr. Ligon is a Certified Public Accountant who has worked on the financial records for HCCI for years.  Mr. Ligon is believed to have knowledge about stock ownership of HCCI as well as HCCI's transactions that may be fraudulent.

Defendants reserve the right to amend and supplement this response as discovery progresses consistent with the Texas Rules of Civil Procedure and the Docket Control Order of this Court.

**f.     for any testifying expert:**

**(1)     the expert's name, address and telephone number;**

**(2)     the subject matter on  which the expert will testify;**

**(3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, or employed by, or otherwise subject to the control of the responding party, documents reflecting such information;**

**(4)     if the expert is retained by, employed by, or otherwise subject to the control of the responding party;**

**(A)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and**

**(B)     the expert's current resume and bibliography;**

**RESPONSE:**

Designation of affirmative or rebuttal experts at this time is premature.  There is no current Docket Control Order and this case has not been placed on a trial docket. As such, designation of an affirmative relief expert is not due until 90 days before the end of the discovery period and designation of all other experts is not due until 30 days later. TRCP 195.2(a)-(b).

**g.     any discoverable indemnity and/or insuring agreements;**

**RESPONSE:**

None.

5

      **h.**      **any discoverable settlement agreements;**

<u>**RESPONSE:**</u>

      None.

      **i.**      **any discoverable witness statements;**

<u>**RESPONSE:**</u>

      Pursuant to the entry of a Protective Order, Defendants will produce discoverable Rule 192.3(h) witness statements, if any.

      **j.**      **in a suit alleging physical or mental injury and damages from the occurrence that is subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.**

<u>**RESPONSE:**</u>

      Not applicable.

      **k.**      **in a suit alleging physical or mental injury and damages from the occurrence that is subject of the case, all medical records and bills obtained by the requesting party.**

<u>**RESPONSE:**</u>

      Not applicable.

      **l.**      **the name, address, and telephone  number of any person who may be designated as a responsible third-party.**

<u>**RESPONSE:**</u>

      None at this time, although Defendants reserve the right to amend this response consistent with the Texas Rules of Civil Procedure and this Court's Docket Control Order.

HOU:0017922/00003:1898811v1

## GENERAL OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

1. Royce Hassell ("Royce") objects to Plaintiff's definition and connotations of "Plaintiff" and "Defendant" as Hassell Construction Co., Inc. ("HCCI") should include Royce Hassell as he maintains that he is a shareholder.  However, Royce will respond to these discovery requests with the understanding that "Plaintiff" or "HCCI" does not include Royce Hassell for these limited purposes.

2. Defendants object that these requests seek information and documents that are protected by the attorney client, work product, and joint defense privileges.

3. Defendants also object that the attorneys in this lawsuit are the subject of impermissible conflicts of interest.

1

## DEFENDANTS' ANSWERS TO INTERROGATORIES

<u>INTERROGATORY NO. 1:</u>  Pursuant to Rule 192.3(j) of the TRCP, please state the factual basis for your contentions set forth in each affirmative defenses, a-1, as set out in your answer to HCCI's Original Petition.

**ANSWER:**  Royce Hassell ("Royce") objects to this interrogatory on the ground that it is forces him to marshal his evidence in contravention of TRCP 197.1.  Royce also objects to this interrogatory as it calls for information protected by attorney client and work product privileges.  Further, Royce objects to this interrogatory on the ground that it is unduly burdensome.  Royce also objects to this interrogatory as compound.

Subject to and without waiving the foregoing objections, Defendants' affirmative defenses are based on the relationship between the parties and Royce's prior and continued role in HCCI.  Royce, is a shareholder of HCCI as a beneficiary of the JCH Trust, which is the majority shareholder of HCCI.  Further, Plaintiff has held Royce out as a shareholder to both Royce and to third-parties.  As such, HCCI is estopped from arguing otherwise.  Royce contends that the remaining affirmative defenses speak for themselves.

<u>INTERROGATORY NO. 2:</u>  Identify the documents that support your contentions set forth in each affirmative defenses, a-1, as set out in your answer to HCCI's Original Petition.

**ANSWER:**  Royce Hassell ("Royce") objects to this interrogatory on the ground that it is forces him to marshal his evidence in contravention of TRCP 197.1.  Royce also objects to this interrogatory as it calls for information protected by attorney client and work product privileges.  Royce further objects to this interrogatory as compound.  Lastly, Royce objects to this interrogatory on the ground that it is premature as neither party has produced any documents in this lawsuit.

Additionally, Royce objects to this interrogatory on the ground that it is overly burdensome.  Royce also objects to this interrogatory as duplicative of Request for Production No. 1 below.

Subject to and without waiving these objections, pursuant to the Court's entry of a Protective Order, Royce will produce documents responsive to this request.  *See* TRCP 197.2(c).

<u>INTERROGATORY NO. 3:</u>  State the reason why you did not negotiate/cash the check, dated 9/25/2013, sent to you by HCCI to purchase your shares.

**ANSWER:**  Royce objects to this interrogatory on the ground that "negotiate/cash the check" is ambiguous and calls for a legal conclusion.  Royce objects to this interrogatory the extent that this interrogatory creates a false dichotomy as misleading.  Royce objects to the phrase "sent by you to HCCI to purchase your shares" as it assumes facts not in evidence.

2

Royce further objects to this interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to the lead to the discovery of admissible evidence.  Tex. R. Civ. P. 192.3.

Subject to and without waiving the foregoing objections, Royce rejected the offer to purchase the shares on those terms.

INTERROGATORY NO. 4:  Identify any written response you made to the letter from HCCI addressed to you, dated 9/25/2013, related to the purchase of your shares in HCCI.  (See letter attached hereto.)

**ANSWER:**  Royce objects to this interrogatory on the ground that it is vague and fails to identify the information sought with reasonable particularity.  It is unclear whether this interrogatory is seeking a direct letter back to the sender referencing the 9/25/13 letter or any writing made related to the alleged purchase of Royce's HCCI shares.  To the extent Plaintiff is seeking information on the latter, Royce objects that this request is overly broad and unduly burdensome.  Royce also objects that this request calls for information protected by the work product and attorney client privileges.

Subject to and without waiving these objections, pursuant to the Court's entry of a Protective Order, Royce will produce documents responsive to this request.  *See* TRCP 197.2(c).

INTERROGATORY NO. 5:  Identify the communications, from October 1, 2013 to the date of your response here, in which you identified yourself as a shareholder of HCCI.

**ANSWER:** Royce objects to this interrogatory on the ground that it is duplicative, in its entirety, of Interrogatory No. 6, below.  Plaintiff defines "communications" as "the transmittal of information in any form."  As such, all communications are encompassed within Plaintiff's definition of "documents."  Royce encompasses his answer to Interrogatory No. 6 as if fully stated herein.

INTERROGATORY NO. 6:  Identify the documents, from October 1, 2013 to the date of your response here, in which you identified yourself as a shareholder of HCCI.

**ANSWER:**   Royce objects to this interrogatory on the ground that it is vague and fails to identify the information sought with reasonable particularity.  The phrase "you identified yourself as a shareholder of HCCI" fails to clarify whether this must be an affirmative, explicit statement or a connotation of shareholder/ownership status.  To the extent Plaintiff is seeking information on the latter, Royce objects that this request is overly broad and unduly burdensome.  Royce also objects that this request calls for information protected by the work product and attorney client privileges.

Additionally, because Royce maintains that he is still a shareholder of HCCI, Plaintiff's definition of "you" would include HCCI.  Royce objects to this interrogatory on the ground that

3

those documents in which HCCI held out Royce as its own shareholder since October 1, 2013, are within the possession, custody, and control of HCCI.

Lastly, Royce objects to this request as unduly burdensome and overly broad as to scope. Plaintiff's request presupposes a finite number of documents, but because Royce maintains that he is a shareholder of HCCI, there may be thousands of times that Royce was directly or indirectly held out as a shareholder of HCCI over three and a half years. Further, due to the Construction Joint Venture Agreement and the fact that the joint venture's name was frequently held to be HCCI for third-party purposes, this request might seek millions of documents. Accordingly, Royce objects to this request as an improper fishing expedition.

Subject to and without waiving these objections, pursuant to the entry of a Protective Order by the Court, Defendants will make a good faith effort to produce as many documents as possible documents responsive to this interrogatory. TRCP 197.2.

INTERROGATORY NO. 7: Identify the communications, from October 1, 2013 to the date of your response here, directed to HCCI in your alleged capacity as a shareholder of HCCI.

**ANSWER:** Royce objects to this interrogatory on the ground that it is duplicative, in its entirety, of Interrogatory No. 6, above. Plaintiff defines "communications" as "the transmittal of information in any form." As such, all communications are encompassed within Plaintiff's definition of "documents." Further, any communication in Royce's capacity as shareholder would necessarily identify Royce as a shareholder of HCCI. Royce encompasses his answer to Interrogatory No. 6 as if fully stated herein.

INTERROGATORY NO. 8: Identify the communications, from October 1, 2013 to the date of your response here, directed to anyone in your alleged capacity as a shareholder of HCCI.

**ANSWER:** Royce objects to this interrogatory on the ground that it is duplicative, in its entirety, of Interrogatory No. 6, above. Plaintiff defines "communications" as "the transmittal of information in any form." As such, all communications are encompassed within Plaintiff's definition of "documents." Further, any communication in Royce's capacity as shareholder would necessarily identify Royce as a shareholder of HCCI. Royce encompasses his answer to Interrogatory No. 6 as if fully stated herein.

INTERROGATORY NO. 9: Identify any legal action you took, from October 1, 2013 to the date of your response here, in your alleged capacity as a shareholder of HCCI.

**ANSWER:** Royce objects to this interrogatory as overly broad as to scope. Royce also objects to "any legal action you took" as both vague and ambiguous. It is unclear whether Plaintiff is seeking a list of actions undertook for formal legal proceedings, actions undertaken with legal implications, or legal actions undertook as opposed to illegal actions. Royce will answer this interrogatory under the assumption that Plaintiff is seeking information regarding Royce's actions in lawsuits. On this note, Royce objects to this interrogatory on the ground that this information is equally available to HCCI.

4

Subject to and without waiving these objections, Royce is asserting legal claims in courts of law under his capacity as a shareholder of HCCI in the following lawsuits:

- *Hassel Construction Co., Inc. v. Springwoods Realty Company, et al.;* Cause No. 12-42981 in the 2012 District Court of Harris County
- *Hassell Construction Co., Inc. v. Springwoods Realty Company and Harris County Improvement District #18*; Cause No. 2014-42981 in the 333rd District Court of Harris County Texas
- *James C. Hassell, et al., v. R. Hassell Holding Company, Inc., et al.*, Case No. 01-14-0000-3178 before the American Arbitration Association as well as the underlying cases enveloped within that matter
- *Hassel Construction Co., Inc. v. Trunkline Gas Co., LLC*; Cause No. 2014-29648 in the 133rd Judicial District Court of Harris County, Texas
- *In re Hassell 2012 Joint Venture and Springwoods Joint Venture*; Cause No. 15-30781 in United States Bankruptcy Court for the Southern District of Texas, Houston Division
- *R. Hassel Holding Company, Inc., et. al v. Richard Rose, et. al*., Cause No. 2015-29275 in the 234th District Court of Harris County
- *Hassell Construction Co., Inc. (derivatively by Royce Hassell) v. Springwoods Realty, Inc., et al.*, Cause No. 2016-85276 in the 333rd District Court of Harris County
- *Hassell Construction Co., Inc. v. Royce Hassell and Silvia Hassell*; Cause No. 2016-87708 in the 113th District Court of Harris County, Texas (this lawsuit)
- Arbitration, encompassing the civil cases that have been enveloped in the arbitration

INTERROGATORY NO. 10:   Identify all HCCI Shareholder Buy-Sell Agreements and amendments thereto, which are in your possession, and state when and how you acquired them.

**ANSWER:** Royce objects to this interrogatory on the ground that it is overly broad as to time and scope as Plaintiff has failed to tailor this requests to Shareholder Buy-Sell Agreements that affect Royce's interest in HCCI or the interests in the lawsuit.

Royce further objects to this interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. TRCP 192.3.  In that regard, whether an agreement is in Royce's possession and how he acquired it has no bearing on the issues in this lawsuit.  A binding Shareholder Buy-Sell Agreement  is still binding regardless of whether or not the agreement is in his possession.

Subject to and without waiving these objections, pursuant to the Court's entry of a Protective Order, Royce will produce documents responsive to this request.  *See* TRCP 197.2(c).

INTERROGATORY NO. 11:   Identify your employment agreement(s) with HCCI.

**ANSWER:**  Royce objects to this interrogatory on the ground that it is overly broad as to time.

Royce objects this interrogatory on the ground that it is vague as "employment" and "employment agreement(s)" are not defined by Plaintiff.  Additionally, these terms call for a legal conclusion.  Royce will answer this question with the understanding that "employment" means working directly for a company and receiving a paycheck directly from that company and

5

"employment agreement" means a contract directly with the company for which one works expressing the terms of the employment.

Subject to and without waiving the foregoing objections, after a diligent search, no employment agreement can be found.

<u>INTERROGATORY NO. 12:</u>   State your dates of employment with HCCI.

**ANSWER:** Royce objects to this interrogatory on the ground that it is overly broad as to time.

Royce objects this interrogatory on the ground that it is vague as "employment" is not defined by Plaintiff and calls for a legal conclusion.  Royce will answer this question with the understanding that "employment" means working directly for a company and receiving a paycheck directly from that company.

Subject to and without waiving the foregoing objections, Royce began working for HCCI when HCCI was first incorporated on or around 1977.  Royce's employment with HCCI terminated when Royce transitioned to running R. Hassell & Company, Inc. ("RHC") in the 1990s.  Due to the fact that it has been decades since Royce Hassell was directly employed by HCCI, Royce cannot determine precise dates.

<u>INTERROGATORY NO. 13:</u>   When and how did your employment with HCCI terminate.

**ANSWER:** Royce objects to this interrogatory on the ground that it is overly broad as to time. Royce further objects to this interrogatory on the ground that it is compound.

Royce objects this interrogatory on the ground that it is vague as "employment" is not defined by Plaintiff and calls for a legal conclusion.  Royce will answer this question with the understanding that "employment" means working directly for a company and receiving a paycheck directly from that company.

Subject to and without waiving the foregoing objections, Royce's employment with HCCI terminated in the 1990s when Royce transitioned to work for the R. Hassell & Company, Inc. Royce has not been directly employed by HCCI since that date.  Accordingly, Royce's employment terminated when Royce dedicated his time to RHC fulltime.

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Request No. 1:        Produce all documents identified by you in response to the interrogatories set out above.

**ANSWER:** Royce objects to this request as overly broad as to scope and time. Royce also objects to this request as unduly burdensome, particularly with regard to the interrogatories that Royce objected to as vague. Royce objects to this request as failing to identify the documents sought with reasonable particularity and effectively constituting a fishing expedition. Lastly, Royce objects to this request on the ground that many, in fact a majority, of these documents are equally available to Plaintiff and, in fact, already within Plaintiff's possession.

Subject to and without waiving these objections, pursuant to the Court's entry of a Protective Order, Defendants will produce documents responsive to this request.

Request No. 2:        Produce all documents used by you to respond to the interrogatories set out above.

**ANSWER:** Royce objects to this request as overly broad as to scope and time. Royce also objects to this request as unduly burdensome, particularly with regard to the interrogatories that Royce objected to as vague. Royce also objects to this request to the extent that documents may have been reviewed to answer interrogatories but were determined not to provide responsive information. Royce objects to this request as failing to identify the documents sought with reasonable particularity and effectively constituting a fishing expedition. Royce further objects that his request calls for documents and information protected by the attorney work product privilege. Royce also objects to this request on the ground that it is duplicative of Request No. 1, above. Lastly, Royce objects to this request on the ground that many, in fact a majority, of these documents are equally available to Plaintiff and, in fact, already within Plaintiff's possession.

Subject to and without waiving these objections, all documents responsive to Request No. 2 are also responsive to Request No. 1. Accordingly, in an effort to avoid any work product privilege, Defendants will produce documents responsive to Request No. 1.

7

SIGNED this _22_ day of _MAY_, 2017.



ROYCE HASSELL

STATE OF TEXAS )
)
COUNTY OF HARRIS )

BEFORE ME, the undersigned authority, on this day personally appeared ROYCE HASSELL, who, being by me first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

SWORN TO AND SUBSCRIBED BEFORE ME on this _22ⁿᵈ_ day of _May_, 2017.

JOSHUA HANCOCK
Notary Public, State of Texas
My Commission Expires
JUNE 26, 2019

Notary Public, State of Texas

16

**From:** Bogdan Rentea
**Sent:** Wednesday, July 19, 2017 2:25 PM
**To:** 'Willson, Deanna Markowitz' <Deanna.Willson@lockelord.com>
**Cc:** Carson, Derrick <dcarson@lockelord.com>
**Subject:** RE: Hassell - Discovery Responses

This is a good faith attempt to resolve a discovery dispute.

I ask that you withdraw your objections.

Further, to the extent any documents are being withheld on the basis of any recognized privilege(s), please provide the required privilege log.

Your objections are for the most part "stock" in nature, and don't fit the very narrowly tailored questions.

Your assertion that most affirmative defenses "speak for themselves" is a non-answer. The rules don't allow that.

Please explain the need for a protective order. What exactly are you trying to protect, and why is it protectable?

Unless we can reach an agreement on these matters, I will be forced to set your objections for hearing.

Let me know if you wish to discuss these matters in further detail.

Thank you,


Bogdan Rentea
Rentea & Associates
**700 Lavaca, suite 1400**
**Austin, Tx, 78701**
512.472.6291
www.rentealaw.com

**EXHIBIT B**

CAUSE NO. 2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION CO., INC., | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL, et al | § | |
| Defendants | § | 113th JUDICIAL DISTRICT |

**RESPONSES AND OBJECTIONS TO MICHAEL HASSELL'S FIRST SET OF
INTERROGATORIES ( CORRECTED) AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO ROYCE AND SILVIA HASSELL**

TO:      **MICHAEL HASSELL,** by and through his attorney of record Bogdan Rentea, 700 Lavaca, Suite 1400-2678, Austin, Texas 78701.

Royce Hassell and Silvia Hassell, hereinafter referred to as Defendants, serve these responses and objections to Michael Hassells First Set of interrogatories and First Request for Production of Documents pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

By:  /s/ Silvia T. Hassell                    
Silvia T. Hassell
Texas Bar No. 09205200
sehassell@aol.com
12807 Haynes Street, Bldg. C
Houston, Texas 77066
Tel. 713-665-1812
Fax. 713-665-0369

ATTORNEY FOR ROYCE AND SILVIA HASSELL

**EXHIBIT C**

## CERTIFICATE OF SERVICE

By my foregoing signature I hereby certify that in this 16th day of May 2018, a true and correct copy of the foregoing Royce and Silvia Hassell's Responses and Objections to Michael Hassell First Set of Interrogatories and First Request for Production of Documents was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

GENERAL OBJECTIONS: Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation. Defendants object to these interrogatories to the extent they seek information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent they seek information outside the permissible scope of discovery. Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same. Defendants object to these interrogatories to the extent they ask that they identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants. Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.

Interrogatory No. 1: State the facts and identify any documents supporting your contention that Michael Hassell failed to fulfill his obligations and responsibilities as Trustee of the JCH Trust and/or has not complied with his fiduciary duties in good faith.

 OBJECTION:
Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague. Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation. Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery. Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same. Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants. Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.

ANSWER:  Royce Hassell believes Michael Hassell, as Trustee of the JCH Trust, violated and is violating his fiduciary duty to Royce Hassell as a beneficiary of the JCH Trust by failing to account for the trust and trust assets to Royce Hassell;  self-dealing; mismanaging trust assets; hiring conflicted attorneys for the trust and paying them with partnership funds of the Hassell 2012 Joint Venture without Royce Hassell's consent; attempting to dilute Royce Hassell's interest in the trust; denying Royce Hassell's actual and beneficial ownership in HCCI through the JCH Trust to his detriment; and attempting to curtail Royce Hassell's claim of ownership in HCCI so that Royce Hassell would be denied his right to pursue control joint claims of HCCI and his companies of which he has majority ownership; favoring and conspiring with beneficiaries over trust distributions made to the benefit of some beneficiaries over others, particularly through companies owned by Michael Hassell; failing to account for the payments to, whereabouts of and safekeeping of insurance policy, the Trustmark Stock and equipment of the trust; failing to communicate with Royce Hassell honestly and provide the financial status of the Trust, including but not limited to tax returns, financial statements and bank account information; as controlling majority ownership of HCCI by causing corporate funds of HCCI, the Springwoods Joint Venture and the Hassell 2012 Joint Venture, to be paid to the Trust for equipment rental which Michael Hassell knew the trust did not own or posses; and failing to file accurate tax returns for the trust.

Royce Hassell asserts claims against Michael Hassell as Trustee of the JCH Trust.  As trustee Michael Hassell breached duties imposed by common law and the Texas Trust Code regarding management and investment of trust assets, *see, Tex. Prop/ Code §113.051, et seq.*  The duties Michael Hassell violated include the duty of good faith, fair dealing, loyalty, fidelity over the trust affairs and its principal.  He violated the duty to make the assets of the trust productive while at the same time preserving the trust assets; the duty to disclose all material facts known to Michael Hassell that might have affected Royce Hassell's rights which particularly violate Tex. Prop. Code §111.0035(c); the duty to account for all trust transactions; the duty to properly manage, supervise and safeguard trust funds; the duty to refrain from self-dealing with trust assets; and the duty to refrain from lending trust funds to himself or one of his affiliates or business associates.

As trustee Michael Hassell violated his fiduciary duty and trust laws by acting through conflicted agents, by failing to account to Royce Hassell, a trust beneficiary, for the trust and trust assets and by engaging in self-dealing through Hassell Management, Hassell Contractors, the Springwoods Joint Venture and the Hassell 2012 Joint Venture; as well as through mismanagement of trust assets.  Michael Hassell violated his duties of good faith and fair dealing by knowingly hiring conflicted attorneys and other professional advisors to advise the trust to pursue claims against a beneficiary, Royce Hassell, while using funds of Royce Hassell earned through the Hassell 2012 Joint Venture to pay such professionals without Royce Hassell's consent.  Michael Hassell engaged in self dealing by diluting Royce Hassell's interest in the trust through separate entities of which Royce Hassell is not an equal owner; by denying and interfering with Royce Hassell's actual and beneficial ownership in HCCI through the JCH Trust; and by interfering with Royce Hassell's rights to pursue claims against third parties which he held jointly with the JCH Trust as majority owner of HCCI.  Michael Hassell knowingly conspired with other trust beneficiaries to effectuate unequal trust distributions to such beneficiaries.  Michael Hassell has failed to account to Royce Hassell, and continues to fail to account to Royce Hassell, for the whereabouts and safekeeping of the trust insurance policy; Royce Hassell's personal life insurance policy; the Trustmark Stock; and, equipment of the trust, among other things.

Interrogatory No. 2: State the facts and identify any documents supporting your contention that Michael Hassell allowed a life insurance policy of James C. Hassell, to lapse.

OBJECTION:

Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same.  Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.

ANSWER:    Royce Hassell incorporates his answer to interrogatory number 1 as if fully set forth at length.  Additionally, Michael Hassell told Royce Hassell that he normally had the premium notices mailed to his house and then brought them to his office but that Shawn Hassell Potts forget several times to pay the premiums timely, and on one occasion thus allowed the life insurance policy to lapse.  This conversation in early 2013, while Michael Hassell was secretly working with his conflicted agents and other trust beneficiaries to collect documents and evidence to "seize" the assets of Royce Hassell which include Royce Hassell's interest as a beneficiary of the JCH Trust.  Royce Hassell believes Michael Hassell should have spent his time fulfilling his fiduciary duties instead of spending his time playing video games with conflicted attorneys who had told Royce Hassell they were erecting a Chinese Wall.  Michael Hassell has all the documents relevant to these events.  *Also see,* Privilege Log of Coats Rose in HCCI's malpractice case against them, and affidavits prepared by and signed by Coats Rose that Michael was "adverse at all times" to Royce Hassell after January of 2012.

Interrogatory No. 3: State the facts and identify any documents supporting your contention that Royce Hassell assisted to reinstate the life insurance policy, referenced in interrogatory 2, supra.

OBJECTION:

Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the

extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same. Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.


ANSWER:  Royce Hassell incorporates his answer to interrogatory numbers 1 and 2 as if fully set forth at length.  Additionally, Royce Hassell who was being duped by his brother did what his brother asked him to do, which was to contact the insurance company and work to have the insurance policy reinstated after Michael Hassell, who was working with multiple professionals and advisors to act against Royce Hassell at that time, approached Royce literally weeping or pretending to weep that he had lost the Trust's insurance policy and his father was going to be livid.  Royce Hassell, not suspecting that he was being duped, made several communications with the insurance company attempting to determine whether the policy could be or would be reinstated.   The relevant documents are in the possession of Michael Hassell or his conflicted lawyers.

Interrogatory No. 4: State how Michael Hassell was allegedly negligent in his oversight of the life insurance policy, referenced in interrogatory 2, supra.

OBJECTION:
Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation. Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same. Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.


ANSWER:    Royce Hassell incorporates his answers to interrogatory numbers 1, 2 and 3 as if fully set out at length.  Additionally, Michael Hassell failed to timely pay the premiums or relied on his agent and Royce Hassell's co-beneficiary, Shawn Hassell Potts, to act as his agent in paying the premiums and she failed to do so timely, thus causing the policy lapse.

Interrogatory No. 5: Identify the trust assets which Michael Hassell allegedly lost and/or transferred out of the JCH Trust.

OBJECTION:

Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same.  Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.

ANSWER:  Royce Hassell incorporates his answer to interrogatory numbers 1-4 as if fully set forth at length.  Additionally, Royce Hassell states Michael Hassell lost and/or transferred assets out of the JCH Trust which include majority ownership of HCCI, equipment, Trustmark Stock and funds paid to his conflicted agents, co-trustees acting in "unofficial" capacity, attorneys and other professionals who were actively working with Michael Hassell to take away, destroy or greatly diminish Royce Hassell's interest as a beneficiary of the JCH Trust.

Interrogatory No. 6: State the facts and identify the documents that support your contention that the JCH Trust's value has been reduced by any action or inaction of Michael Hassell.

OBJECTION:

Defendants object to this interrogatory because it is vague and compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same.  Defendants object to this interrogatory to the extent it asks that Defendants

identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.

ANSWER:   Royce Hassell incorporates his answer to interrogatory numbers 1-5 as if fully set forth at length.  Additionally, *see,* May 2018 Net Worth Affidavit of James C. Hassell, which if it is to be believed, which it is not, shows the trust value (as major shareholder of HCCI) to be a negative number.   Michael Hassell duped Royce Hassell beginning in January of 2012.  After he enlisted and joined forces with conflicted beneficiaries, agents and professionals to act as his agent, HCCI was purportedly destroyed.

Interrogatory No. 7: Identify any written demands made by Royce Hassell to view or review or inspect the records of the JCH Trust or of HCCI.

 OBJECTION:

Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same.  Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.

ANSWER:    Royce Hassell incorporates his answer to interrogatory numbers 1-6 as if fully set forth at length.  Additionally, Royce Hassell's oral and written requests for information began before Royce Hassell knew Michael Hassell had been secretly acting adversely to him as of January of 2012, a fact Royce Hassell did not even get an inkling until after July of 2014 affidavits of Patrick Gaas and Phillip Hassell to that effect. Requests Royce Hassell made directly to Michael Hassell and/or his agents have been previously produced.  To that end Royce Hassell also incorporates by reference document requests served on Michael Hassell in all litigation and particularly through Bogdan Rentea and Coats Rose in cases directly or indirectly involving Michael Hassell which include the Springwoods lawsuits, bankruptcy court cases, other state district court cases and arbitration which is final.  Further, Plaintiffs and Defendants are bound by confidentiality orders in the arbitration.

Interrogatory No. 8: Identify the JCH Trust assets which you contend Michael Hassell allegedly pledged to secure bonding, insurance and banking accommodations to personally benefit only selected beneficiaries of the JCH Trust, and identify those selected beneficiaries.

OBJECTION:

Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same.  Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.


 ANSWER:   Royce Hassell incorporates his answer to interrogatory numbers 1-7 as if fully set forth at length. Additionally, Michael Hassell pledged the trusts Majority Stock Ownership of HCCI. Other assets of the trust he may have pledged are unknown since Michael Hassell has not accounted for trust assets. *But see*, the General Agreement of Indemnity in Michael Hassell's possession wherein Michael Hassell is a signatory both individually and as Trustee of the JCH Trust.

Interrogatory No. 9: State the facts that support your contention that Michael Hassell perpetuated frauds, by allegedly engaging in the actions specified in interrogatory 8, supra.

 OBJECTION:

Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same.  Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the

discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.

ANSWER:   Royce Hassell incorporates his answers to interrogatory numbers 1-8 herein as if fully set forth at length.

Interrogatory No. 10: State the facts that support your contention that Michael Hassell failed to appropriately manage, supervise, and safeguard the JCH Trust's property.
OBJECTION:
Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same.  Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.

ANSWER:  Royce Hassell incorporates his answers to interrogatory numbers 1-9 herein as if fully set forth at length.  Additionally, Michael Hassell has failed to account for the Trust's majority asset, its majority shareholder interest in HCCI, Trust equipment, Trustmark bank stock or the insurance policies of James C. Hassell and Royce Hassell, while Michael Hassell was defrauding Royce Hassell of his rights as an equal beneficiary of the JCH Trust secretly since January of 2012.

Interrogatory No. 11: State the facts and identify the documents which support your contention that Phillip Hassell refused to make distributions to Royce Hassell.

OBJECTION:
Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because

the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same. Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.


ANSWER:  Royce Hassell incorporates his answer to interrogatory numbers 1- 10 as if fully set forth at length.   Additionally, as President of HCCI, Phillip Hassell is Michael Hassell's boss/agent/unofficial co-trustee. At all times described in interrogatory answers 1-10,Phillip Hassell acted as Michael Hassell's co-trustee, agent and/or Michael Hassell allowed Phillip Hassell jointly with Shawn Hassell Potts to usurp Michael Hassell's position as trustee of the JCH Trust entirely.

Interrogatory No. 12: State the facts and identify the documents which support your contention that Phillip Hassell engaged in any transactions as an interested director.
 OBJECTION:
Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same. Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.


ANSWER:  Royce Hassell incorporates his answers to Interrogatory numbers 1-11 herein as if fully set forth at length.   Royce Hassell was unaware and did not suspect, because Phillip Hassell took active steps to conceal, that in early 2013, when Phillip Hassell told Royce Hassell that he could care less about the Trust and whether the insurance policy was allowed to lapse and words to the effect that the insurance policy did not matter to him at all, Phillip Hassell, Michael Hassell, Shawn Hassell Potts, Rosalyn Hassell had hired numerous agents, advisors, and professionals to  "seize" Royce Hassell's assets including his interest as a beneficiary of the JCH Trust.

Interrogatory No. 13: State the facts and identify the documents which support your contention that Phillip Hassell engaged in any self dealing.

OBJECTION:

Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same.  Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.


ANSWER:  Royce Hassell incorporates his answers to interrogatory numbers 1-12 herein as if fully set forth at length.  Additionally, see all documents already produced in the arbitration, state court cases and non-confidential bankruptcy cases and in Michael Hassell's possession and control.


Interrogatory No. 14: State the facts and identify the documents which support your contention that Phillip Hassell harmed HCCI for personal gain.
 OBJECTION:

Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same.  Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.


ANSWER:   Royce Hassell incorporates his answer to interrogatory numbers 1-13 as if fully set forth at length.  Additionally, Michael Hassell,  Phillip Hassell,  and Shawn Hassell Potts as acting co-trustees of the

JCH Trust jointly invested in real estate through Hassell Management which contracted with HCCI using HCCI's funds, laborers and equipment, suppliers and line of credit to develop properties for the benefit of Michael, Phillip and Shawn.


Interrogatory No. 15: State the facts and identify the documents which support your contention that Phillip Hassell did not disclose material information to Royce Hassell.

OBJECTION:

Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same. Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.


ANSWER:  Royce Hassell incorporates his answer to interrogatory numbers 1-15 as if fully set forth at length.  Additionally, Royce Hassell incorporates all his pleadings and the pleadings of his siblings and their controlled corporation and the JCH Trust, from January 2012 forward whether in state court, federal court or arbitration.   Royce Hassell also incorporates by reference the entire files the JCH Trust agents and advisors including the files of Coats Rose, Bogdan Rentea, Kilpatrick Townsend, Joel Massey, Micky Das, Rosalyn Hassell, Scott Chapman, Southwest Escrow, CHS/Alliant, Dan Clark and Clark & Associates, as well as Driven One.

Interrogatory No. 16: Identify all matters that you have allegedly discovered were concealed from you.
OBJECTION:

Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the

extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same. Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.


ANSWER:   Royce Hassell incorporates his answer to interrogatory numbers 1-15 as if fully set forth at length.  Additionally, by the very fact that matters were concealed Royce Hassell does not believe he has yet discovered all the matters which have been and are being concealed from him.


Interrogatory No. 17: Identify the fee agreement with Locke Lord concerning this action.
OBJECTION:
Defendants object to this interrogatory because it is compound, requires Defendants to marshal their evidence, is unduly burdensome, fails to identify information sought with sufficient particularity, and is overly broad as to scope and/or time, and vague.  Defendants object to this discovery to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants and to the extent it has been propounded purely to harass, annoy and needlessly increase the costs of litigation.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to the interrogatories to the extent they seek information that is not reasonably available to defendants or to their attorneys because the information is solely within the possession and control of Plaintiffs, particularly given the Defendants have made reasonable inquiry for that information, but Plaintiffs have refused to provide same. Defendants object to this interrogatory to the extent it asks that Defendants identify all assets which Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments that information is not known fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.


ANSWER:   Defendants object to this interrogatory on the ground that it is vague and fails to identify the information sought with reasonable particularity because Plaintiffs' definition for "identify" only refers to providing information regarding persons or entities.

<u>VERIFICATION</u>

**STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

    BEFORE ME, the undersigned authority, on this day personally appeared Royce Hassell who, being by me duly sworn on his oath, deposed and said that he has read the foregoing answers to First Set of Interrogatories of Michael Hassell 1-17 and affirms that the information contained in the interrogatory answers is within his personal knowledge and is true and correct.

_____
**ROYCE HASSELL**

    **SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this 16th day of June, 2018.**

_____
**NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS**

CYNTHIA L. GROOMS
NOTARY PUBLIC · STATE OF TEXAS
ID# 294494-2
COMM. EXP. 06-15-2020

**DOCUMENTS REQUESTED BY PLAINTIFFS:**

1. Any and all documents requested to be identified in any interrogatory.

   **OBJECTION**:  Defendants object to this discovery request to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants. Defendants object to producing information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to being asked to produce documents which, by virtue of being controlled by Plaintiffs, is not reasonably available to defendants or to their attorneys particularly since Defendants efforts to obtain pertinent information has been obstructed by Plaintiffs and their agents.  Defendants object to being asked to produce all documents which show about assets Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments all the assets are not fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.

   **WITHHOLDING STATEMENT:**   Defendants assert Rule 193.3 privileges and are withholding materials and information from their response which is privileged.  Pursuant to Rule 193.3(c) this includes the materials created or made from the point Royce or Silvia Hassell consulted attorneys with the view to obtaining professional legal services from them, or in the prosecution or defense of claims made herein by the Plaintiffs in this litigation, and which concern the litigation in which the discovery is requested.

2. Any and all documents that support your claim for damages.

   **OBJECTION:** Defendants object to this discovery request to the extent it seeks information and/or documents previously produced and equally as available to the Plaintiffs as to the Defendants. Defendants object to producing information protected by the attorney/client, attorney-work product, and spousal privilege, and to the extent it seeks information outside the permissible scope of discovery.  Defendants object to being asked to produce documents which, by virtue of being controlled by Plaintiffs, is not reasonably available to defendants or to their attorneys particularly since Defendants efforts to obtain pertinent information has been obstructed by Plaintiffs and their agents.  Defendants object to being asked to produce all documents which show about assets Michael Hassell has destroyed, misappropriated and/or concealed, since by the very virtue of his concealments all the assets are not fully known to Defendants.  Defendants also object to the discovery requests to the extent they lack specificity or seek to have Defendants marshal all the evidence at this stage of the litigation.

   **WITHHOLDING STATEMENT**:   Defendants assert Rule 193.3 privileges and are withholding materials and information from their response which is privileged.  Pursuant to Rule 193.3(c) this includes the materials created or made from the point Royce or Silvia Hassell consulted attorneys with the view to obtaining professional legal services from them, or in the prosecution or defense of claims made herein by the Plaintiffs in this litigation, and which concern the litigation in which the discovery is requested.

Defendants also specifically refer Plaintiffs to the following documents in the possession of Plaintiffs:  The books and records of the JCH Trust, HCCI, Hassell Management and all entities owned by Michael Hassell, Phillip Hassell and/or Shawn Hassell Potts.  Final Arbitration Award; Final Judgment; order striking intervention; Joel Massey Referral and Coats Rose engagement letter; Phillip Hassell conflict letter and retraction; Richard Roses e-mails to HCID 18 lawyers; Michael Hassell affidavits regarding stellar project; Settlement offer of Coats Rose regarding "forget conflicts;" March 3, 2013,Transcript of Hearing in Judge Carter's Court; Emails of Rosalyn Hassell to Liberty Mutual regarding mediation; all documents provided to Coats Rose by Michael Hassell and other JCH Trust beneficiaries; Springwoods Non-Suit and Bogdan Rentea's related e-mails to Leonard Simon; Bankruptcy Court documents and Memorandum Opinions;   All documents Produced by all Springwoods lawsuit parties; March 9, 2018, Bankruptcy Court hearing in which Plaintiffs were found to have acted in bad faith; Affidavits of Phillip Hassell and  Patrick Gaas.  Also see all documents and pleading in HCCI's lawsuit against Coats Rose for malpractice.

**PRIVILEGE LOG FOR RULE 193.3(a) documents and information (exclusive of 193.3(c) documents and information).**

**Group of Items:**

(1)   **Communications between Royce Hassell and Silvia Hassell (various).**
      **PRIVILEGES ASSERTED:  Attorney/client privilege; attorney work product privilege; spousal privilege.**

(2)  **Communications between Silvia Hassell and Pascal Piazza (various).**
      **PRIVILEGES ASSERTED:  Attorney/client; attorney work product privilege.**

(3)  **Communications between Royce Hassell and Pascal Piazza (various).**
      **PRIVILEGES ASSERTED:  Attorney/client; attorney work product privilege;  and privileged mediation communications.**

(4)  **Communications between HCCI and Pascal Piazza (various).**
      **PRIVILEGES ASSERTED: Attorney/client; attorney work product; and joint defense privilege; and privileged mediation communications.**

(5)  **Communications between the Springwoods Joint Venture, the Hassell 2012 Joint Venture and Pascal Piazza (various):**
      **PRIVILEGES ASSERTED:  Attorney/client; attorney work product and joint defense privilege; privileged mediation communication privileges.**

**From:** Bogdan Rentea
**Sent:** Wednesday, July 18, 2018 11:38 AM
**To:** sehassell <sehassell@aol.com>
**Cc:** Carson, Derrick <dcarson@lockelord.com>; Willson, Deanna Markowitz
<Deanna.Willson@lockelord.com>
**Subject:** cause no. 2016-87708

Since the TCPA motion has now been denied by operation of law,
(section 27.008(a) of the TCPRC), I want to proceed with the discovery
issues described in the email below, and the email attached.

Unless we can resolve them, I intend to file a motion to compel and for
a ruling on your objections.

Please let me have your response to my emails, and also let me know a
good time to confer.

Thank you.

Bogdan Rentea
*RENTEA & ASSOCIATES*
**700 Lavaca, suite 1400**
**Austin, Tx, 78701**
512.472.6291
www.rentealaw.com

Board Certified Administrative Law
Texas Board of Legal Specialization

**EXHIBIT D**

**From:** Bogdan Rentea
**Sent:** Thursday, May 17, 2018 6:41 PM
**To:** Carson, Derrick <dcarson@lockelord.com>; 'Pelayo, Jonathan' <jpelayo@lockelord.com>; Perez,
Christian <Christian.Perez@lockelord.com>; Willson, Deanna Markowitz
<Deanna.Willson@lockelord.com>
**Cc:** sehassell <sehassell@aol.com>
**Subject:** FW: 2016-87708

This is an attempt to confer on a discovery dispute.

Each objection, general and specific, is identical, "stock" in nature, an obvious "cut and paste" job, and cannot be argued to have been made in good faith.
Please withdraw your objections.

The interrogatories recite, almost verbatim, the allegations made in your Original Counterclaim and Third Party Petition. Therefore, any claim that you do not know what the question means, is frivolous.

You have provided no answers to the document request, only objections.  You have not provided any documents. Wholesale reference to documents previously produced, in various forums, or in the files of several attorneys, is obviously insufficient.

The "privilege log" is inadequate.

Please let me know when you wish to discuss this matter in further detail, so as to comply with the rules of procedure of the 113th judicial district court.

Obviously, as the discovery responses currently stand, we have no choice other than to file a motion to compel, and seek appropriate sanctions.

Bogdan Rentea
RENTEA & ASSOCIATES
**700 Lavaca, suite 1400**
**Austin, Tx, 78701**
512.472.6291
www.rentealaw.com

Board Certified Administrative Law
Texas Board of Legal Specialization

**From:** sehassell [mailto:sehassell@aol.com]
**Sent:** Wednesday, May 16, 2018 10:57 PM
**To:** Bogdan Rentea <brentea@rentealaw.com>
**Subject:** 2016-87708

Dear Mr. Rentea,

I apologize but I sent you the wrong set of discovery responses and have attached the corrected substitute herewith.  Please disregard the earlier set.

Very truly yours,,

Silvia T. Hassell.

7/23/2018 11:53 AM
Chris Daniel - District Clerk Harris County
Envelope No. 26178879
By: Bonnie Lugo
Filed: 7/23/2018 11:53 AM

Cause No.  2016-87708

| | | |
|---|---|---|
| HASSELL CONSTRUCTION COMPANY, INC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROYCE HASSELL and | § | |
| SILVIA HASSELL, | § | |
| *Defendants* | § |  61ST  JUDICIAL DISTRICT |

## NOTICE OF HEARING

Please take notice that an oral hearing on the **Motion to Compel Discovery Responses**, filed by movants, Hassell Construction Company, Inc. and Michael Hassell, and the **Motion for Fees Under Section 27.009 of the T.C.P.R.C**., filed by claimants, Phillip Hassell, Michael Hassell, individually and as Trustee of the James C. Hassell Irrevocable Trust, Jason Hassell and Shawn Hassell Potts, are set for **August 30, 2018 at 11:30 o'clock a.m.**

Respectfully Submitted,

RENTEA & ASSOCIATES
700 Lavaca, Suite 1400-2678
Austin, Texas  78701
(512) 472-6291
(512) 472-6278 Facsimile
brentea@rentealaw.com

By: */s/ Bogdan Rentea*
   Bogdan Rentea
   State Bar No. 16781000
ATTORNEY FOR MOVANTS/CLAIMANTS

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on the 23rd day of July, 2018, a true and correct copy of the foregoing Notice of Hearing was served on the parties through their counsel of record via the Court's e-file system and via e-mail.

Case No.  201687708

**DCORX**

HASSELL CONSTRUCTION COMPANY I

vs.

HASSELL, ROYCE

|   |
|---|
| * |
| * |
| * |
| * |
| * |

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

61st    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **11/12/18**   **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
(a) **12/10/18**   Experts for parties seeking affirmative relief.
(b) **01/14/19**   All other experts.

3.   **STATUS CONFERENCE**.   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION**.
(a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b)   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.  **03/11/19**   **DISCOVERY PERIOD ENDS**.    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
(a)   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **03/11/19**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c) **02/11/19**   Rule 166a(i) motions may not be heard before this date.

8. **02/25/19**   **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **03/04/19**   **PLEADINGS**.   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.   Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:          Failure to appear will be grounds for dismissal for want of prosecution.

11. **04/15/18**   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

Signed:  7/23/2018

BOGDAN RENTEA
700 LAVACA ST SUITE 1400-2678
AUSTIN TX 78701-3101

5        16781000

FREDERICKA PHILLIPS
Judge, 61ST DISTRICT COURT
Date Generated 07/18/2018

JCVO02
rev.11202006

Case No.  201687708

**DCORX**

HASSELL CONSTRUCTION COMPANY I            *      IN THE DISTRICT COURT OF

vs.                                       *

HASSELL, ROYCE                            *      HARRIS COUNTY, TEXAS

                                          *      61st      JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **11/12/18**   **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
(a) **12/10/18**   Experts for parties seeking affirmative relief.
(b) **01/14/19**   All other experts.

3.   **STATUS CONFERENCE**.   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
(a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b)   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **03/11/19**   **DISCOVERY PERIOD ENDS**.    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
(a)   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **03/11/19**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c) **02/11/19**   Rule 166a(i) motions may not be heard before this date.

8. **02/25/19**   **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **03/04/19**   **PLEADINGS**.   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.   Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:                        Failure to appear will be grounds for dismissal for want of prosecution.

11. **04/15/18**   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED     Signed:  7/23/2018

SILVIA T. HASSELL
12512 CUTTEN RD STE A
HOUSTON TX 77066-1822

3     9205200

FREDERICKA PHILLIPS
Judge, 61ST DISTRICT COURT
Date Generated 07/18/2018

JCVO02
rev.11202006

Case No.  201687708

**DCORX**

HASSELL CONSTRUCTION COMPANY I

IN THE DISTRICT COURT OF

vs.

HARRIS COUNTY, TEXAS

HASSELL, ROYCE

61st    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **11/12/18**    **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.    **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
(a) **12/10/18**    Experts for parties seeking affirmative relief.
(b) **01/14/19**    All other experts.

3.    **STATUS CONFERENCE**.  Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.    **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)    Total hours per side for oral depositions.
(b)    Number of interrogatories that may be served by each party on any other party.

5.    **ALTERNATIVE DISPUTE RESOLUTION.**
(a)    By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b)    ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.  **03/11/19**    **DISCOVERY PERIOD ENDS**.    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.    **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
(a)    If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **03/11/19**    Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c) **02/11/19**    Rule 166a(i) motions may not be heard before this date.

8. **02/25/19**    **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **03/04/19**    **PLEADINGS**.  All amendments and supplements must be filed by this date.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.    
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:              Failure to appear will be grounds for dismissal for want of prosecution.

11. **04/15/18**    **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED         Signed:  7/23/2018

DERRICK BRYAN CARSON
600 TRAVIS ST STE 2800
HOUSTON TX 77002-2914

1        24001847

FREDERICKA PHILLIPS
Judge, 61ST DISTRICT COURT
Date Generated 07/18/2018

JCVO02
rev.11202006