

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/07/2020

| | | |
|---|---|---|
| IN RE: § | | |
| ROYCE J HASSELL § | CASE NO: 19-30694 | |
|    Debtor § | | |
| § | CHAPTER 11 | |
| § | | |
| HASSELL CONSTRUCTION COMPANY § | | |
| INC. § | | |
|    Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 19-03452 | |
| § | | |
| ROYCE J HASSELL § | | |
|    Defendant § | | |
| § | | |
| ROYCE J HASSELL § | | |
|    Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 19-03453 | |
| § | | |
| MICHAEL HASSELL, *et al* § | | |
|    Defendants § | | |
| § | | |

## MEMORANDUM OPINION

Hassell Construction Company, Inc. ("HCCI") and its related individuals move to remand two adversary proceedings to state court, where they were originally filed. The first proceeding, filed in the Harris County District Court, asserts claims for declaratory judgment and damages against Royce Hassell ("the Debtor"), as well as counterclaims for damages filed by the Debtor. The second proceeding, pending in the Court of Appeals for the First District of Texas, is an appeal from the trial court's denial of the Debtor's Anti-SLAPP motion to dismiss. Both suits stem from the Debtor's allegedly wrongful assertion of an ownership interest in HCCI. Because these non-core claims will directly impact the administration of the Debtor's chapter 11 estate, and because the Debtor agreed to dismiss the Anti-SLAPP appeal, remand is denied.

**Background**

This motion to remand concerns a long-running business dispute between various Hassell siblings. HCCI is a construction company owned by the James C. Hassell Inter-Vivos Trust. The beneficiaries of the trust are the five children of James C. Hassell: Royce (the Debtor), Phillip, Michael, Jason, and Shawn. The underlying facts of the siblings' allegations have little impact on this motion to remand. However, the gist is as follows: the Debtor believes his siblings have wrongfully excluded him from ownership and management of HCCI. The siblings dispute the Debtor's story and argue that the Debtor wrongfully competed with HCCI and fraudulently obtained loans from his family members.

In December 2016, HCCI filed an action in the 61st Judicial District of Harris County, Texas seeking injunctive relief and damages against Royce Hassell.[1] (ECF No. 5 at 2). The complaint alleged two causes of action: a declaration that the Debtor is not a shareholder of HCCI, and a declaration that Silvia Hassell, the Debtor's wife, is not a beneficial owner of HCCI. HCCI sought damages for the Debtor's "repeated attempts to claim shareholder status and file shareholder derivative claims." (ECF No. 5 at 2).

The Debtor timely asserted counterclaims against HCCI, as well as third party claims against his siblings Phillip Hassell, Michael Hassell (individually and as trustee for the James C. Hassell Inter-Vivos Trust), Shawn Hassell Potts, and Jason Hassell. (ECF No. 5 at 3). The HCCI counterclaim sought damages for failure to provide corporate information. (ECF No. 5 at 3). The third party claims alleged breaches of fiduciary duties owed to the Debtor, as well as fraud and conspiracy. (ECF No. 6 at 2, 3).

---

[1] The claim also names Silvia Hassell, the Debtor's wife, as a defendant. However, Silvia Hassell was named as a defendant solely to address any community property interest she may have in HCCI. (ECF No. 5, at 2).

The Hassell siblings filed their own counterclaims against the Debtor, also alleging breaches of fiduciary duty. (ECF No. 5 at 3). Additionally, the siblings filed their own third-party claims against R. Hassell Properties, Inc. ("RHP"), and Terry Tauriello. (ECF No. 5 at 3). RHP appears to have been a corporation owned by the Debtor, which the Debtor allegedly used to wrongfully compete with HCCI. (ECF No. 5 at 3). The record does not indicate Terry Tauriello's relationship with the Debtor or Tauriello's alleged role in the siblings' claims. RHP and Tauriello have not been served, but the Hassell siblings intend to effect service once this adversary proceeding is underway.

The Debtor filed an Anti-SLAPP motion to dismiss the siblings' third party claims on May 21, 2018. (ECF No. 5 at 3). The motion was briefed and argued before the state court, yet the state court failed to issue a timely ruling. (ECF No. 5 at 3). As a result, the motion was denied by operation of law, and the Debtor appealed. (ECF No. 5 at 3). The appeal remained pending in the First Court of Appeals prior to removal. (ECF No. 6 at 1).

In the summer of 2018, the Debtor filed bankruptcy petitions for three corporations he owns and controls. (ECF No. 5 at 3). Although those entities are not parties in these proceedings, the state court ordered a stay of both the main litigation and the Anti-SLAPP appeal in light of those bankruptcy filings. (ECF No. 5 at 4). Consequently, all litigation relevant to the present motion to remand has been stayed since August 7, 2018. (ECF No. 5 at 4).

The Debtor filed his individual chapter 11 bankruptcy petition on February 4, 2019. (ECF No. 6 at 4). The Debtor removed these two matters to the bankruptcy court on May 3, 2019. (ECF No. 6 at 4). The first removed lawsuit consists of the claims against the Debtor (as well as his spouse, RHP, and Terry Tauriello), as well as the Debtor's claims against HCCI and the Hassell third parties. The second removed action is the appeal of the Anti-SLAPP denial.

HCCI and the Hassell siblings filed a motion to remand both proceedings on June 4, 2019. (ECF No. 5). The movants argue that equitable remand is warranted because the actions involve state law claims, and the Anti-SLAPP appeal involves unsettled matters of Texas law, which the bankruptcy court is ill equipped to resolve. (*See generally* ECF No. 5). Further, HCCI and the siblings originally argued that removal was untimely in light of the prolonged stay of state court proceedings prior to Hassell's bankruptcy filing. (ECF No. 5 at 6). The movants abandoned that argument at the August 15, 2019 hearing on the motion to remand. At the same hearing, Hassell stated that he would waive his appeal of the Anti-SLAPP denial if this Court denies remand. (Aug. 15, 2019 Hearing at 10:00 a.m.).

HCCI timely filed a $465,740 proof of claim against the Debtor based on a settlement agreement approved by this Court. (ECF No. 6 at 6-7). Each of the four Hassell siblings also filed a $1 million proof of claim against the Debtor. (ECF No. 6 at 6-7). These proofs of claim arise out of alleged damages from the removed state court action. (ECF No. 6 at 6-7).

## Analysis

Title 28 U.S.C. § 1334(b) grants this Court jurisdiction over "all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." The Court, in its discretion, may abstain from hearing cases under 28 U.S.C. § 1334(c)(1). *E.g.*, *Rohi v. Brewer & Pritchard*, 2019 WL 6894775, No. H-19-0682, at *9 (S.D. Tex. Dec. 17, 2019). The Court may also remand a proceeding on any equitable ground. 28 U.S.C. § 1334(c)(1); s*ee In re Gober*, 100 F.3d 1195 (5th Cir. 1996); *In re Wood*, 825 F.2d 90 (5th Cir. 1987). Courts in the Fifth Circuit primarily look towards fourteen factors to determine whether abstention and remand are appropriate. *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014). The factors are the:

    (i)      Effect or lack thereof on the efficient administration of the estate if remand or abstention occurs;
    (ii)     Extent to which state law issues predominate over bankruptcy issues;
    (iii)    Difficult or unsettled nature of applicable law;
    (iv)    Presence of related proceedings commenced in state court;
    (v)     Jurisdictional basis of the claims, other than § 1334;
    (vi)    Degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
    (vii)   Substance, rather than the form, of an asserted core proceeding;
    (viii)  Feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;
    (ix)    Burden on the bankruptcy court's docket;
    (x)     Likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping;
    (xi)    Existence of a right to a jury trial;
    (xii)   Presence of non-debtor parties in the proceeding;
    (xiii)  Comity; and
    (xiv)  Possible prejudice to other parties in the proceeding.

*Id.*

The Supreme Court states that abstention from federal jurisdiction should be an exception to the rule. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Under the *Colorado River* formula, abstention is only warranted under three categories of cases: (1) ones presenting constitutional questions which might be mooted or altered by a state court decision; (2) ones evoking difficult questions of state law on important public policy issues; and (3) ones where federal jurisdiction is invoked for the purpose of restraining state criminal proceedings. *Id.* at 816. However, in bankruptcy "[t]his Court, as well as several others, has drawn a distinction between *Colorado River* abstention and statutory abstention under § 1334(c)." *In re Houston Reg'l Sports Network*, 514 B.R. at 218. Under this view, § 1334(c) grants bankruptcy courts wide discretion to abstain in order to temper the broad jurisdictional grant of § 1334(b). *See Bicker v. Martin*, 348 B.R. 28, 32 (W.D. Pa. 2006).

Here, three of the fourteen factors favor abstention and remand. Four other factors support hearing the proceedings in bankruptcy court. The remaining seven factors are neutral. Although the factors present a nearly even split, the Court will deny abstention. While these claims are non-core, they will have a considerable effect on the administration of the bankruptcy estate. Further, the claims invoke settled areas of Texas law, which this Court may apply without offending Texas' interest in resolving claims under its own law.

### Factors Favoring Abstention and Remand

Factor 2, the predominance of state law issues, favors abstention and remand. All claims in these proceedings arise out of state law. HCCI seeks declarations that the Debtor and his spouse are not shareholders of HCCI. The Debtor asserts claims for failure to provide corporate information, breach of fiduciary duty, fraud, and conspiracy. The siblings assert claims for breach of fiduciary duty. All of these claims derive from Texas law.

Factor 5, jurisdiction, also weighs in favor of abstention and remand. A federal court would possess neither federal question nor diversity jurisdiction over these claims. Only § 1334 creates federal jurisdiction here. *See, e.g.*, *In re NC12, Inc.*, 478 B.R. 820, 840 (Bankr. S.D. Tex. 2012); *see also Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058 (Bankr. S.D. Tex. Nov. 10, 2011). Because the claims all derive from state law, no federal question is presented. Further, all parties to these suits reside in Texas, so diversity of citizenship cannot support federal jurisdiction.

Factor 7, the substance of the claims, weighs in favor of abstention and remand because only state law claims are asserted. These are not core proceedings. Instead, they are "related to" proceedings because the claims may conceivably affect the administration of the Debtor's estate. *See* 28 U.S.C. § 1334(b); *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). Breach of fiduciary duty

and fraud are the types of claims that are normally resolved in state court. *See Special Value Continuation Partners*, 2011 WL 5593058, at *9 (finding fraud claim was not the type of proceeding in which resolution by a bankruptcy court was favored over state court).

### Factors Weighing Against Abstention and Remand

Factor 1, the administration of the estate, favors denying abstention and remand. These suits, while noncore, will effectively determine the allowance and amount of five proofs of claim filed in the Debtor's bankruptcy case. These claims may total over $4 million in liabilities against the Debtor. (ECF No. 6 at 6-7). The claims constitute a significant proportion of all the claims filed in the Debtor's bankruptcy case. (*See* Case No. 19-30694 ECF No. 1 at 6). Hearing these suits in bankruptcy court will remove the need for duplicative claims objection proceedings. *In re Quality Lease and Rental Holdings, LLC*, 2016 WL 416961, No. 14-6005, at *6 (Bankr. S.D. Tex. Feb. 1, 2016) ("If the state law claims are remanded to the state court, at least two courts will be required to consider the same evidence, hear the same testimony, measure the same damages, and be compelled [to] find the same facts."). Fixing the Debtor's liability to the HCCI parties in the bankruptcy court (or the HCCI parties' liability to the Debtor) will encourage the efficient liquidation of the Debtor's bankruptcy estate. Otherwise, there will likely be a state court trial followed by claims objections in bankruptcy court. Both courts would hear substantially identical evidence. Further, the effect on estate administration is neither remote nor circumstantial. If the Debtor loses, the value of claims against his estate will be settled. If the Debtor prevails, his creditors will benefit from any collection on the judgment, as these will be assets of the estate. Factor 1 favors hearing the proceedings in this Court.

Factor 3, the difficulty or unsettled nature of the law, favors retention. The various claims asserted in these actions are well established under Texas law. It appears that this Court

will be tasked with nothing more than applying Texas law to the facts of this case. *Houston Reg'l Sports Network*, 514 B.R. at 216 (stating fraud claims are well settled under Texas law). The Debtor also removed a pending appeal of the state court's failure to rule on his Anti-SLAPP motion. Applied to the pending appeal, this factor would favor abstention and remand. Texas enacted its anti-SLAPP statute less than a decade ago, and the body of case law applying it is unsettled. The Fifth Circuit recently ruled that the Texas Anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure and is inapplicable in federal court. *Klocke v. Watson*, 936 F.3d 240, 245-46 (5th Cir. 2019) ("Because the TCPA imposes evidentiary weighing requirements not found in the Federal Rules, and operates largely without pre-decisional discovery, it conflicts with those rules."). However, the Debtor acknowledged at oral argument that if these cases remain in bankruptcy court, the Anti-SLAPP appeal must be waived. (Aug. 15, 2019 Hearing at 10:00 a.m.). Therefore, because the Debtor agreed to dismiss the Anti-SLAPP appeal and the Anti-Slapp claim, the matters before the bankruptcy court only involve settled areas of Texas law.

Factor 6, the relatedness to the main bankruptcy case, favors retaining the suits in bankruptcy. Although the claims are noncore, for the same reasons set forth in Factor 1, resolution of the claims will have a significant determinative effect on the assets and liabilities of Royce Hassell's bankruptcy estate.

Factor 12, the presence of non-debtor parties, favors retention because, besides the Hassell siblings' claims against RHP and Terry Tauriello, each claim is asserted by or against the Debtor and his wife. RHP is a business entity controlled by the Debtor and its inclusion in this adversary proceeding will not cause the Court to decide claims that are unrelated to the Debtor's bankruptcy. Tauriello's involvement in these matters is entirely unclear, and he has not yet been

served with process. The Court cannot find, on this scant record, that the claims against Tauriello support abstention and remand at this time. If Tauriello is served and raises jurisdictional defenses, the Court will address jurisdiction at that time. The Hassell siblings and HCCI have also all filed proofs of claims in the main bankruptcy case. Additionally, there are no claims by HCCI and the Hassell siblings against one another. The balance of Factor 12 favors denying remand.

### Neutral Factors

Factor 4, the presence of related proceedings, is neutral. Many of the HCCI parties are in litigation with corporations owned or controlled by Royce Hassell. (ECF No. 5 at 7). There is also litigation against Silvia Hassell. (ECF No. 5 at 7). However, the extent of any factual overlap between these proceedings and those involving related parties is unclear. Even if this Court abstains and remands, it is also unclear whether consolidation is likely or even possible in state court. Thus, there is no indication whether abstention and remand would increase judicial economy.

Factor 8, the feasibility of severance, is neutral. All claims in these proceedings arise under state law. Severing the state and bankruptcy law matters is not necessary, since the claims arise under state law. There are no bankruptcy specific questions to bifurcate.

Factor 9, the burden on the docket, is neutral as well. This Court can hear these proceedings without overwhelming its docket. This Court has no reason to believe that the state court cannot do the same.

Factor 10 is also neutral. There has been no indication of untoward forum shopping in the case. *See Houston Reg'l Sports Network*, 514 B.R. at 216.

Factor 11 is neutral as well because a jury trial is likely not available in bankruptcy court, but neither party has requested a jury trial. A jury trial would be available in state court. Because each of the Hassell siblings filed proofs of claims, they may not have a right to a jury trial in bankruptcy court. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58 (1989). However, in the event that any party requests a jury trial, the district court may withdraw the reference from the bankruptcy court and allow a jury trial. *Houston Reg'l Sports Network*, 514 B.R. at 217. If a party is entitled to trial by jury, the district court may hear the case. At the present stage, a withdrawal of the reference is speculative and Factor 11 is neutral.

Factor 13, comity, is neutral because although these are state law causes of action, there are no novel issues of state law presented. In similar circumstances, this Court has previously found Factor 13 neutral. *See id.*, 514 B.R. at 217 (finding comity neutral when state law causes of action asserted by non-debtors against non-debtors presented no novel issues of Texas law).

Factor 14, prejudice, is neutral. No party would suffer prejudice if these claims are resolved in bankruptcy court. The claims were originally filed in the state district court in Harris County. All parties appear to reside in or near Harris County. No party has raised concerns about any burden that hearing these cases in bankruptcy court might cause.

## Equitable Application of Permissive Abstention

Four factors weigh in favor of retaining these proceedings in bankruptcy court and three favor remanding to state court. The other seven factors are neutral. However, the Court must ultimately decide which factors are of greater importance and persuasion. *See Rohi v. Brewer & Pritchard*, 2019 WL 6894775, No. H-19-0682, at *10 (S.D. Tex. Dec. 17, 2019); *Houston Reg'l Sports Network*, 514 B.R. at 217 (citing *Special Value Continuation Partners*, 2011 WL 5593058, at *10).

The Court finds the factors pointing towards retention decisive. Although these claims are non-core, their resolution will heavily impact the administration of the Debtor's bankruptcy estate. As discussed above, the outcome will either increase the assets available for distribution or establish the amount of allowed claims. Additionally, the breach of fiduciary duty and fraud claims alleged here are thoroughly developed in Texas. The Debtor also agreed to waive the Anti-SLAPP appeal and claims, so the Court will not be tasked with deciding novel state law issues. Hearing the remaining proceeding in bankruptcy court will also avoid duplicative claim objections. This furthers the goal of judicial economy.

On the other hand, the three factors favoring remand do so because only state law claims are present. If the effect on the main bankruptcy case was tenuous or if novel state law issues were present, remand might be appropriate. However, abstention and remand based solely on the presence of state law claims ignores the practical benefits of hearing these claims in bankruptcy court.

The Court finds that retention of these proceedings in bankruptcy court is the best course forward. This result is consistent with the Supreme Court's *Colorado River* directive that federal courts should exercise their jurisdiction to hear claims. The result also illustrates a balance between the general principle that a bankruptcy court should avoid resolving claims that should be heard before a state tribunal and the desire to exercise jurisdiction in a manner that promotes efficiency. The Debtor's bankruptcy estate, the bankruptcy court, and the state court all benefit from deciding these proceedings in bankruptcy. This efficiency, as well as the direct impact these claims have on the estate, supports hearing these claims in federal court.

*Conclusion*

The motion to remand is denied. The Court will issue an order in accordance with this memorandum opinion.

SIGNED **January 7, 2020.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE