IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| ROYCE J. HASSELL | § § | Case No: 19-30694 |
| | § | (Chapter 11) |
| Debtor. | § | |
| | | |
| HASSELL CONSTRUCTION COMPANY, INC. | § § | |
| Plaintiff. | § § | |
| V. | § § | Adversary No. 19-03452 |
| | § | |
| ROYCE HASSELL | § | |
| Defendant. | § | |

**MOTION FOR DETERMINATION OF ATTORNEYS' EYES ONLY PROTECTION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

In accordance with Paragraph 7 of the parties' Stipulation and Agreed Order [Doc. 87], HCCI moves the Court to determine HCCI's bank records and statements should be maintained as "Attorneys' Eyes Only." Because bank records and statements are due the

4870-4295-2997.1                                                 1

highest level of protection, HCCI properly designated these documents as "Attorneys' Eyes Only" and Royce Hassell has failed to demonstrate a sufficient reason for why the designation should be changed to "Confidential Information," the Court should determine that HCCI may maintain these documents as "Attorneys' Eyes Only." In support thereof, HCCI would show as follows:

## INTRODUCTION

1. On December 16, 2021, the Court entered the parties' Stipulation and Agreed Order [Doc. 87] ("the protective order"), which governs the protection of information in this case, including the designation of documents as either "Confidential Information" or "Attorneys' Eyes Only." More specifically, the parties agreed:

> Any Party may designate a document or testimony as "Confidential Information" or "Attorneys' Eyes Only" if the Party designating the material reasonably believes in good faith that such material constitutes or contains non-public proprietary or confidential technical, business, or financial information, sensitive personal information, or any other information subject to a legally protected right of privacy or otherwise of a nature that is protected under Federal Rule of Civil Procedure 26(c), Federal Rule of Bankruptcy Procedure 7026, Federal Rule of Bankruptcy Procedure 9018, Federal Rule of Bankruptcy Procedure 9037, and/or other applicable law.

Doc. 87 at ¶ 2.

2. The protective order does not differentiate between what information or documents may be designated as "Confidential Information" and what documents or information may be designated as "Attorneys' Eyes Only." Instead, the designation affects with whom the receiving party's attorney may share the document or information.

3. Crucially for this case, under the protective order, information or documents designated as "Confidential Information" may be disclosed to the parties themselves, among other individuals. Information or documents designated as "Attorneys' Eyes Only" may not be disclosed to the parties. That is the crux of this dispute.

4870-4295-2997.1                              2

4.	A party may challenge a designation of "Confidential Information" or "Attorneys' Eyes Only" by giving written notice "setting forth the material it contends does not constitute 'Confidential Information' and/or 'Attorneys' Eyes Only' and explaining the basis of the challenge." *Id.* at ¶ 7. If the parties are unable to resolve the dispute over the designation, the designating party "shall file a motion for a determination by the Court whether the information should be maintained as "'Confidential Information' or 'Attorneys' Eyes Only.'" *Id.*

5.	Request for Production No. 78 to HCCI requests all bank statements for any account of HCCI for a given time period.[1] On June 3, 2022, HCCI produced a number of bank statements, labeled as HCCI 000926-001173, copies of which are concurrently being filed under seal. Because these documents contain "non-public . . . financial information," HCCI designated these documents as "Attorneys' Eyes Only" in accordance with Section 2 of the protective order.

6.	That same day,[2] Royce's counsel challenged HCCI's designation of its bank statements as "Attorneys' Eyes Only."[3] The parties were unable to reach an agreement on the appropriate designation for HCCI's bank statements, so HCCI moves the Court, in accordance with the protective order, to determine HCCI's bank statements were appropriately designated as "Attorneys' Eyes Only."

---

[1] HCCI objected to the time period identified in the request for production and the parties were subsequently able to agree to a more limited time period.

[2] While the protective order requires the designating party to file its motion for determination within 15 days, the parties here disagree about the date on which that 15 day clock starts. Instead, the parties agreed that HCCI would be permitted to file its motion no later than June 21, 2022.

[3] Because this dispute involves a number of family members with the same last name, parties are referred to by their first name.

**ARGUMENT & AUTHORITY**

7. The party challenging an "Attorneys' Eyes Only" designation is required to explain the basis of the challenge. [Doc. 87 at ¶ 7]. The only purported "basis" for this challenge is that counsel wants to show HCCI's bank statements to his client. Ex. A. Royce's counsel identified three reasons he believed Royce needs to see the bank statements:

> First, I need my client to see and verify the condition of the company if you want to have him even consider giving up any rights. Second, I need my client's input to help understand the bank statements and analyze them. Third, HCCI is supposedly defunct.

*Id.*

8. Royce's counsel did not expound beyond this barebones purported basis for challenging the "Attorneys' Eyes Only" designation and there is simply no reason Royce himself needs to see these documents.

9. "A lawyer shall explain a matter **to the extent reasonably necessary** to permit the client to make informed decisions regarding the representation." Tex. R. Disc. P. 1.03(b) (emphasis added). Royce's counsel did not explain why he cannot verify to his client the condition of HCCI without his client looking at HCCI's bank statements or why he cannot explain the records sufficiently to allow his client to make an informed decision.

10. Clients sign releases or other agreements, including those to give up rights, based on their counsel's advice without the necessity of seeing the documents that led to counsel making the recommendation to enter into such an agreement. And, to be sure, a party's interest in seeing documents has to be weighed against the other party's expectation of privacy with regards to those documents. There is no reason Royce's counsel cannot adequately inform his client about HCCI's status to enable Royce to make

an informed decision about how to proceed, including potentially giving up rights, and especially when weighed against HCCI's interest in keeping its bank statements confidential.

11. Royce's counsel did not explain what help his client, who is not a CPA, can offer in understanding HCCI's bank statements or why counsel is not capable of understanding HCCI's bank statements himself. Royce's counsel does not need his client's help understanding the bank statements in order to determine the amount of alleged damages or to track the movement of money through the account; that is the purview of an expert and something well outside Royce's capacity. Royce's counsel does not need his client's assistance to determine the balance in the account.

12. Royce's counsel did not explain what relevance the status of the company has on the designation of the documents as "Attorneys' Eyes Only." While HCCI is not taking on new projects, it is not a defunct entity. But, even assuming *arguendo* it were defunct, that, alone, is not a reason to allow disclosure of its bank records. That would be akin to saying bank records from years prior are not deserving of the same level of protection as current bank records because they do not show the current status of the entity or individual. That is certainly not the outcome the Court would want.

13. While less of a consideration than Royce's counsel's inability to demonstrate any basis for de-designating HCCI's bank records, "ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to outside attorneys and experts, particularly when there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party." *Blanchard & Co. v. Barrick Gold Corp.*, No. 02-3721, 2004 U.S. Dist. LEXIS 5719, at *28-29 (E.D. La. Apr. 2, 2004) (quoting *Asch/Grossbardt, Inc. v. Asher*

*Jewelry Co.*, 2003 U.S. Dist. LEXIS 2837, at *2 (S. D. N. Y. Feb. 28, 2003)). While this is a family dispute in tenor, it is a business dispute at heart. Royce alleges, among other things, the directors and officers of HCCI breached their fiduciary duties to the company. Given the extreme and protracted litigation between the parties and Royce's prior actions attempting to gain a competitive advantage over HCCI by reaching out directly to HCCI's bank, Ex. B, there is a significant interest in preventing Royce from having access to HCCI's bank records, especially given his counsel's inability to demonstrate a valid basis for de-designation.

## CONCLUSION

14. HCCI respectfully request the Court determine HCCI appropriately designated its bank statements as "Attorneys' Eyes Only" and order that the confidentiality designation not be changed.

Respectfully submitted,

*/s/ Shane L. Kotlarsky*
Shane L. Kotlarsky
State Bar Number: 24083329
Fed. ID No. 1998301
shane.kotlarsky@lewisbrisbois.com
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (832) 742-6716
Facsimile: (713) 759-6830
24 Greenway Plaza, Suite 1400
Houston, Texas 77046

ATTORNEY FOR HASSELL CONSTRUCTION COMPANY, INC., PHILLIP HASSELL, MICHAEL HASSELL, SHAWN POTTS

AND

*/s/ Bogdan Rentea*
Bogdan Rentea
Texas Bar No. 16781000

Southern District of Texas – Bar #22859
RENTEA & ASSOCIATES
108 Wild Basin Road South, Ste 250
Austin, Texas 78746
Tele: (512) 472-6291
Fax: (512) 472-6278
brentea@rentealaw.com

ATTORNEYS FOR HASSELL CONSTRUCTION COMPANY, INC., PHILLIP HASSELL, MICHAEL HASSELL, SHAWN POTTS, JASON HASSELL, AND MICHAEL HASSELL AS TRUSTEE OF THE JAMES C. HASSELL INTER-VIVOS TRUST

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 21, 2022, a true and correct copy of the preceding was served by electronic transmission on all parties authorized to receive electronic notices through the Court's Electronic Filing System known as CM/ECF.

/s/ Shane L. Kotlarsky
Shane L. Kotlarsky